# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDREW J. BRIGIDA, *on behalf of himself and the Class he seeks to represent*,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY R. FOXX, *Secretary, U.S. Department of Transportation*,<br><br>Defendant. | Civil Case No. 16-cv-2227 (TSC)<br><br>**PLAINTIFF'S UNOPPOSED MOTION TO VACATE STATUS CONFERENCE, STATUS REPORT DEADLINE, AND ANSWER DEADLINE** |

Plaintiff Andrew J. Brigida, without opposition from Defendant U.S. Department of Transportation Secretary Anthony R. Foxx hereby moves to vacate the December 9, 2016 scheduling conference, the related requirement to file a status report prior to December 5, 2016, and the deadline for Defendant to answer the complaint by December 16, 2016, until the resolution of Plaintiff's upcoming motion to alter or amend the November 7, 2016 Order, to be filed on or before December 5, 2016.  The grounds for this motion to vacate are as follows:

1.	On December 30, 2015, Plaintiff, on behalf of himself and the Class he seeks to represent, commenced this action by filing a Complaint against the United States Department of Transportation, the Federal Aviation Administration ("FAA"), and their officials, in the United States District Court for the District of Arizona.  [Dkt. No. 1.]  The Complaint challenged hiring decisions made by the FAA related to the hiring of Air Traffic Controller Specialists ("ATCS").  Specifically, the Complaint alleged that hiring decisions made in 2014 violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Equal Protection Component of the Due Process Clause of the Fifth Amendment.

2.  The litigation was stayed pending passage of the FAA Extension, Safety, and Security Act of 2016.  *See* 49 U.S.C. § 44506(f).  The FAA Extension, Safety, and Security Act of 2016, *inter alia*, made changes to the FAA's hiring of ATCS.  *Id.*  The Act went into effect on July 15, 2016.

3.  As a result of the passage of the FAA Extension, Safety, and Security Act, on August 19, 2016, Plaintiff, on behalf of himself and the Class he seeks to represent, filed a Second Amended and Supplemental Class Action Complaint.  [Dkt. No. 26.]

4.  On September 16, 2016, Defendants filed a Motion requesting that the court dismiss Plaintiff's Second Claim for Relief, dismiss all but one party, dismiss one of Plaintiff's requests for relief, and transfer this litigation to this Court.  [Dkt. No. 27.]  On November 7, 2016, the U.S. District Court for the District of Arizona granted Defendants' Motion.  [Dkt. No. 33.]

5.  On November 8, 2016, this Court entered an order [Dkt. No. 35] setting a December 9, 2016 status conference and requiring the parties to file a status report on or before December 5, 2016.  The status report is required to contain a proposed schedule for the litigation.  Additionally, the Court entered a Minute Order on November 21, 2016 requiring Defendant to answer or otherwise respond to the complaint by December 16, 2016.

6.  Due to the filing of Defendants' partial motion to dismiss, and the uncertainty of which of Plaintiff's claims and requests for relief would be litigated, the parties have not conducted any discovery, nor have they exchanged initial disclosures.  The scope of the litigation will determine the scope of discovery and the timeline for resolving the litigation.

7.  On or before, December 5, 2016, Plaintiff intends to file a motion to alter or amend the November 7, 2016 Order pursuant to Federal Rule of Civil Procedure 59(e).

Specifically, Plaintiff intends to request that this Court reinstate the stricken request for relief and/or reinstate Plaintiff's stricken second claim for relief.

8.  As a result of Plaintiff's upcoming Rule 59(e) motion, the scope of the litigation will not be determined until this Court grants or denies the motion. The resolution of the motion will determine the claims to be heard and the possible relief that can be granted. Thus, the scope of discovery, including the scope of initial disclosures, and the schedule for resolving the litigation cannot be determined until after the resolution of the upcoming Rule 59(e) Motion.

9.  This Court has the power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

10. In order to allow for the efficient resolution of the issues in this litigation, and in order to avoid needless expenditure of time and resources by parties and their counsel, Plaintiff requests that this Court vacate the December 9, 2016 status conference, and the requirement that the parties file status reports on or before December 5, 2016, until after this Court resolves Plaintiff's upcoming Rule 59(e) Motion. This will ensure that the scope of the litigation is fully resolved prior to the setting of the litigation schedule and prior to the commencement of discovery.

11. Similarly, because the Court's resolution of Plaintiff's upcoming Rule 59(e) Motion would determine what portions of Plaintiff's Second Amended and Supplemental Class Action Complaint remain operative, the existing December 16, 2016 deadline for Defendant to file an answer should also be vacated until 21 days after the Court resolves the Rule 59(e) Motion.

12. In light of other work commitments and upcoming holiday schedules, the following briefing schedule is proposed on Plaintiff's upcoming Rule 59(e) Motion:

> December 5, 2016: Plaintiff's Motion
>
> January 6, 2017: Defendant's Opposition
>
> January 27, 2017: Plaintiff's Reply

13. Undersigned counsel conferred with counsel for Defendant, who advised that Defendant does not oppose this request.

14. For this Court's convenience, a proposed Order is attached hereto.

WHEREFORE, Plaintiff respectfully requests, without opposition, that this Court vacate the December 9, 2016 status conference, all related deadlines listed in this Court's November 8, 2016 Order, and the December 16, 2016 answer deadline until after the resolution of Plaintiff's upcoming Rule 59(e) Motion.

DATED this 28th day of November 2016.

Respectfully submitted,

s/ Steven J. Lechner
Steven J. Lechner, D.C. Bar No. AZ 0001
Jeffrey W. McCoy (*pro hac vice*)
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, CO 80227
(303) 292-2021
(303) 292-1980 (facsimile)
lechner@mountainstateslegal.com
jmccoy@mountainstateslegal.com

Michael W. Pearson (AZ No. 016281)
Curry, Pearson, & Wooten, PLC
814 West Roosevelt
Phoenix, Arizona 85007
(602) 258-1000

(602) 523-9000 (facsimile)
mpearson@azlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 28th of November 2016, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF system which sent notification of such filing to the following counsel of record in this matter:

Arjun Garg
Arjun.garg@usdoj.gov

                                                      s/ Steven J. Lechner
                                                    Steven J. Lechner, Esq