UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANDREW J. BRIGIDA, *on behalf of Himself and the Class he seeks to represent,* | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 16-cv-2227 (DLF) |
| v. | ) ) | |
| ELAINE L. CHAO, *Secretary, U.S. Department of Transportation,* | ) ) ) ) | |
| Defendant. | ) ) | |

**[PROPOSED] PROTECTIVE ORDER**

Upon consideration of the Joint Motion for Entry of a Protective Order by Plaintiff Andrew J. Brigida ("Plaintiff") and Defendant Elaine L. Chao ("Defendant"), the Court finds that such an order will expedite the exchange of discovery material in the above-captioned matter (the "Litigation"), facilitate the prompt resolution of disputes over confidentiality, and protect discovery material entitled to be kept confidential. Therefore, pursuant to 5 U.S.C. § 552a(b)(11) and Fed. R. Civ. P. 26(c), it is hereby ORDERED that the parties' Joint Motion for Protective Order is GRANTED, and it is FURTHER ORDERED that the following provisions shall govern the use and disclosure of documents and information covered by this Order:

**1.     Documents and Information Covered by this Order**

(a) This Order shall govern the use and disclosure of any document or information in connection with this Litigation that constitutes or reflects information derived from:

(i) records subject to the requirements of the Privacy Act of 1974, 5 U.S.C. § 552a, which includes any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his or her education, financial

transactions, medical history, and criminal or employment history that contains his or her name, or the identifying number, symbol, or other identifying particular assigned to the individual.;

        (ii) information concerning the medical condition or treatment of plaintiff or any putative class member.

    (b)  Documents that are reasonably determined to be within the scope of paragraph 1(a) by a Producing Party are hereinafter referred to as "Covered Documents."  Covered Documents shall be marked by the Producing Party prior to production as "SUBJECT TO PROTECTIVE ORDER" or with a similar marking in a way that brings its attention to a reasonable examiner.  For any Covered Documents, such as computer data, whose medium makes such a marking impractical, the compact disc case and any accompanying paper or e-mail cover letter shall be marked "SUBJECT TO PROTECTIVE ORDER" or with a similar marking in a way that brings its attention to a reasonable examiner.  Designation and marking of Covered Documents in accordance with this paragraph shall be deemed effective to bring information contained in such documents under the protection of this Order unless and until the Court orders otherwise.

    (c)  Except as specified below, all information derived from Covered Documents, even if incorporated in another document or compilation or referred to in testimony, shall be defined as Covered Information.  Covered Information shall continue to be subject to the requirements of this Order regardless of whether the document or compilation or testimony containing information derived from a Covered Document has been marked in accordance with paragraph 1(b).  However, document summaries, statistical compilations, or other summaries of information covered by the Privacy Act, 5 U.S.C. § 552a, that do not contain information by which specific individuals, including Plaintiff or putative class members, can be identified (*e.g.*,

by name, social security number, symbol, description or other form of personal identification) are not covered by this Protective Order.

3. **Defendant's Release of Privacy Act Protected Information or Other Documents Containing Information Pertaining to Plaintiff or Putative Class Members**

(a) Subject to the requirements of this Order, Defendant is authorized to release to Plaintiff, to counsel for the parties, and to the Court in this case, Covered Documents containing information protected under the Privacy Act of 1974, 5 U.S.C. § 552a, without obtaining prior written consent of the individuals to whom the records pertain.

(b) Defendant is also authorized, pursuant to the terms of this Order, to release to Plaintiff, to counsel for the parties, and to the Court in this case, Privacy Act protected records pertaining to Plaintiff and putative class members, including employment records or other documents containing or referring to information pertaining to Plaintiff and other putative class members.

(c) Documents produced pursuant to paragraphs 3(a) and 3(b) shall be used for this Litigation and for no other purpose and shall be marked by the Producing Party as "SUBJECT TO PROTECTIVE ORDER" or with a similar marking in a way that brings its attention to a reasonable examiner.

4. **Use and Disclosure of Covered Documents and Covered Information**

(a) Unless otherwise ordered by a court, administrative agency, or other governmental or regulatory body of competent jurisdiction, or otherwise provided in this Order, Covered Documents and Covered Information received by a party during the course of this Litigation may be used only in connection with the prosecution or defense of this Litigation. Except upon the prior written consent of the Producing Party originally designating a Covered Document as

containing information within the scope of paragraph 1(a) of this Order, or as otherwise expressly provided in this Order, Covered Documents and Covered Information may be disclosed only to the following persons:

    (i)  Counsel who are engaged in the conduct of this Litigation on behalf of the named parties;

    (ii)  Partners, associates, and legal assistants of any person described in subsection 4(a)(i), but only to the extent necessary to render professional services in connection with this Litigation;

    (iii)  Secretaries and other clerical staff of any person described in subsection 4(a)(i), but only to the extent necessary to render professional services in connection with this Litigation;

    (iv)  The Court, its staff, and court officials involved in this Litigation (including court reporters or persons operating video equipment at depositions), and any mediators and their staff appointed by the Court or agreed to in writing by the parties in the Litigation;

    (v)  Named Plaintiff Andrew J. Brigida;

    (vii)  Witnesses at deposition or trial to the extent necessary for that purpose;

    (viii)  Witnesses in preparation for deposition or trial to the extent necessary for that purpose;

    (ix)  Outside consultants or experts, including other professional and clerical staff at the outside expert's or outside consultant's firm, consulting group, or company, retained for the purpose of assisting counsel in this Litigation to the extent necessary for that purpose; and

    (x)  Third-party contractors engaged in one or more aspects of copying,

organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this Litigation, including the performance of such duties in relation to a computerized Litigation support system, but only to the extent necessary to render such services.

    (b)  Before disclosure of any Covered Documents or Covered Information is made to any person described in subsections 4(a)(v)-(ix) such person shall sign the Confidentiality Undertaking attached hereto as Exhibit A.  Unless otherwise ordered by the Court, in the event that any such person (with the exception of Plaintiff, Defendant, and Defendant's employees) described in subsections 4(a)(v)-(ix) refuses to sign the Confidentiality Undertaking with respect to discovery material designated to be within the scope of paragraph 1(a), no Covered Documents or Covered Information may be disclosed to such person except with the prior written consent of the Producing Party that originally designated such Covered Documents as containing information within the scope of paragraph 1(a) of this Order and subject to any procedures that the Producing Party may require to maintain the confidentiality of such Covered Documents and Covered Information.

    (c)  All executed Confidentiality Undertaking forms shall be retained by Counsel for the party which obtained the Undertaking until such time as this litigation, including all appeals, is concluded and shall be available to the other party, or his agents or counsel, upon request to the Court for good cause shown.

**5.**    **Inadvertent Failure to Designate and Inadvertent Disclosure**

    (a) Inadvertent Failure to Designate.  A Producing Person may notify the receiving party that a document or information produced in discovery that should have been designated as

information within the scope of paragraph 1(a) and marked "SUBJECT TO PROTECTIVE ORDER" under the terms of this Order was inadvertently produced without being designated as such.  Upon receiving such notice from the Producing Party, the party receiving such notice shall immediately treat the documents and information as if it had been so designated and shall place the appropriate designation on the document within five (5) business days of receipt of such notice.  No party shall be deemed to have violated this Order if, prior to notification of any later designation, such documents or information have been disclosed or used in a manner inconsistent with the later designation.  Once such a designation has been made, however, the relevant documents and information shall be treated as Covered Documents and Covered Information in accordance with this Order.

(b) Inadvertent Disclosure.  If a receiving party discloses Covered Documents or Covered Information to any person not authorized to receive such disclosure the receiving party must, upon learning that such disclosure has been made: (1) inform the Producing Party that originally designated the information as being within the scope of paragraph 1(a) of this Order of the disclosure, including the facts and circumstances of such disclosure; and, (2) request the return of the Covered Documents or Covered Information and seek to minimize any further unauthorized disclosure.

6. **Filing of Covered Documents or Covered Information**

(a) Redaction or Filing Under Seal:  Those portions of pleadings, motions, affidavits, briefs, exhibits, and other papers filed with or submitted to the Court that contain Covered Documents or Covered Information shall be redacted or filed separately with a motion for filing

under seal in accordance with LCvR 5.1(j).  If filed under seal, the filing shall remain under seal (i) unless otherwise ordered by this Court upon notice to the parties, or (ii) unless the party who originally designated the information included or used in the filing as being within the scope of paragraph 1(a) of this order consents in writing to its unsealing, in which case the contents of the filing shall be unsealed to the extent of such consent.

     (b)  Except at trial, prior to using any Covered Documents or Covered Information in open court, counsel shall confer regarding such procedures as are necessary to protect the nondisclosure of the subject discovery material, including, without limitation, providing the party who originally designated the material as within the scope of paragraph 1(a) of this Order with an opportunity to move the Court to close the proceedings.  Nothing herein, however, shall prevent a Party from opposing any such motion to close the proceedings.

**7.**     **Use of Covered Documents and Covered Information at Trial**

Nothing in this Order shall be construed as limiting the right of either party to introduce Covered Documents or Covered Information into evidence at trial, subject to the Rules of Evidence and such privacy protections as the presiding Judge may deem appropriate.  Either party may approach the Court before trial to propose a plan for the use of Covered Documents or Covered Information at trial.  Nothing herein, however, shall prevent a party from opposing any such plan.

**8.    Further Requests for Production**

Any person or party receiving Covered Documents or Covered Information that receives a request or subpoena for production or disclosure of such information shall promptly give notice by email to the Producing Party that originally designated such information as being within the scope of paragraph 1(a) of this Order identifying the information sought and enclosing a copy of the subpoena or request.  Provided that the Producing Party makes a timely motion or other application for relief from the subpoena or other request in the appropriate forum, the person or party subject to the subpoena or other request shall not produce or disclose the requested information without consent of the Producing Party or until ordered by a court of competent jurisdiction.

**9.    Order Not To Be Construed As a Waiver**

In addition, each party reserves the right to move to modify the terms of this Order at any time.  By consenting to this Order, no party hereto shall be deemed to have waived its right to seek a Protective Order with respect to any documents or information, regardless of whether such documents or information fall within the scope of this Order, and each party reserves the right to oppose any motion to modify the terms of the Order.  Nothing in this Order shall be construed as a waiver of a party's right to challenge by motion a party's designation of materials as "Covered Documents" subject to this Protective Order or to challenge a motion to file a document under seal or move to unseal documents so filed.  Nothing in this Order is intended to constitute an agreement regarding the scope of discovery.  This Order does not constitute a ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute a ruling on any potential objection to the discoverability, relevance, or

admissibility of any documents or other material sought in discovery, and the parties reserve their right to object to discovery on any appropriate ground.

**10.    Miscellaneous Provisions**

The Parties intend that this Order shall be consistent with the Federal Rules of Civil Procedure and the Local Rules, except as its terms otherwise provide.  For purposes of computing any period of time under this Order, the provisions of Fed. R. Civ. P. 6 shall apply. Nothing in this Order shall prevent disclosure as required by law or compelled by order of any court.  Nothing in this Order shall be construed to confer rights on any third party.  Nothing in this order shall be construed to permit the disclosure of classified information or information the disclosure of which is prohibited by statute.

**11.    Termination of Litigation**

The provisions of this Order shall continue to be binding after final termination of this Litigation.  Within forty-five (45) days after final conclusion of all aspects of this Litigation, including any appeals, any party or person who received Covered Documents or Covered Information must, certify to the Court that those documents or materials, (i) have been returned to the Producing Party, or (ii) have been destroyed (other than counsel's copies of exhibits filed under seal with the Court, counsel's file copies of papers prepared in connection with this action, *e.g.*, pleadings, court papers and other papers served in this Litigation, and counsel's file copies of expert reports, depositions and trial transcripts, and any other documents and records that are required to be retained by Defendant under the Federal Records Act or any other applicable federal law or regulation).

**12.    Producing Parties' Reliance on Order**

Production of Covered Documents and Covered Information will be made in express reliance upon the terms of this Order.

**13.    Consent to Jurisdiction**

Any person or party receiving any Covered Documents or Covered Information in accordance with any provision of this Order hereby agrees to subject himself or herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

**14.    Additional Parties**

The terms of this Order shall be binding upon all current and future parties to the Litigation and their counsel.

**15.    Use of Own Information**

Nothing in this Order shall impose any restriction on the use of or disclosure by a party of its own information, including the use of or disclosure by Defendant or Defendant's employees of information subject to the requirements of the Privacy Act.  Nor shall this Order be construed to prevent a party from disclosing a Covered Document to any person whom the document clearly identifies as an author, addressee, or carbon copy recipient of such document.

**17.    Binding on Parties**

Execution of this Protective Order by counsel for a party shall constitute a representation by counsel that they, all persons employed by their firm who have access to Covered Documents and Information, and the party or parties they represent will abide by the terms of this Protective Order and will subject themselves to the jurisdiction of this Court for purposes of enforcement

and disciplinary action.

AGREED TO BY:
CURRY, PEARSON & WOOTEN, PLC
MOUNTAIN STATES LEGAL
FOUNDATION

By:

*/s/ Michael W. Pearson*
Michael W. Pearson, Esq.
CURRY, PEARSON & WOOTEN, PLC
814 W. Roosevelt Street
Phoenix, Arizona 85007
T:  (602) 258-1000
F:  (602) 523-9000
Email: mpearson@azlaw.com

Attorneys for Plaintiff,
ANDREW J. BRIGIDA

U.S. DEPARTMENT OF JUSTICE

By:

*/s/ Michael Drezner*
Michael Drezner
Trial Attorney
U.S. DEPARTMENT OF JUSTICE
Civil Division/Federal Programs
Mail:   P.O. Box 883
           Washington, DC 20530
Street: 20 Massachusetts Avenue, N.W.,
           Rm. 7146
           Washington, DC 20001
T: (202) 514-4505
Email: Michael.Drezner@usdoj.gov

Attorneys for Defendant,
ELAINE L. CHAO

ORDERED this _____day of_____ , 2018.

_____
UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDREW J. BRIGIDA, *on behalf of Himself and the Class he seeks to represent,*<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ELAINE L. CHAO, *Secretary, U.S. Department of Transportation,*<br><br>　　　　　Defendant. | Civil Action No. 16-cv-2227 (DLF) |

## **CONFIDENTIALITY UNDERTAKING**

I hereby certify that: (i) I have read the Protective Order (the "Order") that has been entered by the Court in the above-captioned matter, and I understand its terms; (ii) I understand that Covered Documents and Covered Information subject to the terms of the Order are being provided to me pursuant to the terms of the Order; (iii) I agree to be fully bound by the provisions of the Order, including its provisions restricting disclosure of Covered Documents and Covered Information under the Order and limiting the use of such material; (iv) I hereby submit to the jurisdiction of the United States District Court for the District of Columbia for purposes of enforcement of the Order; and (v) I understand that violation of the Order may be punishable by contempt of Court and may be subject to such further relief as the Court may order.

Dated:_____       Signature:_____

　　　　　　　　　　　　　　　　　　　Print name:_____