IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                     )
ANDREW J. BRIGIDA, *on behalf of*               )
*himself and the Class he seeks to represent*,   )
                                                                     )
                   Plaintiff,               )   Civil Action No. 16-cv-2227 (DLF)
                                                                     )
                  v.                         )
                                                                     )
ELAINE L. CHAO, *Secretary, U.S.*                 )
*Department of Transportation*                         )
                                                                     )
                  Defendant.          )
_____)

## ANSWER

Defendant Elaine L. Chao, Secretary of Transportation, through undersigned counsel, hereby answers Plaintiff Andrew J. Brigida's Second Amended and Supplemental Class Action Complaint for Declaratory and Injunctive Relief and Damages (the Complaint) in the above-captioned matter as follows, denying each and every averment of said Second Amended Complaint except as expressly admitted below:

## JURISDICTION AND VENUE

1.      This paragraph contains Plaintiff's conclusions of law to which no response is required.

2.      This paragraph contains Plaintiff's conclusions of law to which no response is required.

## **PARTIES**

3.    Defendant denies the first sentence of this paragraph. The second sentence of this paragraph contains Plaintiff's characterization of this lawsuit, to which no response is required.

4.    Defendant states that no answer to this paragraph is required insofar as the United States Department of Transportation (DOT) is no longer a party to this case. Defendant further states that the allegations contained in this paragraph constitute Plaintiff's characterization of DOT's legal authority and responsibilities, which are set forth in applicable laws, and to which no response is necessary.

5.    Defendant denies the first sentence of this paragraph, and further states that the Secretary of Transportation is Elaine L. Chao. The remaining allegations in this paragraph constitute Plaintiff's characterization of Defendant's legal authority and responsibilities, which are set forth in applicable laws, and to which no response is required.

6.    Defendant states that no answer to this paragraph is required insofar as the FAA is no longer a party to this case. To the extent that further answer is deemed necessary, Defendant admits this paragraph insofar as it alleges that the Federal Aviation Administration (FAA) is an agency of DOT with authority relating to civil aviation. The remaining allegations in this paragraph constitute Plaintiff's characterization of FAA's legal authority and responsibilities, which are set forth in applicable laws, and to which no response is required.

7.    Defendant states that no answer to this paragraph is required insofar as Michael Huerta is no longer a party to this case. To the extent that further answer is deemed necessary, Defendant denies the allegations in this paragraph insofar as Michael Huerta no longer serves as the Administration of the FAA. Defendant further states that Daniel K. Elwell serves as the Acting Administrator of the FAA. The remaining allegations in this paragraph constitute Plaintiff's

characterization of the FAA Administrator's legal authority and responsibilities, which are set forth in applicable laws, and to which no answer is required.

8. Defendant states that no answer to this paragraph is required insofar as Stephanie Jones is no longer a party to this case. To the extent that further answer is deemed necessary, Defendant denies the allegations in this paragraph insofar as it alleges that Stephanie Jones is the Acting Director of the DOT Departmental Office of Civil Rights (DOCR). Defendant further states that the Director of DOT DOCR is Charles E. James, Sr. The remaining allegations in this paragraph constitute Plaintiff's characterization of the DOT DOCR's legal authorities and responsibilities, which are set forth in applicable laws, and to which no answer is required.

## LEGAL BACKGROUND

**A.    TITLE VII OF THE CIVIL RIGHTS ACT OF 1964.**

9. This paragraph contains Plaintiff's conclusions of law, to which no response is required.

10. This paragraph contains Plaintiff's conclusions of law, to which no response is required.

11. This paragraph contains Plaintiff's conclusions of law, to which no response is required.

12. This paragraph contains Plaintiff's conclusions of law, to which no response is required.

13. This paragraph contains Plaintiff's conclusions of law, to which no response is required.

**B.     EQUAL PROTECTION COMPONENT OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT.**

14.     This paragraph contains Plaintiff's conclusions of law, to which no response is required.  Furthermore, to the extent that this paragraph relates to the Second Claim for Relief in the Complaint, that claim has been dismissed.

15.     This paragraph contains Plaintiff's conclusions of law, to which no response is required.  Furthermore, to the extent that this paragraph relates to the Second Claim for Relief in the Complaint, that claim has been dismissed.

16.     This paragraph contains Plaintiff's conclusions of law, to which no response is required.  Furthermore, to the extent that this paragraph relates to the Second Claim for Relief in the Complaint, that claim has been dismissed.

17.     This paragraph contains Plaintiff's conclusions of law, to which no response is required.  Furthermore, to the extent that this paragraph relates to the Second Claim for Relief in the Complaint, that claim has been dismissed.

18.     This paragraph contains Plaintiff's conclusions of law, to which no response is required.  Furthermore, to the extent that this paragraph relates to the Second Claim for Relief in the Complaint, that claim has been dismissed.

19.     This paragraph contains Plaintiff's conclusions of law, to which no response is required.  Furthermore, to the extent that this paragraph relates to the Second Claim for Relief in the Complaint, that claim has been dismissed.

20.     This paragraph contains Plaintiff's conclusions of law, to which no response is required.  Furthermore, to the extent that this paragraph relates to the Second Claim for Relief in the Complaint, that claim has been dismissed.


**FACTUAL BACKGROUND**

**A.     FAA's Change in Hiring Practices for Air Traffic Controllers.**

21.     Defendant admits so much of paragraph 21 as it alleges that the FAA published a document titled the "FAA's Flight Plan for Training." The Court is respectfully referred to that document for a complete and accurate statement of its contents.

22.     The first sentence of this paragraph characterizes FAA Order 3120.26, titled the "Pre-Hire Air Traffic Control Demonstration Program." The Court is respectfully referred to that Order for a complete and accurate statement of its contents. The FAA currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph.

23.     Defendant admits so much of paragraph 23 as it alleges that an objective of the Air Traffic Collegiate Training Program (AT-CTI) is to provide basic air traffic control training. Defendant denies the remaining allegations contained in this paragraph.

24.     Defendant admits so much of paragraph 24 as it alleges that the FAA has entered into agreements with colleges and universities to support basic air traffic control training. Defendant denies the remaining allegations contained in paragraph 24.

25.     Admitted.

26.     Admitted.

27.     Defendant admits so much of paragraph 27 as it alleges that the AT-SAT was a test used to measure aptitude for air traffic control training and for serving as an air traffic controller. Defendant further admits the last sentence in this paragraph. Defendant denies the remaining allegations contained in this paragraph.

28. The allegations contained in this paragraph contain vague and conclusory assertions, which no response is required. To the extent that further answer is deemed necessary, Defendant denies the allegations contained in this paragraph.

29. Admitted

30. The allegations contained in the first sentence of this paragraph contain vague and conclusory assertions, as well as legal characterizations and conclusions, to which no response is required. To the extent that further answer is deemed necessary, Defendant denies the allegations contained in the first sentence of this paragraph. Defendant admits the second sentence of this paragraph.

31. Denied.

32. Defendant admits so much of paragraph 32 as it alleges that the Defendant hired military trained controllers and from vacancy announcement issued for qualified members of the general public. Defendant denies the remaining allegations contained in paragraph 32.

33. This paragraph contains vague and conclusory allegations, to which no response is required. To the extent that further answer is deemed necessary, Defendant denies the allegations contained in this paragraph.

34. Denied.

35. Denied.

36. Defendant admits so much of paragraph 36 as it alleges that a certain number of those persons hired after the 1981 strike in order to replace the terminated strikers were becoming eligible for retirement beginning in and around 2005. Defendant denies the remaining allegations contained in this paragraph.

37. This paragraph contains vague and conclusory allegations, to which no response is required. To the extent that further answer is deemed necessary, Defendant denies the allegations contained in this paragraph.

38. Denied.

39. Defendant admits the first sentence of this paragraph. Defendant denies the remaining allegations contained in this paragraph.

40. Denied.

41. Defendant admits that, in 2013, the FAA published the document quoted in this paragraph. Defendant respectfully refers the Court to the quoted document for a complete and accurate statement of its contents.

42. Defendant admits that on February 8, 2013, Terry Craft, who at the time was the FAA's CTI program manager, sent an e-mail, and that Exhibit 1 is a true and correct copy of that e-mail. Defendant respectfully refers the Court to the cited exhibit for a complete and accurate statement of its contents.

43. Defendant admits that in 2013 the FAA published the document quoted in this paragraph. Defendant respectfully refers the Court to the quoted document for a complete and accurate statement of its contents.

44. This paragraph consists of Plaintiff's characterization of a document referenced in Paragraph 43. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents.

45. This paragraph constitutes Plaintiff's conclusions of law and argument to which no response is required. To the extent that further answer is deemed necessary, Defendant denies the allegations contained in this paragraph.

46.     This paragraph constitutes Plaintiff's conclusions of law and argument to which no response is required. To the extent that further answer is deemed necessary, Defendant denies the allegations contained in this paragraph.

47.     Defendant admits that on or around December 30, 2013, Joseph Texeira, who at the time was the FAA's Vice President for Safety and Technical Training, sent an e-mail relating to the hiring of air traffic controllers, and that Exhibit 2 is a true and correct copy of that e-mail. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents.

48.     This paragraph contains Plaintiff's characterization of an exhibit attached to the Complaint. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents.

49.     This paragraph contains Plaintiff's characterization of an exhibit attached to the Complaint. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents.

50.     This paragraph contains Plaintiff's characterization of an exhibit attached to the Complaint. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents.

51.     Denied.

52.     Denied.

53.     Admitted.

54.     Defendant admits that there was a teleconference on January 8, 2014 with representatives from certain schools that had a CTI program. Defendant lacks knowledge or

information at this time sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies them.

55. Defendant admits that there was a teleconference on January 8, 2014 with representatives from certain schools that had a CTI program. FAA lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

56. Defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

57. Defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

58. Defendant admits that in June 2013 there was a meeting of the FAA National Employee Forum (NEF). Defendant denies the remaining allegations contained in this paragraph.

59. Defendant admits that there was a NEF meeting in June 2013. Defendant further admits that Dr. James Outtz presented information about a Barrier Analysis of the FAA hiring process at the meeting. Defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

60. This paragraph contains Plaintiff's characterization of exhibits attached to the Complaint. Defendant respectfully refers the Court to those documents for a complete and accurate statement of their contents.

61. This paragraph contains Plaintiff's characterization of exhibits to the Complaint. Defendant respectfully refers the Court to those documents for a complete and accurate statement of their contents.

62. This paragraph contains Plaintiff's characterization of an exhibit to the Complaint. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents.

63. This paragraph contains vague and conclusory allegations, to which no response is required.

64. This paragraph characterizes a media report. Defendant respectfully refers the Court to that media report for a complete and accurate statement of its contents.

65. This paragraph contains vague and conclusory allegations, to which no response is required.

66. Denied.

67. This paragraph contains legal characterizations and conclusions to which no response is required.

68. This paragraph contains legal characterizations and conclusions to which no response is required.

69. This paragraph contains legal characterizations and conclusions to which no response is required.

70. This paragraph contains legal characterizations and conclusions to which no response is required.

71. This paragraph contains legal characterizations and conclusions to which no response is required.

72. This paragraph contains legal characterizations and conclusions to which no response is required.

73. This paragraph contains legal characterizations and conclusions to which no response is required.

74. This paragraph contains legal characterizations and conclusions to which no response is required.

75. This paragraph contains legal characterizations and conclusions to which no response is required.

**B.    Plaintiff Brigida.**

76. Defendant admits that Plaintiff Brigida received a score of 100 on the AT-SAT while attending Arizona State University. The Defendant denies the remaining allegations of this paragraph.

77. Admitted.

78. Denied.

79. Denied.

80. Defendant admits that on February 10, 2014, Plaintiff Brigida submitted an application for an air traffic controller position. Defendant further admits that on or about this time, Plaintiff Brigida took the biographical assessment. Defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

81. Defendant admits that Plaintiff contacted an EEO counselor on February 25, 2014. The remainder of this paragraph characterizes Plaintiff's "informal electronic complaint" and the Court is respectfully referred to that document for a full and complete statement of its contents.

82. Admitted.

83. Defendant admits it sent Plaintiff a Notice of Right to File a formal complaint on March 27, 2014. Defendant currently lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

84. Defendant admits it received a formal EEO complaint filed by Brigida's attorney on April 14, 2014, bearing a handwritten date of April 12, 2014. To the extent that further answer is deemed necessary, Defendant currently lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

85. Defendant admits that it sent a letter to Plaintiff Brigida dated on or about April 16, 2014 relating to a formal EEO Complaint. This paragraph contains Plaintiff's characterization of that letter. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents.

86. Defendant admits that Administrative Judge Cynthia G. McKnight issued a decision dated June 30, 2016 relating to Plaintiff Brigida's EEO Complaint. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents.

87. The first two sentences of this paragraph contain vague and conclusory assertions to which no response is required. Defendant denies the allegations contained in the third sentence of this paragraph, and further avers that the FAA hired Plaintiff Brigida to a position at the agency in 2016. To the extent that further answer is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations at this time.

## CLASS ACTION ALLEGATIONS

88. This paragraph incorporates the allegations in the preceding paragraphs. Defendant restates and incorporates, as though fully set forth herein, its responses contained in the above paragraphs.

89. This paragraph contains Plaintiff's legal conclusions and characterization of this lawsuit, to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

90. This paragraph contains Plaintiff's legal conclusions and characterization of this lawsuit, to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

91. This paragraph contains Plaintiff's legal conclusions and characterization of this lawsuit, to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

92. This paragraph contains Plaintiff's legal conclusions and characterization of this lawsuit, to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

93. This paragraph contains Plaintiff's legal conclusions and characterization of this lawsuit, to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

94. This paragraph contains Plaintiff's legal conclusions and characterization of this lawsuit, to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

95. This paragraph and sub-paragraphs contain Plaintiff's legal conclusions and characterization of this lawsuit, to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in this paragraph and sub-paragraphs.

96. This paragraph contains Plaintiff's legal conclusions and characterization of this lawsuit, to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

### **FIRST CLAIM FOR RELIEF**
(Violation of Title VII)

97. This paragraph incorporates the allegations in the preceding paragraphs. Defendant restates and incorporates, as though fully set forth herein, the responses contained in the above paragraphs.

98. Denied.

99. This paragraph contains Plaintiff's legal conclusions, to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

100. This paragraph contains Plaintiff's legal conclusions, to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

101. This paragraph contains Plaintiff's legal conclusions, to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

102. This paragraph contains Plaintiff's legal conclusions, to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

103. This paragraph contains Plaintiff's legal conclusions, to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

## SECOND CLAIM FOR RELIEF
(Equal Protection)

104. This paragraph incorporates the allegations in the preceding paragraphs. Defendant restates and incorporates, as though fully set forth herein, the responses contained in the above paragraphs.

105-114. No response to the allegations of these paragraphs is required, because the Court has dismissed this claim for relief and these paragraphs contain Plaintiff's legal conclusions, to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in these paragraphs.

## PRAYER FOR RELIEF

The remaining paragraphs of the Complaint set forth Plaintiff's prayer for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant denies that Plaintiff or putative class members are entitled to the relief requested or any relief.

Each and every allegation of the Complaint not heretofore expressly admitted or denied is hereby denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff lacks standing to seek relief for himself and the putative class.

2. Upon information and belief, Plaintiff and putative class members have failed to mitigate their damages.

## CONCLUSION

WHEREFORE, having fully answered, Defendant respectfully requests that the Court enter judgment dismissing this action with prejudice and awarding Defendant such other relief as the Court may deem appropriate.


DATED:  August 9, 2018                    CHAD A. READLER
                                          Acting Assistant Attorney General

                                          JOSHUA E. GARDNER
                                          Assistant Branch Director
                                          Civil Division, Federal Programs Branch

                                          */s/ Michael Drezner*
                                          MICHAEL DREZNER (V.A. Bar No. 83836)
                                          Trial Attorney
                                          U.S. Department of Justice
                                          Civil Division, Federal Programs Branch
                                          20 Massachusetts Ave, NW
                                          Washington, DC 20530
                                          Telephone: (202) 514-4505
                                          Facsimile: (202) 616-8470
                                          Email: michael.l.drezner@usdoj.gov

                                          *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2018, I electronically filed the foregoing Answer using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

<div style="text-align: right;">

*/s/ Michael Drezner*
Michael Drezner

</div>