UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW J. BRIGIDA,<br><br>*Plaintiff*,<br><br>v.<br><br>ELAINE L. CHAO, Secretary,<br>U.S. Department of Transportation,<br><br>*Defendant*. | Civil Action No. 16-2227 (DLF) |

## JOINT MEET AND CONFER REPORT

Plaintiff Andrew J. Brigda and Defendant Elaine L. Chao, in her official capacity as Secretary of Transportation, having conferred by telephone on August 30, 2018, respectfully submit this report pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3.

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

Plaintiff's Position: Defendant previously filed a partial Motion to Dismiss in the U.S. District Court for the District of Arizona.  Dkt. 29.  The Arizona District Court granted Defendant's partial Motion to Dismiss and to Transfer Venue to the U.S. District Court for the District of Columbia.  Dkt. 33.  This Court granted Plaintiff's Motion for Consideration on May 31, 2018. Dkt. 50.  Defendant filed its Answer on August 9, 2018.  Dkt 56.  Although Plaintiff intends to amend his Complaint again to add additional class agents, Plaintiff feels there is nearly no chance of this case being disposed of by a dispositive motion, prior to summary judgment.  Plaintiff takes no position at this time on whether this case is likely to be decided on

1

summary judgement.

Defendant's Position:  Defendant filed a partial motion to dismiss plaintiff's complaint in the United States District Court for the District of Arizona, which was granted and the case was transferred to this Court.  *See* Dkt. 29, 33.  On May 31, 2018, the Court partially granted plaintiff's motion for reconsideration, and on August 9, 2018, Defendant filed her answer.  Dkt. 56.  If plaintiff moves to amend his complaint, Defendant will evaluate the proposed amendment to determine whether it is legally appropriate.  In addition, as discussed below, Defendant intends to file a fully dispositive motion for summary judgment.

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Plaintiff's Position:  Federal Rule of Civil Procedure 15(a) provides that leave to file amended complaints "shall be freely given when justice so requires."  Plaintiff intends to amend his complaint at least once more in order to add additional class agents and reserves the right to ask this Court for leave to amend in the future.  As discussed below, the complex nature of the putative class also requires the opportunity to amend prior to and/or after a determination on class certification.

Defendant's Position: Defendant contends that any amendments to the complaint should be done no later than September 3, 2018.  There is no legitimate reason why, in a lawsuit that has been pending for two years, Plaintiff needs another five weeks to identify a suitable class representative.  Plaintiff's proposed schedule is inconsistent with the Local Rule's mandate that Plaintiff's file class certification "[w]ithin 90 days after the filing of a complaint in a case sought to be maintained as a class action, unless the Court in the exercise of its discretion has extended the period[.]"  *See* Local Rule 23.1(b).  As discussed below, the Court should order that Plaintiff promptly file his motion for class certification, and in no event later than September 14, 2018.

Plaintiff further seeks the opportunity to amend "prior to and/or after a determination of class certification."  Any such amendment should be made pursuant to a motion under Federal Rule of Procedure

2

16(b)(4) upon a showing of good cause and with the court's consent.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

Plaintiff's Position: Plaintiff does not believe this case should be assigned to a magistrate judge.

Defendant's Position:  Defendant takes no position on whether the case should be assigned to a magistrate judge for all purposes, including trial.

**(4) Whether there is a realistic possibility of settling the case.**

Plaintiff's Position: The parties have engaged in preliminary settlement discussions.  However, at this time, Plaintiff feels it is prudent to move forward with the case while continuing to engage in settlement talks.

Defendant's Position:  The parties have engaged in early settlement discussions.  And while those discussions did not result in an amicable resolution of the lawsuit, Defendant believes that settlement of this lawsuit may ultimately be possible.

**(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider: (i) the client's goals in bringing or defending the litigation; (ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement (iii) the point during the litigation when ADR would be most appropriate, with special consideration given to: (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and (bb) whether ADR should take place before or after the judicial resolution of key legal issues; 38 (iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and (v) whether**

**cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.**

The Parties' Position: At this time, the parties do not believe this matter would benefit from the Court's alternative dispute resolution procedures.  The parties will continue to engage in settlement discussions during the progression of the litigation, as appropriate, and will continue to consider whether the use of the Court's ADR procedures would be beneficial.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Plaintiff's Position: Plaintiff agrees with Defendant's request that this Court first resolve Plaintiff's motion for class certification before setting a schedule for merits discovery and summary judgement.  Plaintiff has no position at this time as to whether this case can be resolved on summary judgment.  After the close of merits discovery, Plaintiff suggests the parties submit a joint status report addressing further proceedings within 14 days.  In the event this Court wishes to set a timeline at this juncture, Plaintiff proposes that Cross-Motions for Summary Judgment be due June 14, 2019.  Responses would be due July 15, 2019.  Plaintiff proposes that this Court decide motions for summary judgment by September 3, 2019.

Defendant's Position:  Defendant's view is that this case can be resolved by summary judgment.  Summary judgment will be greatly informed by this Court's resolution of Plaintiff's motion for class certification.  Accordingly, Defendant requests that the Court first resolve class certification before setting a schedule for any discovery or summary judgment.  However, if the Court believes that establishing a summary judgment schedule now would be beneficial, Defendant proposes the following schedule:

- Defendant's Motion for Summary Judgment - No later than May 24, 2019:

- Plaintiff's Opposition and Cross-Motion (if any) – No later than June 21, 2019

- Defendant's Reply and Opposition to Cross-Motion (if any) – No later than July 12, 2019

- Plaintiff's Reply (if any) – No later than August 2, 2019

Defendant does not believe that Plaintiff's suggestion for simultaneous cross-motions for summary judgment is the most effective way to resolve this case. Staggered summary judgment briefing will allow the parties to better respond to the other side's arguments. Defendant defers to the Court as to when summary judgment should be decided.

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The Parties' Position: The parties agree that initial disclosures under Rule 26(a)(1)(C) should not be made until class certification is decided. If the Court decides to allow discovery on the issue of class certification, initial disclosures on the issue of class certification only should be made no later than October 1, 2018.

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Plaintiff's Position: Plaintiff believes discovery should be available on all issues raised by the Complaint and Answer. Plaintiff agrees with Defendant's contention that a merits discovery schedule should be set after the resolution of class certification. Plaintiff, however, contends that he should be allowed to conduct limited discovery prior to seeking class certification to aid the parties, and this Court, in reaching a determination under Rule 23.

In the event the Court wishes to have discovery run concurrently, Plaintiff proposes a date of March 1, 2019 for the completion of fact discovery. Plaintiff proposes that expert reports be disclosed by February 1, 2019. Plaintiff proposes a date of May 1, 2019 for the completion of expert discovery.

Plaintiff further believes that any proposed limitations on discovery are premature, given the complex nature of this action. Plaintiff believes there is a significant chance that discovery will require substantially more discovery than the amount proposed by the Defendant.

Plaintiff has no objection to Defendant's proposal to exchange privilege logs on a rolling basis, and that the parties need not log documents subject to Federal Rule of Civil Procedure 26(b)(4)(B) and (C), or documents protected by the attorney-client privilege or the work product doctrine that post-date the filing of plaintiff's complaint.

Defendant's Position: Defendant contends that all discovery should be stayed until class certification is resolved. Accordingly, Defendant proposes that a discovery schedule should be set only after the resolution of class certification, as the scope of discovery will be informed by whether the case proceeds as a class action.

However, if the Court wishes to enter a discovery schedule now, Defendant proposes the following schedule:

- March 1, 2019: Fact discovery closes.
- March 8, 2019: Plaintiff's Rule 26(a)(2)(B)(ii) expert reports and Rule 26(a)(2)(C) disclosures due.
- April 26, 2019: Defendant's Rule 26(a)(2)(B)(ii) expert reports and Rule 26(a)(2)(C) disclosures due.
- May 10, 2019: Close of expert discovery.

In addition, consistent with Federal Rule of Civil Procedure 26(b)(2)(A), Defendant proposes the following limitations and modifications to discovery:

- Each party is limited to 30 discrete requests for production of documents.
- Each party is limited to 30 requests for admissions.
- Expert depositions will not count against the ten deposition limit contained in Rule 30.

These proposed limitations on discovery would serve the interest of justice because they are

proportionate to the needs of the case.

Defendant further proposes that the parties exchange privilege logs on a rolling basis on a reasonable timeframe, and that the parties need not log documents subject to Federal Rule of Civil Procedure 26(b)(4)(B) and (C), or documents protected by the attorney-client privilege or the work product doctrine that post-date the filing of plaintiff's complaint.

**(9) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Plaintiff's Position: Plaintiff agrees that entering into an e-discovery protocol that would provide the forms of disclosure of discovery would benefit the parties. Plaintiff will work with Defendant to agree on a proposed protocol. Plaintiff requests, to the extent possible, that Defendant produce documents in their native format.

Defendant's Position: Defendant contends that entering into an e-discovery protocol that would provide the forms of disclosure of discovery would benefit the parties and will share her proposed protocol with Plaintiff.

**(10) Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The Parties' Position: On June 27, 2018, pursuant to this Court's Order, the parties entered into a Protective Order to facilitate the prompt resolution of the dispute over confidentiality and protect discovery material entitled to be kept confidential. Dkt. 53. The parties believe that this Order is sufficient.

**(11) Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should**

**occur.**

Plaintiff's Position: Plaintiff proposes that expert reports be exchanged by February 1, 2019.   Plaintiff proposes a date of May 1, 2019 for the completion of expert discovery.

Defendant's Position:  As stated above, if the Court wishes to enter a discovery and briefing schedule now, Defendant proposed the following schedule:

- March 8, 2019:  Plaintiff's Rule 26(a)(2)(B)(ii) reports and Rule 26(a)(2)(C) expert disclosures due.

- April 26, 2019:  Defendant's Rule 26(a)(2)(B)(ii) expert reports and Rule 26(a)(2)(C) disclosures due.

- May 10, 2019:  Close of expert discovery.

Defendant does not believe that the simultaneous exchange of expert reports is warranted in this case, because Plaintiff has the burden of proof and the simultaneous exchange of expert reports likely will result in expert disclosures that are less helpful to the factfinder.

**(12) In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Plaintiff's Position: Given the nature of the putative class, and the possible need for subclasses, Plaintiff believes discovery is necessary prior to the Court deciding the issue of class certification.  In order to facilitate class certification and determine the need for subclasses, Plaintiff requires access to relevant records in the possession of the Defendant.  Plaintiff has ample reason to believe that much of the data possessed by Defendant will be incomplete, error-ridden, or contradictory—thus requiring sufficient time for Defendant to cure such deficiencies.

Plaintiff suggests the deadline for filing a Rule 23 motion be set for January 15, 2019.  The deadline

for filing a motion in opposition would be February 14, 2019. The deadline for Plaintiff's reply would be February 28, 2019. Plaintiff defers to the Court regarding when to schedule oral argument and by when class certification will be decided.

Defendant's Position: Local Rule 23.1(b) requires class certification within 90 days of the filing of the complaint absent a modification of the schedule by the Court. Plaintiff has not explained how records or data in the possession of Defendant are necessary to support his class certification motion, and thus why any delay in briefing is appropriate. Plaintiff similarly has failed to identify with specificity the class discovery he seeks, or a schedule by which such discovery would be completed. For example, Plaintiff does not explain what "records" he believes he needs to meet the requirements of Rule 23, or why the fact that such unidentified records might be "incomplete, error-ridden, or contradictory" would have any bearing on non-merits issues. If the Court permits class certification discovery, however, Defendants respectfully suggest that such discovery be reciprocal in nature, and permit for the depositions and document discovery of Plaintiff's class representatives.

Defendant proposes the following class certification briefing schedule, and that all discovery be stayed until the resolution of class certification:

- Plaintiff's Motion for Class Certification:   September 14, 2018
- Defendant's Opposition to Class Certification:   October 15, 2018
- Plaintiff's Reply Brief:   October 29, 2018.

Defendant defers to the Court regarding when to schedule oral argument and by when class certification will be decided.

**(13) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Plaintiff's Position: Plaintiff agrees that this Court should first resolve class certification. However, as stated above, Plaintiff contends that he should be allowed to conduct pre-certification discovery to aid the

9

Court in making a Rule 23 determination.

Defendant's Position:  Defendant contends that the Court should first resolve class certification before permitting any discovery, merits or otherwise.  Once class certification is resolved, Defendant respectfully suggests that the Court enter a discovery and summary judgment schedule.

**(14) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The Parties' Position: The parties agree that setting a deadline for a pretrial conference and trial is premature and should be set, if necessary, after summary judgment is resolved.

**(15) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Parties' Position: The parties agree that setting a trial date is premature and should be set, if necessary, at the pretrial conference, only after the Court resolves summary judgment.

**(16) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The Parties' Position: The parties have no other matters to raise at this time.

DATED:  August 31, 2018

/s/ William Perry Pendley
William Perry Pendley (D.D.C. Bar No. 378906)
Christian B. Corrigan (KS Bar No. 25622), *pro hac vice*
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
wppendley@mountainstateslegal.com
ccorrigan@mountainstateslegal.com

        Michael W. Pearson (AZ Bar No. 016281). *pro hac vice*
        Curry, Pearson, & Wooten, PLC
        814 West Roosevelt
        Phoenix, Arizona 85007
        (602) 258-1000
        (602) 523-9000 (facsimile)
        mpearson@azlaw.com

        *Counsel for Plaintiff*


        CHAD A. READLER
        Acting Assistant Attorney General

        JOSHUA E. GARDNER
        Assistant Branch Director
        Civil Division, Federal Programs Branch

        */s/ Michael Drezner*
        MICHAEL DREZNER (V.A. Bar No. 83836)
        Trial Attorney
        U.S. Department of Justice
        Civil Division, Federal Programs Branch
        20 Massachusetts Ave, NW
        Washington, DC 20530
        Telephone: (202) 514-4505
        Facsimile: (202) 616-8470
        Email: michael.l.drezner@usdoj.gov

        *Counsel for Defendant*