UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW J. BRIGIDA, POLLYANNA L. WANG; SUZANNE M. REBICH; MATTHEW L. DOUGLAS-COOK,<br><br>*Plaintiffs*,<br><br>v.<br><br>ELAINE L. CHAO, Secretary, U.S. Department of Transportation,<br><br>*Defendant.* | Civil Action No. 16-2227 (DLF) |

## PLAINTIFFS' MOTION FOR PRE-CERTIFICATION DISCOVERY

Pursuant to this Court's Order of September 4, 2018, Plaintiffs hereby submit this Motion for Pre-Certification Discovery.

## LEGAL STANDARD

Plaintiffs seek limited pre-certification discovery prior to filing its Motion for Class Certification under Federal Rule of Civil Procedure 23. Class certification, like motions to dismiss, requires a court to determine if a plaintiff has sufficiently supported his allegations such that the claims should be tried using the class action mechanism. "Whether discovery will be permitted in connection with a motion for a class certification determination 'lies within the sound discretion of the trial court.'" *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982) (*quoting Kamm v. California City Dev. Corp.*, 509 F.2d 205, 209 (9th Cir. 1975)). "The Supreme Court's ruling in *Wal–Mart* [*Stores v. Dukes*, 564 U.S. 338 (2011)] confirms that pre-certification discovery should ordinarily be available where a plaintiff has alleged a potentially viable class claim because *Wal–Mart* emphasizes that the district court's class certification determination must rest on a 'rigorous

1

analysis' to ensure '[a]ctual, not presumed, conformance' with Rule 23." *Burton v. D.C.*, 277 F.R.D. 224, 230 (D.D.C. 2011) (quoting *Wal-Mart*, 564 U.S. at 351). "'[O]ften the pleadings alone will not resolve the question of class certification and . . . some discovery will be warranted.'" *Burton*, 277 F.R.D. at 230 (quoting *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935 (9th Cir.2009)). In fact, "in most cases a certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action." *Stewart*, 669 F.2d at 331 (quotations omitted).

## BACKGROUND

Plaintiffs and putative class representatives allege violations of Title VII's prohibition on employment discrimination on the basis of race. Third Am. Compl. ¶¶ 8–12, 117–123, Dkt. 61 at 3, 20–21. Specifically, Plaintiffs allege that on or around December 30, 2013, the Federal Aviation Administration ("FAA") eliminated the CTI Applicant Register, which resulted in Plaintiffs, and other putative Class Members, losing their employment preference and opportunity to be hired for Air Traffic Control Specialist (ATCS) positions. Third Am. Compl. ¶ 53, Dkt. 61 at 10.

In January 1991, the FAA promulgated FAA Order 3120.26, which established the Air Traffic-Collegiate Training Initiative ("CTI") program to develop, deliver, and implement air traffic control recruiting, selection, and training. Third Am. Compl. ¶ 21, Dkt. 61 at 5. In 2012, there were 36 CTI Institutions around the country. Third Am. Compl. ¶ 24, Dkt. 61 at 5. Graduates from these CTI programs were required to pass a validated air traffic aptitude test, known as the Air Traffic Control Selection and Training examination ("AT-SAT") in order to be eligible for employment as a trainee controller. Third Am. Compl. ¶ 25, Dkt. 61 at 5. Applicants who scored 85 and above on the AT-SAT were classified as "well-qualified" by the FAA. Applicants who scored between 70 and 84.9 were classified as "qualified" by the FAA. Applicants

who scored below 70 were classified as "not qualified" by the FAA and were not eligible for hire for ATCS positions. Third Am. Compl. ¶ 29, Dkt. 61 at 6.

Prior to late-2013 purge, and after the introduction of the CTI program, graduates from CTI programs that passed the validated AT-SAT assessment entered a direct hire pool of applicants, were placed on a "Qualified Applicant Register" List, and were given hiring preference for ATCS positions. Third Am. Compl. ¶ 31, Dkt. 61 at 6. The FAA controller hiring plan required the FAA to hire over one thousand controllers per year in calendar years 2012, 2013, and 2014. Despite this stated demand for ATCS, the FAA slowed and eventually froze the processing and hiring of new ATCS applicants. Third Am. Compl. ¶ 39, Dkt. 61 at 7. In October 2012, the FAA ceased adding names of CTI graduates who had passed the AT-SAT onto the Qualified Applicant Register. Neither the CTI schools, nor the CTI graduates, were notified of this change. Third Am. Compl. ¶ 41, Dkt. 61 at 7.

Then, on or around December 30, 2013, the FAA announced a change in the hiring process for ATCS positions. Third Am. Compl. ¶¶ 48–51, Dkt. 61 at 9. The FAA announced it would issue a nationwide competitive FG-01 vacancy announcement open to all U.S. Citizens in 2014 and that any individual desiring consideration for employment (including CTI graduates) must apply. Third Am. Compl. ¶ 50, Dkt. 61 at 9. CTI graduates were required to reapply through this new hiring process in February 2014, which required them to pass a biographical questionnaire before they were eligible to retake the AT-SAT. Third Am. Compl. ¶¶ 48–51, Dkt. 61 at 9.

Plaintiffs allege that the putative class consists of "the approximately 2,000 to 3,500 qualified applicants that possessed a degree from a CTI school, had passed the AT-SAT, and were on, or should have been on, the FAA's Qualified Applicant Register prior to the FAA's 2014

decision to eliminate the Register." Third Am. Compl. ¶ 109, Dkt. 61 at 17.

## ARGUMENT

Plaintiffs are requesting pre-certification discovery, in the Defendant's sole possession, regarding numerosity, common issues of law and fact, and commonality of claims required to properly meet the Rule 23 requirements for certification. To determine the contours of the putative class, and the need for an subclasses, Plaintiffs seek discovery of certain records in possession of Defendant pertaining to (1) CTI graduates, (2) the February 2014 hiring process for ATCS positions; and (3) the policy and process by which CTI students were placed on the Qualified Applicant Register or eliminated from consideration.

The Qualified Applicant Register of CTI graduates was maintained by the FAA on an internal database known as the "AT-CTI inventory" ("Inventory"). This inventory was composed of AT-CTI school worksheets sent to the FAA from each individual AT-CTI school certifying that the named CTI student had graduated and received the school's recommendation. It also had miscellaneous information such as a student's Grade Point Average. The FAA office that maintained this data is AMH-300. AMH is the acronym for the FAA's Aviation Careers Division located in Oklahoma City, OK. Several FAA employees were tasked with maintaining the inventory, including Beau Bruhwiler and Amanda Quezada. The aforementioned assertions may easily be found in the various agreements between the FAA and each CTI school as well as attendant policy documents. The FAA (AMH-300) is also in possession of student recommended worksheets from all AT-CTI schools that were used by the FAA to compose the inventory.

Plaintiffs seek specific information on the 2,000-3,500 CTI graduates who lost their hiring preference and opportunity due to the purging of the Qualified Applicant Register. The Defendant has provided very limited information to the Plaintiffs in the form of a partial database prepared by

the CTI schools as well as the partial Inventory described above. However, Plaintiffs' review of such information shows that the databases have incorrect data. At least 5 putative class members listed in the limited Inventory database provided by the FAA have birthdates that appear to be transcription errors and incorrect thereby improperly excluding them from consideration. The CTI database is also incomplete as the FAA stopped updating the database well before December 2013. Plaintiffs' counsel has been contacted by many potential class members over the last three years and approximately 17 assert that they met all requirements to be considered a part of the putative class.

Plaintiffs are requesting pre-certification discovery, in the Defendant's sole possession, regarding numerosity, common issues of law and fact, and commonality of claims required to properly meet the Rule 23 requirements for certification.

Plaintiffs therefore seek discovery of the following information:

a. A list of all individuals on the FAA's AT-CTI inventory database on December 30, 2013;
b. A list of all individuals eligible to be included on AT-CTI inventory database on December 30, 2013;
c. Documents and records associated with the AT-CTI inventory, including AT-CTI school worksheets;
d. Documents and records associated with the process by which applicants were included or rejected from the AT-CTI inventory;
e. Documents and records pertaining to why the FAA ceased adding names of CTI graduates who had passed the AT-SAT onto the Qualified Applicant Register in October 2012;
f. A list of all CTI graduates who took the Biographical Assessment in 2014;
g. A list of all CTI graduates who had applied to vacancies through 2013, and were considered to have met the minimum qualifications for an appointment, and failed the Biographical Assessment in 2014, such that they were not offered or appointed to an air traffic control specialist position that year;
h. A list of all CTI graduates who were hired or offered an ATC position by the FAA and who were subsequently medically disqualified;
i. A list of all CTI graduates were hired as an ATC by the FAA and subsequently failed the

      FAA Academy or subsequent training at a FAA facility;

j. A list of all CTI graduates were hired as an ATC by the FAA and subsequently resigned.

The limited precertification discovery request are "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The costs and expenses to the Defendant in providing the limited pre-certification discovery are minimal. Defendant is in possession of the aforementioned records and the cost to compile and provide them is de minimis. Conversely, disallowing limited precertification discovery places the Plaintiffs at a significant disadvantage by allowing the Defendant frustrate justice by simply denying access to relevant evidence necessary to class determination. Plaintiffs have no other way to obtain the basic information listed above as the Defendant is a government Agency and the information requested is not in the public domain.

## **CONCLUSION**

Therefore, and for the aforementioned reasons, Plaintiffs respectfully request the opportunity to conduct pre-certification discovery prior to filing their Motion for Class Certification under Federal Rule of Civil Procedure 23.

DATED: September 14, 2018

                                        /s/ William Perry Pendley
                                        William Perry Pendley (D.D.C. Bar No. 378906)
                                        Christian B. Corrigan (KS Bar No. 25622), *pro hac vice*
                                        MOUNTAIN STATES LEGAL FOUNDATION
                                        2596 South Lewis Way
                                        Lakewood, Colorado 80227
                                        (303) 292-2021
                                        wppendley@mountainstateslegal.com
                                        ccorrigan@mountainstateslegal.com

                                        Michael W. Pearson (AZ Bar No. 016281). *pro hac vice*

6

Curry, Pearson, & Wooten, PLC
814 West Roosevelt
Phoenix, Arizona 85007
(602) 258-1000
(602) 523-9000 (facsimile)
mpearson@azlaw.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of September 2018, I caused a true and correct copy of the foregoing **MOTION FOR PRE-CERTIFICATION DISCOVERY** to be electronically filed with the Clerk of the Court using the Court's CM/ECF system which sent notification of such filing to the following counsel of record in this matter:

    Michael Drezner
    Michael.L.Drezner@usdoj.gov

    Galen Nicholas Thorp
    galen.thorp@usdoj.gov

    /s/ William Perry Pendley
    William Perry Pendley (D.D.C. Bar No. 378906)
    MOUNTAIN STATES LEGAL FOUNDATION
    2596 South Lewis Way
    Lakewood, Colorado 80227
    (303) 292-2021
    wppendley@mountainstateslegal.com