## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW J. BRIGIDA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 16-cv-2227 (DLF) |
| ) | |
| ELAINE L. CHAO, Secretary, U.S. ) | |
| Department of Transportation, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S OPPOSITION TO
## PLAINTIFFS' MOTION FOR PRE-CERTIFICATION DISCOVERY

In their Third Amended Complaint, Plaintiffs Andrew J. Brigida, Pollyanna L. Wang, Suzanne M. Rebich and Matthew L. Douglas-Cook (collectively "Plaintiffs") bring a putative class action against Secretary Elaine Chao of the Department of Transportation ("Defendant"). Plaintiffs seek to certify a class pursuant to Federal Rule of Civil Procedure 23(b)(3), on the ground that the Federal Aviation Administration ("FAA") violated Title VII when it "eliminated the CTI Applicant Register," resulting in the loss of class members' "employment preference and opportunity to be hired" as air traffic controllers. *See* Plaintiffs' Motion for Pre-Certification Discovery ("Pls.' Mot.") at 2, ECF No. 62. Before pursuing class certification, however, Plaintiffs have moved for a wide range of discovery. Plaintiffs' motion should be denied for at least two reasons.

First, Plaintiffs failed to "specify the nature, scope, and rationale" for their sought pre-certification discovery, as ordered by the Court. *See* Minute Order of September 4, 2018. Second, any argument that Plaintiffs could have put forward would necessarily fail; none of the

1

ten categories of discovery sought would be relevant to the Court's decision on class certification.[1]  As a result, the Court should reject Plaintiffs' motion.

## I.     Plaintiffs Fail to Justify their Request for Pre-Certification Discovery

In the parties' Rule 26(f) report, Plaintiffs requested pre-certification discovery on the grounds that it would "facilitate class certification and determine the need for subclasses[.]" Joint Meet and Confer Report at 8, ECF No. 57.  Defendant responded that Plaintiffs did "not explain[] how records or data in the possession of Defendant are necessary to support [the] class certification motion, and thus why any delay in briefing is appropriate." *Id*. at 9.  Thereafter, the Court ordered Plaintiffs to file a motion explaining their request for pre-certification discovery. The Court mandated that Plaintiffs' motion "specify the nature, scope, and rationale for pre-certification discovery[.]"  *See* Minute Order of September 4, 2018.   Plaintiffs have failed to do so.

In their motion, Plaintiffs simply state in conclusory fashion that they seek ten broad categories of discovery in order to "determine the contours of the putative class, and the need for an subclasses [sic]," concerning "numerosity, common issues of law and fact, and commonality of claims required to properly meet the Rule 23 requirements for certification."  Pls.' Mot. at 4-5.

---

[1] Defendant notes that on September 12, 2018, an overlapping putative class action was filed in the Northern District of Texas.  That Complaint, captioned *Lucas Johnson v. U.S. Dep't of Transportation*, *et al.*, 18-cv-02431 (N.D. Tex.), and attached hereto as Exhibit A, avers that the FAA violated Title VII through the "intentional misuse" of the Biographical Assessment questionnaire in the hiring of air traffic controllers.  *See* Ex. A ("*Johnson* Compl.") ¶ 21. Plaintiffs' counsel in this case is listed as one of the plaintiffs' attorneys in *Johnson*.  *See id*. at 70.  The *Johnson* Complaint contains similar factual allegations and even repeats multiple paragraphs set forth in the Third Amended Complaint here, also alleging that the FAA intentionally discriminated on the basis of race in the hiring of air traffic controllers.  *Compare* Third Am. Compl. ¶¶ 30, 42, 49-51, 54-56, 59-60, 62-63, 65 *with Johnson* Compl. ¶¶ 57, 58, 60-62, 63-65, 68-69, 73-74, 83.  The Government is reviewing the *Johnson* Complaint and determining how to respond to it.  In light of the overlapping claims and allegations, the Government may move to transfer *Johnson* to this Court.

But precisely how any of the ten categories of discovery sought would be relevant to the "contours" of a proposed class, or otherwise related to one or more elements of a class determination, Plaintiffs do not say. Further, while Plaintiffs repeat their complaints that certain data already provided by Defendant is incomplete or incorrect, Plaintiffs again fail to explain why getting additional or more comprehensive information of the same sort is relevant to the Court's determination of class certification. Because both Defendant and the Court are left to guess as to the possible relevance of pre-certification discovery, Plaintiffs' motion should be denied.

Indeed, as Plaintiffs correctly note in their motion, "[w]hether discovery will be permitted in connection with a motion for a class certification determination 'lies within the sound discretion of the trial court.'" Pls.' Mot. at 1 (quoting *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982)); *Mills v. Billington*, No. 04-CV-2205, 2013 WL 4478948, at *1–2 (D.D.C. Aug. 21, 2013) (same). Further, it is axiomatic that pre-certification discovery is proper only where the Court determines that it "would be 'necessary or helpful' to the certification decision." *See Stewart*, 669 F.2d at 331 (citation omitted); *see also BuzzFeed, Inc. v. U.S. Dep't of Justice*, 318 F. Supp. 3d 347, 358 (D.D.C. 2018) (explaining that "Rule 26(b) requires district courts in all discovery matters 'to consider a number of factors potentially relevant to the question of undue burden'" including whether the discovery sought is "proportional to the needs of the case").

Plaintiffs fail to advance any rationale whatsoever as to how their sought discovery would be helpful to this Court in ruling on class certification. Absent even an argument as to the potential relevance of the discovery sought, Plaintiffs' motion for pre-certification discovery lacks merit.

## II.     Even if Plaintiffs Had Sought to Demonstrate the Relevance of their Discovery Requests, Such Contentions Would be Baseless

If more were needed, looking to any possible arguments Plaintiffs *could* have made in favor of pre-certification discovery, any such contentions would necessarily fail.  For analytical purposes, Plaintiffs' ten categories of sought discovery can be grouped into two sets of requests: (1) lists of certain individuals related to the CTI program, encompassing categories (a)-(b), and (f)-(j), and (2) "documents and records" concerning certain aspects of the "AT-CTI inventory," encompassing categories (c)-(e).  Pls.' Mot. at 5-6.

Looking to the first set of requests, Plaintiffs seek several lists of individuals who were related in some way to the CTI program and the air traffic controller hiring process.  Though Plaintiffs provide no support for these specific requests, it is possible that Plaintiffs seek the described lists to determine the precise identity of all individuals who would be included in their proposed class or sub-classes.  In theory, Plaintiffs could contend that the identity of all class members would be relevant to this Court's determination as to whether a class is ascertainable or sufficiently numerous to pass muster under Rule 23(b)(3).  *See* Third Am. Compl. ¶ 112, ECF No. 61 (alleging in discussion of numerosity that the "identity" of membership in the putative class is "easily ascertainable through inspection of Defendant's records"); *see also id*. ¶ 114 (alleging that a putative class can be ascertained because "members can be identified and located using information contained in Defendants' records").   But even had Plaintiffs made such an argument, they would be wrong.

In determining whether a class is sufficiently numerous, "the Court need only find an approximation of the size of the class, not 'an exact number of putative class members.'"  *Bunn ex rel. Coleman v. Dist. of Columbia*, 306 F.R.D. 68, 76 (D.D.C. 2015) (quoting *Pigford v. Glickman*, 182 F.R.D. 341, 347 (D.D.C. 1998)).  Similarly, on the question of ascertainability,

"[t]he class need not be so ascertainable that every potential member can be identified when the action commences; it suffices that the criteria by which membership of the class is determinable exist at the onset of litigation." *Medynski v. Margolis*, 389 F. Supp. 743, 749 (D.D.C. 1975); *see also Byrd v. Aaron's Inc.*, 784 F.3d 154, 163 (3rd Cir. 2015) (holding that the question of ascertainability "does not mean that a plaintiff must be able to identify all class members at class certification—instead, a plaintiff need only show that 'class members *can* be identified'") (citation omitted). Given the number of individuals Plaintiffs allege their proposed class encompasses—"approximately 2,000 to 3,500 qualified applicants," Third Am. Compl. ¶ 109—detailed information about individual class members has no relevance to a motion for class certification. Thus, because the precise identity of every individual in a putative class or subclass is irrelevant to the Court's class certification determination, the first set of pre-certification discovery requests, seeking various lists of individuals, should be denied.

Plaintiffs' second set of discovery requests fares no better. Plaintiffs' categories (c)-(e) broadly request "documents and records" which are "associated with the AT-CTI inventory," "associated with the process by which applicants were included or rejected from the AT-CTI inventory," and those "pertaining to why the FAA ceased adding names of CTI graduates who had passed the AT-SAT onto the Qualified Applicant Register in October 2012." Pls.' Mot. at 5.[2] These requests are not restricted by any date range, document type, or custodian list. Further, in their Third Amended Complaint, Plaintiffs assert that the AT-CTI program was

---

[2] Plaintiffs allege that the "AT-CTI inventory" was an internal database compiled from worksheets sent by each AT-CTI school. *See* Pls.' Mot. at 4. They also refer to a "Qualified Applicant Register" but are unclear whether they consider it to be a document distinct from the AT-CTI inventory. *Compare id.* (stating that this Qualified Applicant Register was "maintained on" the AT-CTI inventory database); *with id.* (stating that this Qualified Applicant Register was "purg[ed]"). Defendants do not concede Plaintiffs' characterizations of the facts for purposes of this motion.

established in January 1991.  *See* Third Am. Compl. ¶ 21.  Plaintiffs thus appear to seek pre-certification discovery for documents "associated with the AT-CTI inventory," without limitation, covering a period of over 25 years.  *See* Pls.' Mot. at 5.  This would significantly burden Defendant and would not be proportional to the needs of the case

Even putting aside the overbreadth of these requests, Plaintiffs cannot establish that historical information about the AT-CTI inventory is relevant to a determination on class certification.  Given that these requests generally concern the AT-CTI inventory or "Qualified Applicant Register," their maintenance, and how an individual could be included or rejected, Plaintiffs may argue that such discovery is needed to determine whether the members of the putative class share common issues of fact or law.  Yet the Third Amended Complaint itself refutes any such suggestion.  Plaintiffs aver that "[t]here are no unique factual or practice factors that would make Class status disadvantageous to any member of the Class.  The FAA instituted a single decision to purge the Qualified Applicant Register and adopt a new hiring practice for Air Traffic Controllers, which adversely affected all Class members."  Third Am. Compl. ¶ 110.  Thus, crediting Plaintiffs as accurately stating their theory of the case, their Third Amended Complaint itself establishes that the historical operation of the AT-CTI inventory has no bearing on the Court's decision on class certification.  Instead, Plaintiffs appear to be fishing for information relevant only to the merits of their legal claims, such as details regarding Defendant's alleged lapses in maintaining the AT-CTI inventory.

In sum, without even a plausible argument supporting their request for pre-certification discovery, Plaintiffs' motion should be denied.

**CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiffs' Motion for Pre-Certification Discovery.

DATED: September 24, 2018  JOSEPH H. HUNT
Assistant Attorney General

JOSHUA E. GARDNER
Assistant Branch Director
Civil Division, Federal Programs Branch

*/s/ Michael Drezner*
MICHAEL DREZNER (V.A. Bar No. 83836)
Trial Attorney
GALEN N. THORP (V.A. Bar No. 75517)
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, DC 20530
Telephone: (202) 514-4505
Facsimile: (202) 616-8470
Email: michael.l.drezner@usdoj.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2018, I electronically filed the foregoing using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

*/s/ Michael Drezner*
MICHAEL DREZNER