**IN THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

ANDREW J. BRIGIDA, POLLYANNA L.
WANG; SUZANNE M. REBICH;
MATTHEW L. DOUGLAS-COOK,

     *Plaintiffs*,

    v.

ELAINE L. CHAO, Secretary,
U.S. Department of Transportation,

     *Defendant.*

Civil Action No. 16-2227 (DLF)

## PLAINTIFFS' REPLY MOTION FOR PRE-CERTIFICATION DISCOVERY

Pursuant to the Court's mandate that Plaintiffs specify the nature, scope, and rationale for pre-certification discovery, Plaintiffs provided valid reasons for acquiring specific, limited information from Defendant prior to class certification.   Minute Order of September 4, 2018. Defendant's Opposition to Plaintiff's Motion for Pre-certification Discovery ("Defendant's Motion") feigns confusion as to why Plaintiff would need access to lists of individuals related to the CTI program or records concerning the AT-CTI inventory.  This is nothing more than an attempt by Defendant to avoid a modest request for information that will be discoverable during the merits phase and lay a foundation for defeating one or more elements of class certification.[1]

---

[1] Additionally, Defendant's assertion that a similar suit, regarding similar potential class members, is somehow intermeshed with this matter is meritless.  It is a red herring without consequence in this case. This case is about the purging of a qualified applicant list due to "diversity" concerns. The *Johnson* case, recently filed in Texas, is about the "post"-purge requirement that all air traffic applicants, approximately 28,000 individuals, take a non-validated biographical assessment infected with racial bias. While there may be some members of the classes that overlap, assuming that a number of "purged" CTI students took the BA, there is no commonality between the claims in the two lawsuits, and the claims and defenses of the

I.  **Plaintiffs Have Provided Sufficient Rationale and Detail Regarding Pre-Certification Discovery**

One might conclude from reading Defendant's Motion that Defendant is all-but conceding the issue of class certification.  Of course, this not the case, and Defendant could use any latent factual differences between class members to argue against class certification.  In fact, there are a number of factual disputes identified by Defendant regarding the disposition of CTI graduates who were on, or should have been on, the Qualified Applicant Register when it was eliminated to justify discovery prior to class certification.  Limited pre-certification discovery would aid the Court in making a determination on class certification, including the need for subclasses and additional class agents, should they be necessary.  *See Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982) (pre-certification discovery is appropriate where the Court determines that it would be necessary or helpful to the certification decision).

For example, look to the commonality prong.  A class may satisfy the commonality requirement even if factual distinctions exist among the claims of putative class members, but the question is "whether dissimilarities between the claims may impede a common resolution." *Coleman through Bunn v. D.C.*, 306 F.R.D. 68, 82 (D.D.C. 2015) (quoting Wright & Miller, Federal Practice & Procedure § 1763 (3d ed. 2014)).

Plaintiffs allege that the putative class consists of "the approximately 2,000 to 3,500 qualified applicants that possessed a degree from a CTI school, had passed the AT-SAT, and were on, or should have been on, the FAA's Qualified Applicant Register prior to the FAA's 2014 decision to eliminate the Register."  Third Am. Compl. ¶ 109, Dkt. 61 at 17.  However, in October 2012, Plaintiffs allege that the FAA ceased adding names of CTI graduates who had passed the AT-SAT onto the Qualified Applicant Register.  Third Am. Compl. ¶ 41, Dkt. 61 at 7.  Defendant

---

prospective classes are atypical.  *See* Defendant's Motion, Dkt. 64 at 2 n.1.

denies this allegation.  Defendant's Answer to Third Am. Compl. ¶ 41, Dkt. 63 at 6.

Plaintiff Brigida alleges that his name should have been transferred to the Qualified Applicant Register.  Third Am. Compl. ¶¶ 79-80, Dkt. 61 at 12.  Defendant denies this allegation.  Defendant's Answer to Third Am. Compl. ¶¶ 79-80, Dkt. 63 at 10.

Similarly, Plaintiff Douglas-Cook alleges that he graduated and satisfied all requirements for being placed on the Qualified Applicant Register in December 2013, but his CTI school did not recommend Plaintiff Douglas-Cook to the FAA because the FAA did not request any recommendations from the December 2013 graduating class.   Third Am. Compl. ¶¶ 103-1-4, Dkt. 61 at 16-17.  Defendant denies this allegation or claims she lacks knowledge or information to form a belief as to its truth.  *See* Defendant's Answer to Third Am. Compl. ¶¶ 103-104, Dkt. 63 at 13.

In the event Defendant attempts to use such differences, or others, between putative class members to defeat commonality or other requirements, this limited factual discovery involving records kept by Defendant will allow the court to evaluate the parties' arguments with the most complete information possible.  *See Healthy Futures of Texas v. Dep't of Health & Human Servs.*, 326 F.R.D. 1, 7 (D.D.C. 2018) ("a challenge to 'a uniform policy or practice that affects all class members' in the same way clearly gives rise to common questions of fact or law") (quoting *DL v. D.C.*, 713 F.3d 120, 128 (D.C. Cir. 2013)); *cf. Alvarez v. Keystone Plus Constr. Corp.*, 303 F.R.D. 152, 161 (D.D.C. 2014) (typicality requirement satisfied when the injuries that the named plaintiffs suffer are identical to the injuries of the class members and "caused by the exact same conduct"); *Cohen v. Chilcott*, 522 F. Supp. 2d 105, 116 (D.D.C. 2007) ("In order to satisfy Rule 23(b)(3), Plaintiffs must show that the common issues identified by the Court above as sufficient under Rule 23(a)(2) predominate over any non-common issues.").

## II.     Plaintiffs' Discovery Requests are Proportional to the Needs of the Case

What Defendant describes as "ten broad categories of discovery" are actually modest

requests to ascertain the contours of the putative class.  Defendant never disputes Plaintiffs argument that these discovery requests are proportionate to the needs of the case or that the time, effort, and cost of compiling these records would be de minimis.  *See* Dkt. 62 at 6; Fed. R. Civ. P. 26(b)(1).  Defendant also never claims Plaintiffs' limited discovery request would place an undue burden on Defendant.  *See BuzzFeed, Inc. v. U.S. Dep't of Justice*, 318 F. Supp. 3d 347, 358 (D.D.C. 2018).

## CONCLUSION

Therefore, Plaintiffs respectfully request the opportunity to conduct pre-certification discovery as described by Plaintiffs Motion for Pre-Certification Discovery.  *See* Dkt. 62 at 5-6.

DATED:  October 1, 2018

/s/ William Perry Pendley
William Perry Pendley (D.D.C. Bar No. 378906)
Christian B. Corrigan (KS Bar No. 25622),
 *pro hac vice*
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
wppendley@mountainstateslegal.com
ccorrigan@mountainstateslegal.com

Michael W. Pearson (AZ Bar No. 016281),
*pro hac vice*
Curry, Pearson, & Wooten, PLC
814 West Roosevelt
Phoenix, Arizona 85007
(602) 258-1000
(602) 523-9000 (facsimile)
mpearson@azlaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of October 2018, I caused a true and correct copy of the foregoing **REPLY MOTION FOR PRE-CERTIFICATION DISCOVERY** to be electronically filed with the Clerk of the Court using the Court's CM/ECF system which sent notification of such filing to the following counsel of record in this matter:

    Michael Drezner
    Michael.L.Drezner@usdoj.gov

    Galen Nicholas Thorp
    galen.thorp@usdoj.gov

    /s/ William Perry Pendley
    William Perry Pendley (D.D.C. Bar No. 378906)
    MOUNTAIN STATES LEGAL FOUNDATION
    2596 South Lewis Way
    Lakewood, Colorado 80227
    (303) 292-2021
    wppendley@mountainstateslegal.com