UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW J. BRIGIDA,

    *Plaintiff*,

  v.

ELAINE L. CHAO, Secretary,
 U.S. Department of Transportation,

    *Defendant.*

Civil Action No. 16-2227 (DLF)

## ORDER

Before the Court are (1) plaintiff Andrew J. Brigida's third amended complaint, which was filed without leave of court, and the defendant's answer, (2) Brigida's motion for precertification discovery, and (3) the parties' Joint Meet and Confer Report.

The Court strikes Brigida's third amended complaint for failure to comply with Rule 15(a)(2). Rule 15(a)(2) "provides that, once the time for amendment as a matter of right has lapsed, 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *Schmidt v. United States*, 749 F.3d 1064, 1068 (D.C. Cir. 2014) (quoting Fed. R. Civ. P. 15(a)(2)). On September 7, 2018, Brigida filed a third amended complaint, and on September 21, 2018, the Secretary of Transportation answered the complaint. But Brigida never sought leave to amend his complaint, and the record does not establish that he obtained the consent of the defendant. The complaint is therefore "without legal effect." *Id.* ("[A]bsent consent or leave of court, [a complaint] [i]s without legal effect."). If Brigida seeks to amend his

1

complaint, he first must satisfy the requirements in Rule 15(a)(2) and file, on or before October 22, 2018, a motion seeking leave to amend the complaint.[1]

If Brigida seeks leave to amend his complaint, the Court draws his attention to footnote 5 of this Court's May 31 Memorandum Opinion and Order.  *See* Mem. Op. & Order at 10 n.5, Dkt. 50.  The District of Arizona dismissed Brigida's equal protection claim because "Title VII is the exclusive remedy for claims of discrimination in employment."  *See* Order at 4, Dkt. 33.  Brigida later moved this Court to reconsider a separate part of that order—the decision to strike Brigida's request for equitable relief—and, "in the alternative," to restore his equal protection claim. Mot. to Reconsider at 16, Dkt. 39-1 (capitalization omitted).  This Court restored the request for equitable relief, *see* Mem. Op & Order at 10, but it explained that, "[b]ecause the Court restore[d] Brigida's request for equitable relief, the Court d[id] not address the alternative argument" seeking restoration of Brigida's equal protection claim, *id.* at 10 n.5.  In other words, the Court did not restore Brigida's claim for relief under the Equal Protection Clause or otherwise cast doubt on the decision to dismiss that claim.  Indeed, the D.C. Circuit has held that "[t]he Title VII remedy declared exclusive for federal employees in *Brown v. GSA* precludes actions against federal officials for alleged constitutional violations." *Kizas v. Webster*, 707 F.2d 524, 542 (D.C. Cir. 1983) (citing *Brown v. GSA*, 425 U.S. 820 (1976)).

At this time, the Court also denies Brigida's motion for precertification discovery. "Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of [Federal Rule of Civil Procedure] 23 are satisfied

---

[1] Because the Court strikes Brigida's third amended complaint, it also strikes the defendant's answer to the complaint.

2

or that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985); *see also Heerwagen v. Clear Channel Commc'ns*, 435 F.3d 219, 234 (2d Cir. 2006) (similar).  Brigida has not met his burden here.

Finally, the Court has reviewed the Joint Meet and Confer Report and directs Brigida to file his motion for class certification on or before November 12, 2018.  *Cf.* LCvR 23.1(b) ("Within 90 days after the filing of a complaint in a case sought to be maintained as a class action, unless the Court in the exercise of its discretion has extended this period, the plaintiff shall move for a certification . . . .").  The Court will consider the other discovery and briefing issues addressed in the parties' Joint Meet and Confer Report after it resolves Brigida's motion for class certification.

_____
DABNEY L. FRIEDRICH
United States District Judge

October 12, 2018