## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANDREW J. BRIGIDA,

          *Plaintiff*,

    v.

ELAINE L. CHAO, Secretary,
U.S. Department of Transportation,

       *Defendant.*

Civil Action No. 16-2227 (DLF)

## MOTION FOR LEAVE FILE TO AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff, Andrew J. Brigida, by and through his undersigned attorneys, hereby respectfully files this Motion for Leave to file his Third Amended and Supplemental Class Action Complaint for Declaratory and Injunctive Relief. Pursuant to this Court's orders of October 12, 2018 and May 31, 2018, Plaintiff seeks leave to add additional class agents, allege additional facts about the Colligative Training Initiative and Qualified Applicant Register, and make other modifications to his Complaint, which was last amended in August 2016 while the case was in the federal district court in Arizona. *See* Dkt 66. Pursuant to Local Civil Rule 15.1, Plaintiff has attached an original of the proposed complaint as amended.

## BACKGROUND

This lawsuit arises from Plaintiff's failed application for employment as an air traffic controller with the Federal Aviation Administration (FAA), initially bringing claims under Title VII of the Civil Rights Act of 1964 and the Equal Protection Component of the Due Process Clause

of the Fifth Amendment.  Plaintiff filed his initial complaint in U.S District Court for the District of Arizona on December 30, 2015.  Dkt. 1.  On February 26, 2016, Plaintiff stipulated to extending Defendants' deadline to respond to Plaintiff's complaint until April 18, 2016.  Dkt. 14.

Plaintiff then filed a First Amended Class Action Complaint for Declaratory and Injunctive Relief and Damages on April 18, 2016.  Dkt. 18.  On April 27, 2016, Plaintiff stipulated to extending Defendants' deadline to respond to the First Amended Class Action Complaint to June 10, 2016.  Dkt. 19.

On June 3, 2016, in anticipation of legislative action that could modify the FAA's practices in hiring air traffic controllers, the parties jointly agreed to a stay of the proceedings until the legislative outcome was decided in July 2016.  Dkt. 21.  As anticipated, Congress established a new air-traffic-controller hiring regime via the FAA Extension, Safety, and Security Act of 2016. See Pub. L. No. 114-190, § 2106, 130 Stat. 615, 620 (July 15, 2016) (codified at 49 U.S.C. § 44506(f)).  In light of these legislative changes, the Court ordered Plaintiff on August 2, 2016 to amend his complaint by August 19, 2016.  Dkt. 24.  On August 19, 2016, Plaintiff filed his Second Amended and Supplemental Class Action Complaint for Declaratory and Injunctive Relief and Damages.  Dkt. 26.

Defendants then filed a partial Motion to Dismiss and transfer venue. Dkt. 27.  On November 7, 2016, the Court granted Defendants' partial motion to dismiss and transfer venue to the U.S. District Court for the District of Columbia.  Dkt. 33.  Plaintiff filed a Motion for Reconsideration of the Court's Order granting Defendants' partial Motion to Dismiss.   Dkt. 39. On May 31, 2018, this Court granted Plaintiff's Motion for Reconsideration, reinstating Plaintiff's request for equitable relief under Title VII,  and ordering Defendant to answer Plaintiff's Second Amended and Supplemental Complaint by June 21, 2018.  Dkt. 50 at 11.  Defendant filed her

Answer on August 9, 2018.  Dkt. 63.  After denying Plaintiff's Motion for Pre-Certification

Discovery and striking his Third Amended Complaint, the Court ordered Plaintiff to file his motion

for leave to file an amended complaint by October 22, 2018.

## ARGUMENT

Plaintiff seeks leave of this Court to file a Third Amended and Supplemental Class Action

Complaint.  Federal Rule of Civil Procedure 15(a)(2) provides "a party may amend its pleading

only with the opposing party's written consent or the court's leave. The court should freely give

leave when justice so requires."  "The decision whether to grant leave to amend or supplement a

complaint is within the discretion of the district court, but leave 'should be freely given unless there

is good reason . . . to the contrary.'" *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18 23

(D.D.C. 2008) (quoting *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir.

1996)).

This is a "generous" standard.  *Beach TV Properties, Inc. v. Solomon*, 254 F. Supp. 3d 118,

124 (D.D.C. 2017).  The Supreme Court has emphasized that Rule 15(a)'s "mandate is to be

heeded."  *Howard v. Fed. Express Corp.*, 280 F. Supp. 3d 26, 29 (D.D.C. 2017) (quoting *Foman v.

Davis*, 371 U.S. 178, 182, (1962)).  Courts deny leave to amend in cases involving "undue delay,

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, [and] futility of amendment." *Beach TV*, 254 F. Supp. 3d at 124 (D.D.C. 2017)

(quoting *Foman*, 371 U.S. at 182).

Plaintiff, in accordance with the Court's orders of May 31, 2018 and October 22, 2018,

Plaintiff seeks leave to remove the Equal Protection claim from his Complaint.  Dkt. 50 at 10 n.5.

Because the Court did not restore Brigida's claim for relief under the equal protection clause, it

should be removed.  *See* Dkt. 66 at 2.

Additionally, prior to class ceritification, Plaintiff seeks to amend his complaint to (1) add additional class agents and (2) clarify facts that have come to light since August 2016 about the Collegiate Training Initiative and the Qualified Applicant Register that are the subject of this lawsuit.  Plaintiff alleges that the putative class consists of the approximately 2,000 to 3,500 qualified applicants that possessed a degree from a CTI school, had passed the AT-SAT, and were on FAA's Qualified Applicant Register prior to the FAA's 2014 decision to eliminate the Register. *See* Dkt. 26 at ¶ 66.  However, Plaintiff has learned that his name, and others in the putative, were not placed on the Qualified Applicant Register.  *See* Dkt. 26 at ¶ 78.  Additional class agents may also help the Court, at the certification stage, designate agents for any potential subclasses.  *See* Dkt 62 at 4-6 (Plaintiff's motion noting potential differences in records kept by the FAA regarding CTI graduates and the Qualified Applicant Register).

## **ARGUMENT**

For these reasons, Plaintiff respectfully requests the Court grant him leave to file his Third Amended Complaint.


DATED:  October 22, 2018

/s/ William Perry Pendley
William Perry Pendley (D.D.C. Bar No. 378906)
Christian B. Corrigan (KS Bar No. 25622), *pro hac vice*
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
wppendley@mountainstateslegal.com
ccorrigan@mountainstateslegal.com

Michael W. Pearson (AZ Bar No. 016281). *pro hac vice*
Curry, Pearson, & Wooten, PLC
814 West Roosevelt
Phoenix, Arizona 85007
(602) 258-1000
(602) 523-9000 (facsimile)
mpearson@azlaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of October 2018, I caused a true and correct copy of the

foregoing **MOTION TO FOR LEAVE TO FILE AMENDED COMPLAINT** to be

electronically filed with the Clerk of the Court using the Court's CM/ECF system which sent

notification of such filing to the following counsel of record in this matter:

      Michael Drezner
      Michael.L.Drezner@usdoj.gov

      Galen Nicholas Thorp
      galen.thorp@usdoj.gov

                /s/ William Perry Pendley
                _____
                William Perry Pendley (D.D.C. Bar No. 378906)
                MOUNTAIN STATES LEGAL FOUNDATION
                2596 South Lewis Way
                Lakewood, Colorado 80227
                (303) 292-2021
                wppendley@mountainstateslegal.com