IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDREW J. BRIGIDA; POLLYANNA L. WANG; SUZANNE M. REBICH; and MATTHEW L. DOUGLAS-COOK,<br><br>Plaintiffs,<br><br>v.<br><br>ELAINE L. CHAO, *Secretary, U.S. Department of Transportation*<br><br>Defendant. | Civil Action No. 16-cv-2227 (DLF) |

## ANSWER

Defendant Elaine L. Chao, Secretary of Transportation, through undersigned counsel, hereby answers Plaintiffs' Third Amended and Supplemental Class Action Complaint for Declaratory and Injunctive Relief and Damages (the Complaint) in the above-captioned matter as follows, denying each and every averment of said Third Amended and Supplemental Complaint except as expressly admitted below:

### JURISDICTION AND VENUE

1-2. These paragraphs contain Plaintiffs' conclusions of law to which no response is required.

### PARTIES

3. Defendant denies the first sentence of this paragraph. The second sentence of this paragraph contains Plaintiffs' characterization of this lawsuit, to which no response is required.

4-6. Defendant is without sufficient information or knowledge to form an opinion or belief as to the truth or accuracy of the allegations of these paragraphs and, therefore, denies said allegations.

7. The Defendant admits the first sentence in this paragraph. The remaining sentence constitutes Plaintiff's characterization of Defendant's legal authority and responsibilities, which are set forth in applicable laws, and to which no response is required.

## LEGAL BACKGROUND

**A.  Title VII of the Civil Rights Act of 1964.**

8-12. These paragraphs contain Plaintiffs' conclusions of law, to which no response is required.

**B.  Title VII as the Avenue for Enforcing the Equal Protection Component of the Due Process Clause of the Fifth Amendment.**

13-19. These paragraphs contains Plaintiffs' conclusions of law, to which no response is required. Furthermore, to the extent that these paragraphs relate to the Second Claim for Relief in the Complaint, that claim has been dismissed.

## FACTUAL BACKGROUND

**A.  FAA's Change in Hiring Practices for Air Traffic Controllers.**

20. Defendant admits so much of paragraph 20 as it alleges that the FAA published a document titled the "FAA's Flight Plan for Training." The Court is respectfully referred to that document for a complete and accurate statement of its contents.

21. The first sentence of this paragraph characterizes FAA Order 3120.26, titled the "Pre-Hire Air Traffic Control Demonstration Program." The Court is respectfully referred to that Order for a complete and accurate statement of its contents. The FAA currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph, and therefore denies them.

22. Defendant admits so much of paragraph 22 as it alleges that an objective of the Air Traffic Collegiate Training Program (AT-CTI) is to provide basic air traffic control training. Defendant denies the remaining allegations contained in this paragraph.

23. Defendant admits so much of paragraph 23 as it alleges that the FAA has entered into agreements with colleges and universities to support basic air traffic control training. Defendant denies the remaining allegations contained in this paragraph.

24. Admitted.

25. Admitted.

26. Defendant admits so much of paragraph 26 as it alleges that the AT-SAT was a test used to measure aptitude for air traffic control training and for serving as an air traffic controller. Defendant further admits the last sentence in this paragraph. Defendant denies the remaining allegations contained in this paragraph.

27. The allegations contained in this paragraph contain vague and conclusory assertions, to which no response is required. To the extent that further answer is deemed necessary, Defendant denies the allegations contained in this paragraph.

28. Admitted.

29. Admitted.

30. The allegations contained in the first sentence of this paragraph contain vague and conclusory assertions, as well as legal characterizations and conclusions, to which no response is required. To the extent that further answer is deemed necessary, Defendant denies the allegations contained in the first sentence of this paragraph. Defendant admits the second sentence of this paragraph.

31. Denied.

32. Defendant admits so much of paragraph 32 as it alleges that the Defendant hired military trained controllers and from vacancy announcement issued for qualified members of the general public. Defendant denies the remaining allegations contained in this paragraph.

33. This paragraph contains vague and conclusory allegations, to which no response is required. To the extent that further answer is deemed necessary, Defendant denies the allegations contained in this paragraph.

34. Denied.

35. Denied.

36. Defendant admits so much of paragraph 36 as it alleges that a certain number of those persons hired after the 1981 strike in order to replace the terminated strikers were becoming eligible for retirement beginning in and around 2005. Defendant denies the remaining allegations contained in this paragraph.

37. This paragraph contains vague and conclusory allegations, to which no response is required. To the extent that further answer is deemed necessary, Defendant denies the allegations contained in this paragraph.

38. Denied.

39. Defendant admits the first sentence of this paragraph. Defendant denies the remaining allegations contained in this paragraph.

40. Denied.

41. Denied.

42. Defendant admits that, in 2013, the FAA published the document quoted in this paragraph. Defendant respectfully refers the Court to the quoted document for a complete and accurate statement of its contents.

43. Defendant admits that on February 8, 2013, Terry Craft, who at the time was the FAA's CTI program manager, sent an e-mail, and that Exhibit 1 is a true and correct copy of that e-mail. Defendant respectfully refers the Court to the cited exhibit for a complete and accurate statement of its contents.

44. Defendant admits that, in 2013, the FAA published the document quoted in this paragraph. Defendant respectfully refers the Court to the quoted document for a complete and accurate statement of its contents.

45. This paragraph consists of Plaintiffs' characterization of a document referenced in Paragraph 43. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents.

46. This paragraph constitutes Plaintiffs' conclusions of law and argument to which no response is required. To the extent that further answer is deemed necessary, Defendant denies the allegations contained in this paragraph.

47. This paragraph constitutes Plaintiffs' conclusions of law and argument to which no response is required. To the extent that further answer is deemed necessary, Defendant denies the allegations contained in this paragraph.

48. Defendant admits that on or around December 30, 2013, Joseph Texeira, who at the time was the FAA's Vice President for Safety and Technical Training, sent an e-mail relating to the hiring of air traffic controllers, and that Exhibit 2 is a true and correct copy of that e-mail. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents.

49. This paragraph contains Plaintiffs' characterization of an exhibit attached to the Complaint. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents.

50. This paragraph contains Plaintiffs' characterization of an exhibit attached to the Complaint. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents.

51. This paragraph contains Plaintiffs' characterization of an exhibit attached to the Complaint. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents.

52. Denied.

53. Denied.

54. Admitted.

55. Defendant admits that there was a teleconference on January 8, 2014 with representatives from certain schools that had a CTI program. Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies them.

56. Defendant admits that there was a teleconference on January 8, 2014 with representatives from certain schools that had a CTI program. FAA lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

57. Defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

58.     Defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

59.     Defendant admits that in June 2013 there was a meeting of the FAA National Employee Forum (NEF). Defendant denies the remaining allegations contained in this paragraph.

60.     Defendant admits that there was a NEF meeting in June 2013. Defendant further admits that Dr. James Outtz presented information about a Barrier Analysis of the FAA hiring process at the meeting. Defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies them.

61.     This paragraph contains Plaintiffs' characterization of exhibits attached to the Complaint. Defendant respectfully refers the Court to those documents for a complete and accurate statement of their contents.

62.     This paragraph contains Plaintiffs' characterization of exhibits to the Complaint. Defendant respectfully refers the Court to those documents for a complete and accurate statement of their contents.

63.     This paragraph contains Plaintiffs' characterization of an exhibit to the Complaint. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents.

64.     This paragraph contains vague and conclusory allegations, to which no response is required.

65.     This paragraph characterizes a media report. Defendant respectfully refers the Court to that media report for a complete and accurate statement of its contents.

66. This paragraph contains vague and conclusory allegations, to which no response is required.

67. Denied.

68-76. This paragraph contains legal characterizations and conclusions to which no response is required.

**B.    Plaintiff Brigida.**

77. Defendant admits that Plaintiff Brigida received a score of 100 on the AT-SAT while attending Arizona State University. The Defendant denies the remaining allegations of this paragraph.

78. Admitted.

79. Denied.

80. Denied.

81. Denied.

82. Defendant admits that on February 10, 2014, Plaintiff Brigida submitted an application for an air traffic controller position. Defendant further admits that on or about this time, Plaintiff Brigida took the biographical assessment. Defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

83. Defendant admits that Plaintiff Brigida contacted an EEO counselor on February 25, 2014. The remainder of this paragraph characterizes Plaintiff Brigida's "informal electronic complaint" and the Court is respectfully referred to that document for a full and complete statement of its contents.

84. Admitted.

85. Defendant admits it sent Plaintiff Brigida a Notice of Right to File a formal complaint on March 27, 2014. Defendant currently lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore denies them.

86. Defendant admits it received a formal EEO complaint filed by Plaintiff Brigida's attorney on April 14, 2014, bearing a handwritten date of April 12, 2014. To the extent that further answer is deemed necessary, Defendant currently lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore denies them.

87. Defendant admits that it sent a letter to Plaintiff Brigida dated on or about April 16, 2014 relating to a formal EEO Complaint. This paragraph contains Plaintiffs' characterization of that letter. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents.

88. Defendant admits that Administrative Judge Cynthia G. McKnight issued a decision dated June 30, 2016 relating to Plaintiff Brigida's EEO Complaint. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents.

89. The first two sentences of this paragraph contain vague and conclusory assertions to which no response is required. Defendant denies the allegations contained in the third sentence of this paragraph, and further avers that the FAA hired Plaintiff Brigida to a position at the agency in 2016. To the extent that further answer is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations at this time, and therefore denies them.

**C. Plaintiff Wang.**

90. Defendant denies Plaintiff Wang took the AT-SAT on April 1, 2013. Defendant avers that its records indicate Plaintiff Wang took the AT-SAT on May 21, 2012. Defendant admits the remainder of this paragraph.

91. Admitted.

92. Denied.

93. Denied, except to admit that Plaintiff Wang took the Biographical Assessment in 2014.

94. Denied, except to admit that Plaintiff Wang did not receive a passing score on the Biographical Assessment.

95. Admitted; Defendant further avers that Plaintiff Wang did not take the Air Traffic Skills Assessment (ATSA) test required by the Vacancy Announcement pursuant to which she applied in 2017 and 2018 and therefore could not be hired under those Vacancy Announcements.

**D. Plaintiff Rebich**

96. Admitted.

97. Admitted.

98. Denied.

99. Denied, except to admit that Plaintiff Rebich took the Biographical Assessment.

100. Denied, except to admit that Plaintiff Rebich did not receive a passing score on the Biographical Assessment.

101. Admitted; Defendant further avers that Plaintiff Rebich failed the ATSA test required by the Vacancy Announcement pursuant to which she applied in 2016 and did not retake the ATSA test required by the Vacancy Announcement pursuant to which she subsequently applied and therefore could not be hired under those Vacancy Announcements.

**E. Plaintiff Douglas-Cook.**

102.	Denied, except to admit that Plaintiff Douglas-Cook took the AT-SAT and received a score of 100.

103.	Denied.

104.	The Defendant currently lacks knowledge or information to form a belief as to the truth of the allegation in this paragraph, and therefore denies it.

105.	Denied, except to admit that Plaintiff Douglas-Cook took the Biographical Assessment.

106.	Denied, except to admit that Plaintiff Douglas-Cook did not receive a passing score on the Biographical Assessment.

107.	Admitted.

## CLASS ACTION ALLEGATIONS

108.	This paragraph incorporates the allegations in the preceding paragraphs. Defendant restates and incorporates, as though fully set forth herein, its responses contained in the above paragraphs.

109-114.	These paragraphs contain Plaintiffs' legal conclusions and characterization of this lawsuit, to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in these paragraphs.

115.	This paragraph and sub-paragraphs contain Plaintiffs' legal conclusions and characterization of this lawsuit, to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in this paragraph and sub-paragraphs.

116. This paragraph contains Plaintiffs' legal conclusions and characterization of this lawsuit, to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

### **FIRST CLAIM FOR RELIEF**
(Violation of Title VII)

117. This paragraph incorporates the allegations in the preceding paragraphs. Defendant restates and incorporates, as though fully set forth herein, the responses contained in the above paragraphs.

118. Denied.

119-124. These paragraphs contain Plaintiffs' legal conclusions, to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in these paragraphs.

125. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in this paragraph. Furthermore, to the extent that this paragraph relates to the Second Claim for Relief in the Complaint, that claim has been dismissed.

126. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

127. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

## PRAYER FOR RELIEF

The remaining paragraphs of the Complaint set forth Plaintiffs' prayer for relief, to which no response is required.  To the extent that a response is deemed necessary, Defendant denies that Plaintiffs or putative class members are entitled to the relief requested or any relief.  Furthermore, to the extent that Plaintiffs again seek relief under the Equal Protection Component of the Due Process Clause of the Fifth Amendment, that claim has been dismissed, and therefore, Plaintiffs are not entitled to the relief requested or any relief.

Each and every allegation of the Complaint not heretofore expressly admitted or denied is hereby denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs lack standing to seek relief for themselves and the putative class.

2. Plaintiffs and the putative class are barred from recovery in whole or in part because of their failure to mitigate their damages.

## CONCLUSION

WHEREFORE, having fully answered, Defendant respectfully requests that the Court enter judgment dismissing this action with prejudice and awarding Defendant such other relief as the Court may deem appropriate.

DATED:  November 5, 2018             JOSEPH H. HUNT
                                      Assistant Attorney General

                                      JOSHUA E. GARDNER
                                      Assistant Branch Director
                                      Civil Division, Federal Programs Branch

                                      */s/ Galen N. Thorp*
                                      GALEN N. THORP (VA Bar No. 75517)

                                        Senior Counsel
                                        MICHAEL DREZNER (VA Bar No. 83836)
                                        Trial Attorney
                                        U.S. Department of Justice
                                        Civil Division, Federal Programs Branch
                                        1100 L Street NW
                                        Washington, DC 20530
                                        Telephone: (202) 514-4781
                                        Facsimile: (202) 616-8470
                                        Email: galen.thorp@usdoj.gov

                                        *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2018, I electronically filed the foregoing Answer using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

/s/ Galen N. Thorp
GALEN THORP