UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW J. BRIGIDA, POLLYANNA L. WANG, SUZANNE M. REBICH; MATTHEW L. DOUGLAS-COOK,<br><br>*Plaintiffs*,<br><br>v.<br><br>ELAINE L. CHAO, Secretary, U.S. Department of Transportation,<br><br>*Defendant.* | Civil Action No. 16-2227 (DLF) |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
AND APPOINTMENT OF CLASS COUNSEL**

Pursuant to Rule 23 of the Federal Rules of Civil Procedure and Local Rule 23.1, and as directed by the Court (Dkt. 66), Plaintiffs Andrew J. Brigida, Pollyanna L. Wang, Suzanne M. Rebich, Matthew J. Douglas Cook ("Plaintiffs") hereby move this Court for an order certifying this case as a class action, with the class consisting of:

> All persons who met the requirements for graduation from a Federal Aviation Administration ("FAA") approved Air Traffic Collegiate Training Initiative ("AT-CTI") program and U.S. Office of Personnel Management qualification standards for employment as an air traffic control specialist on, or prior to, December 31, 2013 and who:
>
> (1) were on, or eligible to be on, the FAA's AT-CTI Qualified Applicant Register;
> (2) received, or was eligible to receive, a recommendation from an AT-CTI institution; and
> (3) have not been employed by the FAA as an air traffic control series, GS-2152, air traffic control specialist.

Plaintiffs satisfy the requirements set forth in Federal Rule of Civil Procedure 23(a). First,

based on Defendant's own documents and statements, the Plaintiff Class is approximately 2,600. <u>Second</u>, the proposed Class members share common facts and the case raises central legal questions that are common to each class member. <u>Third</u>, Plaintiffs' claims are typical of the claims of the proposed Class, as each of them has been subject to the unlawful policies specified in the Complaint (as amended) and have sustained the same type of injuries caused by Defendant's conduct. <u>Fourth</u>, Plaintiffs and Plaintiffs' counsel will adequately represent the Class and are prepared to vigorously prosecute this action on behalf of the Class.

Further, certification is warranted under either Rule 23(b)(2) because the class has been subjected to Defendant's common policies and procedures and Plaintiffs are seeking injunctive and declaratory relief, which is appropriate for the class as a whole, or under Rule 23(b)(3) because questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods.

This Motion incorporates Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification and exhibits filed concomitant herewith.

**WHEREFORE**, Plaintiffs respectfully move this Court for an Order certifying the class, appointing Plaintiffs class representative(s), and appointing their attorneys as class counsel.

DATED: November 12, 2018         Respectfully submitted,

/s/ William Perry Pendley
William Perry Pendley (D.D.C. Bar No. 378906)
Christian B. Corrigan (KS Bar No. 25622), *pro hac vice*
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021

2

wppendley@mountainstateslegal.com
ccorrigan@mountainstateslegal.com

Michael W. Pearson (AZ Bar No. 016281). *pro hac vice*
Curry, Pearson, & Wooten, PLC
814 West Roosevelt
Phoenix, Arizona 85007
(602) 258-1000
(602) 523-9000 (facsimile)
mpearson@azlaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November 2018, I caused a true and correct copy of the foregoing **MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL** to be electronically filed with the Clerk of the Court using the Court's CM/ECF system which sent notification of such filing to counsel of record in this matter.

/s/ William Perry Pendley
William Perry Pendley (D.D.C. Bar No. 378906)
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
wppendley@mountainstateslegal.com