IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANDREW J. BRIGIDA; POLLYANNA L. WANG; SUZANNE M. REBICH; and MATTHEW L. DOUGLAS-COOK, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 16-cv-2227 (DLF) |
| v. | ) ) ) | |
| ELAINE L. CHAO, *Secretary, U.S.* *Department of Transportation* | ) ) ) | |
| Defendant. | ) ) | |

I, Joseph Teixeira, hereby declare as follows:

1. From March 2011 through August 2015, I served as the Vice President for Safety & Technical Training (VP-AJI) in the Air Traffic Organization ("ATO") at the Federal Aviation Administration ("FAA" or "Agency"). My duty location during that time was at FAA Headquarters in Washington, D.C.

2. I make the following declaration based on my personal knowledge.



1

3. While serving as VP-AJI, my office was tasked with summarizing diversity data gathered from the Air Traffic-Collegiate Training schools ("CTI schools") in the two reports identified in Mr. Gagliardo's Declaration in Support of Plaintiffs' Motion for Class Certification: "FAA Air Traffic-Collegiate Training Initiative Diversity Data 2011-12," dated June 12, 2012 ("2012 Report"), and "FAA Air Traffic-Collegiate Training Initiative Diversity Data 2012-13," dated February 25, 2013 ("2013 Report) (collectively, the "Reports").

4. As the VP-AJI, my primary role was to conduct a final review of the finished Reports. Ultimately, I did not make any substantive edits to the Reports.

5. The purpose of the Reports was "to determine the diversity among the pool of potential applicants pursuing approved AT-CTI degrees in [the FAA's] partner colleges and universities." *See* 2012 Report, page 3, attached as Exhibit 4 to Plaintiffs' Motion for Class Certification.

6. As such, it was critical the FAA gather and accurately summarize data related to those CTI school students *who were on track to apply for positions as FAA air traffic controllers*.

7. The data was provided to the FAA by the CTI schools themselves.

8. By way of background, not all students attending CTI schools were necessarily on track to apply for positions as FAA air traffic controllers. Even those students who enrolled in approved AT-CTI Program courses at the CTI schools were not necessarily pursuing a career as an FAA air traffic controller. For example, students interested in careers in

2

facility management or dispatch might enroll in certain AT-CTI Program courses as part of their own degree curriculum.

9. Accordingly, when my team sought my advice regarding how to gather the relevant data, I reminded them to collect data regarding only those CTI students who were potential applicants pursuing approved AT-CTI degrees. Contrary to Mr. Gagliardo's contention, such instruction did not, in any way, exclude relevant CTI school data (nor was it intended to do so).

10. Furthermore, at no time did I instruct Mr. Gagliardo or anyone else to modify or manipulate data in the Reports in any way that did not accurately reflect the data provided to us by the CTI schools. In fact, I never viewed the raw data provided by the CTI schools as I trusted the individuals summarizing that data. I had no personal or professional interest in manipulating data to make the CTI schools appear less diverse.

11. In my capacity as VP-AJI, I directly supervised Anthony Gagliardo. As part of this working relationship, Mr. Gagliardo attended my daily staff meetings and our weekly one-on-one meetings. Based on our interactions during this relationship, Mr. Gagliardo's outspoken and direct manner indicated to me that he felt free to fully express his opinions and concerns to me.

12. During our daily communications, Mr. Gagliardo never once complained to me regarding the process by which our office gathered and summarized the diversity data as reflected in the Reports. He never once expressed to me the assertions he now makes in his Declaration.

13. Finally, I never directed Mr. Gagliardo formally discipline Mr. Craft regarding Mr. Craft's February 8, 2013 email.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19 day of December 2018.   _____
Joseph Teixeira