IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDREW J. BRIGIDA, et al.,<br><br>            Plaintiffs,<br><br>            v.<br><br>ELAINE L. CHAO, Secretary, U.S.<br>Department of Transportation,<br><br>            Defendant. | Civil Action No. 16-cv-2227 (DLF) |

### DEFENDANT'S MOTION TO STAY
### IN LIGHT OF LAPSE OF APPROPRIATIONS

      Counsel for the Defendant hereby moves for a stay of the above-captioned case, including resolution of Plaintiffs' pending motion for class certification.

      1.    At the end of the day on December 21, 2018, the appropriations act that had been funding the Department of Justice expired and appropriations to the Department lapsed. The same is true for several other Executive agencies, including the Defendant. The Department does not know when funding will be restored by Congress.

      2.    On January 24, 2019, Plaintiffs filed their Reply Brief in Support of Class Certification. *See* ECF No. 78. In their Reply, Plaintiffs seek to redefine their purported class in part as including "those 'eligible individuals' . . . from the AT-CTI Inventory who . . . would have been eligible as of December 31, 2013 to receive a job code to apply for a CTI-specific vacancy announcement." *Id*. at 4. This definition appears nowhere in Plaintiffs' Third Amended Complaint and differs significantly from that provided in Plaintiffs' Motion for Class Certification, which sought to include only individuals on a claimed Register "that led to

1

preferential, noncompetitive hiring as an ATCS candidate by the FAA." *See* ECF No. 73-1 at 1; *see also* Third Am. Compl. ¶ 31 (alleging that CTI graduates "entered a direct hire pool of applicants, were placed on a 'Qualified Applicant Register' List, and were given hiring preference for ATCS positions."). Defendant intends to seek leave of Court to respond to Plaintiffs' attempted redefinition of their purported class once funding is restored.

3. However, absent an appropriation, Department of Justice attorneys and employees of the Defendant are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

4. Undersigned counsel for the Department of Justice therefore requests a stay of this case, including the resolution of Plaintiff's motion for class certification, until Congress has restored appropriations to the Department.

5. If this motion for a stay is granted, undersigned counsel will notify the Court as soon as Congress has appropriated funds for the Department. The Government requests that, at that point, the parties meet and confer concerning Defendants' response, and file a joint status report within seven days of the restoration of appropriations.

6. Opposing counsel has authorized counsel for the Government to state that Plaintiffs oppose this motion.

Therefore, although we greatly regret any disruption caused to the Court and the other litigants, the Government hereby moves for a stay this case until Department of Justice attorneys are permitted to resume their usual civil litigation functions.

DATED: January 25, 2019				JOSEPH H. HUNT
							Assistant Attorney General

							JOSHUA E. GARDNER
							Special Counsel
							Civil Division, Federal Programs Branch

							*/s/ Galen N. Thorp*
							MICHAEL DREZNER (V.A. Bar No. 83836)
							Trial Attorney
							GALEN N. THORP (V.A. Bar No. 75517)
							Senior Counsel
							U.S. Department of Justice
							Civil Division, Federal Programs Branch
							1100 L Street NW
							Washington, DC 20530
							Telephone: (202) 514-4505
							Facsimile: (202) 616-8470
							Email: michael.l.drezner@usdoj.gov

							*Counsel for Defendant*