IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
ANDREW J. BRIGIDA, et al., )
)
        Plaintiffs, )
)
        v. )    Civil Action No. 16-cv-2227 (DLF)
)
ELAINE L. CHAO, Secretary, U.S. )
Department of Transportation, )
)
        Defendant. )
_____)

## DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

    Counsel for the Defendant hereby seek leave to file a ten-page surreply on or before February 8, 2019, to address matters raised for the first time in Plaintiffs' reply in support of their motion for class certification. Counsel for Defendant conferred with Plaintiffs' counsel on January 25, 2019, who stated that Plaintiffs oppose this motion.

    In this district, leave to file a surreply "is 'routinely' granted 'when a party is unable to contest matters presented to the court for the first time in the last scheduled pleading.'" *Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 85 (D.D.C. 2014) (quoting *Ben–Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003)). Courts consider "whether the movant's reply in fact raises arguments or issues for the first time, whether the nonmovant's proposed surreply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted." *Id.* (quotation marks omitted). Whether to grant a surreply request is "committed to the sound discretion of the [district] court." *Edelman v. SEC*, 239 F. Supp. 3d 45, 54 (D.D.C. 2017) (quotation marks omitted).

There is good cause to grant Defendant leave to file a short surreply.  Plaintiffs' reply brief modified their proposed class definition in three ways.  First, Plaintiffs offer to exclude African Americans from their class definition.  *See* Pls.' Reply at 7-9, 14 n.12, ECF No. 78.  Second, Plaintiffs now propose that the purported class includes "those 'eligible individuals' . . . from the AT-CTI Inventory who . . . would have been eligible as of December 31, 2013 to receive a job code to apply for a CTI-specific vacancy announcement."  Pls.' Reply at 4, ECF No. 78.  This definition appears nowhere in Plaintiffs' Third Amended Complaint and differs significantly from that provided in Plaintiffs' Motion for Class Certification, which sought to include only individuals on a claimed Register "that led to preferential, noncompetitive hiring as an ATCS candidate by the FAA."  *See* ECF No. 73-1 at 1; *see also* 3d Am. Compl. ¶ 31 (alleging that CTI graduates "entered a direct hire pool of applicants, were placed on a 'Qualified Applicant Register' List, and were given hiring preference for ATCS positions.").  Third, Plaintiffs' propose that the class definition could be modified to include only those "persons who meet the <u>objective</u> requirements for . . . Office of Personnel Management qualification standards."  In addition, Plaintiffs for the first time propose a method for calculating damages in their reply.  *See* Pls.' Reply at 19.

Defendant has had no opportunity to address the impact of these definitional changes on Plaintiffs' request for class certification.  Indeed, many courts have recognized that a surreply is appropriate when, as here, plaintiff proposes a revised class definition in their reply brief.  *See, e.g.*, *Veerkamp v. U.S. Security Associates, Inc.*, No. 04-0049, 2005 WL 775931, at *5 (S.D. Ind. Mar. 15, 2005) ("Such changes are not unusual in class action motion practice, but simple fairness entitled defendant to be heard on those changes."); *see also Groover v. Prisoner Transp. Servs., LLC*, No. 15-61902, 2018 WL 6831119, at *1 (S.D. Fla. Dec. 26, 2018); *Gold v. Lumber*

*Liquidators Inc.*, No. 14-05377, 2017 WL 2688077, at *2 (N.D. Cal. June 22, 2017); *Ballas v. Anthem Blue Cross Life & Health Ins. Co.*, No. 12-00604, 2013 WL 12119569, at *1 (C.D. Cal. Apr. 29, 2013); *Chester Upland Sch. Dist. v. Pennsylvania*, No. 12-132, 2012 WL 1473969, at *1 (E.D. Pa. Apr. 25, 2012). Moreover, Defendant's proposed filing would assist the Court in resolving these issues central to any ruling on Plaintiffs' class certification motion. And Plaintiffs cannot claim prejudice where no other deadlines would be affected. Accordingly, leave to file a surreply should be granted.

For the foregoing reasons, Defendant respectfully requests leave to file a ten-page surreply regarding Plaintiffs' motion for class certification on or before February 8, 2019.

DATED: January 31, 2019
        JOSEPH H. HUNT
        Assistant Attorney General

        JOSHUA E. GARDNER
        Special Counsel
        Civil Division, Federal Programs Branch

        */s/ Galen N. Thorp*
        GALEN N. THORP (V.A. Bar No. 75517)
        Senior Counsel
        MICHAEL DREZNER (V.A. Bar No. 83836)
        Trial Attorney
        U.S. Department of Justice
        Civil Division, Federal Programs Branch
        1100 L Street NW
        Washington, DC 20530
        Telephone: (202) 514-4781
        Facsimile: (202) 616-8470
        Email: galen.thorp@usdoj.gov

        *Counsel for Defendant*