Zhonette M. Brown, D.C. Bar No. 463407
Brian Gregg Sheldon, CO Bar No. 51063, *pro hac vice*
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
zhonette@mslegal.org
brian@mslegal.org

Michael W. Pearson, AZ Bar No. 016281, *pro hac vice*
Curry, Pearson, & Wooten, PLC
814 West Roosevelt
Phoenix, Arizona 85007
(602) 258-1000
(602) 523-9000 (facsimile)
mpearson@azlaw.com

Attorneys for Plaintiff and Putative Class Counsel

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW J. BRIGIDA, <br><br> *Plaintiff*, <br><br> v. <br><br> ELAINE L. CHAO, Secretary, <br> U.S. Department of Transportation, <br><br> *Defendant*. | Civil Action No. 16-2227 (DLF) |

### MOTION FOR LEAVE TO FILE FOURTH AMENDED
### AND SUPPLEMENTAL CLASS ACTION COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Andrew J. Brigida, by and through his undersigned attorneys, hereby respectfully file this Motion for Leave to file his Fourth Amended and Supplemental Class Action Complaint. Through the amendment Plaintiffs[1] seek leave to define the putative class more precisely, allege additional facts about the Collegiate

---

[1] "Plaintiffs" used herein refers to the entire putative Class.

Training Initiative and the Federal Aviation Administration ("FAA")'s related practices, clarify the nature of relief requested, clarify parties to the suit, and make other modifications to the Complaint. *See* ECF No. 68.

Amendment is appropriate at this relatively early stage of this case because discovery has not yet commenced, prior amendments were necessitated by Defendant's procedural filings and/or Congressional action and not by deficient pleadings, this amendment is Plaintiffs' first substantive revision to the definition of the proposed class, no prejudice will arise from the amendment, and the amendment is not made as a dilatory tactic, in bad faith or for any other inappropriate reason. In such circumstances, Plaintiffs' amendment of their Complaint is proper and Plaintiffs should be afforded the opportunity to test the merits of their claims as amended.

Pursuant to Local Civil Rule 15.1, Plaintiffs have attached the proposed Complaint as amended. Pursuant to Local Civil Rule 7(m), Plaintiffs have conferred with Defendant. Defendant does not presently take a position on this motion to amend but will do so after a reasonable opportunity to review the pleadings.

## **BACKGROUND**

Plaintiff Andrew Brigida timely filed his statutorily-required EEO complaint on April 12, 2014, two months after the Federal Aviation Administration (FAA) finalized the challenged race-based employment decision. ECF No.78-2. Plaintiff Brigida then filed his initial Complaint in U.S District Court for the District of Arizona on December 30, 2015, asserting that the FAA's racially discriminatory employment actions violated Title VII of the Civil Rights Act of 1964 and the Equal Protection Component of the Due Process Clause of the Fifth Amendment. ECF No. 1.

After stipulating to Defendants' request to extend the time for filing a responsive pleading and after conferral with Defendants' counsel, Plaintiff Brigida filed a First Amended Class Action Complaint for Declaratory and Injunctive Relief and Damages on April 18, 2016. ECF No. 18. The

First Amended Complaint added factual allegations, clarified Plaintiff's choice of venue, and added the Equal Employment Opportunity Commission ("EEOC") and Jenny R. Yang, in her official capacity as Chair of the EEOC, as Defendants. ECF No. 17. Plaintiff Brigida then again stipulated to Defendants' request to extend the deadline to respond to the First Amended Complaint, setting a response date of June 10, 2016. ECF No. 19.

On June 3, 2016, the parties jointly agreed to stay the proceedings while Congress considered whether and how to correct the FAA's new, ill-conceived hiring process. ECF No. 21. Partially out of concern for public safety, Congress eventually enacted legislation that specifically dismantled the racially discriminatory hiring practices of the FAA and reinstated the CTI program, among other things. *Id.* ¶¶4-6. With the Defendants' agreement (ECF No. 23 ¶5), the Court ordered Plaintiff Brigida to amend his Complaint to account for these legislative changes. ECF Nos. 24, 25. On August 19, 2016, Plaintiff Brigida filed his Second Amended and Supplemental Class Action Complaint for Declaratory and Injunctive Relief and Damages. ECF No. 26. Defendants then filed their first response to any of the complaints in this case, filing a partial Motion to Dismiss and transfer venue on September 16, 2016. ECF No. 27. The U.S. District Court in Arizona granted this motion on November 7, 2016, dismissing Plaintiff Brigida's Equal Protection Claim, dismissing claims against certain Defendants, striking Plaintiff Brigida's claim for the equitable relief of a reinstated hiring preference and transferring venue to the U.S. District Court for the District of Columbia. ECF No. 33.

Within a month, Plaintiff Brigida filed a Motion for Reconsideration, asking this Court to reinstate his request for the injunctive relief. ECF No. 39. On May 31, 2018, this Court granted Plaintiff Brigida's Motion for Reconsideration, reinstating Plaintiff Brigida's request for equitable relief under Title VII, and ordering Defendant to answer Plaintiff Brigida's Second Amended and Supplemental Complaint by June 21, 2018. ECF No. 50 at 11.

The parties then engaged in exploratory settlement discussions, first filing a joint motion to extend deadlines, then filing a joint motion to temporarily stay the matter to facilitate the settlement discussions. ECF No. 51; ECF No. 55. Once the preliminary settlement discussions failed, Defendant filed her Answer on August 9, 2018. ECF No. 56.

Pursuant to an Order, the parties conferred then filed a Joint Meet and Confer Report by August 31, 2018. ECF 57. In the Report Plaintiff Brigida indicated his intention to amend the Complaint to add proposed class representatives. *Id.* at 1. On September 7, 2018, Plaintiff Brigida, now joined by proposed class representatives Rebich, Wang and Mathew-Douglas filed the Third Amended and Supplemental Complaint. ECF No. 61. Defendant filed her Answer on September 27, 2018. ECF No. 63. After denying Plaintiffs' Motion for Pre-Certification Discovery and striking the Third Amended Complaint and associated answer, the Court ordered Plaintiffs to file a motion for leave to file an amended Complaint. ECF No. 66. These procedural issues were sorted out in a motion and renewed submittal of the Third Amended Complaint on October 23, 2018. ECF Nos. 67, 68. Defendant refiled her answer on November 5, 2018. ECF No. 70.

Plaintiffs filed their Motion for Class Certification on November 12, 2018. ECF No. 73. Briefing on the motion for class certification was completed in mid-February 2019, and a hearing on the class certification motion was held on September 13, 2019. The Court expressed concerns regarding the proposed class definition and denied class certification without prejudice. The Court authorized Plaintiffs to file a motion to amend their Complaint by October 31, 2019. This motion to amend follows.

## **ARGUMENT**

Plaintiffs have diligently prosecuted this case, responding to Congressional action, procedural motions, and settlement overtures. In light of the evolving procedural status, the pre-discovery setting, and the complex factual allegations at issue, Plaintiffs should be granted leave to

4

file their Fourth Amended and Supplemental Class Action Complaint. "Rule 15 makes clear that when the court's leave is sought, that leave should be 'freely give[n] ... when justice so requires.'" *United States ex rel. Scott v. Pac. Architects & Engineers, Inc.*, 327 F.R.D. 17, 19 (D.D.C. 2018) (quoting Fed. R. Civ. P. 15(a)(2)). Leave to amend "should be freely given unless there is a good reason ... to the contrary," and denial of leave to amend constitutes an abuse of discretion "unless there is sufficient reason." *Id.* (citing *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). As such, the standard for amendment under Rule 15 "is to be construed liberally." *Connecticut v. U.S. Dep't of the Interior*, 363 F. Supp. 3d 45, 54 (D.D.C. 2019).[2]

The U.S. Supreme Court explained that an illiberal reading of Rule 15 would be "inconsistent with the spirit of the Federal Rules" because "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Consequently, Rule 15's requirement that leave to amend be freely given "is to be heeded." *Id.* at 182; *see also Howard v. Fed. Express Corp.*, 280 F. Supp. 3d 26, 29 (D.D.C. 2017). To that end, *Foman* articulated a number of factors to consider in the handful of situations where leave to amend should be denied. These include "futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments." *Vasquez v. Whole Foods Mkt., Inc.*, 302 F. Supp. 3d 36, 68 (D.D.C. 2018) (citing *Boyd v. District of Columbia*, 465 F.Supp.2d 1, 3 (D.D.C. 2006)). As explained in greater detail below, leave to amend should be granted because none of these factors are present here.

---

[2] An example of the liberality of this rule is that amendments under Rule 15(a)(2) may be made at any stage of the litigation. *See* 6 Fed. Prac. & Proc. Civ. § 1484 (3d ed.).

To begin with, amendment would not be futile. In granting the Plaintiffs' Motion to Reconsider, the Court held that equitable relief indeed may be available to Plaintiff Brigida and others despite the passage of legislative reforms affecting the selection of air traffic controllers in 2016. ECF No. 50 at 9-10; *see also In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 215 (D.C. Cir. 2010) (analogizing amendment under Rule 15 to a Rule 12(b)(6) motion and noting that a "district court has discretion to deny a motion to amend on grounds of futility where the proposed pleading would not survive a motion to dismiss."). Far from being futile, an amended Complaint and associated discovery process would address the Court's recognition that "*[w]ithout more factual development*, the Court cannot conclude that it would be impossible to fashion—within the framework of the 2016 Act—a remedy involving some type of hiring preference for Brigida and possibly the putative class members as well." ECF No. 50 at 9 (emphasis added). Accordingly, futility of amendment is not an issue here because, in the language of *Foman*, the facts and circumstances relied upon by the Plaintiffs are a proper subject of relief. Instead, the only relevant issues at this stage are the definition of the class of plaintiffs and the restoration of the equitable relief recognized in the Order granting reconsideration, both of which are addressed by the proposed Fourth Amended Complaint.

Further, Defendant cannot assert that leave to amend should not be granted on the grounds that a plaintiff fails to meet the class action requirements of Fed. R. Civ. P. 23. *See Daniel v. Fulwood*, 310 F.R.D. 5, 9 (D.D.C. 2015). In such a situation, the Court held that "[e]ven if the court were to consider the Rule 23 argument, at this stage, it only need consider whether the Amended Complaint contains plausible allegations that would satisfy the rule. … These allegations can and should be thoroughly vetted *after pre-class discovery and further briefing*." *Id.* (citing *Bush v. Ruth's Chris Steak House, Inc.,* 277 F.R.D. 214, 216–17 (D.D.C.2011)) (emphasis added). As such,

6

Defendant here cannot use her disagreement over class certification as her opposition to amending the Complaint.

Amendment also does not create a risk of undue delay. No discovery has been authorized yet and no deadlines have been set for dispositive motions or experts reports. Therefore, amendment itself will cause no delay. Moreover, Plaintiff Brigida has diligently prosecuted his claims since 2014. Delays that have occurred have generally resulted from administrative non-action, Congressional action, procedural disputes, and joint exploration of settlement. The Second and Third Amended Complaints were submitted due to the actions of Congress, the District of Arizona, and Defendant rather than Plaintiffs' desire to continually revise their pleading. Following a mutual agreement to stay the proceedings (ECF No. 22), the Second Amended Complaint was submitted by order of the District of Arizona in order to respond to legislative changes that directly impacted the case. *See* ECF Nos. 24, 25. Notably, the submittal of the Second Amended Complaint was *not* opposed by Defendant. ECF No. 23 ¶ 5. Furthermore, the first motion to certify a class was filed in November 2018, with related briefing continuing into 2019. As a result, September 2019 was the first time any court had addressed the class allegations in Plaintiffs' Complaint. In any event, class action cases are well known to take many years to litigate.

Relatedly, and for the reasons stated above, there is no dilatory motive on behalf of the Plaintiffs; rather Plaintiffs want this matter to proceed as quickly as possible and particularly to reach merits discovery regarding their claims. Plaintiffs therefore propose that discovery begin in this case and that they be permitted discovery regarding Defendant's objections to the class allegations during the course of initial discovery.

There is likewise no cognizable claim that the proposed amendment will cause undue prejudice to the Defendant. Whatever prejudice Defendant may claim affects both parties and stems from the required administrative proceeding prior to filing a court complaint, from the parties' taking

Congressional action into consideration, the parties' mutual exploration of settlement, and the Defendant's various procedural objections. Indeed, formal discovery has yet to even begin. By and large the documents and witnesses related to Plaintiff Brigida's individual Complaint are the same witnesses and documents at issue in the proposed class proceeding and hence amending the Complaint to amend the class definition causes no prejudice.

Finally, there has not been a repeated failure to cure deficiencies by previous amendments. At the September 13, 2019 hearing, the Court for the very first time considered the class allegations in Plaintiffs' Complaint and found the class definition would benefit from clarification. The Court then authorized Plaintiffs file this motion to amend their Complaint. Hrg. Tr. 49:13-26.

## CONCLUSION

For these reasons, Plaintiffs respectfully request the Court grant them leave to file their Fourth Amended and Supplemental Class Action Complaint.

DATED this 1st day of November 2019.   Respectfully submitted,

*/s/ Zhonette M. Brown*
Zhonette M. Brown, D.C. Bar No. 463407
Brian Gregg Sheldon, CO Bar No. 51063, *pro hac vice*
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
zhonette@mslegal.org
brian@mslegal.org

Michael W. Pearson, AZ Bar No. 016281, *pro hac vice*
Curry, Pearson, & Wooten, PLC
814 West Roosevelt
Phoenix, Arizona 85007
(602) 258-1000
(602) 523-9000 (facsimile)
mpearson@azlaw.com

Attorneys for Plaintiffs and Putative Class Counsel

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of November 2019, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the Court's CM/ECF system which sent notification of such filing to the following counsel of record in this matter:

Michael L. Drezner
Michael.L.Drezner@usdoj.gov

Galen Nicholas Thorp
galen.thorp@usdoj.gov

*/s/ Meri Pincock*

Meri Pincock
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
meri@mslegal.org