# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
ANDREW J. BRIGIDA, et al.,              )
                                        )
                 Plaintiffs,          )
                                        )
                 v.                    )      Civil Action No. 16-cv-2227 (DLF)
                                        )
ELAINE L. CHAO, Secretary, U.S.         )
Department of Transportation,           )
                                        )
                 Defendant.           )
_____)

## DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR PRE-CERTIFICATION CLASS DISCOVERY AND TO BEGIN DISCOVERY

Defendant respectfully requests that the Court suspend briefing on Plaintiffs' Motion for Pre-Certification Class Discovery and to Begin Discovery (ECF No. 89) ("Discovery Motion") until after the Court rules on Plaintiffs' Motion to File Fourth Amended and Supplemental Class Action Complaint (ECF No. 87) ("Motion to Amend").  Defendant's response to the Discovery Motion is currently due November 18.  *See* LCvR 7(b).  Undersigned counsel conferred with Plaintiffs' counsel on November 5, 2019, who stated that Plaintiffs oppose this motion.

There is good cause to postpone briefing of Plaintiffs' Discovery Motion.  The Discovery Motion can only be meaningfully addressed once there is an operative complaint.  Accordingly, the motion is premature.  Plaintiffs' Motion to Amend proposes a new class definition that includes some of the same fatal flaws as the class certification motion that this Court already denied.  *See, e.g.*, Proposed 4th Am. Compl. ¶ 100, ECF No. 87-1 (continuing to include people who never applied to the FAA in the putative class, while expanding and contracting the class definition in various ways).  Defendant is entitled to show that this proposed complaint would be

futile because it fails to state a class claim.    Once the Court has ruled on the viability of the proposed complaint, the parties could more appropriately confer regarding what discovery, if any, is needed in advance of class certification briefing and regarding an appropriate schedule to move this case toward resolution.

It would be premature and would not serve judicial economy to attempt to brief the appropriateness of discovery before the pleadings are settled.  *See United States v. All Assets Held at Bank Julius Baer & Co. Ltd.*, 202 F. Supp. 3d 1, 8 (D.D.C. 2016) ("[B]y seeking discovery on these issues prior to pleading them, he would force Plaintiff to produce documents and discovery responses while robbing it of the ability to seek an early disposition of the viability of the defenses through an opposition to his motion to amend or a motion to dismiss or to strike."); *cf. People for Ethical Treatment of Animals, Inc. v. U.S. Dep't of Agriculture*, 60 F. Supp. 3d 14, 20 (D.D.C. 2014) (rejecting as a "fishing expedition" the plaintiff's argument on a motion for reconsideration that the court erred by not allowing  discovery before dismissing claim).  Defendant's opposition to Plaintiffs' Motion to Amend is not due until November 29, 2019, and the motion will not be fully briefed until at least December 6, 2019.  *See* Minute Order, Sept. 13, 2019.  The appropriateness of pre-certification discovery, and the scope and timing of any such discovery, can only be determined by reference to the claims in the case and the nature of the putative class.  While those are in flux, it would be difficult for the parties to brief, and the Court to decide, whether discovery is necessary and, if so, what specific discovery is appropriate.

Plaintiffs' motion seeks extensive and burdensome discovery, including far-reaching information that could be used to identify potential class members if a class is certified, *see* Pls.' Discovery Mot. at 12 (Topic 1), communications with dozens of Collegiate Training Initiative

(CTI) institutions, *see id.* at 12-13 (Topics 2 & 3), information about non-members of the putative class who graduated as many as eight years before the challenge policy changes, *id.* at 13 (Topic 6), and information regarding Plaintiffs' merits theories, *id.* at 13 (Topics 7 & 8). Significantly, Defendant anticipates opposing Plaintiffs' Motion to Amend on the ground that the proposed amendment is futile and that the class claims could not survive a motion to dismiss— on the basis of specific reasons that are clear from the face of the proposed Fourth Amended Complaint. Defendant will show that no amount of pre-certification discovery can cure those defects. Thus, it would plainly be inefficient to require Defendant to respond to Plaintiffs' Discovery Motion in advance of the briefing which is scheduled to be completed on December 6, 2019. Moreover, neither Defendant nor the Court should be required to address Plaintiffs' discovery arguments in the abstract before the central defects of Plaintiffs' new proposed class definition have been briefed. And in any event, Defendant should not be subjected to extensive and burdensome discovery before the Motion to Amend has been resolved.

## CONCLUSION

For the foregoing reasons, briefing on Plaintiffs' motion for discovery should be postponed until after the Court rules on Plaintiffs' Motion to Amend.

DATED: November 6, 2019

JOSEPH H. HUNT
Assistant Attorney General

CARLOTTA P. WELLS
Assistant Director
Civil Division, Federal Programs Branch

*/s/ Galen N. Thorp*
GALEN N. THORP (V.A. Bar No. 75517)
Senior Counsel
MICHAEL DREZNER (V.A. Bar No. 83836)
Trial Attorney
U.S. Department of Justice

Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Telephone: (202) 514-4781
Facsimile: (202) 616-8470
Email: galen.thorp@usdoj.gov

*Counsel for Defendant*