# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANDREW J. BRIGIDA; SUZANNE M. REBICH; MATTHEW L. DOUGLAS-COOK | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case No. 16-cv-2227 (DLF) Consolidated with: |
| ELAINE L. CHAO, Secretary, U.S. Department of Transportation, | ) ) ) | Case No. 19-1916 |
| Defendant | ) ) ) | |
| LUCAS K. JOHNSON, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| U.S. DEPARTMENT OF TRANSPORTATION; ELAINE L. CHAO, Secretary of the U.S. Department of Transportation, | ) ) ) ) ) | |
| Defendants | ) ) ) | |

---

## JOINT MEET AND CONFER STATEMENT

---

Pursuant to this Court's minute order dated February 18, 2020, counsel for Plaintiffs Andrew J. Brigida, Suzanne M. Rebich, and Matthew L. Douglas-Cook (together "Brigida Plaintiffs"), for Plaintiff Lucas Johnson, and for Defendants Elaine L. Chao, in her official capacity as Secretary of Transportation, and the U.S. Department of Transportation, conferred by telephone on February 24, 2020 and subsequently by email on February 27, 2020, March 2, 2020 and March

3, 2020. The parties respectfully submit the following joint report of their agreements and respective differing positions pursuant to the Court's minute order, Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3.

***

**(1)** *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.*

<u>The Parties' Position:</u> The parties have started working on an e-discovery protocol to govern discovery in these cases and will have a call the week of March 23, 2020, to further that discussion. The parties are continuing this conferral to make progress despite their disagreements about when discovery should begin and the ultimate scope of discovery.

<u>Plaintiffs' Position:</u>  **Generally:** The Court ordered the parties in the ***consolidated*** case to meet and confer pursuant to Rule 26(f) and Local Civil Rule 16.3. As such Plaintiffs understood that the Court was asking the parties to look at the case through the lens of the recent consolidation and prepared a full discovery plan, proposing consolidated and immediate but staged discovery. Plaintiffs anticipate that discovery, once it starts, will take nearly a year to complete. Defendants have estimated that discovery will take 2 years. Further, during the class certification hearing in September 2019, Defendants complained that the "events now occurred five to six years ago. We've had a substantial number of retirements, and even speaking with witnesses can be difficult, let alone the further erosion of witness memory." (Class Certification Hearing, September 13, 2019 at 43:22-25.) Given these facts, Plaintiffs desire to start discovery as soon as possible. During the parties' February 24, 2020 conferral, Defendants' counsel indicated that they need more information from their clients regarding the sources, volumes, or availability of data in their possession that may be subject to discovery. In the absence of this information, it is difficult to

2

formulate a logical, efficient discovery plan.  The discovery plan proposed by Plaintiffs below assumes that discovery commences soon, initial disclosures are made and complete, and discovery proceeds apace and with reasonable cooperation.

**Brigida**:   An initial motion to dismiss has already been ruled upon and partially reconsidered.  While Defendants contest elements of the class definition concerning alleged "non-applicants", the case is not likely to be disposed of on dispositive motions, a common nucleus of operative facts will remain at issue regardless of how the case advances, and discovery should proceed.  Plaintiffs request that discovery (production of non-meta data bearing initial disclosure documents) begin no later than **April 20, 2020**.

Plaintiffs request that discovery begin on all issues, but should the Court determine that incremental discovery is warranted, Plaintiffs seek immediate disclosures and discovery concerning the FAA's decision to no longer use and to purge the inventory of CTI graduates or "qualified applicants" from the CTI inventory for the 2014 ATC hiring, including 2009-2016 correspondence with third-parties and contractors regarding the validity of the AT-SAT test and other considered and/or implemented hiring screening mechanisms including the biographical assessment and the biographical questionnaire; the diversity of the CTI students and qualified applicant register groups; the development, research, and publication of the Barrier Analysis and the Extension to the Barrier Analysis, and implementation of any related recommendations; the diversity among ATCSs; the need or lack of need for an affirmative action hiring program for ATC hiring; and the FAA's justifications of its actions in response to inquiries made by members of Congress from 2014-2016.  These facts are core to the case, are all relevant to the motives of the FAA in changing its hiring practice for 2014, and will remain at issue no matter how a class is

eventually formulated.  Indeed, these facts are central to the individual claims at issue and there is no legitimate basis to further delay discovery into such facts.

**Johnson**:  Plaintiff Johnson will be moving to amend the complaint to remove class action allegations by mid-March. In the event the Court grants plaintiff Brigida's motion to amend, that is currently under consideration, plaintiff Johnson will likely move to voluntarily dismiss his case in its entirety.

Dispositive motions have not been filed.  In the event that the Johnson case is not dismissed dispositive motions may be filed after formal discovery.

**<u>Defendants' Position</u>: Brigida:** Defendants' pending motion to strike may resolve the class issues.  Regardless, Defendants cannot reasonably or efficiently complete initial disclosures or respond to discovery requests until the nature and scope of the complaint is settled.  Nonetheless, despite the Parties' prior agreement that merits discovery will not start until after the Court rules on class certification, *see* ECF No. 57 (Aug. 31, 2018), and the fact that Court has not granted Plaintiffs' motion for precertification discovery, *see* Minute Order, Nov. 6, 2019 (suspending briefing on that motion), Defendants have agreed to move forward on preparing for electronic document discovery by conferring with Plaintiffs regarding the organization of relevant agency files, key custodians, key words, etc., in an effort to reach an agreement on reasonable and measured discovery in both cases.  Moreover, despite Plaintiffs' insistence to the contrary, it is not inevitable that the extensive discovery they seek will be proportional to the needs of any individual claim Mr. Brigida exhausted on his own behalf, his co-plaintiffs, or any putative class. Defendant's opposition to the motion to amend and cross-motion to strike the class claims raised significant issues not only with Plaintiffs' efforts to proceed as a class, but also with the legal viability of Plaintiffs' claims and the extent to which their proposed complaint states those claims.

*See* ECF Nos. 91, 94 (arguing, *inter alia*, that the elimination of an alleged preference is not a cognizable employment action and that the proposed complaint does not actually allege that the biographical assessment discriminated against Plaintiffs or the putative class).

**Johnson:**   In light of Plaintiff's counsel's disclosure that Mr. Johnson will seek to file a Third Amended Complaint in order to withdraw the class claims and may voluntarily dismiss his case depending on how the Court rules on the pending motions in *Brigida*, it would be inefficient to begin discovery in *Johnson* until after the Court rules on the pending motions in *Brigida*.  Either the *Johnson* case will be dismissed, or it will proceed on a different complaint.  If *Johnson* is not voluntarily dismissed, Defendants anticipate filing a successful motion for summary judgement. Mr. Johnson's sole claim is that the 2014 Biographical Assessment had a disparate impact on non-African American applicants.   However, applicants who reported their race as non-African American passed the 2014 Biographical Assessment at a higher rate than applicants who reported their race as African American.  Thus, Mr. Johnson's disparate impact claim is not meritorious. Regardless, Defendants cannot reasonably or efficiently complete initial disclosures or respond to discovery requests until the nature and scope of the complaint is settled.

*(2)       The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

    **The Parties' Position:**   The parties have not reached agreement on any stipulations of fact or law, but will continue to assess whether such agreements can narrow the matters in dispute.

    **Plaintiffs' Position: Brigida:** Plaintiffs suggest that the deadline to add parties or amend pleadings be set on the day **56 days after** the Court rules on the **class certification** motion.  Should class certification be denied, additional plaintiffs will likely join the case.  In the event that parties are added to the case after a ruling on class certification, Plaintiffs will consent to and seek limited additional factual discovery regarding any added parties.

**Johnson:** Plaintiff suggests that the date for party joinder/amended pleadings be set **30 days after** the **completion of discovery**. Plaintiff believes that some factual and legal issues may be agreed upon or narrowed as discovery progresses or at the close of discovery.

**Defendants' Position**: **Brigida:** Defendant contends that Plaintiffs have had numerous opportunities to amend their Complaint and that they should not have repeated additional chances. Moreover, Defendant would be prejudiced under Plaintiffs' proposal, because Plaintiffs could add parties after the close of fact discovery (since class certification briefing would conclude in October 2020 and fact discovery would end in December 2020). And if the Court strikes the class claims pursuant to Defendant's pending motion, Plaintiffs should not have a later opportunity to seek to reassert a class action here.

**Johnson:** In light of Mr. Johnson's intention to seek leave to withdraw his class claims and perhaps further amend his complaint, Defendants request that Mr. Johnson be required to file any motion to withdraw claims with prejudice or seek leave to amend by April 1, 2020. The parties cannot reasonably proceed until the scope and nature of the case is settled. If Mr. Johnson proceeds on this anticipated Third Amended Complaint as an individual complaint only, Defendants contend that there should be no additional opportunities for joinder or amendment as a matter of course.

*(3)    Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

**The Parties' Position**: The parties agree that this case should not be assigned to a magistrate judge.

*(4)    Whether there is a realistic possibility of settling the case.*

**Plaintiffs' Position:** Plaintiffs believe that settlement has a realistic possibility of eventual success, but that any settlement must be preceded by reasonable discovery.

**Defendants' Position**: Defendants are willing to consider reasonable settlement proposals from Plaintiffs.

*(5)    Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

**The Parties' Position:** The parties agree that the consolidated cases would not currently benefit from the Court's alternative dispute resolution procedures. The parties will continue to engage in settlement discussions during the progression of the litigation, as appropriate, and will continue to consider whether the use of the Court's ADR procedures would be beneficial.

**(6)**    *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions*.

**The Parties' Position:**  The parties agree that Defendants shall be permitted to file any motion for summary judgment within 60 days of the close of discovery in the respective cases, that Plaintiffs be required to file any motion for summary judgment and/or opposition to Defendants' motion within 60 days thereafter, that Defendants be permitted to file any reply/opposition within 30 days thereafter, and that Plaintiffs be allowed to file any reply within 30 days thereafter.

**Plaintiffs' Position:** Plaintiffs believe the evidence will show a discriminatory motive behind the ATC hiring changes contemplated and made by the FAA between 2012-2014 and that it is therefore unlikely that this entire case would be resolved on summary judgment.

**Defendants' Position:** Defendants contend that it is likely that the Court will grant summary judgment to Defendants on both cases for several reasons.  For example, none of the Plaintiffs will be able to establish a *prima facie* case that Defendants are the unusual employer

who discriminates against the majority, especially since the applicants who reported their race as non-African American passed the 2014 Biographical Assessment at a higher rate than applicants who reported their race as African American.

**Johnson:** If Mr. Johnson does not amend his complaint or dismiss his class claim, Defendants request that the parties proceed with limited discovery on disparate impact only and that Defendants be permitted to file a motion for summary judgment within 60 days of the close of that limited discovery, that Johnson be permitted to file any opposition within 60 days, and that Defendants be permitted to file a reply within 30 days. If Mr. Johnson withdraws his class claims, then Defendant expects that his case will be subsumed into the *Brigida* case and resolved by the same motion for summary judgment that Defendant files in *Brigida*.

*(7)     Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.*

**<u>Plaintiffs' Position</u>**: Plaintiffs request that initial disclosures be required to serve their intended process of advancing and focusing discovery, narrowing discovery disputes, allowing for greater tailoring of any later discovery requests, minimizing burdens on third parties, etc. Defendants' suggestion that third-party Freedom of Information Act ("FOIA") document productions riddled with objections, redactions and withheld documents may serve the function of initial disclosures is not appropriate and should the Court be inclined to consider this approach, Plaintiffs request the opportunity for full briefing. Lead counsel in this case has had no role in the FOIA requests that Defendants' propose to substitute for initial disclosures. Moreover, Defendants' counsel has acknowledged that: (1) they may not be able to recreate and hence appropriately log the documents produced in response to the FOIA requests and related withheld documents; (2) the privilege assertions and other exclusions applicable to FOIA requests would

not be applicable here; and (3) the same methods of document collection and processing – for example subject to an e-discovery protocol – would not have applied to the FOIA materials. Further, the FOIA requests previously made by a putative class member do not span the depth and breadth of facts at issue in this case, it would flip class action procedure on its head to have a class bound by the individual actions of a class member, and it is disingenuous for Defendants to deny the propriety of a class and yet suggest named Plaintiffs' discovery be limited by third-party FOIA activity.

As to Defendants' suggestion that no discovery occur until a "final" complaint is filed or until the Court rules that no further amendments are permitted, such a suggestion is completely contrary to the purpose behind Federal Rule of Civil Procedure 15 and would improperly permit any amendment, including a narrowing of the case, based on any information that may one day (in the distant future if up to the Defendants) be produced in discovery.

One modification Plaintiffs suggest for initial disclosures is that documents not involving meta-data (scanned hard copy documents, etc.) be produced on April 20, 2020. Plaintiffs suggest that the parties confer regarding a protocol for electronic discovery, that the parties be required to reach an agreement regarding electronic discovery protocols or present their proposed competing protocols by **April 17, 2020**, and that electronically stored documents with relevant metadata be fully produced 42 days after the electronic discovery protocol is agreed or ordered.

**Defendants' Position**: Since a putative class member and Mr. Pearson—who also represents that putative class member in related litigation—have served the FAA with scores of Freedom of Information Act ("FOIA") requests and Mr. Pearson has agreed to provide copies of the documents he received in response to those FOIA requests to his co-counsel, Defendants contend that initial disclosures are not necessary. *See, e.g.*, Defs.' Notice, *Rojas v. FAA*, No. 2:16-

cv-3067 (D. Ariz. Mar. 27, 2019) (attaching list of 80 FOIA requests then pending regarding the CTI program, the 2014 biographical assessment, the barrier analysis, and other topics at issue in this litigation). Defendants do not contend that the voluminous documents and information that one of Plaintiffs' counsel has already collected forecloses Plaintiffs' ability to conduct any discovery. Rather, given the large amount of information already in the possession of at least one counsel for the *Brigida* Plaintiffs, Plaintiffs should already be aware of individuals likely to have discoverable information and the types of documents and data that will be discoverable. Plaintiffs should already be able to advance and focus discovery, tailor any later discovery requests, minimize burdens on third parties, and confer with Defendants about how to conduct discovery in this case. Plaintiffs' insistence on Defendant making initial disclosures does not appear to be tailored to the needs of this case. However, if initial disclosures are required, Defendants request that—pursuant to the Parties' prior agreement, *see* ECF No. 57—the parties not make initial disclosures until after class certification is decided and, if the Court allows discovery on the issue of class certification, then the parties should make initial disclosures on the issue of class certification only.

*(8)* *The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

**The Parties' Position:** The parties have agreed to continue conferral regarding electronic discovery protocols, including a further conference call the week of March 23-28, 2020.

The parties agree that the limits to be placed upon discovery will be impacted by the manner in which the cases are consolidated. The parties further agree that the protective orders currently in place for the *Brigida* case should be amended to include all named plaintiffs and expanded to the *Johnson* case.

Finally, the parties agree to exchange privilege logs on a rolling basis and that the parties need not log documents subject to Federal Rule of Civil Procedure 26(b)(4)(B) and (C) as applicable to this case, or documents protected by the work product doctrine where the anticipated litigation involved one of the named plaintiffs and the creation of the document post-dates the filing of plaintiffs' complaint in federal district court on December 30, 2015.

**Plaintiffs' Position**: Even with an aggressive and unimpeded discovery schedule, discovery in this case is likely to take most of a year. Plaintiffs desire a schedule whereby the parties engage in initial disclosures and one round of written discovery before troubling third parties with subpoenas. Depending on the completeness of the Defendants' records, Plaintiffs estimate there will be over 50 potentially material third-party witnesses. Plaintiffs therefore believe that even with the currently pending motions to amend and strike, discovery should begin on all issues raised by the Fourth Amended Complaint and Answer. In the spirit of compromise, however, if Defendants believes that it would be efficient to postpone discovery regarding "non-applicants", Plaintiffs are willing to engage in such staged discovery.

Areas for immediate discovery should include, for example, documents related to evaluations of the AT-SAT testing mechanism, the CTI program and CTI graduates, the historical efficacy and alteration of the ATC hiring process, the BA/BQ, diversity efforts or concerns related to ATC hiring, the Barrier Analysis Report and its Extension, the FAA's response to the Congressional 2016 inquiry into the change in FAA hiring process, ATC hiring projections and actual hiring statistics, statistics related to the FAA Academy, the FAA's remediation of the 2014 hiring process, any policy and procedure manuals that would impact or limit the manner in which the FAA changes ATC hiring in the future, damages, and any defenses. Contrary to Defendants' assertion below, even were this case to be limited to those CTI graduates who applied to the 2014

vacancy announcement, the events associated with the elimination of the CTI inventory/register will remain relevant as it provides information regarding whether the FAA changed its hiring process with a discriminatory motive.  As stated above, Plaintiffs request that all discovery begin in late April 2020.  At a minimum, Plaintiffs would like to start discovery on the core set of operative facts.

If full discovery begins in April 2020 and full production of initial disclosure documents is completed by May 29, 2020, Plaintiffs propose a date of **August 31, 2020** for the completion of class discovery.  Assuming timely and complete responses to other discovery obligations and that a rolling document production is not required, Plaintiffs propose a date of **December 18, 2020** for the completion of non-expert fact discovery, and a date of **February 26, 2021** for the completion of all discovery.  Plaintiff proposes that initial expert reports be disclosed by **January 6, 2021**.

If the *Johnson* case continues and the cases are consolidated such that document productions, discovery responses, deposition testimony and third-party discovery are admissible in both cases (with the cases separated for summary judgment motions and trial), then Plaintiffs believe the default limitations imposed by the rules will suffice.  If, however, discovery requests are somehow to be consolidated or if one case were to be resolved early in discovery, then Plaintiffs will seek 15 depositions due to the relatively large number and importance of third-party witnesses.

**Defendants' Position**: **Brigida:**  As a preliminary matter, Defendant objects to Plaintiffs' proposal that they be permitted to conduct pre-certification discovery until August 31, 2020.  The Court has already denied one motion for pre-certification discovery and suspended briefing of a second such motion.  Defendant should be permitted to review the Court's ruling on Plaintiffs' motion for leave to amend and complete briefing on Plaintiffs' motion for pre-certification discovery, before a schedule for any such permitted discovery is set.  It is also premature to decide

on the scope of any other discovery, because the scope of Plaintiffs' complaint is unknown at this time. If the Court adopts Defendant's reasoning in the pending motions that the alleged hiring preference does not state a viable claim, then discovery on the alleged preference and the CTI program will not be relevant, even for the individual failure to hire claims of Plaintiffs Brigida, Rebich, and Douglass-Cook, and not proportional to the needs of those individual claims.

Since Plaintiffs have the burden of proof, Defendant requests that any schedule of expert witnesses require Plaintiffs to serve their expert reports on Defendant first, that Defendant's expert reports be due 60 days after Plaintiffs' expert reports, that Plaintiffs' rebuttal reports (if any) be due 30 days after Defendant's expert reports, and that any expert depositions must be completed within 60 days of the rebuttal report deadline.

Defendant proposes that the parties meet and confer again to propose a schedule within 15 days after the Court rules that no further amendments are permitted or gives Plaintiffs permission to amend and rules on a new motion for class certification. Defendant anticipates that written discovery may take in excess of one year, that depositions may take at least six months, and that expert discovery may take another six months. At this time Defendant is not willing to agree to any additional interrogatories or time for depositions beyond what is allowed by the Federal Rules of Civil Procedure and the Local Rules.

**Johnson:** If Mr. Johnson does not seek to amend his complaint to assert disparate treatment, Defendants request that the parties proceed with limited discovery on disparate impact only and that Defendants be permitted to file a motion for summary judgment within 60 days of the close of that limited discovery, that Mr. Johnson be permitted to file any opposition within 60 days, and that Defendants be permitted to file a reply within 30 days. If Mr. Johnson is permitted

to amend to assert disparate treatment, Defendants request that the schedule for both cases be identical.

*(9)     Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.*

**The Parties' Position:** The parties have agreed to continue conferral regarding electronic discovery protocols, including a further conference call the week of March 23-27, 2020. Defendants have agreed to provide Plaintiffs' counsel with suggested production requirements (for example related to meta-data and load files) for e-discovery by March 23, 2020**.**

**Plaintiffs' Position:** Plaintiffs request that the parties be required to agree upon or to submit competing e-discovery protocol options to the Court by **April 17, 2020**.

**Defendants' Position**: Defendants are willing to begin conferring generally with Plaintiffs regarding the organization of relevant agency files, potential search terms, key custodians, etc. However, Defendants do not believe that the Parties should be required to reach a final agreement on e-discovery protocols until 30 days after the Court rules that no further amendments are permitted or, if the Court gives Plaintiffs permission to amend, 30 days after the amended complaint is filed.

*(10)     Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.*

**The Parties' Position**: On June 27, 2018, pursuant to this Court's Order, the *Brigida* parties entered into a Protective Order to facilitate the prompt resolution of the dispute over confidentiality and protect discovery material entitled to be kept confidential. ECF No. 53. The Court also entered an Order pursuant to Federal Rule of Evidence 502(d) on July 27, 2018.  ECF No. 54. The parties believe that these Orders will be sufficient once they are expanded to all named plaintiffs and to the *Johnson* case.

*(11)    Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.*

**Plaintiffs' Position**: Should full discovery commence in late April 2020, Plaintiffs suggest that initial expert reports be due by November 20, 2020, any rebuttal reports be due December 21, 2020 and that expert discovery close on January 15, 2021.

**Defendants' Position:** Since Plaintiffs have the burden of proof, Defendants request that any schedule of expert witnesses require Plaintiffs to serve their expert reports on Defendant first, that Defendant's expert reports be due 60 days after Plaintiffs' expert reports, that Plaintiffs' rebuttal reports (if any) be due 30 days after Defendant's expert reports, and that any expert depositions must be completed within 60 days of the rebuttal report deadline.

*(12)    In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

**Plaintiffs' Position**: Plaintiffs restate their request for class discovery as set forth in their Motion for Pre-Certification Class Discovery, ECF No. 89 (Nov. 11. 2019).  Given the consolidated cases, the nature of the putative class, the possible need for subclasses, and Defendants' various objections to class certification, Plaintiffs believe discovery is necessary prior to the Court deciding the issue of class certification. In order to facilitate class certification and determine the need for subclasses, Plaintiffs require access to relevant records in the Defendants' possession and possibly third parties such as the CTI schools. Plaintiffs suggest that if full discovery begins in April 2020, if Plaintiff be permitted 10 document requests, 10 interrogatories, 10 requests for admission and 2 depositions directed to class issues, and if Defendants' records are complete enough to foreclose the need for third-party discovery concerning class issues, class certification discovery ends on **August 31, 2020**, class certification briefs be due on **September**

**30, 2020**, oppositions be due **October 14, 2020**, and replies be due **October 30, 2020**, then the Court may rule and trigger the amendment deadline at its convenience. Plaintiffs defer to the Court regarding when to schedule oral argument and by when class certification will be decided.

**Defendants' Position**: **Brigida:** Defendant objects to Plaintiffs' proposal that they be permitted to conduct pre-certification discovery until August 31, 2020. The Court has already denied one motion for pre-certification discovery, ruled on a motion for class certification without discovery, suspended briefing of a second motion for pre-certification discovery, and not yet ruled on whether Plaintiffs will be allowed to file a new putative class complaint. Even assuming arguendo that the Court grants Plaintiffs' motion for leave to amend, Plaintiffs have not explained how any of the information they request above would assist the Court in deciding whether or not their proposed new putative class satisfies the requirements of Federal Rule of Civil Procedure 23. If the Court allows the *Brigida* Plaintiffs to file an amended complaint, Defendant proposes that Defendant be allowed 30 days to file an answer to the amended complaint and an opposition to Plaintiffs' motion for pre-certification discovery, that the *Brigida* Plaintiffs file their new motion for class certification within 90 days of the Court permitting them to file an Amended Complaint, that Defendant's opposition to class certification be due 60 days thereafter, and any reply be due 30 days thereafter. And, if Mr. Johnson is permitted to file an amended complaint asserting a disparate treatment class claim, Defendant proposes that class certification briefing in *Brigida* be on the same schedule as class certification briefing as in *Johnson.*

**Johnson:** If Mr. Johnson does not seek to amend his complaint to assert disparate treatment and does not move to withdraw his class claim, Defendants request that the parties proceed with limited discovery on adverse impact only and that Defendants be permitted to file a motion for summary judgment within 60 days of the close of that limited discovery, that Plaintiff

be permitted to file any opposition within 60 days, and that Defendants be permitted to file a reply within 30 days. Class certification briefing could be done simultaneously. Alternatively, if Mr. Johnson is permitted to file an amended complaint asserting a disparate treatment class claim, Defendants propose that Defendants be required to Answer within 30 days of the filing of Plaintiff's amended complaint, that Plaintiff file his motion for class certification within 60 days of the Court permitting him to file an Amended Complaint, that Defendant's opposition to class certification be due 60 days thereafter, and any reply be due 30 days thereafter.

*(13)    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

**Plaintiffs' Position**: As stated above, Plaintiffs request that class certification be briefed and resolved while other discovery is ongoing. Plaintiffs request bifurcation of these actions such that the liability and injunctive/declaratory remedies be resolved together at trial and first and that the parties determine the most effective way to manage any damages discovery and claims after the liability and injunctive/declaratory remedy issues are resolved. Plaintiffs believe that the cases should be tried separately.

**Defendants' Position:** Defendants request that the Court resolve class certification before the parties proceed with merits discovery, as the definition and scope of the class (if any) have a direct impact on relevance and proportionality. Since all plaintiffs challenge the Biographical Assessment, challenge actions by the same federal employees and contractors, and seek the same jobs, it would be more efficient for the liability phase of the both cases to be tried at the same time, regardless of whether the plaintiffs proceed individually or on a class basis. It is likely that both cases will have the same witnesses. Defendants do not agree to bifurcate damages into a post-trial phase because the ability to resolve damages on a class-wide basis is relevant to class certification

and the absence of damages for individual putative class members implicates injury and liability, making the inquiries intertwined.

*(14)    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

    **The Parties' Position**: The parties agree that setting a deadline for a pretrial conference and trial is premature and should be set, if necessary, after summary judgment is resolved.

*(15)    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

    **The Parties' Position:** The parties agree that setting a trial date is premature and should be set, if necessary, after the Court resolves summary judgment.

*(16)    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

    **The Parties' Position**: Other than the consolidation issues the Court instructed the parties to address, the parties have no other matters to raise at this time.  The parties agree that the case originally filed by Mr. Johnson and the case originally filed by Mr. Brigida should be consolidated for some aspects of discovery, namely:

    1)    Both cases should be subject to the same protective orders.

    2)    Both cases should be subject to the same basic e-discovery protocol (with differences for custodians, key words, etc.).

    3)    Documents produced in one case should be deemed simultaneously produced in the consolidated case.

    4)    Deposition testimony should be admissible, to the extent of the rules, in both cases.

5)    Third-party discovery be consolidated, such that a third-party not receive more than one discovery subpoena per side and that any deposition of a third party be conducted once, applicable to both cases.

The parties also request that the *Johnson* case not be closed administratively, but that the matters proceed with a consolidated caption and the *Brigida* case designated as the lead case. *Cf.* Minute Order, Dec. 27, 2019 (directing the clerk of court to close Case No. 19-cv-1916 in light of that court's relate case determination). This will aid the parties in avoiding confusion regarding the two separate complaints. Clarity is also warranted because Mountain States Legal Foundation and its attorneys, lead counsel in the *Brigida* case, are not co-counsel with Mr. Pearson in the *Johnson* case.

**Plaintiffs' Position**: Plaintiffs suggest that the matters be consolidated to a limited extent and only for purposes of discovery. In addition to the agreements noted above, Plaintiffs propose that both cases be subject to the same general pre-trial schedule, including the provision of **status reports every 56 days** and consolidated discovery hearings. Plaintiffs also propose that responses to interrogatories and requests for admission be admissible in both cases.

Given the differences between the cases, possible different outcomes at class certification and summary judgment, the likely ultimate need for separate class trials, and the differing roles of class counsel, Plaintiffs suggest written discovery requests (other than to third-parties) remain separated by case.

As to depositions, should any two parties desire to depose the same witness, Plaintiffs propose that such depositions be expanded to ten hours, with the time (and costs) to be split evenly between the requesting parties.

Plaintiffs believe that the cases should not be consolidated for purposes of class certification briefing, summary judgment briefing, or trial.

**<u>Defendants' Position</u>**: Since all plaintiffs contend the Defendants are the unusual employer who discriminates against the majority, challenge the Biographical Assessment, challenge actions by the same federal employees and contractors, and seek the same jobs, it would be more efficient for the liability issues in both cases to be tried at the same time, regardless of whether the plaintiffs proceed individually or on a class basis. Defendants believe that both cases should be consolidated through the liability phase of trial. Defendants request that, in addition to third party subpoenas, Plaintiffs be required to serve joint interrogatories, document requests, and requests for admissions on any and all issues common to both of their cases, and not be permitted to serve duplicative document requests, interrogatories, or requests for admission. Defendants do not consent at this time to any additional depositions or length of depositions, but may consider it on a case-by-case basis.

DATED: March 3, 2020                    Respectfully submitted,

*/s/  Zhonette M. Brown*                      JOSEPH H. HUNT
Zhonette M. Brown, D.C. Bar # 463407    Assistant Attorney General
Brian E. Gregg, CO Bar # 51063
MOUNTAIN STATES LEGAL                   CARLOTTA P. WELLS
FOUNDATION                              Assistant Branch Director
2596 South Lewis Way                    Civil Division, Federal Programs Branch
Lakewood, Colorado 80227
Telephone:  (303) 292-2021              */s/ Galen N. Thorp* (by permission)
Facsimile:  (303) 292-1980              GALEN N. THORP (V.A. Bar No. 75517)
Email:  zhonette@mslegal.org            Senior Counsel
        brian@mslegal.org              MICHAEL DREZNER (V.A. Bar No. 83836)
                                        Trial Attorney
*Counsel for Plaintiffs Andrew Brigida,*   U.S. Department of Justice
*Suzanne Rebich, and Matthew Doulas-Cook*  Civil Division, Federal Programs Branch
                                        1100 L Street NW
                                        Washington, DC 20530
*/s/ Michael W. Pearson* (by permission)   Telephone: (202) 514-4781
Michael W. Pearson, DC Bar No. 997169   Facsimile: (202) 616-8470
CURRY, PEARSON, & WOOTEN, PLC           Email: galen.thorp@usdoj.gov
814 West Roosevelt
Phoenix, Arizona 85007                  *Counsel for Defendants*
(602) 258-1000 | (602) 523-9000 (facsimile)
mpearson@azlaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2020, I caused a true and correct copy of the foregoing **JOINT MEET AND CONFER STATEMENT** to be electronically filed with the Clerk of the Court using the Court's CM/ECF system which sent notification of such filing to the following counsel of record in this matter:

> Michael L. Drezner
> Michael.L.Drezner@usdoj.gov
>
> Galen Nicholas Thorp
> galen.thorp@usdoj.gov

/s/ Meri Pincock
Meri Pincock