UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW J. BRIGIDA,

    *Plaintiff*,

    v.

ELAINE L. CHAO, Secretary of Transportation,

    *Defendant*.

No. 16-cv-2227 (DLF)

## ORDER

Before the Court is plaintiff Andrew Brigida's Motion to Amend the Complaint, Dkt. 87, as well as his Motion for Pre-Certification Discovery, Dkt. 89. Brigida's Fourth Amended Complaint puts forward a putative class of "approximately 2,500 to 3,000 non-African American CTI students who by January 27, 2014: (1) graduated from a CTI program that was approved by the FAA and (2) had passed the AT-SAT (thereby indicating their intent to apply for FAA ATC employment), and who did not receive a tentative offer of employment letter from the FAA prior to March 23, 2015." Dkt. 87-1 (Fourth Am. Compl.) ¶ 100. The putative class excludes "the few CTI graduates whose academic records as of January 27, 2014 explicitly stated that they were ineligible to receive a letter of recommendation from their CTI school or who by January 27, 2014 had aged out of eligibility for FAA ATCS employment." *Id.* Brigida's Motion for Pre-Certification Discovery seeks discovery in aid of a motion to certify this putative class. *See* Dkt. 89 (Mot. for Discovery).

Federal Rule of Civil Procedure 15 provides that Brigida "may amend [his] pleading only with . . . the court's leave," but that "the court should freely give leave when justice so

1

requires." Fed. R. Civ. P. 15(a)(2). "Whether 'to grant or deny leave to amend, however, is vested in the sound discretion of the trial court.'" *Branch v. Spencer*, No. 16-1713, 2019 WL 4277413, at *4 (D.D.C. Sept. 10, 2019) (quoting *Doe v. McMillan*, 566 F.2d 713, 720 (D.C. Cir. 1977)). Courts may deny leave to amend on the basis of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, [or] futility of amendment." *Barkley v. U.S. Marshals Serv.*, 766 F.3d 25, 38 (D.C. Cir. 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, the Court will deny Brigida leave to amend his complaint on the ground that his proposed amendments would be futile. Previously, proceeding on his Third Amended Complaint, *see* Dkt. 68, Brigida moved to certify a class in this matter, *see* Dkt. 73. On September 13, 2019, the Court held a hearing on Brigida's motion to certify and denied that motion, *see* Dkt. 86 (Trans. of 9/13 Hrg.). The Court made clear that one of its reasons for denying certification was that the putative class included individuals who had never applied to ATCS positions at the FAA, and thus could not have been discriminated against in being denied those jobs. *See id.* at 49 (finding it "difficult to certify a class that includes individuals who voluntarily chose not to apply for a controller position or withdr[ew] their application[s] after successfully obtaining an offer"). The Court declined Brigida's suggestion that it *sua sponte* narrow the class definition, noting that "it's the plaintiffs['] and not the Court's burden to fashion an appropriate class definition." *Id.* at 50. The Court then specifically invited Brigida to file a motion to amend his complaint to address its deficiencies, once again reminding him that he would "have to make a *prima* [*facie*] case that [he could] meet the requirements of Rule 23 before [the Court would] grant him discovery." *Id.*

2

Brigida's Fourth Amended Complaint fails to make that *prima facie* case. In particular, the complaint fails to remedy the deficiency noted above because it does not exclude CTI graduates who never applied to the roles in question. Individuals who never applied for a position generally cannot bring a Title VII claim against an employer who failed to hire them for that position. *See, e.g.*, *Lathram v. Snow*, 336 F.3d 1085, 1089 (D.C. Cir. 2003) (holding that the plaintiff's "allegation that [the agency] violated Title VII by not promoting her to the GS-14 position is defeated by her failure to apply for that position"); *Moore v. Hagel*, No. 10-632, 2013 WL 2289940, at *2 (D.D.C. May 24, 2013) ("Not being selected for a position for which she did not apply cannot be considered an adverse employment action."); *Stoyanov v. Winter*, 643 F. Supp. 2d 4, 13 (D.D.C. 2009) ("[P]laintiff cannot even establish a *prima facie* case of discriminatory or retaliatory failure to promote if he did not apply for the position."). Title VII caselaw contains two limited exceptions to this principle where the non-applicant plaintiff can show either that "applying would have been futile because members of her protected class were subject to gross and pervasive discrimination" or that the "employer filled the position without soliciting applications." *Carroll v. England*, 321 F. Supp. 2d 58, 67, 68 (D.D.C. 2004) (internal quotation marks omitted). But the Fourth Amended Complaint contains no allegations to that effect. Indeed, the complaint specifically states that the FAA did solicit applications for the positions in question, Compl. ¶ 79, and the putative class definition implicitly acknowledges that some CTI graduates did "receive a tentative offer of employment letter from the FAA" in 2014, *id.* ¶ 100, making "gross and pervasive discrimination" implausible at best.

Ultimately, the burden lies with the plaintiff to put forward a putative class that satisfies the requirements of Rule 23. *See, e.g.*, *Borum v. Brentwood Village, LLC*, 324 F.R.D. 1, 8

3

(D.D.C. 2018) ("[I]t is the plaintiff, and not the court, who bears the burden of fashioning appropriate class definitions and demonstrating that the requirements of Rule 23 are met for each."). The Court declined to certify Brigida's previous putative class because it failed to satisfy those requirements. Upon receiving an opportunity to fix the flaws specifically identified by the Court, Brigida has failed to do so. The Court will not permit a fourth amended complaint that would place this litigation on track toward another doomed motion to certify. Accordingly, it is

**ORDERED** that the plaintiff's Motion to Amend the Complaint, Dkt. 87, is **DENIED**. It is further

**ORDERED** that the plaintiff's Motion for Pre-Certification Discovery, Dkt. 89, is **DENIED** as moot. And it is

**ORDERED** that the parties shall submit a joint status report, on or before May 1, 2020, proposing a schedule for further proceedings in this case and in the consolidated case of *Johnson v. Department of Transportation*, No. 19-1916.

April 5, 2020

DABNEY L. FRIEDRICH
United States District Judge