UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW J. BRIGIDA,

    *Plaintiff*,

v.

ELAINE L. CHAO, Secretary,
U.S. Department of Transportation,

    *Defendant*.

Civil Action No. 16-2227 (DLF)

**MOTION FOR LEAVE TO FILE FOURTH AMENDED
AND SUPPLEMENTAL CLASS ACTION COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Andrew J. Brigida, by and through his undersigned attorneys, hereby respectfully files this Motion for Leave to file his Fourth Amended and Supplemental Class Action Complaint. Through the amendment Plaintiff seeks leave to define the putative class more narrowly and precisely, limiting it to select CTI graduates who applied for an ATCS position in 2014 and failed the unvalidated Biographical Questionnaire used for screening ATCS candidates, allege additional facts about the Collegiate Training Initiative and the Federal Aviation Administration ("FAA")'s related practices, clarify the nature of relief requested, and make other modifications to the Complaint. *See* ECF No. 68.

Amendment is appropriate at this stage of this case because discovery has not yet commenced, the Court recently entered an order consolidating this case with another case and seeks input on how the consolidation should be effectuated, the consolidated case is being dismissed, eliminating one of Defendant's objections to class certification due to alleged conflict, no prejudice will arise from the amendment, and the amendment is not made as a dilatory tactic, in bad faith or for any other inappropriate reason. In such circumstances, Plaintiff's amendment of his Complaint

is proper, and Plaintiff should be afforded the opportunity to test the merits of his claims as amended.

Pursuant to Local Civil Rule 15.1, Plaintiff has attached the proposed Complaint as amended. Pursuant to Local Civil Rule 7(m), Plaintiff's counsel has conferred with Defendant's counsel and also provided a draft of the proposed amended complaint. Defendant opposes the motion to amend.

## **BACKGROUND**

Plaintiff Andrew Brigida timely filed his statutorily required EEO complaint on April 12, 2014, two months after the Federal Aviation Administration (FAA) finalized the challenged race-based employment decision. ECF No.78-2. Plaintiff Brigida then filed his initial Complaint in U.S District Court for the District of Arizona on December 30, 2015, asserting that the FAA's racially discriminatory employment actions violated Title VII of the Civil Rights Act of 1964 and the Equal Protection Component of the Due Process Clause of the Fifth Amendment. ECF No. 1.

After stipulating to Defendants' request to extend the time for filing a responsive pleading and after conferral with Defendants' counsel, Plaintiff Brigida filed a First Amended Class Action Complaint for Declaratory and Injunctive Relief and Damages on April 18, 2016. ECF No. 18. Plaintiff Brigida then again stipulated to Defendants' request to extend the deadline to respond to the First Amended Complaint, setting a response date of June 10, 2016. ECF No. 19.

On June 3, 2016, the parties jointly agreed to stay the proceedings while Congress considered whether and how to correct the FAA's new, ill-conceived hiring process. ECF No. 21. Partially out of concern for public safety, Congress eventually enacted legislation that specifically dismantled most of the racially discriminatory hiring practices of the FAA and reinstated the CTI program, among other things. *Id*. ¶¶ 4–6. With the Defendants' agreement (ECF No. 23 ¶ 5), the Court ordered Plaintiff Brigida to amend his Complaint to account for these legislative changes. ECF Nos.

24, 25. On August 19, 2016, Plaintiff Brigida filed his Second Amended and Supplemental Class Action Complaint for Declaratory and Injunctive Relief and Damages. ECF No. 26. Defendants filed their first response to any of the complaints in this case, filing a partial Motion to Dismiss and Transfer Venue on September 16, 2016. ECF No. 27. The U.S. District Court in Arizona granted this motion on November 7, 2016, dismissing Plaintiff Brigida's Equal Protection Claim, dismissing claims against certain Defendants, striking Plaintiff Brigida's claim for the equitable relief of a reinstated hiring preference and transferring venue to this Court. ECF No. 33.

Within a month, Plaintiff Brigida filed a Motion for Reconsideration, asking this Court to reinstate his request for injunctive relief. ECF No. 39. On May 31, 2018, the Court granted Plaintiff's Motion, reinstating Plaintiff Brigida's request for equitable relief, and ordering Defendant to answer Plaintiff Brigida's Second Amended and Supplemental Complaint by June 21, 2018. ECF No. 50 at 11.

The parties then engaged in exploratory settlement discussions, first filing a joint motion to extend deadlines, then filing a joint motion to temporarily stay the matter to facilitate the settlement discussions. ECF Nos. 51, 55. Once the preliminary settlement discussions failed, Defendant filed her Answer on August 9, 2018. ECF No. 56.

In a following Joint Meet and Confer Report, Plaintiff Brigida indicated his intention to amend the Complaint to add proposed class representatives. ECF 57 at 1. On September 7, 2018, Plaintiff Brigida, now joined by proposed class representatives, filed the Third Amended and Supplemental Complaint. ECF No. 61. After related procedural issues were sorted out, the Third Amended Complaint was refiled on October 23, 2018. ECF Nos. 67, 68. Defendant refiled her answer on November 5, 2018. ECF No. 70.

Plaintiff filed his first and, thus far, only Motion for Class Certification on November 12, 2018. ECF No. 73. Briefing on the motion for class certification was completed in mid-February

2019, and a hearing on class certification was held on September 13, 2019. The Court expressed concerns regarding the proposed class definition, denied class certification without prejudice, and authorized Plaintiff to file a motion to amend his Complaint by October 31, 2019.

Plaintiff filed and Defendant opposed a motion to amend the complaint. Plaintiff's proposed amendment addressed most of the concerns raised by the Court during the September 2019 hearing, but continued to assert that the striking of the hiring preference afforded to the class constituted an adverse employment action. Defendant disagreed and argued the proposed class could not be certified, and that one of the class counsel suffered a conflict, rendering the proposed amendment futile. On Sunday, April 5, 2020, the Court determined that CTI graduates who had not applied to the 2014 ATCS vacancy announcements could not be part of a class with graduates who had applied, that the proposed class including such "non-applicants" could not be certified, and therefore denied Plaintiff's motion to amend.

Meanwhile, on December 27, 2019 a court in this jurisdiction ordered that the case, *Johnson v. United States Department of Transportation*, was related to this case and transferred the *Johnson* case to this Court. Pursuant to a minute order from the Court, on March 3, 2020 the parties filed a Joint Meet and Confer Statement addressing how this case and the *Johnson* case may be consolidated/coordinated and how they should move forward. ECF No. 96. The Court had not yet addressed consolidation of this case and the *Johnson* case at the time it denied Plaintiff Brigida's motion to amend. The Court's April 5, 2020 order required the parties to fila a joint status report by May 1, 202, proposing scheduling for this and the *Johnson* case.

In light of all of the above, Plaintiff Johnson has decided to no longer pursue a separate lawsuit and will rather wait to see if he becomes part of the class or a subclass certified in the instant case. Plaintiff Brigida has significantly revised his proposed Fourth Amended Complaint—

including a narrowed and more homogenous class definition (*see* Fourth Am. Compl. ¶ 175)—and submits this motion for leave to amend.

## ARGUMENT

Per the Court's April 5, 2020 Order, the obstacle to Plaintiff's prior proposed amendment arose from an overly broad class definition. The revised Fourth Amended Complaint not only removes this obstacle, but significantly overhauls the pleading as a whole. The scope of potential class members has been narrowed to address the Court's concerns, limiting the class to a subset of CTI graduates who actually applied for ATCS positions during the February 2014 vacancy announcement. *See* Fourth Am. Compl. ¶ 175. Moreover, the Fourth Amended Complaint more clearly delineates between the relief afforded under different subparts of Rule 23(b) and also restructures the pleading to more clearly and fully reflect the factual background of this case. *See id.* ¶¶ 11–134, 175. Finally, with the voluntary dismissal of the previously consolidated *Johnson* case, this case may now proceed without the allegation of conflict between the cases/classes and with greater procedural efficiency. As such, Plaintiff seeks leave to file his revised Fourth Amended Complaint.

Amendment under Rule 15 is a generous standard. "Rule 15 makes clear that when the court's leave is sought, that leave should be 'freely give[n] ... when justice so requires.'" *United States ex rel. Scott v. Pac. Architects & Engineers, Inc.*, 327 F.R.D. 17, 19 (D.D.C. 2018) (quoting Fed. R. Civ. P. 15(a)(2)). Leave to amend "should be freely given unless there is a good reason ... to the contrary," and denial of leave to amend constitutes an abuse of discretion "unless there is sufficient reason." *Id.* (citing *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). As such, the standard for amendment

under Rule 15 "is to be construed liberally." *Connecticut v. U.S. Dep't of the Interior*, 363 F. Supp. 3d 45, 54 (D.D.C. 2019).[1]

The U.S. Supreme Court explained that an illiberal reading of Rule 15 would be "inconsistent with the spirit of the Federal Rules" because "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 181–82 (1962). Consequently, Rule 15's requirement that leave to amend be freely given "is to be heeded." *Id.* at 182; *see also Howard v. Fed. Express Corp.*, 280 F. Supp. 3d 26, 29 (D.D.C. 2017). To that end, *Foman* articulated a number of factors to consider in the handful of situations where leave to amend should be denied. These include "futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments." *Vasquez v. Whole Foods Mkt., Inc.*, 302 F. Supp. 3d 36, 68 (D.D.C. 2018) (citing *Boyd v. District of Columbia*, 465 F.Supp.2d 1, 3 (D.D.C. 2006)). As explained in greater detail below, leave to amend should be granted because none of these factors are present here.

To begin with, amendment would not be futile. In its April 5th Order, the Court denied leave to amend on the basis of futility because the putative class potentially included persons who did not actually apply to ATCS positions, though they had a preferenced hiring status under the prior employment regime. *See* ECF No. 98 at 3. However, in this revised Fourth Amended Complaint, the class definition has been updated to specifically exclude people who did not apply to be an ATCS trainee. Instead, the proposed class is defined as follows:

> The Class that Plaintiff Brigida and putative Class Representatives seek to represent is the approximately 2,500 to 3,000 non-African American CTI students who: (1) by February 10, 2014: (a) graduated from a CTI program at one of the 36 FAA-partnered CTI Institutions and (b) passed the AT-SAT, (2) applied to be an ATCS trainee through the 2014 all sources vacancy announcement but failed the Biographical Questionnaire

---

[1] An example of the liberality of this rule is that amendments under Rule 15(a)(2) may be made at any stage of the litigation. *See* 6 Fed. Prac. & Proc. Civ. § 1484 (3d ed.).

>
> that was incorporated into the 2014 ATCS hiring process and was therefore not hired; and (3) have never been offered employment as an FAA ATCS. Excluded from the Class are any CTI graduates who were not U.S. citizens as of February 10, 2014 or by February 21, 2014 had reached 31 years of age (or 35 years of age if they had had 52 consecutive weeks of prior air traffic control experience).

Fourth Am. Compl. ¶ 175. Thus, the scope of potential class members is narrower than any prior proposed class because the class is limited to qualified CTI graduates who actually applied for an ATCS position in February 2014 and who have never received an offer to become a FAA ATCS. Because this revised class definition alleviates the issue identified by the Court in its prior orders and Defendant's main objection to the amendment, and because the dismissal of the *Johnson* case removes the only other ground Defendant asserted for opposing the motion to amend, futility is no longer an obstacle to certification.

Amendment also does not create a risk of undue delay. No discovery has been authorized yet, no deadlines have been set for dispositive motions or expert reports, and the Court and the parties were still addressing the manner for consolidating this case and the *Johnson* case. Therefore, amendment itself will cause no delay. Moreover, Plaintiff Brigida has diligently prosecuted his claims since 2014. Delays that have occurred have generally resulted from administrative non-action, Congressional action, procedural disputes, and joint exploration of settlement. The Second and Third Amended Complaints were submitted due to the actions of Congress, the District of Arizona, and Defendant rather than Plaintiff's desire to continually revise his pleading. Following a mutual agreement to stay the proceedings (ECF No. 22), the Second Amended Complaint was submitted by order of the District of Arizona in order to respond to legislative changes that directly impacted the case. *See* ECF Nos. 24, 25. The submittal of the Second Amended Complaint was *not* opposed by Defendant. ECF No. 23 ¶ 5. Furthermore, the first motion to certify a class was filed in November 2018, with related briefing continuing into 2019. As a result, September 2019 was the

first time any court had addressed Plaintiff's class allegations. In any event, class action cases and employment discrimination cases are known to take many years to litigate.

Relatedly, and for the reasons stated above, there is no dilatory motive on behalf of the Plaintiff; rather Plaintiff wants this matter to proceed as quickly as possible and particularly to reach merits discovery regarding his claims. Plaintiff therefore proposes that discovery begin in this case and that he be permitted discovery regarding Defendant's objections to the class allegations during the course of initial discovery. Plaintiff will not, however, move for class discovery until this Court rules on the instant Motion to Amend.

There is likewise no cognizable claim that the proposed amendment will cause undue prejudice to the Defendant. Whatever prejudice Defendant may claim affects both parties and stems from the required administrative proceeding prior to filing a court complaint, from the parties' taking Congressional action into consideration, the parties' mutual exploration of settlement, the Defendant's various procedural objections, and, most recently, work and other slow-downs related to COVID-19. Indeed, formal discovery has yet to even begin despite Plaintiff's repeated efforts to initiate this process. Moreover, the documents and witnesses related to Plaintiff Brigida's individual Complaint are generally the same witnesses and documents at issue in the proposed class proceeding and hence amending the Complaint to amend the class definition causes no prejudice.

Finally, there has not been a repeated failure to cure deficiencies by previous amendments. The most recently proposed amendment addressed nearly all of the concerns raised by the Court when denying the motion for class certification in September 2019. *See* Hrg. Tr. 49:13–26. Plaintiff nonetheless viewed the scope of adverse employment action to include a handful of CTI graduates who had not applied in response to the 2014 ATCS vacancy announcement but had been preferenced for hiring and had that preference stripped away. The Court disagreed, framing this case as solely a failure to hire case. The new proposed amendment further narrows the proposed class and is

submitted in conjunction with the dismissal of the *Johnson* case, eliminating Defendant's prior bases for asserting a conflict.  The prior objections to class treatment have been remedied.

## **CONCLUSION**

For these reasons, Plaintiff respectfully requests the Court grant him leave to file his revised Fourth Amended Complaint.

DATED this 29th day of April 2020.     Respectfully submitted,

*/s/ Zhonette M. Brown*
Zhonette M. Brown, D.C. Bar No. 463407
Brian E. Gregg, CO Bar No. 51063, *pro hac vice*
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
zhonette@mslegal.org
brian@mslegal.org

Michael W. Pearson, D.C. Bar No. 997169
CURRY, PEARSON, & WOOTEN, PLC
814 West Roosevelt
Phoenix, Arizona 85007
(602) 258-1000
(602) 523-9000 (facsimile)
mpearson@azlaw.com

Attorneys for Plaintiff and Putative Class Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of April 2020, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the Court's CM/ECF system which sent notification of such filing to the following counsel of record in this matter:

Michael L. Drezner
Michael.L.Drezner@usdoj.gov

Galen Nicholas Thorp
galen.thorp@usdoj.gov

*/s/ Meri Pincock*

Meri Pincock
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
meri@mslegal.org