**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREW J. BRIGIDA, | |
| *Plaintiff,* | Civil Action No. 16-2227 (DLF) |
| v. | |
| ELAINE L. CHAO, Secretary, | |
| U.S. Department of Transportation, | |
| *Defendant.* | |

## SUGGESTION OF NON-CONFORMANCE WITH LCVR 5.1(D)

Rule 5.1(d) of the Local Rules of the Federal District Court for the District of Columbia states that "[a]ll pleadings shall appear in 12-pt. font and shall be double-spaced. Footnotes, which shall not be excessive, shall also appear in 12-pt. font." Defendant's Reply in Support of Motion to Strike Class Claim ("Defendant's Reply"), ECF No. 109, flagrantly violates this Rule by including 28 footnotes that are both excessive and written in impermissibly small font.  Defendant similarly violated Rule 5.1(d) with its Opposition, ECF No. 105, with its 26 small font footnotes. LCvR 5.1(g) states a nonconforming document "shall not be accepted for filing."

Far from using footnotes to occasionally explain, comment on, or cite specific parts of its brief, *Footnote*, BLACK'S LAW DICTIONARY (11th ed. 2019), Defendant places much of its substantive argument below the main text in what appears to be 10-pt. font in a clear attempt to bypass this Court's page limits.  As this Court has held, this type of behavior is exactly what Rule 5.1(d)'s prohibition of "excessive" footnotes was intended to prevent.  *See Competitive Enter. Inst. v. Nat'l Sec. Agency*, 78 F. Supp. 3d 45, 52 (D.D.C. 2015) (finding "lengthy" and "substantive"

footnotes to be excessive); *Ouachita Riverkeeper, Inc. v. Bostick*, No. 12-803, 2013 WL 12324686, at \*1–2 (D.D.C. Jan. 29, 2013) (admonishing the parties for making substantive arguments in footnotes and warning that the court may strike pleadings doing so in the future). Lengthy, paragraph-size footnotes appear on nearly every page of Defendant's Reply, totaling 3,661 words. In fact, were Defendant's Reply made up solely of its footnotes, without any additional headings or other text and reformatted to double-spaced 12-pt. font, it would be 12 pages long.

Defendant's evasion of the font and page limits is even more unacceptable in light of Defendant's use of the "Reply" to actually serve as an impermissible sur-reply in violation of LCvR 7. Defendant styled its opposition to the Motion to Amend as a Cross-Motion, using one paragraph (and one footnote paragraph) to argue for the alternative relief of striking class claims. Using this one paragraph as a hook, Defendant has in actuality filed a 36-page sur-reply, wanting both the most and the last words. Def.'s Opp. at 1 n.1 ("this reply is relevant to the pending Motion for Leave to Amend as well.").

Defendant's excessive use of small-print footnotes violates Rule 5.1(d), and this Court may therefore refuse to accept Defendant's Reply for filing, pursuant to Rule 5.1(g).

DATED this 13th day of July 2020.

Respectfully submitted,

*/s/ Zhonette M. Brown*
Zhonette M. Brown, D.C. Bar No. 463407
David C. McDonald, D.C. Bar No. CO0079
Brian Gregg Sheldon, CO Bar No. 51063, *pro hac vice*
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
zhonette@mslegal.org;
dmcdonald@mslegal.org
brian@mslegal.org

Michael W. Pearson, D.C. Bar No. 997169
Curry, Pearson, & Wooten, PLC
814 West Roosevelt
Phoenix, Arizona 85007
(602) 258-1000
mpearson@azlaw.com

Attorneys for Plaintiffs and Putative Class Counsel

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of July 2020, I caused a true and correct copy of the

foregoing to be electronically filed with the Clerk of the Court using the Court's CM/ECF system

which sent notification of such filing to the following counsel of record in this matter:

Michael L. Drezner
*Michael.L.Drezner@usdoj.gov*

Galen Nicholas Thorp
*galen.thorp@usdoj.gov*

/s/ Meri Pincock
Meri Pincock
MOUNTAIN STATES LEGAL FOUNDATION