UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANDREW J. BRIGIDA; SUZANNE M. REBICH; MATTHEW L. DOUGLAS-COOK | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 16-cv-2227 (DLF) |
| vs. | ) ) ) | |
| ELAINE L. CHAO, Secretary, U.S. Department of Transportation, | ) ) ) | |
| Defendant | ) | |

## JOINT STATUS REPORT

In light of the Court's Memorandum Opinion and Order issued October 12, 2020 (ECF No. 112), the parties conferred via telephone on October 20 and 22, 2020 to discuss a proposed schedule for further proceedings in the case and report the following:

***Filing of Amended Complaint:*** Pursuant to the Court's Order, Plaintiffs will file their amended complaint on or before October 27, 2020.

***Motion to Dismiss:*** Defendant intends to file a motion to dismiss the hiring preference claim. The parties propose the following schedule for related briefing:

- Defendant's motion to dismiss will be filed no later than **November 13, 2020.**
- Plaintiffs' opposition will be filed no later than **December 3, 2020**.
- Defendant's reply will be filed no later than **December 14, 2020**.

***Motion for Class Certification and later deadlines:*** The parties propose that any date for filing a class certification motion, merits discovery deadlines, and deadlines for summary judgment not be determined until the Court has addressed the motion to dismiss.

*Third Party Discovery:* The parties intend to file a motion for an amended protective order by **October 30, 2020** to facilitate further and, in particular, third-party discovery.

Should the Court issue the amended protective order, Plaintiffs propose to issue subpoenas to the 36 applicable CTI schools. In order to reduce the burdens on third-parties and the cost of discovery, Plaintiffs propose to serve each school with one document subpoena that addresses all issues in the litigation. Defendant agrees that serving subpoenas on the CTI schools is logical at this point in the litigation. The parties will work together in an effort to avoid any unnecessary disputes about the scope of the document subpoenas and to determine later in the proceeding whether any testimony subpoenas should be issued to the CTI schools.

*Discovery:* The parties have vastly differing ideas regarding the appropriateness and scope of discovery at this point in the litigation which are very briefly summarized below. In the interest of resolving disputes and advancing the case where possible and minimizing the burden on the Court, however, the parties have agreed to the following:

- Some amount of class certification discovery, including the FAA's limited production of reasonably available data regarding the potential class, will proceed while the motion to dismiss is pending.

- Plaintiffs have proposed certain topics for class certification discovery, Defendant is evaluating the scope and burden of those requests, the parties have initiated conferral regarding those topics, and will complete that conferral no later than October 30, 2020.

- On or before November 12, 2020, Plaintiffs will serve not more than 10 Pre-Certification Rule 34 Production Requests;

- Defendant's Responses and Objections to those Requests, including the production of responsive documents, will be due on or before December 18, 2020;

- On or before January 6, 2021, the parties shall confer regarding the status of third-party discovery from the CTI schools, the completeness of Defendant's document production, any other class certification discovery issues, and development of a proposed protocol for merits discovery;

- If needed, Plaintiffs may file a Motion to Compel responses to the requests on or before January 11, 2021;

- Defendant's opposition to any Motion to Compel will be due on or before January 25, 2021;

- Plaintiffs' reply on any Motion to Compel will be due on or before February 5, 2021.

- If Plaintiffs' Requests include requests for data to support any statistical analysis by any expert witness to be offered in support of a motion for class certification, Plaintiffs will disclose the identity of any such expert witness and the general subject areas upon which the witness will opine on or before January 11, 2021; Defendant will disclose any rebuttal witness within 30 days of when Plaintiffs serve any written expert report; if either party seeks to depose either party's expert, the Parties will confer over an appropriate schedule for those expert depositions;

- Within 30 days after the Court rules on Defendant's Motion to Dismiss, the parties shall confer and submit a status report regarding (1) any outstanding disputes over Plaintiffs' requests for production, served on or before November 12 and (2) a proposed briefing schedule for class certification motion.

- Plaintiffs will serve upon Defendant all documents that Plaintiffs intend to rely upon in support of their motion for class certification, other than those produced in response to Plaintiffs' Requests to Defendant or associated with an expert report or testimony.  These documents will be served on Defendant within 45 days of the Court's ruling on Plaintiffs' motion to compel, or within 45 days of the Court's ruling on Defendant's motion to dismiss, whichever is later.

- Defendant will serve upon Plaintiffs all documents that Defendant intends to rely upon in opposition to the motion for class certification, other than those produced in response to Plaintiffs' Requests to Defendant or associated with an expert report or testimony, within 21 days after receiving Plaintiffs' production of documents set forth in the bullet point above.

**Plaintiffs' Position:**

Given the amount of time that has passed since the events at issue in this case, Plaintiffs' estimate that discovery will take approximately a year, and Defendant's prior estimate that discovery will take two years, Plaintiffs prefer to engage in full discovery concerning class and merits issues.  In an effort to reach a compromise, however, Plaintiffs agree to engage in staged discovery, addressing class certification discovery and third-party discovery of the CTI schools

3

prior to addressing the merits issues such as the inception, purpose, and development of the Barrier Analysis and the Biographical Assessment/Questionnaire. Plaintiffs believe that discovery beyond document requests may be appropriate for the class certification stage and reserve the right to request additional forms of discovery after Defendant has produced responsive documents.

Finally, Plaintiffs oppose Defendant's proposal to preclude all merits discovery until a class certification motion has been ruled upon. Plaintiffs may move for limited merits discovery at the close of class certification discovery, but will first seek to confer with Defendant to determine if at that time the parties can agree to further staged or limited discovery for issues and documents that will remain relevant and discoverable even should a class not be certified.

**Defendant's Position:**

In Defendant's view, it is important for the scope of the case and putative class action to be set before opening the doors to general discovery. Thus far in this case, it seems that each amended complaint and each brief addressing class certification has taken a different approach, with significant implications for the scope of the claims. Accordingly, merits discovery should proceed after the Court rules on Defendant's motion to dismiss and on Plaintiffs' motion for class certification.

Plaintiffs now seek to proceed on two intentional discrimination claims—(1) for loss of an alleged hiring preference and (2) a challenge to the 2014 biographical assessment, *see* Mem. Op. at 1, ECF No. 112—and the extent, expense, and proportionality of discovery that may be needed for each claim is likely to differ. Defendant will move to dismiss the hiring preference claim for failure to challenge a cognizable employment action, *see id.* at 3 (noting that the issue "would benefit from more briefing"), and under the parties' proposal, that motion will be fully briefed by December 14, 2020. Accordingly, it would not be efficient for the parties to engage in merits

discovery until after the Court rules on Defendant's motion to dismiss and motion for class certification.

Defendant does not concede that pre-certification discovery is necessary or that some of the broad topics Plaintiffs have proposed are appropriate for pre-certification discovery. Moreover, Plaintiffs have filed two motions for pre-certification discovery, and the Court has not granted either one. But, out of a desire to move this litigation forward and in the interest of compromise and cooperation, Defendant has agreed to respond to limited Rule 34 Production Requests that may be relevant to class certification while the motion to dismiss is pending, as suggested by the Court's Order dated October 12, 2020. *See* Mem. Op. at 5, ECF No. 112. Defendant reserves any rights she may have to object to the Rule 34 Production Requests or any additional pre-certification discovery Plaintiffs may propose, including on the ground that the discovery is untimely or unduly burdensome because it relates to the merits of a claim subject to Defendant's Motion to Dismiss. Defendant also remains available to continue discussions of a plan for merits discovery, which the parties began this spring.

DATED: October 23, 2020

Respectfully submitted,

/s/ *Zhonette M. Brown*

Zhonette M. Brown, D.C. Bar # 463407
Brian E. Gregg, CO Bar # 51063
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
Telephone: (303) 292-2021
Facsimile: (303) 292-1980
Email: zhonette@mslegal.org
brian@mslegal.org

*Counsel for Plaintiffs Andrew Brigida, Suzanne Rebich, Matthew Douglas-Cook*

/s/ *Michael W. Pearson*

Michael W. Pearson, DC Bar No. 997169
CURRY, PEARSON, & WOOTEN, PLC
814 West Roosevelt
Phoenix, Arizona 85007
(602) 258-1000 | (602) 523-9000 (facsimile)
mpearson@azlaw.com

*Counsel for Plaintiffs*

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director
Civil Division, Federal Programs Branch

/s/ *Michael Drezner* (with permission)

Michael Drezner (V.A. Bar No. 83836)
Trial Attorney
Galen N. Thorp (V.A. Bar No. 75517)
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Telephone: (202) 514-4781
Facsimile: (202) 616-8470
Email: galen.thorp@usdoj.gov

*Counsel for Defendants*