## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANDREW J. BRIGIDA; MATTHEW L. DOUGLAS-COOK | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 16-cv-2227 (DLF) |
| ELAINE L. CHAO, Secretary, U.S. Department of Transportation, | ) ) ) ) | |
| Defendant | ) | |

---

### [PROPOSED] AMENDED PROTECTIVE ORDER

---

Upon consideration of the Joint Motion for Entry of an Amended Protective Order by Plaintiffs Andrew J. Brigida and Matthew L. Douglas-Cook ("Plaintiffs") and Defendant Elaine L. Chao ("Defendant"), the Court finds that such an order will expedite the exchange of discovery material in the above-captioned matter (the "Litigation"), facilitate the prompt resolution of disputes over confidentiality,  protect students' rights to privacy, and protect discovery material, including third-party documents, entitled to be kept confidential.  Therefore, pursuant to the Privacy Act, 5 U.S.C. § 552a(b)(11), the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, 34 C.F.R. § 99.31(a)(9),  and Fed. R. Civ. P. 26(c), it is hereby ORDERED that the parties' Joint Motion for an Amended Protective Order is GRANTED, and it is FURTHER ORDERED that the following provisions shall govern the use and disclosure of documents and information covered by this Order:

1.      **Documents and Information Covered by this Order**

        (a)      This Order shall govern the use and disclosure of any document or information in

connection with this Litigation that constitutes or reflects information derived from:

(i)      Records subject to the requirements of the Privacy Act of 1974, 5 U.S.C. § 552a, which includes any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his or her education, financial transactions, medical history, and criminal or employment history that contains his or her name, or the identifying number, symbol, or other identifying particular assigned to the individual.

(ii)     Information concerning the educational, financial, or medical records or condition of or the personally identifiable information (such as but not limited to social security number, date of birth, residential addresses, personal email addresses, and personal telephone numbers) of plaintiffs, any putative class member, other individuals who have attended Collegiate Training Initiative ("CTI") schools, or any third-party subpoenaed for evidence in connection with this Litigation.

(iii)    Information provided by a third-party that contains non-public competitively sensitive commercial information, including, but not limited to, trade secrets or confidential research, development, or commercial or financial information as defined in Fed. R. Civ. P. 26(c)(1)G).

(b)     Documents or information reasonably determined to be within the scope of paragraph 1(a) by a Producing Party are hereinafter referred to as "Confidential Information." Confidential Information shall be marked by the Producing Party prior to production as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or with a similar marking in a way that brings its attention to a reasonable examiner. For any Confidential Information, such as computer data, whose medium makes such a marking impractical, the compact disc case, thumb-drive, or other data media and any accompanying paper or e-mail cover letter shall be marked "CONFIDENTIAL: SUBJECT TO

PROTECTIVE ORDER" or with a similar marking in a way that brings its attention to a reasonable examiner. Designation and marking of Confidential Information in accordance with this paragraph shall be deemed effective to bring information contained in such documents under the protection of this Order unless and until the Court orders otherwise.

(c)     Except as specified below, all information derived from Confidential Information, even if incorporated in another document or compilation or referred to in testimony, shall remain Confidential Information and shall continue to be subject to the requirements of this Order regardless of whether such document or compilation or testimony has been marked in accordance with paragraph 1(b). With respect to hearing, deposition, or trial transcripts of testimony or argument, any party asserting that the transcript contains Confidential Information shall notify the opposing party within thirty (30) days after the receipt of the transcript of the specific line and page numbers constituting Confidential Information. However, document summaries, statistical compilations, or other summaries of information covered by the Privacy Act or FERPA, that do not contain information by which specific individuals, including Plaintiffs or putative class members, can be identified (*e.g.*, by name, social security number, symbol, description, or other form of personal identification) are not covered by this Protective Order.

## 2.     Release of Privacy Act or FERPA Protected Information

(a)     Subject to the requirements of this Order, Defendant is authorized to release to Plaintiffs, to counsel for the parties, and to the Court in this case, Confidential Information containing information protected under the Privacy Act of 1974, 5 U.S.C. § 552a, without obtaining prior written consent of the individuals to whom the records pertain.

(b)     Defendant is also authorized, pursuant to the terms of this Order, to release to Plaintiffs, to counsel for the parties, and to the Court in this case, Privacy Act protected records

pertaining to Plaintiffs and putative class members, including employment records or other documents containing or referring to information pertaining to Plaintiffs and other putative class members.

(c)    CTI schools are authorized to release to the parties, counsel for the parties, and to the Court in this case, FERPA protected information pertaining to CTI students and graduates in response to a subpoena, provided that the CTI school complies with any applicable notification requirement.

**3.    Use and Disclosure of Confidential Information**

(a)    Unless otherwise ordered by a court, administrative agency, or other governmental or regulatory body of competent jurisdiction, or otherwise provided in this Order, Confidential Information received by a party during the course of this Litigation may be used only in connection with the prosecution or defense of this Litigation and for no other purpose.

(b)    Except upon the prior written consent of the Producing Party originally designating Confidential Information as containing information within the scope of paragraph 1(a) of this Order, or as otherwise expressly provided in this Order, Confidential Information may be disclosed only to the following persons:

(i)    Counsel who are engaged in the conduct of this Litigation on behalf of the named parties;

(ii)    Partners, associates, and legal assistants of any person described in subsection 3(b)(i), but only to the extent necessary to render professional services in connection with this Litigation;

(iii)    Secretaries and other clerical staff of any person described in subsection 3(b)(i), but only to the extent necessary to render professional services in connection with this

Litigation;

      (iv)     The Court, its staff, and court officials involved in this Litigation (including court reporters or persons operating video equipment at depositions), and any mediators and their staff appointed by the Court or agreed to in writing by the parties in the Litigation;

      (v)     Named Plaintiffs Andrew J. Brigida and Matthew L. Douglas-Cook;

      (vi)     Witnesses at deposition or trial to the extent necessary for that purpose;

      (vii)     Witnesses in preparation for deposition or trial to the extent necessary for that purpose;

      (viii)     Outside consultants or experts, including other professional and clerical staff at the outside expert's or outside consultant's firm, consulting group, or company, retained for the purpose of assisting counsel in this Litigation to the extent necessary for that purpose; and

      (ix)     Third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this Litigation, including the performance of such duties in relation to a computerized Litigation support system, but only to the extent necessary to render such services.

     (c)     Before disclosure of any Confidential Information is made to any person described in subsections 3(b)(v)-(ix) such person shall sign the Confidentiality Undertaking attached hereto as **Exhibit A**. Unless otherwise ordered by the Court, in the event that any such person (with the exception of Plaintiffs, or Defendant) described in subsections 3(b)(v)-(ix) refuses to sign the Confidentiality Undertaking no Confidential Information may be disclosed to such person except with the prior written consent of the Producing Party and subject to any procedures that the Producing Party may require to maintain the confidentiality of such Confidential Information.

     (d)     All executed Confidentiality Undertaking forms shall be retained by Counsel for the

party which obtained the Undertaking until such time as this Litigation, including all appeals, is concluded and shall be available to the other party, or his agents or counsel, upon request to the Court for good cause shown.

**4.     Inadvertent Failure to Designate and Inadvertent Disclosure**

(a)     Inadvertent Failure to Designate.  A Producing Person may notify the receiving party that a document or information produced in discovery that should have been designated as Confidential Information was inadvertently produced without being designated as such.  Upon receiving such notice from the Producing Party, the party receiving such notice shall immediately treat the documents and information as if it had been so designated and shall place the appropriate designation on the document within five (5) business days of receipt of such notice.  No party shall be deemed to have violated this Order if, prior to notification of any later designation, such documents or information have been disclosed or used in a manner inconsistent with the later designation.  Once such a designation has been made, however, the relevant documents and information shall be treated as Confidential Information in accordance with this Order.

(b)     Inadvertent Disclosure.  If a receiving party discloses Confidential Information to any person not authorized to receive such disclosure the receiving party must, upon learning that such disclosure has been made: (1) inform the Producing Party that originally designated the information as being within the scope of paragraph 1(a) of this Order of the disclosure, including the facts and circumstances of such disclosure; and, (2) request the return of the Confidential Information and seek to minimize any further unauthorized disclosure.

**5.     Filing of Confidential Information**

(a)     Redaction or Filing Under Seal:  Those portions of pleadings, motions, affidavits, briefs, exhibits, and other papers filed with or submitted to the Court that contain Confidential

Information shall be redacted or filed separately with a motion for filing under seal in accordance with LCvR 5.1(h).  If filed under seal, the filing shall remain under seal (i) unless otherwise ordered by this Court upon notice to the parties, or (ii) unless the party who originally designated the information included or used in the filing as being within the scope of paragraph 1(a) of this order consents in writing to its unsealing, in which case the contents of the filing shall be unsealed to the extent of such consent.

(b)     Except at trial, prior to using any Confidential Information in open court, counsel shall confer regarding such procedures as are necessary to protect the nondisclosure of the subject discovery material, including, without limitation, providing the party or third-party who originally designated the material as within the scope of paragraph 1(a) of this Order with an opportunity to move the Court to close the proceedings.  Nothing herein, however, shall prevent a party from opposing any such motion to close the proceedings.

## 6.     Use of Confidential Information at Trial

Nothing in this Order shall be construed as limiting the right of either party to introduce Confidential Information into evidence at trial, subject to the Rules of Evidence and such privacy protections as the presiding Judge may deem appropriate.  Either party may approach the Court before trial to propose a plan for the use of Confidential Information at trial.  Nothing herein, however, shall prevent party from opposing any such plan.

## 7.     Further Requests for Production

Any person or party receiving Confidential Information that receives a request or subpoena for production or disclosure of such information shall promptly give notice by email to the Producing Party that originally designated such information as being within the scope of paragraph 1(a) of this Order identifying the information sought and enclosing a copy of the subpoena or

request.  Provided that the Producing Party makes a timely motion or other application for relief

from the subpoena or other request in the appropriate forum, the person or party subject to the

subpoena or other request shall not produce or disclose the requested information without consent of

the Producing Party or until ordered by a court of competent jurisdiction.

**8.      Order Not to Be Construed as a Waiver**

In addition, each party reserves the right to move to modify the terms of this Order at any

time.  By consenting to this Order, no party hereto shall be deemed to have waived its right to seek a

Protective Order with respect to any documents or information, regardless of whether such

documents or information fall within the scope of this Order, and each party reserves the right to

oppose any motion to modify the terms of the Order.  Nothing in this Order shall be construed as a

waiver of a party's right to challenge by motion a party's designation of materials as "Confidential

Information" subject to this Protective Order or to challenge a motion to file a document under seal

or move to unseal documents so filed.  Nothing in this Order is intended to constitute an agreement

regarding the scope of discovery.  This Order does not constitute a ruling on the question of whether

any particular document or category of information is properly discoverable and does not constitute

a ruling on any potential objection to the discoverability, relevance, or admissibility of any

documents or other material sought in discovery, and the parties reserve their right to object to

discovery on any appropriate ground.

**9.      Miscellaneous Provisions**

The Parties intend that this Order shall be consistent with the Federal Rules of Civil

Procedure and the Local Rules, except as its terms otherwise provide. For purposes of computing any

period of time under this Order, the provisions of Fed. R. Civ. P. 6 shall apply.  Nothing in this Order

shall prevent disclosure as required by law or compelled by order of any court.  Nothing in this order

shall be construed to permit the disclosure of classified information or information the disclosure of which is prohibited by statute.

**10.    Termination of Litigation**

The provisions of this Order shall continue to be binding after final termination of this Litigation. Within forty-five (45) days after final conclusion of all aspects of this Litigation, including any appeals and/or the administration of any settlement or claims provisions or processes, any party or person who received Confidential Information must certify to the opposing and Producing Party that such Confidential Information, (i) has been returned to the Producing Party, or (ii) has been destroyed (other than counsel's copies of exhibits filed under seal with the Court, counsel's file copies of papers prepared in connection with this action, *e.g.*, pleadings, court papers and other papers served in this Litigation, and counsel's file copies of expert reports, depositions and trial transcripts, and any other documents and records that are required to be retained by Defendant under the Federal Records Act or any other applicable federal law or regulation).

**11.    Producing Parties' Reliance on Order**

Production of Confidential Information will be made in express reliance upon the terms of this Order.

**12.    Consent to Jurisdiction**

Any person or party receiving any Confidential Information in accordance with any provision of this Order hereby agrees to subject himself or herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

13. **Additional Parties**

The terms of this Order shall be binding upon all current and future parties to the Litigation and their counsel.

14. **Use of Own Information**

Nothing in this Order shall impose any restriction on the use of or disclosure by a party of its own information, including the use of or disclosure by Defendant or Defendant's employees of information subject to the requirements of the Privacy Act.  Nor shall this Order be construed to prevent a party from disclosing a Confidential Information to any person whom the document clearly identifies as an author, addressee, or carbon copy recipient of such document.

15. **Binding on Parties**

Execution of this Protective Order by counsel for a party shall constitute a representation by counsel that they, all persons employed by their firm who have access to Confidential Information, and the party or parties they represent will abide by the terms of this Protective Order and will subject themselves to the jurisdiction of this Court for purposes of enforcement and disciplinary action.

AGREED TO BY:

/s/ *Zhonette M. Brown*
Zhonette M. Brown, D.C. Bar # 463407
MOUNTAIN STATES LEGAL
FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
Telephone:  (303) 292-2021
Facsimile:  (303) 292-1980
Email:  zhonette@mslegal.org
       brian@mslegal.org

*Counsel for Plaintiffs Andrew Brigida and*
*Matthew L. Douglas-Cook*


/s/ *Michael W. Pearson*
Michael W. Pearson, DC Bar No. 997169
CURRY, PEARSON, & WOOTEN, PLC
814 West Roosevelt
Phoenix, Arizona 85007
(602) 258-1000
(602) 523-9000 (facsimile)
mpearson@azlaw.com

*Counsel for Plaintiffs*

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director
Civil Division, Federal Programs Branch

/s/ *Galen N. Thorp*
GALEN N. THORP (V.A. Bar No. 75517)
Senior Trial Counsel
MICHAEL DREZNER (V.A. Bar No. 83836)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Telephone: (202) 514-4781
Facsimile: (202) 616-8470
Email: galen.thorp@usdoj.gov

*Counsel for Defendants*


ORDERED this_____day of_____, 2020.


_____
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANDREW J. BRIGIDA; MATTHEW L. DOUGLAS-COOK | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| ELAINE L. CHAO, Secretary, U.S. Department of Transportation, | ) ) ) ) | Case No. 16-cv-2227 (DLF) |
| Defendant | | |

## CONFIDENTIALITY UNDERTAKING

I hereby certify that: (i) I have read the Amended Protective Order (the "Order") that has been entered by the Court in the above-captioned matter, and I understand its terms; (ii) I understand that Confidential Information subject to the terms of the Order is being provided to me pursuant to the terms of the Order; (iii) I agree to be fully bound by the provisions of the Order, including its provisions restricting disclosure of Confidential Information under the Order and limiting the use of such material; (iv) I hereby submit to the jurisdiction of the United States District Court for the District of Columbia for purposes of enforcement of the Order; and (v) I understand that violation of the Order may be punishable by contempt of Court and may be subject to such further relief as the Court may order.


Dated:_____      Signature:_____


Print name:_____