# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW J. BRIGIDA; MATTHEW L. DOUGLAS-COOK,<br><br>Plaintiffs,<br><br>vs.<br><br>PETE BUTTIGIEG, Secretary, U.S. Department of Transportation,[1]<br><br>Defendant | Case No. 16-cv-2227 (DLF) |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order issued January 25, 2021, the parties conferred via telephone and email on March 11, 2021 to discuss outstanding issues regarding class certification discovery in this matter. The parties report the following:

Pursuant to the parties' January 19, 2021 conferral, Plaintiffs have served document subpoenas on the remaining schools participating in the CTI program in 2013 and still currently in operation. The last production from the CTI schools is currently due April 9, 2021, but Plaintiffs have provided several extensions to schools in order to accommodate difficulties related to the COVID-19 pandemic, providing notice to students under the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and other administrative issues that may delay subpoena compliance. These CTI school subpoenas were tailored to obtain information about potential class members that Defendant had not yet located or produced. Plaintiffs have not yet received responses

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the caption is updated to reflect the fact that Pete Buttigieg was sworn in as Secretary of Transportation on February 3, 2021.

from all schools, and it may be necessary to move to compel responses from some schools in the future. The parties have agreed that Defendant may serve a document request on Plaintiffs to obtain documents in Plaintiffs' possession as produced by the CTI schools in response to the subpoenas, and Plaintiffs will produce, at a minimum, any documents concerning class certification, subject to Plaintiff's reservation of all other objections.

Also since the last conferral, Defendant conducted a further review of documents in its possession to identify information concerning any additional recommendations by CTI schools that had not yet been produced. On February 23, 2021, Defendant indicated that it had identified additional documents that it intended to produce. During the parties' conferral on March 11, 2021, counsel for Defendant indicated that Defendant would submit a fourth production sometime next week. Not having reviewed this upcoming production, Plaintiffs continue to reserve without waiving potential objections they may have regarding the production.

**Additional Third-Party Subpoenas**

*Plaintiffs' Position:* Within the next few days Plaintiffs intend to initiate service of document subpoenas on third parties involved with the 2012–2016 changes to the ATCS hiring process and defending those changes to critics—APT Metrics, Outtz & Associates, the custodian of Dr. Paul Hanges' email communications addressing his work for the FAA, the University of Maryland, and the National Black Coalition of Federal Aviation Employees (NBCFAE).

The subpoenas are not premature. The events at issue in this case started over a decade ago. At that time the FAA was experiencing internal and external pressure to increase its diversity. Some of the internal and external pressure came from the members and executives of the NBCFAE. Other pressure arose from other agencies, from executive action, and other FAA special interest groups. APT Metrics and Outtz and Associates, including Dr. Outtz and Dr. Hanges, were

contractors the FAA used to justify, implement, adjust, and defend its hiring changes.  Given the lapse of time since these events took place, there is a significant and ever-increasing risk that the evidence relevant to this case will be damaged or destroyed.  Plaintiffs intend to serve third party subpoenas in order to ensure that existing evidence continues to be available.  Moreover, the subpoenas are not premature under the Federal Rules of Civil Procedure, which do not automatically provide for staged class and merits discovery.

Further, serving these subpoenas will not impose an unnecessary burden on third parties.  No matter how Defendant's partial motion to dismiss is resolved, no matter how an eventual motion for class certification is resolved, Plaintiffs will move forward with their claim that the FAA engaged in discriminatory treatment; that the FAA changed the ATC hiring process with the intent of discriminating against them based on race.  The communications from and involvement of the third parties concerning this topic are expected to provide direct evidence of the pressure being put on the FAA, and circumstantial evidence of the FAA's submission to, perhaps even encouragement of, that pressure.  Moreover, the FAA has repeatedly represented that due to technical limitations, the FAA is likely to have limited ability to access and produce communications from the early portion of the time period at issue.

More fundamentally, Defendant's argument reveals a substantial disagreement in the parties' view of what may be relevant in this case. Defendant asserts that Plaintiffs' claim "largely turns on whether the [BA/BQ] in fact favored African Americans over non-African Americans." But that would be a discriminatory impact claim, not discriminatory treatment.  In fact, Plaintiffs' claims turn on whether the FAA manipulated the ATC hiring process in furtherance of its discriminatory *intent.* It is not just what the FAA did and what impact those changes had that are

3

at issue.  Rather, the heart of Plaintiffs' case is *why* the FAA took the actions it did and whether those actions harmed the Plaintiffs in this case.

As to Defendant's assertion that it is entitled to preemptively review its contractors' responses to subpoenas for privilege, such assertion does not make the service of the subpoenas inappropriate.  Defendant may contact its contractors and assert whatever rights it may have concerning the contractors' documents.  Defendant does not go so far as asserting that it has possession, custody, and control over all of its contractors' documents and in the absence such assertion and related assurance that the documents are being preserved appropriately, the subpoenas are necessary.  Moreover, whatever documents may belong to the contractors should be associated with the contractors as custodians because identifying the appropriate custodian may impact whether privileges are correctly applied.

***Defendant's Position:***  Defendant objects to these proposed third party subpoenas as premature because the Court has not granted merits discovery.  Plaintiffs have an obligation to take "reasonable steps to avoid imposing undue burden or expense" on third parties.  Fed. R. Civ. P. 45(d)(1).  They do not claim that they need this discovery for class certification.  The need for and appropriate scope of any such discovery will be affected both by the Court's ruling on Defendant's pending motion to dismiss and whether the Court certifies a class action.  For example, if the Court dismisses Plaintiffs' hiring preference claim, Plaintiffs' sole remaining claim would not appear to justify a broad subpoena to the NBCFAE.  Plaintiffs' challenge to whether the 2014 Biographical Assessment constituted intentional discrimination largely turns on whether the test in fact favored African Americans over non-African Americans, which has nothing to do with the NBCFAE's advocacy for changes to the hiring process.

4

Moreover, Defendant objects to subpoenas directed to the industrial psychologists with whom FAA contracted. Requests for these documents should be routed through the FAA because they would exclusively involve documents concerning performance of those FAA contracts and implicate the FAA's privileges. *See, e.g.*, *Rojas v. FAA*, _ F.3d _, 2021 WL 788480 (9th Cir. Mar. 2, 2021) (holding that some documents prepared by APT Metrics for the FAA are subject to the attorney work product privilege); *Bush v. Ruth's Chris Steak House, Inc.*, 286 F.R.D. 1, 5-6 (D.D.C. 2012) (addressing Title VII discovery involving third party vendors). The FAA should have an opportunity to review the documents and assert any applicable privileges.

Finally, Defendant also objects to Plaintiffs' suggestion that they are entitled to seek third-party discovery about changes to the ATCS hiring process implemented in 2015 and 2016, because the hiring process in 2015 and 2016 is outside the scope of this litigation. Plaintiffs allege in their Fourth Amended Complaint that they were injured by the ATCS hiring process in 2014. *See* 4th Am. Compl. ¶¶ 197-208, ECF No. 114. They do not allege any injury as a result of the hiring process in either 2015 or 2016. Thus, the hiring process in both 2015 and 2016 does not appear to be related to any of the claims or defenses in this case. And to the extent that Plaintiffs may speculate that the hiring process in either 2015 or 2016 is relevant to Defendant's defenses to the allegations in their Fourth Amended Complaint, such assertion would be premature as Defendant filed a partial motion to dismiss and has not yet answered the Fourth Amended Complaint.

**Timing For Filing Motion to Certify a Class**

***Plaintiffs' Position:*** Unless precluded by the Court, Plaintiffs intend to file their motion to certify a class on April 29, 2021. Plaintiffs seek to continue the timely advancement of this case. Plaintiffs anticipate that the Court's eventual ruling on the pending partial motion to dismiss will have little impact on the class certification analysis. To the extent that the presence or absence

of Plaintiffs' qualifications claim affects class certification factors, the parties can brief and, if needed, the Court may consider those issues specifically.

To the extent that Plaintiffs intend to supply expert witness testimony in support of their motion for class certification, Plaintiffs will serve such report(s) on Defendant on or before April 15, 2021.

Plaintiffs are willing to provide Defendant an extension of time to serve an expert report and file its opposition to the motion for class certification. Plaintiffs agree that Defendant's expert report(s) may be due on June 15, 2021 and opposition to motion to certify the class may be due on July 15, 2021, roughly the 60 and 90 days that Defendant requests.

***Defendant's Position:***

First of all, it would best serve judicial economy for the parties to await the Court's ruling rather than adopt an approach likely to require supplemental briefing on recently filed class certification briefs after that ruling. Second, it is inefficient to require Defendant to brief issues that likely will be mooted by Defendant's pending motion and prejudicial to require class certification briefing while the motion to dismiss remains pending. Defendant's anticipated objections to class certification will be significantly affected by whether Plaintiffs' class complaint continues to include the hiring preference claim or only the Biographical Assessment claim.

Third, it is inefficient and prejudicial to require the Defendant to respond to Plaintiffs' class certification motion before precertification discovery is complete. Plaintiffs have agreed to produce to Defendant the documents relevant to class certification that they receive in response to their third party subpoenas. But, their description of delays relating to those documents strongly suggests that they will not actually receive all of those documents before April 29, let alone produce them to Defendant. Moreover, if Plaintiffs do decide to rely upon expert witness

testimony, time is needed for the Defendant to retain experts, prepare expert rebuttal report(s), and depose Plaintiffs' experts. Thus, if Plaintiffs decide to rely upon expert witnesses, precertification discovery clearly cannot be completed by April 29. Even if Plaintiffs are willing to proceed with their motion before their experts are deposed or Plaintiffs receive Defendant's expert rebuttal report(s), Defendant should not be prejudiced by artificially limiting the relevant time period.

For these reasons, if the Court permits Plaintiffs to file their class certification motion on April 29, 2021, and to serve any expert reports by April 15, 2021, Defendant requests: (1) that Defendant's rebuttal expert reports not be due until 60 days after either the date upon which the Court rules on the pending motion to dismiss or the service of Plaintiffs' expert reports, whichever is later; and (2) that Defendant's opposition to class certification not be due until 90 days after either the date upon which the Court rules on the pending motion to dismiss or the service of Plaintiffs' expert reports, whichever is later.

Respectfully submitted,                                             DATED: March 12, 2021

/s/ Zhonette M. Brown
Zhonette M. Brown, D.C. Bar # 463407
David C. McDonald, D.C. Bar # CO0079
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
Telephone: (303) 292-2021
Email: zhonette@mslegal.org
Email: dmcdonald@mslegal.org


/s/ Michael W. Pearson [with permission]
Michael W. Pearson, DC Bar No. 997169
CURRY, PEARSON, & WOOTEN, PLC
814 West Roosevelt
Phoenix, Arizona 85007
Telephone: (602) 258-1000
Email: mpearson@azlaw.com
*Counsel for Plaintiffs Andrew Brigida and Matthew Douglas-Cook*

BRIAN M. BOYNTON
Acting Assistant Attorney General
CARLOTTA P. WELLS
Assistant Director
Civil Division, Federal Programs Branch

/s/ Galen N. Thorp [with permission]
Galen N. Thorp (V.A. Bar No. 75517)
Senior Trial Counsel
Michael Drezner (V.A. Bar No. 83836)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Telephone: (202) 514-4781
Facsimile: (202) 616-8470
Email: galen.thorp@usdoj.gov

*Counsel for Defendant*