UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW J. BRIGIDA; MATTHEW L. DOUGLAS-COOK,<br><br>Plaintiffs,<br><br>vs.<br><br>PETE BUTTIGIEG, Secretary, U.S. Department of Transportation,<br><br>Defendant | Case No. 16-cv-2227 (DLF) |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order issued May 17, 2021, the parties conferred via telephone and email on May 24, 2021, and followed up by email, to discuss a proposed schedule for further proceedings. The parties report the following:

**Motion for Class Certification**

The parties propose the following schedule for expert discovery concerning class certification issues and for class certification briefing:

- June 10, 2021 – Deadline for plaintiffs to disclose any expert opinions in support of class certification

- July 23, 2021 – Deadline for defendant to depose plaintiffs' expert and to disclose any expert opinions in opposition to class certification

- August 20, 2021 - Deadline for plaintiffs to depose defendant's expert

- September 10, 2021 – Deadline for plaintiffs to file motion for class certification

- October 15, 2021 – Deadline for defendant to file opposition to class certification

- October 29, 2021 – Deadline for plaintiffs to file reply in support of class certification

- Hearing on motion for class certification to be set at Court's discretion

To expedite the resolution of class certification briefing, the parties explored whether there could be any stipulations concerning class certification. Defendant agreed to stipulate that the proposed class satisfies the Rule 23 numerosity requirement. Defendant states that at this time he will not stipulate to other requirements of Federal Rule of Civil Procedure 23. Defendant further states that he may reconsider after reviewing the arguments in plaintiffs' motion for class certification.

**Status of CTI Subpoenas**

On May 19, 2021, plaintiffs provided the FAA with a supplemental production of documents produced by CTI schools since plaintiffs' first production. Plaintiffs will continue to work with the CTI schools to determine whether any additional discovery is required from the CTI schools prior to the completion of briefing on class certification. Any further subpoena responses from the CTI schools will be in turn produced to defendant as a supplemental document production.

**Need For Additional Class Certification Discovery**

*Plaintiffs' Position:*

Plaintiffs requested defendant to identify whether he would assert any new bases, not previously asserted, for opposing class certification. As plaintiffs understand defendant's position, he claims he cannot identify the bases for opposing class certification until he sees the class certification brief. Plaintiffs therefore cannot know whether defendant will raise new factual claims to oppose class certification. Thus, while plaintiffs do not at this time anticipate the need for additional factual discovery prior to the completion of the class certification briefing, if

defendant's opposition asserts new, undisclosed factual bases for opposing class certification, plaintiffs may seek discovery such as deposing any declarants and/or may request that the class certification hearing be conducted as an evidentiary hearing.

In response to defendant's opposition to additional discovery, plaintiffs note that in the interest of efficiency they will forego additional discovery if they can fairly do so without being subject to unfair surprise, however the purpose of their prior conferrals was to identify whether further class certification discovery was necessary. Unfortunately, plaintiffs cannot make that determination if defendant's arguments are undetermined and so undisclosed. Plaintiffs further note that not one of the FOIA requests defendant alludes to was addressed to the question of class certification for the class before the court and that the FOIA productions were subject to massive redactions, massive duplication, frequent exclusion of attachments and of course lacked meta-data.

### *Defendant's Position:*

Defendant objects to Plaintiffs' suggestion that they should be allowed to conduct even more pre-certification factual discovery after the filing of Defendant's brief in October 2021. It is Plaintiffs burden to justify class certification, and Defendant is not in a position to judge in advance the reasons that Plaintiffs' proposed motion for class certification may be defective. Out of a desire to move this litigation forward and in the interest of compromise and cooperation, Defendant has responded to limited pre-certification discovery requests and worked with Plaintiffs on setting a schedule for pre-certification expert discovery. Plaintiffs have identified no further issues requiring pre-certification discovery.

Plaintiffs have received many thousands of pages of material, consisting of responses to third party subpoenas, documents and extensive data Defendants produced in pre-certification discovery, and responses to over 100 FOIA requests (and the FOIA responses by themselves total

more than 50,000 pages). Absent direction from plaintiffs, Defendant cannot comprehend what additional pre-certification discovery Plaintiffs could possibly need to support their motion for class certification.

**Merits Discovery**

The parties agree to conduct a Rule 26 conferral regarding merits discovery and provide a report to the Court no later than August 27, 2021, proposing a schedule for discovery and any matters needed to facilitate discovery. The parties disagree regarding whether document subpoenas should be issued to third parties at this time.

*Plaintiffs' Position:*

Plaintiffs request that merits discover begin and specifically request leave to initiate service of document subpoenas on certain third parties involved with the 2012–2016 changes to the ATCS hiring process and defending those changes to members of Congress and other stakeholders—APT Metrics, Outtz & Associates, the custodian of Dr. Paul Hanges' email communications addressing his work for the FAA, the University of Maryland, and the National Black Coalition of Federal Aviation Employees (NBCFAE).

Merits discovery should proceed even while class certification is being resolved for many reasons, including, for example:

- The events at issue in this case started over a decade ago. Given the lapse of time since these events took place, there is a significant and ever-increasing risk that the evidence relevant to this case, particularly evidence in the custody of third-parties, will be damaged or destroyed.

- Defendant has estimated that discovery in this case may take approximately two years. *See* ECF No. 96 at 13. Plaintiffs were initially optimistic that discovery

- could be completed sooner, *id.* at 11, however experience thus far, including the limited class certification discovery that has occurred, has dampened plaintiffs' optimism and plaintiffs agree that merits discovery could consume up to two years.

- Regardless of the outcome of class certification, plaintiffs intend to prosecute the case, at a minimum as to the named plaintiffs. Merits discovery is inevitable and beginning merits discovery, even if limited to the named plaintiffs, will allow the parties to more timely identify and address potential e-discovery issues and discovery disputes.

- There are a number of technical issues that need to be resolved concerning e-discovery. Defendant has foreshadowed limited ability to obtain documents from the key period of when the Barrier Analysis and the Extension to the Barrier Analysis were solicited, researched, and drafted. For the reasons pleaded in the Complaint, plaintiffs expect documents from this period to provide critical evidence of motive/intent. Also, defendant's class certification production, particularly lack of email threading, the lack of certain metadata and custodian data, and the approach to identifying and managing duplicate documents caused plaintiffs concern. Allowing merits discovery to begin will allow the parties to work through some of these issues.

- The limited discovery discussions between the parties and on the record with the Court indicate that unfortunately the parties are likely to have fundamental and substantial discovery disputes. In particular, defendant has resisted the idea of providing initial disclosures collected specifically for purposes of this case and it is evident that defendant will resist discovery that plaintiffs view as relevant to the

question of whether defendant, through its agents, acted with a discriminatory intent.

For these and other reasons previously set forth in the parties' status reports and plaintiffs' discovery motions, plaintiffs request that merits discovery begin, at least as to the named plaintiffs, to permit the parties, and if necessary the Court, to identify and resolve issues that may impede discovery and the progression of this case to an ultimate resolution.

In response to defendant's statements below, plaintiffs provide Exhibit 1, demonstrating Dr. Hanges' use of the University of Maryland email system for his work on behalf of the FAA. It is anticipated that the University of Maryland has a more robust document retention system than Dr. Hanges may have individually.

As it relates to initial disclosures, plaintiffs request separate briefing before any decision is made concerning the need for initial disclosures, but provide as Exhibit 2, one example of why the FOIA document productions are unsuitable for use as discovery in this case. Please note the extensive redactions and the lack of document unitization. The FOIA document productions also do not provide metadata, custodian information, or meet other requirements a party must satisfy in civil discovery. Further, the FOIA requests were made for a wide variety of purposes and most of the information produced is either irrelevant to this case or semi-useless as a result of the heavy redactions.

As to discovery concerning the named plaintiffs, plaintiffs request that the parties at least exchange the initial disclosures they would be required to provide were this case limited to the named plaintiffs. Based on defendant's arguments below, plaintiffs understand that defendant would be unwilling to provide any such disclosures even at the merits phase.

*Defendant's Position:*

Third Party Subpoenas

Defendant has requested that APT Metrics and Dr. Paul Hanges provide the FAA with all documents relevant to their work on the Air Traffic Control Specialist barrier analyses and the 2014 Biographical Assessment. Defendant believes that Dr. James Outtz's records were not preserved after his death in March 2016. Because the information Plaintiffs seek from these third parties was created pursuant to their contracts with the FAA, it implicates issues relating to FAA ownership of the information, including whether it may be appropriate to assert privileges on the agency's behalf. For these reasons, as Defendant has explained, this information should be exchanged through party discovery rather than third party subpoenas. *See, e.g.*, ECF No. 127 at 5 (citing *Rojas v. FAA*, 989 F.3d 666 (9th Cir. 2021) (holding that some documents prepared by APT Metrics for the FAA are subject to the attorney work product privilege); *Bush v. Ruth's Chris Steak House, Inc.*, 286 F.R.D. 1, 5-6 (D.D.C. 2012) (addressing Title VII discovery involving third party vendors)). Plaintiffs also identify no basis for subpoenaing the University of Maryland instead of Dr. Hanges, because his work on the barrier analysis was not conducted under the auspices of the university. Furthermore, there is no need for Plaintiffs to serve discovery regarding this information in advance of the parties' proposed August report setting a schedule for merits discovery. Review of these contractors' documents is expected to require substantial time and it would be unwarranted for Defendant to be burdened by this task while completing expert discovery so that class certification can be briefed. Likewise, Defendant proposes that any subpoena to the NBCFAE be served after the parties' proposed August report.

Initial Disclosures

According to the *Notes of Advisory Committee on Rules – 1993 Amendment,* "a major purpose" of initial disclosures is to "accelerate the exchange of basic information about the case." The provision of such "basic information" (and then some) has already transpired in this case. Mr. Pearson represents Jorge Rojas, a graduate of a CTI school, who has served the FAA with a barrage of over 100 FOIA requests. Though not a substitute for discovery, the FAA has produced over 50,000 pages in response to those FOIA requests and continues to spend significant resources supplementing those responses on a monthly basis with hundreds of additional pages each month. The fact that Plaintiffs have acquired "basic information" in response to these requests is reflected in their detailed Fourth Amended and Supplemental Class Action Complaint, which cites numerous FAA documents, including email communications from the "key period" that the FAA produced to Mr. Rojas in response to FOIA requests. *See, e.g.*, 4th Am. Compl. ¶ 97, ECF No. 114. Given the tens of thousands of pages Plaintiffs already have in their possession, Defendant does not believe that there is additional information that would be necessary to allow Plaintiffs to understand the scope of this case. In addition, as Rule 26(a)(1)(A)(ii) allows Defendant to describe "by category and location" the types of documents it may use to support its claims and defenses as an alternative to producing documents, Plaintiffs' counsel already has in their possession at least as much information as the Rule would require Defendant to produce as initial disclosures.

Conferring Over Merits Discovery

As indicated by the parties' agreement, Defendant favors conferring over discovery before the Court rules on Plaintiffs' second class certification motion. Defendant previously invited Plaintiffs to confer about how the parties can most efficiently conduct proportional discovery—especially with respect to electronic mail from the FAA's legacy email system that is stored on backup tapes or drives, key words, and key custodians. But, since proportionality will be informed

by the Court's ruling on class certification, Defendant believes that any discovery plan will need to be flexible in order to account the appropriate scale of the case if the Court denies class certification or certifies a narrower class than Plaintiffs propose.

Plaintiffs have identified a "technical issue" stemming from their dissatisfaction with the manner in which Defendant has produced emails from a legacy email system that were restored from backups. "[A] party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). The system that the FAA currently uses to restore emails from backup does not have email threading capability and apparently does not restore all of the metadata that Plaintiffs now seek; to produce the restored emails in the manner Plaintiffs seek would be unduly burdensome and cost prohibitive. Nevertheless, Defendant remains willing to discuss these issues with Plaintiffs to ensure that the parties can make the most efficient use of the available information.

<u>Discovery as to Named Plaintiffs</u>

Apart from asking for initial disclosures, Plaintiffs have not explained what they mean by discovery as to named Plaintiffs or the scope or proportionality of that discovery, especially since Plaintiffs already have obtained so much information relating to this case. At this point, given the substantial work proposed for this summer in preparation for class certification briefing, Defendant proposes that all merits discovery occur only after the parties' proposed August report to the Court.

| Respectfully submitted, | DATED: May 28, 2021 |
|---|---|

*/s/ Zhonette M. Brown*
Zhonette M. Brown, D.C. Bar # 463407
William E. Trachman, D.C. Bar # 502500
David C. McDonald, D.C. Bar # CO0079
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
Telephone: (303) 292-2021
Email: zhonette@mslegal.org
Email: dmcdonald@mslegal.org


*/s/ Michael W. Pearson [with permission]*
Michael W. Pearson, DC Bar No. 997169
CURRY, PEARSON, & WOOTEN, PLC
814 West Roosevelt
Phoenix, Arizona 85007
Telephone: (602) 258-1000
Email: mpearson@azlaw.com
*Counsel for Plaintiffs Andrew Brigida and Matthew Douglas-Cook*

BRIAN M. BOYNTON
Acting Assistant Attorney General
CARLOTTA P. WELLS
Assistant Director
Civil Division, Federal Programs Branch

*/s/ Galen N. Thorp [with permission]*
Galen N. Thorp (V.A. Bar No. 75517)
Senior Trial Counsel
Michael Drezner (V.A. Bar No. 83836)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Telephone: (202) 514-4781
Facsimile: (202) 616-8470
Email: galen.thorp@usdoj.gov

*Counsel for Defendant*