**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| ANDREW J. BRIGIDA; MATTHEW L. ) | |
| DOUGLAS-COOK ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 16-cv-2227 (DLF) |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| PETER P. M.  BUTTIGIEG, Secretary, U.S. ) | |
| Department of Transportation,[1] ) | |
| ) | |
| Defendant ) | |
| _____ ) | |

## ANSWER TO FOURTH AMENDED AND SUPPLEMENTAL CLASS COMPLAINT

Defendant, Peter P.M. Buttigieg, Secretary of the United States Department of

Transportation, by and through undersigned counsel, hereby answers Plaintiffs' Fourth Amended

and Supplemental Class Action Complaint (Complaint), ECF No. 114, as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part due to their failure to present said claims

to the Office of Civil Rights and/or the Departmental Office of Civil Rights within the requisite

time period.

### THIRD DEFENSE

This Court lacks jurisdiction in whole or in part over Plaintiffs' claims because of their

failure to exhaust available administrative remedies.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the caption is updated to reflect the fact that Peter P. M.
Buttigieg was sworn in as Secretary of Transportation on February 3, 2021.

## FOURTH DEFENSE

Plaintiff are barred in whole or in part from recovery because the same decisions Plaintiffs complain of would have been made regardless of whether race was a factor in the decisions.

## FIFTH DEFENSE

The FAA modified its pre-2014 hiring process for legitimate, nondiscriminatory reasons.

## SIXTH DEFENSE

The FAA adopted the Biographical Assessment for legitimate, nondiscriminatory reasons.

## SEVENTH DEFENSE

Plaintiffs are barred from recovery in whole or in part because of their failure to mitigate their damages.

## EIGHTH DEFENSE

Defendant answers the individually numbered paragraphs of the Complaint, using the same numbering contained in the Complaint, as follows:

The unnumbered introductory paragraphs contains Plaintiffs' characterization of this action and requires no response.

1.      This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

2.      Admitted.

3.      Admitted.

4.      Defendant is without sufficient knowledge or information to admit or deny the allegations in the first sentence of this paragraph.  The second sentence of the paragraph contains

Plaintiffs' characterization of this lawsuit, to which no response is required.

      5.     Defendant is without sufficient knowledge or information to admit or deny the allegations in the first sentence of this paragraph.  The second sentence of the paragraph contains Plaintiffs' characterization of this lawsuit, to which no response is required.

      6.     Defendant denies the first sentence, except to admit that Peter P. M. Buttigieg is the Secretary of the United States Department of Transportation (Department), which is a cabinet-level department within the Executive Branch of the federal government.  The second sentence is denied, except to admit that the Secretary oversees the components of the Department, including the FAA.  The third sentence constitutes Plaintiffs' characterization of this lawsuit, to which no response is required.

      7.     Admitted.

      8.     This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, it is admitted that this paragraph accurately quotes the legal provision and it is denied that § 2000e-2(a)(1) applies to federal agencies.

      9.     This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

      10.     This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

      11.     This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

      12.     This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

      13.     Admitted.

14.     This paragraph is denied, except to admit that the number of FAA employees who work in the Air Traffic Control Specialist (ATCS) workforce exceeds the number of FAA employees with any other job title, some people consider being an ATCS a desirable job, and some Air Traffic Control Specialists earn a six-figure salary and federal benefits.

15.     This paragraph is denied, except to admit that in the FAA's 10-Year Strategy for the Air Traffic Control Workforce 2013-2022, the FAA projected that the year-end headcount for Air Traffic Control Specialists for FY2012 was 15,211.

16.     Admitted.

17.     This paragraph is denied, except to admit that it accurately quotes page 1 of an FAA publication entitled "The Validity of the Air Traffic Selection and Training (AT-SAT) Test Battery in Operational Use," and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

18.     This paragraph is denied, except to admit that in the 1980s the FAA hired Air Traffic Control Specialist trainee applicants who had experience controlling air traffic in the military as well as applicants who had no prior experience controlling air traffic.

19.     This paragraph is denied, except to admit that in the 1980s the FAA used a two stage screening process for ATCS applicants and that less than 40% of the ATCS trainees successfully completed the second stage of the 2-stage screening process.

20.      This paragraph is denied, except to admit that the FAA published a document entitled "Flight Plan for Training: FAA Training Initiatives Management Plan" in 1989 and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

21.     This paragraph appears to be quoting an FAA publication entitled "Flight Plan for

Training: FAA Training Initiatives Management Plan" and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents. To the extent a response is required, this paragraph is denied.

22.    This paragraph appears to be quoting unspecified recruiting materials from 1991 and Defendant respectfully refers the Court to those materials for a complete and accurate statement of their contents. To the extent a response is required, this paragraph is denied.

23.    The first sentence is denied, except to admit that FAA Order 3120.26, entitled "Pre-Hire Air Traffic Control Demonstration Program," was issued in January 1991, and Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents. The second and third sentences are denied, except to admit that the quoted language appears in FAA Order 3120.26.

24.    This paragraph is denied, except to admit that the FAA has entered into agreements with colleges and universities who participate in the Air Traffic Collegiate Training Initiative (AT-CTI).

25.    This paragraph is denied, except to admit that the FAA provided a curriculum for approximately 200 hours of instruction to institutions participating in the AT-CTI program.

26.    This paragraph is denied, except to admit that the FAA created the AT-CTI Program to prepare students to pursue their goal of a career in aviation; that the FAA has used the AT-CTI as a hiring source; and that the FAA has stated, "[t]he FAA hopes to employ all eligible AT-CTI graduates but cannot guarantee that all will be hired."

27.    Denied.

28.    This paragraph is denied, except to admit that between 2005 and 2016, graduates of AT-CTI programs were required to have taken a validated air traffic aptitude test, known as

the Air Traffic Control Selection and Training examination (AT-SAT) in order to be eligible for

employment as an Air Traffic Control Specialist trainee.

29.    This paragraph is denied, except to admit that the AT-SAT is a valid predictor of

achievement of CPC status at the first assigned field facility.

30.    This paragraph is denied, except to admit that the AT-SAT consisted of 8

subtests—Dials (DI); Applied Math (AM); Scan (SC); Angles (AN); Letter Factory Test (LF);

Air Traffic Scenarios Test (ATST); Analogies (AY); and the Experience Questionnaire (EQ)—

and that the AT-SAT was a valid predictor of achievement of CPC status at the first assigned

facility.

31.    This paragraph is denied, except to admit that the AT-SAT consisted of 8

subtests—Dials (DI); Applied Math (AM); Scan (SC); Angles (AN); Letter Factory Test (LF);

Air Traffic Scenarios Test (ATST); Analogies (AY); and the Experience Questionnaire (EQ)—

and that the AT-SAT was a valid predictor of achievement of CPC status at the first assigned

facility.

32.    This paragraph is denied, except to admit (1) if AT-CTI students wanted to take

the AT-SAT prior to applying for an AT-CTI only vacancy announcement, they were required to

be United States citizens and be within one year of completing a degree at an AT-CTI participant

institution and (2) if AT-CTI graduates applied for ATCS employment with the FAA, applicants

who scored 85 and above were in the well-qualified band and applicants who scored between 85

and 70 were in the qualified band.

33.    This paragraph is denied, except to admit that the FAA documented the validity of

the AT-SAT in 2000 and 2001; examined the validity of the AT-SAT when it was reweighted;

and examined the validity of the AT-SAT as a predictor of training outcomes in March 2013.

34.     This paragraph is denied, except to admit that between 2008 and 2013, the FAA used several different hiring sources for ATCS trainee positions, including but not limited to AT-CTI, General Public and Veterans Recruitment Appointment (VRA).

35.     This paragraph is denied, except to admit that only AT-CTI graduates who were U.S. citizens, passed the validated AT-SAT assessment, had an unexpired AT-SAT score, had not aged out of eligibility, and received a recommendation from their school were eligible to apply to vacancy announcements limited to the AT-CTI hiring source.

36.     Admitted.

37.     The first sentence is denied, except to admit that it appears to be referring to the Barrier Analysis of Air Traffic Control Specialist Centralized Hiring Process and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.  The second sentence is denied.

38.     Denied.

39.     Denied.

40.     This paragraph is denied, except to admit that the AT-CTI program started with five institutions in 1991, grew to 13 by 1997, and increased to 36 between 2007 and 2010.

41.     This paragraph is denied, except to admit that the FAA hired from both general public and AT-CTI only vacancy announcements between 2008 and 2012.

42.     This paragraph is denied, except to admit that the charter of the FAA Independent Review Panel on Air Traffic Control Specialist Training states, "The purpose of this Panel is to review the Federal Aviation Administration's (FAA) air traffic control technical training program, as well as the screening and assignment processes. The Panel will provide recommendations to the Administrator based on the results of the review."

43.    The first sentence is admitted.  It is admitted that the second sentence quotes from the Final Report of the FAA Independent Review Panel on the Selection, Assignment and Training of Air Traffic Control Specialists and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

44.    The first sentence is denied, except to admit that the Independent Review Panel recommended changes to ATCS hiring, including evaluation of and ranking CTI Institutions. The second sentence is denied, except to admit that the Independent Review Panel's Final Report recommended an algorithm for ranking ATCS candidates, and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.  The third sentence is denied, except to admit that the Independent Review Panel's Final Report, speculated without evidence that differences among CTI Institutions were "quite likely the strongest predictor of success in training," and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

45.    This paragraph is denied except to admit that Public Law No. 112-95, Section 609(a) required FAA to provide a report on its ATCS training strategy and improvement plan; to further admit that the FAA submitted its report entitled Adequacy of the National Training Programs for Air Traffic Controllers to Congress in July 2016, and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents; and to further admit that the report stated "[t]he IRP produced a set of 49 recommendations on ATCS selection, assignment, and training."

46.    This paragraph is denied except to admit that the FAA Office of External Training Initiatives, within ATO Safety and Technical Training, produced a report entitled "CPC Analysis: Success of CTI New Hires Compared to All Other Hiring Sources," dated March 7,

2012, and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents; and to aver that the paragraph inaccurately quotes or cites language from pages 1 and 11 of the report.

47.    This paragraph is denied, except to admit that the FAA's Civil Aerospace Medical Institute (CAMI) produced a document entitled "The Validity of the Air Traffic Selection and Training (AT-SAT) Test Battery in Operational Use," dated March 2013, and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents; to further admit that the quoted language appears in the report.

48.    This paragraph is denied, except to admit that CAMI produced a document entitled, "The Utility of the Air Traffic Selection and Training Test Battery in Hiring Graduates of an Air Traffic-Collegiate Training Initiative Program," dated June 2013, and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

49.    Denied.

50.    This paragraph is denied, except to admit that the quoted language appears on page 16 of the Final Report of the FAA Independent Review Panel on the Selection, Assignment and Training of Air Traffic Control Specialists and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

51.    This paragraph is denied, except to admit that APT Metrics prepared a document entitled Extension to Barrier Analysis of Air Traffic Control Specialist Hiring Centralized Hiring Process, dated April 16, 2013, and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents; to further admit that general public vacancy announcement AAC-AMH-09-PUBNAT8-12162 was posted in July 2009.

52.     This paragraph is denied except to admit that CAMI produced a document entitled, "The Utility of the Air Traffic Selection and Training Test Battery in Hiring Graduates of an Air Traffic-Collegiate Training Initiative Program," dated June 2013, and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents; to further admit that this document includes the percentages stated in this paragraph.

53.     This paragraph is denied except to admit that CAMI produced a document entitled, "The Utility of the Air Traffic Selection and Training Test Battery in Hiring Graduates of an Air Traffic-Collegiate Training Initiative Program," dated June 2013, and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

54.     This paragraph is denied, except to admit that a task force of the FAA National Employee Forum prepared a document entitled "A Business Case and Strategic Plan to Address Under-Representation of Minorities, Women, and People with Targeted Disabilities," dated July 21, 2000, and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

55.     This paragraph is denied, except to admit that a task force of the FAA National Employee Forum prepared a document entitled "A Business Case and Strategic Plan to Address Under-Representation of Minorities, Women, and People with Targeted Disabilities," dated July 21, 2000, and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

56.     The first sentence is denied, except to admit that the document entitled "A Business Case and Strategic Plan to Address Under-Representation of Minorities, Women, and People with Targeted Disabilities," dated July 21, 2000, identifies Alfredia Brooks and Mamie

Mallory as members of the task force.  With respect to the second sentence, Defendant admits

that Mamie Mallory was an FAA employee involved in the development of the 2014 interim

hiring process and denies that Alfredia Brooks was employed by the FAA between 2012 and

2014.

57.    The first sentence is denied, except to admit that the document entitled "A

Business Case and Strategic Plan to Address Under-Representation of Minorities, Women, and

People with Targeted Disabilities," dated July 21, 2000, states that Herbert Wong met with the

task force.  The second sentence is denied, except to admit that Herbert Z. Wong & Associates

prepared a document for the NBCFAE entitled Analysis of the Federal Aviation Administration

(FAA) EEO MD-715 Reports for 2004, 2005, 2006, and 2007, dated July 15, 2009, and

Defendant respectfully refers the Court to the document for a complete and accurate statement of

its contents.

58.    The first sentence of this paragraph is denied.  With respect to the second

sentence, Defendant denies except to admit that the NBCFAE requested five years of data from

the FAA.

59.    This paragraph is denied, except to admit that Herbert Z. Wong & Associates

prepared a document for the NBCFAE entitled "Analysis of the Federal Aviation Administration

(FAA) EEO MD-715 Reports for 2004, 2005, 2006, and 2007," dated July 15, 2009, and

Defendant respectfully refers the Court to the document for a complete and accurate statement of

its contents.

60.    This paragraph is denied, except to admit both the FAA Administrator and the

Office of the Secretary of the Department of Transportation received a copy of a letter from the

NBCFAE date stamped Oct 09 2009 with a copy of a report entitled "Analysis of the Federal

Aviation Administration (FAA) EEO MD-715 Reports for 2004, 2005, 2006, and 2007" by Herbert Z. Wong & Associates and Defendant respectfully refers the Court to the documents for a complete and accurate statement of their contents.

61.     This paragraph is denied except to admit that between 2010 and 2014 the FAA reviewed its air traffic controller hiring process in various ways, including but not limited to evaluating whether the process included unnecessary barriers to employment of protected groups, including African Americans; to further admit that the NBCFAE is an employee association that seeks to promote equal employment for African Americans, female and minority employees, to improve employee-management relations and to provide an effective liaison amongst FAA employees and the community at large; and to further admit that the NBCFAE sought to promote equal opportunity in the air traffic control hiring process during the approximate time period of 2010 through 2014. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the goals or intent of the unspecified individuals to which this paragraph refers.

62.     This paragraph is denied, except to admit that the NBCFAE prepared an undated document entitled 2010-2014 Strategic Plan or 2010 NBCFAE Strategic Plan – FY2010-2014 and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

63.     This paragraph is denied, except to admit that the NBCFAE prepared an undated document entitled 2010-2014 Strategic Plan or 2010 NBCFAE Strategic Plan – FY2010-2014 and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

64.     This paragraph is denied, except to admit that it quotes a document filed as ECF

No. 72-3 and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

65.    This paragraph is denied, except to admit that it quotes a document filed as ECF No. 72-3 and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

66.    The first sentence of this paragraph is denied.  The remainder of this paragraph is denied, except to admit that FAA Human Resources prepared a spreadsheet of comments relating to the Final Report of the FAA Independent Review Panel on the Selection, Assignment and Training of Air Traffic Control Specialists and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

67.    This paragraph is denied, except to admit that FAA Human Resources prepared a spreadsheet of comments relating to the Final Report of the FAA Independent Review Panel on the Selection, Assignment and Training of Air Traffic Control Specialists and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

68.    This paragraph is denied, except to admit that the Secretary of the Department of Transportation and FAA Administrator Huerta met with a representative(s) of the NBCFAE on or about March 15, 2012, and that Defendant is without sufficient knowledge or information to admit or deny which individuals were members of the NBCFAE Team 7 and what meetings those unnamed individuals attended in March and April 2012.

69.    The first sentence is denied, except to admit that the document entitled "A Business Case and Strategic Plan to Address Under-Representation of Minorities, Women, and People with Targeted Disabilities" states that Mamie Mallory was a member of the National

Employee Forum task force responsible for drafting the document.  With regard to the second sentence, Defendant is without sufficient knowledge or information to admit or deny whether the NBCFAE created a non-profit foundation named after Ms. Mallory.

70.    This paragraph is denied, except to admit that FAA Administrator Huerta met with a representative(s) of the NBCFAE on or about March 15, 2012 and that the FAA signed a contract for a barrier analysis of the ATCS position on or about March 28, 2012.

71.    This paragraph is denied, except to admit that it appears to refer to a document entitled "Leadership and Career Development Partnership" dated May 15, 2012, and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

72.     This paragraph is denied, except to admit that an initial draft of the document entitled, "Barrier Analysis of the Air Traffic Control Specialists (ATCS) Centralized Hiring Process," was completed in October 2012, and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

73.    This paragraph is denied, except to admit that the document entitled, "Barrier Analysis of the Air Traffic Control Specialists (ATCS) Centralized Hiring Process" dated May 8, 2013, identified CTI-only vacancy announcements as a barrier to full participation by African Americans.

74.    This paragraph is denied, except to admit that it quotes page 3 of the Extension to Barrier Analysis of Air Traffic Control Specialist Hiring Centralized Hiring Process, dated April 16, 2013, and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

75.    This paragraph is denied, except to admit that it quotes a document filed as ECF

No. 72-4 and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

76.    The first sentence is denied, except to admit that it quotes a document filed as ECF No. 72-4 and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.  The remaining two sentences are denied, except to admit that the FAA did not make any selections from applications submitted in response to vacancy announcement FAA-AHM-13-CTI-27053 and that the FAA issued vacancy announcement FAA-AMH-13-VRA-29648 in January 2013.

77.    This paragraph is denied, except to admit that it quotes a document filed as ECF No. 72-1 and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

78.    Denied.

79.    The first sentence is admitted.  The remaining sentences of the paragraph are denied, except to admit that they quote pages 4-5 of the "Extension to Barrier Analysis of Air Traffic Control Specialist Hiring Centralized Hiring Process," dated April 16, 2013, and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

80.    This paragraph is denied, except to admit that the language in quotation marks appears in the "Extension to Barrier Analysis of Air Traffic Control Specialist Hiring Centralized Hiring Process," dated April 16, 2013, and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

81.    Denied.

82.    This paragraph is denied, except to admit that it quotes the "Extension to Barrier

Analysis of Air Traffic Control Specialist Hiring Centralized Hiring Process," dated April 16, 2013, and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

83. The first sentence is admitted. The remaining sentences of this paragraph are denied, except to admit that they quote a document entitled, "Barrier Analysis of the Air Traffic Control Specialists (ATCS) Centralized Hiring Process" dated May 8, 2013, and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

84. Denied.

85. Denied.

86. Denied.

87. This paragraph is denied, except to admit that the FAA assembled an Executive Steering Committee in mid-2013 to serve in an advisory and decision-making role for the then-current Air Traffic Control selection and hiring process.

88. This paragraph is denied except to admit that it quotes a presentation prepared by the FAA Office of Civil Rights (ACR) and Office of Human Resources (AHR) in mid-2013 and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

89. This paragraph is denied, except to admit that it quotes a presentation prepared by ACR and AHR in June 2013 and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

90. This paragraph is denied, except to admit by mid-July 2013, a Barrier Analysis Implementation Team (BAIT) had been created and held their first organizational meeting.

91.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

92.     This paragraph is denied, except to admit that it appears to be citing Change Order Request No. 13-86 and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

93.     The first sentence is denied, except to admit that the FAA modified its existing contract with APT Metrics in September 2013 in a document entitled Amendment/Modification No. 0010 of Contract/Order No. DTFAWA-13-00002, and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.  The second sentence is denied, except to admit that APT Metrics provided advice to the Barrier Analysis Implementation Team in September 2013 and that the Barrier Analysis Implementation Team formed subteams in or around September 2013.

94.     This paragraph is denied except to admit that the Executive Steering Committee met in the Fall of 2013, that members of the Barrier Analysis Implementation Team made recommendations to the Executive Steering Committee, and that the Executive Steering Committee adopted the Barrier Analysis Implementation Team's recommendation to use a biographical assessment as part of the interim hiring process for Air Traffic Control Specialist trainee applicants in 2014.

95.     This paragraph is denied, except to admit that it appears to be citing Change Order Request No. 14-01.01 and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

96.     This paragraph is denied, except to admit that it appears to be citing Change Order Request No. 14-01.02 and Defendant respectfully refers the Court to the document for a

complete and accurate statement of its contents.

97.    This paragraph is denied, except to admit that it quotes a November 25, 2013 email from David M. Finch of APT Metrics and a November 26, 2013 email from John C. Scott of APT Metrics and Defendant respectfully refers the Court to those documents for a complete and accurate statement of their contents.

98.    This paragraph is denied, except to admit that at least one representative of APT Metrics suggested the use of a cut score for the biographical assessment in November 2013 or December 2013.

99.    The paragraph is denied, except to admit that it characterizes a December 2013 email from a member of the Barrier Analysis Implementation Team and the Defendant respectfully refers to the Court to the document for a complete and accurate statement of its contents.

100.    This paragraph is denied, except to admit that that Dr. James Outtz presented information about a barrier analysis of the FAA controller hiring process at a June 2013 National Employee Forum meeting.

101.    The first sentence of this paragraph is denied, except to admit that the FAA took steps to implement the 2014 interim hiring process for Air Traffic Control Specialist trainees in late 2013 and early 2014.  The second sentence of this paragraph is denied, except to admit that in January 2014 a decision was made to update an applicant's status within 5 days after the announcement closing for those who would not receive further consideration for an Air Traffic Control Specialist trainee position in 2014 based upon their score on the Biographical Assessment.

102.    Denied.

103. This paragraph appears to be citing a document filed as ECF No. 72-2 and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents. To the extent a response is required, this paragraph is denied.

104. This paragraph is denied, except to admit that Joseph Teixeira sent an email on December 30, 2013 that has been filed as ECF No. 72-2 and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

105. This paragraph is denied, except to admit that it quotes the document filed as ECF No. 72-2 and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

106. This paragraph is denied, except to admit that it quotes the document filed as ECF No. 72-2 and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

107. The first sentence is denied, except to admit that a January 8, 2014 teleconference was held; and to further admit that Joseph Teixeira, Rickie Cannon, Carolyn Bostick, Michael McCormick, and John Scott attended the teleconference on behalf of the FAA. With regard to the remaining sentences of this paragraph, Defendant lacks knowledge or information sufficient to form a belief as to whether the quotations accurately reflect what was said during the teleconference.

108. Defendant admit that several people spoke during the January 8, 2014 teleconference, but Defendant lacks knowledge or information sufficient to form a belief as to whether the quotations accurately reflect what they said during the teleconference.

109. Defendant admits that several people spoke during the January 8, 2014 teleconference, but Defendant lacks knowledge or information sufficient to form a belief as to

whether the quotations accurately reflect what they said during the teleconference.

110.    Denied.

111.    The first sentence is denied.  The remaining sentences of this paragraph are denied except to admit that they cite documents filed as ECF Nos. 72-6, 72-7, and 72-8 and Defendant respectfully refers the Court to the documents for a complete and accurate statement of their contents.

112.    This paragraph is denied, except to admit that it quotes documents filed as ECF Nos. 72-6, 72-7, and 72-8 and Defendant respectfully refers the Court to the documents for a complete and accurate statement of its contents.

113.    This paragraph is denied, except to admit that it appears to be citing an NBCFAE document and Defendant respectfully refers the Court to the documents for a complete and accurate statement of its contents.

114.    This paragraph is denied, except to admit that the quoted language appears in a media report and Defendant respectfully refers the Court to the documents for a complete and accurate statement of its contents.

115.    This paragraph is denied, except to admit that the FAA posted vacancy announcement FAA-AMC-14-ALLSRCE-33537 (Announcement 33537) on February 10, 2014, that the vacancy announcement was open to the general public, that Plaintiffs Brigida and Douglas-Cook applied to that vacancy announcement; that a total of approximately 4,000 AT-CTI graduates applied to that vacancy announcement, and that approximately 13.9% of AT-CTI graduate applicants passed the biographical assessment.

116.    Defendant admits that an FAA contractor stated to an FAA investigator that, on one occasion either just prior to or while Announcement 33537 was open, he along with a former

FAA human resources employee and an Air Traffic Control Specialist provided advice and assistance with resume preparation at a church in Maryland. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

117.    Denied.

118.    The first sentence is denied, except to admit that it quotes a document filed as ECF No. 105-1 page 291 of 323 and Defendant respectfully refers the Court to the documents for a complete and accurate statement of its contents.  The second sentence of this paragraph is denied, except Defendant admits that there were savings because not all of the approximately 28,000 applicants for Announcement 33537 took the AT-SAT.

119.    This paragraph is denied, except to admit that it appears to be citing Change Request Number 14-01.02 and a copy thereof printed on January 27, 2014 and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

120.    The first sentence is denied, except to admit that it appears to be citing a copy of Change Request Number 14-01.02 printed on January 27, 2014 and Defendant respectfully refers the Court to the documents for a complete and accurate statement of its contents.  The second sentence of this paragraph cites unspecified, vague statistics of the Department of Labor and Defendant lacks sufficient knowledge to admit or deny the second sentence of this paragraph.

121.    Denied.

122.    This paragraph is denied, except to admit that it characterizes an FAA report entitled, "Using Biodata to Select Air Traffic Controllers" and Defendant respectfully refers the Court to the document for a complete and accurate statement of its contents.

123.    This paragraph is denied, except to admit that the quoted language appears in an

FAA report entitled, "Using Biodata to Select Air Traffic Controllers" and Defendant

respectfully refers the Court to the document for a complete and accurate statement of its

contents.

124.    This paragraph is denied, except to admit that it characterizes an FAA report

entitled, "Using Biodata to Select Air Traffic Controllers" and Defendant respectfully refers the

Court to the document for a complete and accurate statement of its contents.

125.    Denied.

126.    This paragraph contains Plaintiffs' legal conclusions, to which no answer is

required, but to the extent a response is required, denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    The first sentence is denied, except to admit that a document entitled, "Air Traffic

Control Collegiate Training Initiative (AT-CTI) Partner School Diversity and Outreach 2012-

13," dated February 25, 2013, stated that 11.5 % of CTI students who reported their race in

response to a survey identified as African American, and Defendant respectfully refers the Court

to that document for a complete and accurate statement of its contents.  The second sentence is

denied, except to admit that a United States Office of Personnel Management document, entitled

"Federal Equal Opportunity Recruitment Program (FEORP) for Fiscal Year 2012 Report to the

Congress," dated January 2014, stated that as of September 30, 2012, Black employees made up 17.9 % of the federal workforce and 10.1 % of the civilian labor force, and Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents.

134.    The first sentence is denied, except to admit that it quotes a document filed as ECF No. 72-1 and Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents.  The second sentence is denied, except to admit that it quotes a document entitled "Air Traffic Collegiate Training Initiative (AT-CTI) Partner School Diversity and Outreach 2012-13," dated February 25, 2013, and Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents.

135.    The first sentence is denied, except to admit that Anthony Gagliardo submitted a declaration dated November 6, 2018, filed as ECF No. 73-7 and Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents.  The second sentence is denied.

136.    Denied.

137.    This paragraph is denied, except to admit that some Members of Congress inquired about the FAA's 2014 ATCS interim hiring process.

138.    This paragraph is denied, except to admit that it quotes a document filed as ECF No. 87-7 and Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents.

139.    This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

140.    This paragraph contains conclusions of law to which no answer is required, but

insofar as one is deemed required, denied.

141.    This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

142.    This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

143.    This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

144.    This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

145.    Denied.

146.    This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

147.    This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

148.    This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

149.    This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

150.    This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

151.    This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

152.    This paragraph is denied, except to admit that Plaintiffs Brigida and Douglas-

Cook and more than 1,000 AT-CTI graduates applied to Announcement 33537 and did not pass the biographical assessment.

153.    This paragraph is denied, except to admit that Plaintiff Brigida received a score of 100 on the AT-SAT while attending Arizona State University.

154.    Admitted.

155.    This paragraph contains Plaintiffs' legal conclusions, to which no answer is required, but to the extent a response is required, denied.

156.    Denied.

157.    Denied.

158.    This paragraph is denied, except to admit that on February 10, 2014, Plaintiff Brigida submitted an application for an air traffic controller position. Defendant further admits that on or about this time, Plaintiff Brigida took the biographical assessment.

159.    This paragraph is denied, except to admit that Plaintiff Brigida contacted an EEO counselor on February 25, 2014.  Moreover, this paragraph refers to Plaintiff Brigida's "informal electronic complaint" and the Court is respectfully referred to that document for a full and complete statement of its contents.

160.    Admitted.

161.    This paragraph contains Plaintiffs' legal conclusions, to which no answer is required, but to the extent a response is required, denied.

162.    This paragraph is denied, except to admit that Plaintiff Brigida was sent a Notice of Right to File a formal complaint on March 27, 2014.

163.    This is paragraph is denied, except to admit that Defendant received a formal EEO complaint filed by Plaintiff Brigida's attorney on April 14, 2014, bearing a handwritten

date of April 12, 2014.

164.    This paragraph is denied, except to admit that Defendant sent a letter to Plaintiff Brigida dated on or about April 16, 2014 relating to a formal EEO Complaint.

165.    This paragraph is denied, except to admit that Administrative Judge Cynthia G. McKnight issued a decision dated June 30, 2016 relating to Plaintiff Brigida's EEO Complaint.

166.    This paragraph is denied, except to admit that Plaintiff Brigida applied for at least 36 positions since he applied to be an ATCS in 2014, that at least two of the vacancy announcements were canceled, that he was referred for at least one vacancy announcement, and that he was hired by the FAA in November 2016 as a Program Analyst.

167.    This paragraph is denied, except to admit that Plaintiff Douglas-Cook took the AT-SAT and received a score of 100.

168.    This paragraph is denied, except to admit that Plaintiff Douglas-Cook graduated from the University of Alaska Anchorage (UAA) in December 2013 and that the FAA did not receive a recommendation from UAA for Plaintiff Douglas-Cook.

169.    Denied.

170.    This paragraph is denied, except to admit that Plaintiff Douglas-Cook applied for an ATCS trainee position in February 2014 and that he took the biographical assessment.

171.    Admitted.

172.    Admitted.

173.    Defendant restates and incorporates by reference his responses to Paragraphs 1 through 172 of the Complaint.  This paragraph contains Plaintiffs' description of the putative class they seek to represent and not answer is required, but the extent a response is required, denied

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Denied.

185.    Denied.

186.    Denied.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Denied.

193.    Defendant restates and incorporates by reference his responses to Paragraphs 1 through 192 of the Complaint.

194.    This paragraph contains Plaintiffs' description of the putative class they seek to represent and not answer is required, but the extent a response is required, denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

201.    This paragraph contains Plaintiffs' legal conclusions, to which no answer is required, but to the extent a response is required, denied.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Denied.

206.    This paragraph contains Plaintiffs' description of the relief that they seek, to which no answer is required, but the extent a response is required, Defendant denies that Plaintiffs are entitled to the relief requested or to any relief at all.

207.    Denied.

208.    This paragraph contains Plaintiffs' legal conclusions, to which no answer is required, but to the extent a response is required, denied.

The remaining paragraphs set forth Plaintiffs' prayer for relief to which no answer is required, but insofar as an answer is deemed required, Defendants deny that plaintiffs are entitled to the relief requested or to any relief at all.

Defendants hereby deny all allegations of the Amended Complaint not otherwise specifically answered above.

Wherefore, having fully answered, Defendants respectfully request that the Court enter judgment dismissing the Complaint with prejudice, and awarding Defendants their costs and attorney's fees and such other relief as the Court deems just and proper.

Dated: June 2, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director
Civil Division, Federal Programs Branch

*/s/ Galen N. Thorp*
Galen N. Thorp (V.A. Bar No. 75517)
Senior Counsel
Michael Drezner (V.A. Bar No. 83836)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Telephone: (202) 514-4781
Facsimile: (202) 616-8470
Email: galen.thorp@usdoj.gov

*Counsel for Defendants*

29