UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW J. BRIGIDA; MATTHEW L. DOUGLAS-COOK<br><br>Plaintiffs,<br><br>vs.<br><br>PETE BUTTIGIEG, Secretary, U.S. Department of Transportation,<br><br>Defendant | Case No. 16-cv-2227 (DLF) |

**STIPULATION REGARDING REMOTE DEPOSITIONS**

The Parties hereby stipulate pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure that all party-defended depositions in the above-captioned matter that are mutually agreed or ordered to be taken by remote means shall comply with the following agreed upon protocol:

1.      The deposition will be taken via software operated by a third-party service (the "Service"), which will be selected by the Party noticing the deposition. To the extent practicable, the Party noticing the deposition will notify the Party defending the deposition of its choice of Service no less than 5 days prior to the day of the deposition and provide specific connection instructions via a link no less than 24 hours before the deposition. The specific connection link will not be forwarded to unauthorized attendees. To the extent practicable, a Party will endeavor to use the same Service for all of the depositions it takes, but the selection of a Service by one party does not obligate any other Party to select the same Service.

2. Unless the Party noticing the deposition is using a widely available common-purpose video/audio application (e.g. Microsoft Teams, WebEx, Zoom), the noticing Party will:

    a. inform the Party defending the deposition at least 5 days prior to the day of the deposition how Technical Support for the Service can be obtained, including a phone number, email address, and any other applicable instructions, e.g., a button to click during the deposition; and

    b. arrange for the Service to demonstrate the features of the Service to the Party defending the deposition, including an opportunity to test the features of the Service.

3. Persons attending the deposition will be identified to the Party noticing the deposition by email at least 3 days prior to the day of the deposition and may not include persons, other than the Parties, who are expected to be fact witnesses. Attendance at the deposition will be limited to the individuals identified (excluding any staff from the court reporting service required for the administration of the deposition). If the Party noticing the deposition plans to send hard copy exhibits to the Witness, the Party defending the deposition will also provide mailing addresses for the Witness and the defending attorney at least 3 days prior to the day of the deposition.

4. The Witness, the lawyer questioning the Witness, and the lawyer defending the Witness shall state their locations on the record at the start of the deposition. The lawyer questioning the Witness and the lawyer defending the Witness may be in a room with other counsel of record in the case if they so choose or participate in the deposition from a location separate from that of other counsel of record. The Parties or their representatives, such as Defendants' agency counsel, may also attend the deposition.

5.     Prior to the deposition, at a time that is mutually convenient to the Parties and the Witness, and the Parties must test their connection with and ability to use the Service (the "Test Session").  The Parties and the Witness do not need to be part of the same Test Session but rather may schedule their respective Test Session separately as they prefer.  If technical problems occur during a Test Session or the session described in Paragraph 2.b. above and cannot be resolved prior to the date and time of the deposition, the deposition may be postponed until a date and time that is agreeable to all Parties.

6.     On the day of the deposition, the Witness and at least one attorney for each Party will connect to the Service audio and video and any necessary transcript and/or exhibit feeds. Attendees will connect at least 15 minutes prior to the scheduled start time for the deposition. Attendees who are not speaking may choose not to receive the video and any transcript and/or exhibit feeds by dialing in by phone only.

7.     The Witness, the Party taking the deposition, and the Party defending the deposition are each responsible for having all necessary equipment and high-speed internet access in good working order to enable the Party taking the deposition to depose the Witness by the means specified in the deposition notice and in an environment reasonably free of distraction and interference.

8.     Subject to reasonable functionality being demonstrated during the Test Session, the Party taking the deposition may choose to transmit exhibits by any of the following means:

- Upload to the Service during or prior to the deposition;

- Transmittal to the Parties and the Witness during or prior to the deposition by file transfer service, e.g., Justice Enterprise File Sharing (JEFS) through Box.com, or hard copy; or

- Email to the Parties and to the Witness during or prior to the deposition, provided that no email is larger than 20 MB and that no single document is split across multiple emails.

Exhibits may be marked during the deposition, including by using the Service if applicable. If documents are entered as exhibits during the deposition, the Parties shall cooperate to ensure the secure and timely transmission of all such exhibits to the court reporter following the conclusion of the deposition. Nothing in this stipulation alters any Party's obligations regarding documents subject to the protective order entered in the matter. (ECF No. 116.) To the extent that a Party chooses to transmit exhibits in advance of the deposition, the defending Party and the Witness will not open those until instructed to do so at the deposition by the attorney taking the deposition. Also, the defending Party is responsible for instructing the Witness not to open the exhibits in advance of the deposition.

9. The Witness shall state if he/she has brought any documents with him or her to the deposition (other than any hard copy transmittal of exhibits provided by the Party taking the deposition as referred to in Paragraph 8, *supra*). The Party defending the deposition will make available during the deposition a copy of any documents brought to the deposition by the Witness.

10. The Party noticing the deposition will pay all fees and costs associated with the Service for the Witness, one attorney of record per Party, and a named Party or Party representative. Service fees and costs associated with any other permitted attendee and transcript delivery fees and any expedited transcript fees for copies of the transcript and exhibits ordered shall be paid by the respective responsible Party.

11. During the deposition, the Witness, the lawyer questioning the Witness, the lawyer defending the Witness, and all lawyers in the same room as the Witness must be on camera at all times that the deposition is on the record. The Witness may not use a digital background while appearing on camera. The Witness will position his/her webcam to provide a wide angle sufficient to capture his or her hand and other movements, and to provide a clear picture of the Witness, to

the Witness's best ability.  The court reporter may appear on camera at his or her discretion.  Other attendees must be identified on the record but may choose not to be on camera in order to avoid buffering and/or reduced video quality.  Other attendees will minimize speaking on the record or otherwise disrupting the deposition, and must keep their phones on mute.

12. In the event of technological difficulties or other interruptions affecting the Witness, the court reporter, the questioning attorney, or the defending attorney, the deposition shall be suspended for an appropriate length of time.  In the event of technological difficulties or other interruptions affecting other participants (but not the Witness, the court reporter, the questioning attorney, or the defending attorney), the deposition will continue.

13. While the deposition is on the record, no person may communicate with the Witness off the record regarding the substance of the Witness's testimony, except regarding the application of privilege.  If the Service offers the ability for participants to use a chat function with other participants, the Parties shall disable the ability for individuals to chat privately with the Witness while the deposition is on the record.  The Witness and the defending Party's attorneys may communicate during breaks in the deposition through their own devices, in person, or, if available, by using a private virtual room provided by the Service.

14. In the event that progress at the deposition is slowed by technological limitations, the Parties may stipulate to extend the deposition or to resume the deposition on an alternate date and time that is mutually agreeable to the Parties and the Witness.

15. The Parties waive administration of the oath in person and consent to the agreed deposition being conducted remotely.  The Parties agree that nothing about this process will impair in any way the use of this deposition as otherwise permitted by the Federal Rules of Civil Procedure nor a Party's ability to make objections, including during the course of the deposition,

such as to the form of the question or other objections permitted by the Federal Rules of Civil Procedure and unless explicitly waived herein.

16. Nothing in this stipulation waives the rights of any Party to seek any appropriate relief from the Court.

DATED: July 19, 2021

*/s/ Zhonette M. Brown*
Zhonette M. Brown, D.C. Bar No. 463407
William E. Trachman, D.C. Bar No. 502500
David C. McDonald, D.C. Bar No. CO0079
MOUNTAIN STATES LEGAL
FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
Telephone: (303) 292-2021
Email: zhonette@mslegal.org
Email: dmcdonald@mslegal.org


*/s/ Michael W. Pearson*
Michael W. Pearson, DC Bar No. 997169
CURRY, PEARSON, & WOOTEN, PLC
814 West Roosevelt
Phoenix, Arizona 85007
Telephone: (602) 258-1000
Email: mpearson@azlaw.com
*Counsel for Plaintiffs Andrew Brigida and Matthew Douglas-Cook*

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

CARLOTTA P. WELLS
Assistant Director
Civil Division, Federal Programs Branch

*/s/ Galen N. Thorp*
Galen N. Thorp (V.A. Bar No. 75517)
Senior Trial Counsel
Rebecca Cutri-Kohart (D.C. Bar No. 1049030)
Michael Drezner (V.A. Bar No. 83836)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Telephone: (202) 514-4781
Facsimile: (202) 616-8470
Email: galen.thorp@usdoj.gov

*Counsel for Defendant*