IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDREW J. BRIGIDA, et al., ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 16-cv-2227 (DLF) |
| PETER P.M. BUTTIGIEG, Secretary, U.S. ) Department of Transportation, ) | |
| Defendant. ) | |

**DEFENDANT'S PROPOSAL REGARDING NOTICE
OF PENDENCY OF CLASS ACTION**

Pursuant to the Court's February 1, 2022 Order requiring the Parties to submit their proposals for the text and form of a Notice of Pendency of Class Action, Defendant submits his proposed notice. *See* ECF No. 146; *see also* Minute Order, Feb. 15, 2022 (extending time for submission). On February 1, 2022, the Court certified a class for "a determination of liability and declaratory and injunctive relief" under Federal Rule of Civil Procedure 23(b)(2) and 23(c)(4), and stated that "[d]amages and individual equitable relief will be determined on an individualized basis at a later stage if there is a finding of liability." Order at 1, ECF No. 146. The parties repeatedly conferred by email and telephone between February 8 and 18, 2022 regarding Plaintiffs' proposed notice and notice plan. The parties reached agreement regarding Plaintiffs' notice plan (attached as Exhibit 3 to Plaintiffs' filing) and narrowed their disagreements to the extent possible regarding Plaintiffs' proposed notice.

Because the parties disagree in two significant respects regarding Plaintiffs' proposed notice in light of the Court's certification decision, this filing sets forth Defendant's reasons in support of his proposed notice. Defendant has attached his proposed notice (Exhibit A). For the Court's convenience, a redline comparison to Plaintiffs' proposed notice is attached (Exhibit B).

## I. The Court Should Reject Plaintiffs' Proposal to Invite Absent Class Members to Waive Compensatory Damages at This Stage.

Plaintiffs' proposal to invite the absent Class members to waive compensatory damages and have two verdicts—one from a jury and one from the Court—on the certified issues creates significant problems for this case. Undersigned counsel has been unable to locate any case where absent class members were invited to individually waive a type of damages before a liability determination. Plaintiffs offer the Class members two reasons to waive compensatory damages: (1) to change the factfinder for liability, and (2) to potentially speed up individual relief during the second stage of the case. Neither reason justifies providing this confusing notice to the absent Class members.

### A. Plaintiffs' proposal to try this class action to two different factfinders is untenable.

Plaintiffs sought and received certification of this case on the ground that "common facts, common questions, common legal theories, and common equitable relief" make disposition of liability and equitable relief warranted. *See* Pls.' Mot. for Class Certification at 2; *id.* at 39 ("all of the most complex and important questions regarding liability . . . can be resolved on a common basis"); *id.* at 41 ("Class certification will allow the affected individuals to resolve their dispute with the FAA in one fell swoop[.]"). Yet what Plaintiffs now propose would divide the class into two groups facing potentially conflicting liability findings based on the same evidence—a jury verdict for class members who retain the full spectrum of potential relief, and a separate liability finding by the Court for class members who waive compensatory damages. Plaintiffs have not identified any case in which a court permitted a class action to proceed to two separate liability findings based on the same claims and same evidence. Indeed, such a division cuts against the very nature of a class action, which is intended for "determination of [a common contention's] truth or falsity will resolve an issue that is central to the validity of each one of the [class] claims in *one stroke*." *Wal-Mart Stores, Inc., v. Dukes*, 564 U.S. 338, 350 (2011) (emphasis added). There is no justification for rejecting one common resolution of the class issues that would bind the entire class and instead structuring the case toward two different,

2

potentially inconsistent class verdicts.  If some class members do not want to participate in the common resolution of the class claims because they do not want the claims heard by a jury, then they can address that concern by opting out of the case in its entirety.

Plaintiffs' approach is also procedurally defective because a unilateral waiver of compensatory damages by some class members—without Defendant's consent—is not sufficient by itself to remove a case from consideration by a jury.  When Plaintiffs filed this case, they included a general jury demand, *see* ECF No 1 at 24 (Dec. 30, 2015) ("Plaintiff Brigida and other putative Class Members demand trial by jury in this action of all issues so triable), which they carried over into their first and second amended complaints, *see* ECF No. 18 at 26 (Apr. 18, 2016) (same); ECF No. 26 at 26 (Aug. 19, 2016) (same).  Such a general jury demand includes issues raised in subsequent pleadings.  *See, e.g.*, *Washington Tennis & Educ. Found., Inc. v. Clark Nexsen, Inc.*, 324 F. Supp. 3d 128, 146 (D.D.C. 2018) ("The general jury demand extends to the issues covered in subsequent pleadings[.]"); 9 Charles Alan Wright, et al., *Fed. Prac. & Proc.* § 2318 (3d ed. 2018) ("If a general demand for jury is made without specifying any issues, it will be regarded as a demand for jury trial on all the issues in the case."). Accordingly, all issues triable by jury "must be" tried by jury unless "the parties or their attorneys file a stipulation to a nonjury trial."  Fed. R. Civ. P. 39(a).  Plaintiffs' silence regarding a jury demand in their most recent complaint, *see* 4th Am. Compl., ECF No. 114, does not withdraw their effective jury demand here.  *See* Fed. R. Civ. P. 38(d) ("A proper demand may be withdrawn only if the parties consent."); *see, e.g.*, *Thomas v. Home Depot USA, Inc.*, 661 F. App'x 575, 577-78 (11th Cir. 2016); *Washington Metro. Area Transit Auth. v. Aon Risk Servs., Inc.*, No. 11-95, 2013 WL 12324189, at *2 (D.D.C. May 20, 2013).  Consent is plainly absent, as Defendant has demanded a jury on all issues so triable in his operative Answer to the Fourth Amended Complaint.  *See* ECF No. 133.

Pursuant to the Court's class certification order, the liability determination <u>can</u> be tried to a jury and therefore <u>must</u> be so tried because of the parties' jury demands.  A jury is warranted so long

as an award of compensatory damages can be affected by the liability determination.  *See* 42 U.S.C. § 1981a(c)(1) ("If a complaining party seeks compensatory . . . damages under this section--(1) any party may demand a trial by jury").  After all, the right to a jury trial "attaches to all factual issues needed to resolve an issue" *Beland v. Veneman*, No. 02-0937, 2004 WL 3253703, at *8 (D.D.C. 2004) (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510–11 (1959)); *see also Lytle v. Household Mfg., Inc.*, 494 U.S. 545 (1990) (requiring jury retrial of Title VII bench trial where 1981 claim had been erroneously dismissed); *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 423 (5th Cir. 1998) ("Thus, under section 1981a, the right to a jury trial extends to all factual issues necessary to determine liability on the plaintiffs' pattern or practice claim and the recovery of compensatory and punitive damages.").  The fact that some class members will not seek compensatory damages does not justify removing them from the single jury verdict applicable to the class as a whole.  For that reason, Plaintiffs' notice documents are plainly inaccurate when they suggest a "Form to . . . Waive a Jury Trial" which would "to waive the right/requirement for a jury trial."  *See* Pls.' Ex. 2.

Moreover, Plaintiffs' proposed approach creates potential conflict among the class that was not fully considered in prior briefing—if the named Plaintiffs do not seek compensatory damages for themselves, *see generally* 4th Am. Compl., ECF No. 114 (never mentioning damages), in an effort to avoid a jury trial, the adequacy of their representation of those whose claims will be decided by a jury is unsettled.  *Cf. Colindres v. QuitFlex Mfg.*, 235 F.R.D. 347, 375 (S.D. Tex. 2006) (holding that notice and opt out rights were not sufficient where named plaintiffs "agreed to forego compensatory damages on a classwide basis" because "[p]roviding class members notice and an opt-out opportunity may alert class members that they can pursue individual damages claims, but are not a substitute for the adequate, conflict-free representation required under Rule 23(a)(4).").  Similarly, Class Counsel may not be able to represent class members before two different fact finders without conflict.

Finally, even if it were feasible to have dual liability determinations, Plaintiffs' proposed notice

4

cannot adequately inform absent Class members of the factors relevant to deciding between factfinders for liability. A decision to seek a bench trial versus a jury trial, like a decision about judicial forum, frequently turns on a host of nuanced factors. Plaintiffs' proposed notice identifies no such factors for the Class members to consider. Plaintiffs' proposed notice also fails to acknowledge that there would likely be no bench trial. Plaintiffs' counsel previously suggested at the January 13, 2022 hearing that the case would likely be tried to a jury in any event, with the Court treating the jury verdict as advisory for Class members who had waived compensatory damages. Yet this notice contains only the slightest hint of that approach. *See* Pls.' Ex. 2 (stating that waiver of compensatory damages would "exclude[] you from having your claim resolved by a *binding* jury verdict") (emphasis added). And other parts of the notice are both inconsistent and imply a bench trial far removed from a jury. *Compare* Pls.' Ex. 1 (Question 16: waiving class members would "potentially forego a jury verdict"); *id.* (Question 14: waiving class members would "not seek a jury"); *with id.* (Question 14: waiving class members "will have their claims resolved entirely by the Court"); Pls. Ex. 2 ("to waive the right/requirement for a jury trial"). Accordingly, Plaintiffs' proposed notice is not adequate to protect absent Class members' rights and interests.

In sum, the Court should reject Plaintiffs' proposal to divide the case into two separate liability findings, and accordingly should reject Questions 14 and 16 of Plaintiffs' proposed notice (along with related language elsewhere in the notice).

### B. Any concern for efficiency in the second stage would be better served by notice after the liability determination.

Because compensatory damages have not been certified, there is no substantial reason for absent class members to waive those claims now. The Court rejected Plaintiffs' proposal to certify any class under Rule 23(b)(3), *see* Pls.' Mot. at 14, 31 (seeking to certify "common questions of monetary relief"), and concluded instead that "[d]amages and individual equitable relief will be determined on an individualized basis at a later stage if there is a finding of liability." Order at 1, ECF

5

No. 146. Accordingly, it is premature for Plaintiffs to invite absent class members to waive compensatory damages.

To the extent Plaintiffs suggest that waiving compensatory damages might speed up the second stage of this case, such a choice should be presented after the currently certified stage is completed. The absent Class members would be better served to make a waiver decision in light of the Court's specific plan for the "damages and individual equitable relief" stage. *See* Order at 1, ECF No. 146. At that point, the relevant factors could be explained to the absent Class members in appropriate detail. By contrast, at this threshold stage, Plaintiffs can only speculate about the effects of a compensatory damages waiver on the timing of relief.

## II. Plaintiffs' Proposed Notice Does Not Accurately State the Scope of the Certified Issues.

At several points, Plaintiffs' proposed notice conflicts with the text of the Court's February 1, 2022 order, which states: "Thus, the Court certifies an issues class under Rules 23(b)(2) and (c)(4) for a determination of liability and declaratory and injunctive relief. Damages and individual equitable relief will be determined on an individualized basis at a later stage if there is a finding of liability."

First, Plaintiffs' proposed notice suggests that the Court will determine the availability of backpay in the certified stage. *See* Pls.' Ex. 1 (Question 7: the Court will "determine what injunctive relief, such as . . . back pay/front pay . . . should be available to the Class" before "completion of stage one"); *id.* at 1 (suggesting that only "amounts backpay/frontpay" would be determined in a second stage). Yet, the availability of backpay cannot be decided under a Rule 23(b)(2) certification, *see Wal-Mart Stores*, 564 U.S. at 360, and the Court's certification of the issue of "liability" under Rule 23(c)(4) does not appear to encompass any aspect of backpay.

Second, Plaintiffs alter the Court's language by stating that individual equitable relief would "*likely* [be] on an individualized basis," Pls. Proposed Notice at 1 (emphasis added); *id.* Question 3). Plaintiffs appear to foreshadow that they intend to ask the Court to modify its certification decision

6

at some later time. But the notice being provided now must conform to the Court's current order.

Finally, Plaintiffs overstate the claims being litigated by suggesting that the Biographical Questionnaire is merely one aspect of their challenge to the 2014 hiring process. *See* Proposed Notice, Questions 5, 8 ("racially biased hiring process, *including* the Biographical Questionnaire") (emphasis added). The Court has long recognized that Plaintiffs' second claim exclusively concerns the Biographical Questionnaire. *See* Mem. Opinion and Order at 1, ECF No. 112 (Oct. 12, 2020) (characterizing claim to be that FAA "implemented a Biographical Questionnaire into the 2014 [Air Traffic Control] hiring process" with discriminatory intent and purpose). Plaintiffs' briefs acknowledge the same. *See, e.g.*, Pls.' Mot. for Class Cert. at 13 ("Plaintiffs further contend that the FAA's use and design of the invalid Biographical Questionnaire was racially motivated."). Therefore, Defendant proposes that the notice should refer specifically to the Biographical Questionnaire, not suggest that Plaintiffs are challenging other aspects of the 2014 hiring process.

| | |
|---|---|
| Dated: February 18, 2022 | Respectfully submitted,<br><br>BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>CARLOTTA P. WELLS<br>Assistant Director<br>Civil Division, Federal Programs Branch<br><br>/s/ Galen N. Thorp<br>GALEN N. THORP (V.A. Bar No. 75517)<br>Senior Trial Counsel<br>MICHAEL DREZNER (V.A. Bar No. 83836)<br>ALEXANDRA R. SASLAW (D.C. Bar 1618175)<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street NW<br>Washington, DC 20530<br>Telephone: (202) 514-4781<br>Facsimile: (202) 616-8470<br>Email: galen.thorp@usdoj.gov<br><br>*Counsel for Defendant* |