UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW J. BRIGIDA, *et al.*, <br><br> *Plaintiff Class*, <br><br> vs. <br><br> PETER P.M. BUTTIGIEG, Secretary, U.S. Department of Transportation, <br><br> *Defendant*. | No. 16-cv-2227 (DLF) |

## JOINT STATUS REPORT

Pursuant to this Court's Memorandum Opinion and Order dated December 9, 2021, and Order dated February 1, 2022, counsel for Plaintiffs Andrew J. Brigida, Matthew L. Douglas-Cook, and certified class (together "Plaintiffs") and for Defendant Peter P.M. Buttigieg, in his official capacity as Secretary of Transportation conferred by videoconference and by email regarding a proposed discovery schedule.

As set forth in further detail below, the parties propose the following schedule. The proposal sets initial deadlines from the date of the Court issuing a scheduling order and later dates from the close of fact discovery. If a deadline falls upon a weekend or federal holiday, the parties agree that the deadline will automatically be extended to the next business day. The parties also agree that to keep discovery moving forward, they will submit joint status reports every 60 days starting from the date of the Scheduling Order.

| Within 21 days of Scheduling Order | Parties serve initial disclosures |
|---|---|
| Within 18/24 months of Scheduling Order | Fact discovery closes (Plaintiffs and Defendant propose differing deadlines for reasons described below) |

1

| | |
|---|---|
| Within 45 days after fact discovery closes | Plaintiffs serve expert reports |
| 45 days later | Defendant serves expert reports |
| 45 days later | Plaintiffs serve rebuttal expert reports |
| 45 days later | Expert discovery closes |
| 60 days later | Summary judgment motion due |
| 45 days later | Opposition to summary judgment due |
| 30 days later | Summary judgment reply due |

**(1)** **Form of Initial Disclosures**.

The parties propose that initial disclosures be due within 21 days of the issuance of a scheduling order. The parties have agreed the initial disclosures will be limited to those required under Rule 26(a)(1)(A)(i)-(ii) and that disclosures made pursuant to Rule 26(a)(1)(A)(ii) will be limited to description by category and location of documents that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment and will not include copies of the listed documents.

**(2)** **Extent and Length of Discovery.**

The parties have agreed that 15 rather than 10 depositions should be permitted before leave is sought for additional depositions but do not currently suggest any other alterations to the limits on discovery as they are currently found in the Federal Rules of Civil Procedure.

**Plaintiffs' Position**

Plaintiffs propose that fact discovery close 18 months after the issuance of a scheduling order. Plaintiffs had originally proposed that discovery close in 14 months but are willing to agree to 18 months in the spirit of compromise. As it stands, witness memories are fading and already any liability trial is unlikely to take place within a decade of the February 2014 hiring

process that gave rise to this action. Resolution of individual claims for relief would likely take a few additional years. In 2019, the FAA argued that any further delay in the case was prejudicial due to witness availability for events that occurred in 2013–2014. Hr'g Trans., Class Cert. Hr'g, Sept. 9, 2019 at 43. We are now a few more years from the key events at issue and the FAA's proposed prolonging of discovery will be prejudicial, particularly given their positionthat preparing their witnesses for discovery should occur after document production.

Further, Plaintiffs should not be penalized by delay because the FAA apparently allowed its evidence to become allegedly burdensome to retrieve. Plaintiff Brigida filed his administrative EEO action before the FAA completed its transition from Lotus Notes to Outlook. The FAA was undeniably under a duty to preserve documents relevant to this case before the transition was completed. To the extent that the FAA took or failed to take actions to maintain then-current or reasonable accessibility, the FAA, not Plaintiffs, should bear the related burden. Further, the FAA has provided Plaintiffs with nearly no information needed to evaluate the alleged costs it would incur to restore and review email and what information has been provided appears to make the FAA's estimate unreliable. Plaintiffs also believe that technology, such as predictive coding, could considerably expedite and automate document review.

In sum, Plaintiffs prefer a schedule that is likely to be somewhat aggressive to at least attempt to bring this case to resolution soon. The parties will be making status reports to the Court every 60 days and the Court and parties will be able to determine if circumstances make an 18-month fact discovery period unachievable.

**Defendant's Position**

Defendant proposes that fact discovery close 24 months after the issuance of a scheduling order. Defendant has no interest in drawing out discovery, but because document discovery is

expected to be voluminous and time consuming, a shorter discovery window is unlikely to be practical.  Instead of Plaintiffs' "aggressive" schedule, the Scheduling Order should take into account a reasonable estimate of what is required here.  If the parties ultimately reach agreements that significantly shorten the necessary time, they can notify the Court that fact discovery should close sooner.

One of the most time consuming aspects of fact discovery is likely to involve efforts to search FAA email.  The FAA began transitioning its email service from Lotus Notes to Microsoft Outlook in March 2013 and completed that transition in May 2014.  Email messages prior to that point agencywide are primarily preserved on monthly magnetic backup tapes, which have been preserved since May 2008.  As undersigned counsel informed Plaintiffs' counsel, the government received a quote from an outside vendor suggesting that restoring and deduplicating email for 25 custodians from 2010-2014 could cost more than $1 million and take four months.  If the FAA's existing capacity were used, it would likely take over a year.  The discovery cutoff date should reflect that it will take time for the parties to negotiate and reach agreement on reasonable time periods, custodians, and search terms to ensure an efficient and cost effective collection, review, and production process.  Given the expected volume of documents, significant additional time will be required for review and production of the restored email even if the parties use predictive coding or other tools to expedite review.

In addition, Plaintiffs intend to seek discovery from FAA's outside contractors who conducted the barrier analyses and designed the Biographical Assessment.  Defendant will need to review potentially responsive documents for privilege and coordinate production of the documents.

4

Finally, the FAA is a large organization and numerous different lines of business were involved in the development of the 2014 hiring process. Many of the employees with personal knowledge of the relevant events have retired. Preparation of witnesses to testify regarding these events is likely to be time-consuming and, in general, can only be performed after document production has been complete.

**(3)** **ESI Issues**.

The parties intend to work together to proactively reach agreements regarding discovery protocols including selection of backup tapes to be examined, search terms, custodians, and deduplication methods meant to make discovery proportional to the needs of the case. While the parties have conferred repeatedly concerning these issues, various unknowns have prevented them from formulating an agreed discovery protocol as of yet. The parties anticipate making greater progress now that class certification has been resolved.

The parties agree that discovery will be more efficient overall if the breadth of email recovery is addressed early during the fact discovery period and intend to resolve these issues or bring them to the Court for resolution within three months after the scheduling order is issued.

**(4)** **Trial and Pretrial Conference Dates**

The parties agree that setting a deadline for a pretrial conference and trial is premature and such deadlines should be set after summary judgment is resolved.

| | |
|---|---|
| DATED: February 22, 2022 | Respectfully submitted, |
| | |
| /s/ Zhonette M Brown | BRIAN M. BOYNTON |
| Zhonette M. Brown, D.C. Bar # 463407 | Acting Assistant Attorney General |
| William E. Trachman, D.C. Bar # 502500 | |
| David C. McDonald, D.C. Bar # CO0079 | CARLOTTA P. WELLS |
| MOUNTAIN STATES LEGAL FOUNDATION | Assistant Director |
| 2596 South Lewis Way | Civil Division, Federal Programs Branch |
| Lakewood, Colorado 80227 | |
| Telephone: (303) 292-2021 | /s/   Galen N. Thorp (with permission) |
| Facsimile: (303) 292-1980 | Galen N. Thorp (V.A. Bar No. 75517) |
| Email: zhonette@mslegal.org | Senior Trial Counsel |
| | Michael Drezner (V.A. Bar No. 83836) |
| *Counsel for Plaintiff Class* | Trial Attorneys |
| | U.S. Department of Justice |
| /s/ Michael Pearson (with permission) | Civil Division, Federal Programs Branch |
| Michael W. Pearson, DC Bar No. 997169 | 1100 L Street NW |
| CURRY, PEARSON, & WOOTEN, PLC | Washington, DC 20530 |
| 814 West Roosevelt | Telephone: (202) 514-4781 |
| Phoenix, Arizona 85007 | Facsimile: (202) 616-8470 |
| Telephone: (602) 258-1000 | Email: galen.thorp@usdoj.gov |
| Facsimile: (602) 523-9000 | |
| Email: mpearson@azlaw.com | *Counsel for Defendant* |
| *Counsel for Plaintiff Class* | |