# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDREW J. BRIGIDA and MATTHEW L. DOUGLAS-COOK, <br><br> Plaintiffs, <br><br> v. <br><br> PETER P.M. BUTTIGIEG, Secretary, U.S. Department of Transportation, <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 16-cv-2227 (DLF) |

## DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs are hereby requested to produce the following Documents. These Requests shall be deemed continuing, so as to require supplemental response(s) if Plaintiffs obtain additional information after service of its original responses. Plaintiffs' responses, including any responsive documents, shall be provided to Defendant within thirty days.

### INSTRUCTIONS

1. Responsive documents are to be produced within thirty days by an electronic means agreeable to the parties, such as via a secure file transfer protocol site.

2. Should you withhold any document for any reason, please provide a log describing, for each document withheld, (a) the type of document; (b) the date of the document; (c) the author of the document; (d) the recipient or recipients of the document; (e) the subject of the document; and (f) the basis for withholding the document, providing sufficient detail to assess the validity of the basis for withholding the document.

3.  Should you redact any document for any reason, please provide a log describing, for each document redacted, (a) the subject of the redacted material and (b) the basis for the redaction, providing sufficient detail to assess the validity of the basis for the redaction.

4.  This Request is continuing. Should you subsequently discover or obtain new documents responsive to this Request, you are required to supplement your responses and production as required by Federal Rule of Civil Procedure 26(e).

5.  All electronically-stored documents shall be produced in accordance with the specifications set forth in the Production Specifications provided to you on March 23, 2020 (copy attached), unless another agreement is made in writing in advance of the deadline for responding to this Request.

**DEFINITIONS**

Unless specifically defined herein, the terms of each Request are to be construed consistent with their ordinary usage. The following definitions are incorporated by reference into the following Request where applicable.

1.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

2.  The terms "you," "your," and "named Plaintiffs" mean Andrew J. Brigida and/or Matthew L. Douglas-Cook and their successors, assigns, agents, attorneys and/or representatives, including current and former attorneys and/or representatives both in the administrative process and federal court.

3.  The term "action" refers to the litigation currently pending in the United States District Court for the District of Columbia assigned case number 16-cv-2227 (DLF).

4. The abbreviations "FAA" and "DOT," mean, respectively, the Federal Aviation Administration and the U.S. Department of Transportation.

5. The term "class action complaint" means the operative complaint in this action, currently the Fourth Amended Complaint, ECF No. 114.

6. The abbreviation "CTI" means the Air Traffic College Training Initiative, as referenced in your class action complaint.  See Fourth Am. Compl. ¶ 23.

7. The term "educational background" means any and all formal and informal instruction received.  Formal education includes but is not limited to high school, college, graduate programs, and any other secondary or post-secondary education.  Informal education includes but is not limited to internships, vocational training, volunteer positions, and any other informal receipt of instruction.

8. The term "potential class member" means anyone to whom the parties agreed to provide notice and anyone else who asserts that she/he meets the terms of the certified class definition.

9. The term "any" includes "all"; the term "all" includes "any."

10. The use of the singular of any term includes the plural and vice versa.

## REQUEST

1. All documents identified in your Initial Disclosures in this action, excluding documents produced in discovery by Defendant in this action.

2. All documents you have received from any person not a party to this action in response to any subpoena served in this action, except for those documents responsive to Defendant's March 18, 2021 Request for Production of Documents.

3. All documents you have received from any person not a party to this action that are relevant to the subject matter of any allegation in your class action complaint, including but not limited to documents received from Anthony Galigardo and absent class members.

4. All documents you have received from any potential class member regarding (1) whether they wish to opt out of the class, and/or (2) whether they do or do not meet the terms of the certified class definition.

5. All documents concerning or reflecting any communications you have had with any current or former employee of the FAA or the DOT concerning this action and/or any allegation in your class action complaint.

6. All posts on the 'CTI Connection' Facebook group that either (1) are dated between January 1, 2014 and February 25, 2014, or (2) are dated after February 25, 2014 and relate to or concern any allegation in the Fourth Amended Complaint.

7. All documents concerning or reflecting any communications related to the January 2, 2014 email from Mr. Michael W. Pearson to Mr. Joseph Teixeira entitled "Hiring of Air Traffic Controllers by the FAA," including, but not limited to, communications related to the drafting of the email, responses to the email, and subsequent communications referencing the email.

8. All documents relating to the January 8, 2022 teleconference between the FAA and the CTI Institutions discussed in your class action complaint, including, but not limited to, any communications regarding that teleconference, any notes taken during or after the teleconference, any recording of the teleconference, or any transcript prepared from any such recording.  (Fourth Am. Compl. ¶¶ 107-109).

9. All documents supporting the claim in your class action complaint that "CTI Qualified Applicants, including the Class members, received hiring preference . . . for ATCS positions." (Fourth Am. Compl. ¶¶ 35, 49).

10. All documents supporting the claim in your class action complaint that "[a]s the CTI program grew in scope and influence, its detractors became more vocal." (Fourth Am. Compl. ¶ 58).

11. All documents supporting the claim in the Third Amended class action complaint that "[a]t the end of 2012, the FAA announced that it would not be conducting any further OTS hiring because the CTI schools, along with the VRA applicant pool, were producing sufficient quantities of qualified applicants to fulfill demand." (Third Am. Compl. ¶ 38, ECF No. 68).

12. All documents supporting the claim in your class action complaint that "[t]he Barrier Analysis and Extension Report were solicited and conducted in part to bolster the FAA's plan to eliminate the merits considerations of Class member Qualified Applicants in favor of a race-based or race-biased hiring process." (Fourth Am. Compl. ¶ 81).

13. All documents supporting the claim in your class action complaint that the FAA "sought to unlawfully benefit African Americans in the new hiring process by providing them with non-public information concerning the new screening technique." (Fourth Am. Compl. ¶ 110).

14. All documents supporting the claim in your class action complaint that "the FAA failed to validate the Biographical Questionnaire to ensure the test was in accordance with the law." (Fourth Am. Compl. ¶ 117).

15. All documents supporting the claim in your class action complaint that there were "other less restrictive, non-discriminatory ways to achieve that objective [of greater diversity in hiring ATCS candidates]." (Fourth Am. Compl. ¶ 130).

16. All documents supporting the claim in your class action complaint that named Plaintiffs were harmed by the FAA's purported decision "striking [] the hiring preference for qualified and well qualified CTI graduates" in advance of the 2014 hiring process. *See* ECF No. 139 at 22. (Fourth Am. Compl. ¶¶ 175, 197).

17. All documents supporting your claim that named Plaintiffs were harmed by the FAA's purported decision to "strik[e]" AT-SAT test scores in advance of the 2014 hiring process, to the extent that this claim is not coextensive with the claim set forth in Request No. 15. *See* ECF No. 139 at 22.

18. All documents supporting the claim in your class action complaint that "[t]he diversity data and report ultimately drafted by Mr. [Terry] Craft . . . was watered down and weakened by Joseph Teixeira, Vice President of the FAA ATO Safety and Technical Training Office" and that "Teixeira manipulated the data in the FAA's Partner School Diversity and Outreach 2012-13 report to make the CTI institution student body appear to be much less diverse than it actually was." (Fourth Am. Compl. ¶¶ 78, 135).

19. All documents supporting the claim in your class action complaint that "Plaintiff Brigida satisfied all objective requirements for an ATCS position." (Fourth Am. Compl. ¶ 168).

20. All documents supporting the claim in your class action complaint that "[o]n or about January 27, 2014, the FAA informed Plaintiff Brigida of the changes to the Air Traffic Controller hiring process, that the merit-based hiring preference for Qualified Applicants was being eliminated, and that Mr. Brigida would need to apply under the new hiring process if he wished to be considered for an Air Traffic Controller position." (Fourth Am. Compl. ¶ 157).

21. All documents supporting the claim in your class action complaint that "[h]ad a recommendation been requested, UAA would have provided a positive recommendation for Mr. Douglas-Cook." (Fourth Am. Compl. ¶ 168).

22. All documents supporting the claim in your class action complaint that "Mr. Douglas-Cook satisfied all objective requirements for an ATCS position." (Fourth Am. Compl. ¶ 169).

23. All documents concerning named Plaintiffs' educational background, from high school forward. This includes but is not limited to report cards, performance reviews, test results, disciplinary records, letters of application to any educational program, responses to applications, and records of attendance at any educational program.

24. All documents concerning named Plaintiffs' employment background, from high school forward. Such documents include but are not limited to applications for employment, responses to applications, performance reviews, disciplinary records, pay stubs, and other records of payment. The type of employment includes but is not limited to paid employment, unpaid employment, apprenticeships, internships, employment training program, and any other type of work.

25. All documents supporting the claim in your class action complaint that named Plaintiffs were "Qualified Applicant[s]" or "successful applicants" for employment with the FAA. (Fourth Am. Compl. ¶¶ 155, 168, 196; *see also* ECF No. 139 at 20).

26. All documents relevant to the claim in your class action complaint that named Plaintiffs had "legitimate expectations of being hired" through a preferential hiring path. (Fourth Am. Compl. ¶ 149).

Dated: July 6, 2022                     BRIAN M. BOYNTON
                                        Principal Deputy Assistant Attorney General

                                        CARLOTTA P. WELLS
                                        Assistant Director
                                        Civil Division, Federal Programs Branch

                                        */s/  Galen N. Thorp*
                                        Galen N. Thorp (V.A. Bar No. 75517)
                                        Senior Trial Counsel
                                        Michael Drezner (V.A. Bar No. 83836)
                                        Alexandra Saslaw (D.C. Bar No. 1618175)
                                        Trial Attorneys
                                        U.S. Department of Justice
                                        Civil Division, Federal Programs Branch
                                        1100 L Street NW
                                        Washington, DC 20530
                                        Telephone: (202) 514-4781
                                        Facsimile: (202) 616-8470
                                        Email: galen.thorp@usdoj.gov

                                        *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

    I hereby certify that the forgoing document was served by e-mail on counsel for plaintiffs on July 6, 2022.

*/s/ Galen N. Thorp*
Galen N. Thorp
