UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW J. BRIGIDA, *et al.*,

    *Plaintiffs*,

v.

PETE BUTTIGIEG, Secretary, U.S. Department of Transportation,

    *Defendant.*

No. 16-cv-2227 (DLF)

**ORDER**

    Plaintiffs Andrew Brigida and Matthew Douglas-Cook, on behalf of themselves and a nationwide class, assert employment discrimination claims against the Federal Aviation Administration (FAA). They allege that in 2014, the FAA instituted a new hiring process for air traffic controllers with a racially discriminatory purpose, and these changes resulted in their failed applications for employment. *See* Fourth Am. Compl. at 1–2, Dkt. 114. They point to the elimination of the vacancy announcements only for graduates of Air-Traffic Collegiate Training Initiative Institutions (CTI Institutions); the striking of their scores on the Air Traffic Control Selection and Training (AT-SAT) exam; and the implementation of a new Biographical Questionnaire (BQ). Before the Court is the plaintiffs' Motion to Compel Responsive Documents Created in 2015-2016, Dkt. 157. For the reasons that follow, the Court will grant the motion.

    Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In applying that provision,

relevance is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Proportionality, in turn, depends on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

When a party objects to a discovery request, the requesting party may file a motion to compel. Fed. R. Civ. P. 37(a)(1). That party bears the initial burden of "explaining how the requested information is relevant." *Oxbow Carbon & Mins. LLC v. Union Pac. R.R. Co.*, 332 F.R.D. 1, 5–6 (D.D.C. 2017). "Once relevance has been established, the burden shifts to the party opposing discovery to show why the discovery should not be permitted." *Lamaute v. Power*, 339 F.R.D. 29, 35 (D.D.C. 2021). The opposing party "must make a specific, detailed showing." *Id.*

Here, the plaintiffs request multiple categories of documents: (1) "documents addressing Barrier Analysis [regarding minority hiring], Extension Report, BQ" (Requests for Production (RFPs) 1–4); (2) "changes made to or recommended for the [Air Traffic Controller (ATC)] hiring process" (RFP 7); (3) "communications with Congress, [National Black Coalition of Federal Aviation Employees (NBCFAE)], and among key witnesses" (RFPs 5, 8, 12); (4) "FAA [Civil Rights and Human Resources offices (CR and HR)] strategic plans, programs, and objectives" (RFP 9); and (5) "evidence refuting or supporting FAA HR/CR claims" (RFPs 10, 11, 13, 14). *See* Pl.'s Mot. to Compel at 4–5, 6–10. The defendant opposes producing records in

these categories created between 2015 and 2016, claiming that they are irrelevant to the issue in this case—whether the 2014 hiring process was discriminatory. Def.'s Opp'n at 4–5, Dkt. 158.

The Court agrees with the plaintiffs that these documents are relevant. In Title VII cases, plaintiffs have been allowed a "very broad scope of discovery." *Pleasants v. Allbaugh*, 208 F.R.D. 7, 9 (D.D.C. 2002); *see also Mitchell v. Nat'l R.R. Passenger Corp.*, 208 F.R.D. 455, 459 (D.D.C. 2002) ("As Title VII cases are particularly hard to prove in the absence of a proverbial smoking gun, such as a discriminatory comment made by a hiring official, discovery in these cases is necessarily broad."). To be sure, discovery should still be "reasonably related to the circumstances involved in the alleged discrimination and to a time frame involving the alleged discriminatory conduct and the individuals who are allegedly involved in that conduct." *Hardrick v. Legal Servs. Corp.*, 96 F.R.D. 617, 618–19 (D.D.C. 1983). But courts often allow discovery in discrimination cases to extend for a reasonable time beyond the employment action at issue, because limiting it to "a time frame which merely brackets the contested employment action would foreclose plaintiff from elucidating past practices or identifying a pattern." *Nuskey v. Lambright*, 251 F.R.D. 3, 10 (D.D.C. 2008) (quotation omitted) (allowing discovery from the first day of the plaintiff's employment to six months after her termination); *Lamaute*, 339 F.R.D. at 38 (allowing discovery from the day the plaintiff started work to one year after the challenged promotion decision). And plaintiffs "have a right to seek discovery" of evidence "probative of the intention or motivation of which the plaintiff has complained." *Mitchell*, 208 F.R.D. at 459.

The plaintiffs' requests are relevant to their allegations of discriminatory intent. They point to the defendant's admission that 2014 hiring practices were carried into 2015 and 2016. Pl.'s Mot. to Compel at 2–3 (citing Def.'s Opp'n to Mot. for Class Cert. at 10–11, Dkt. 75). Thus, records related to those practices (RFPs 1–4) from 2014, 2015, and 2016 alike may shed

light on the decisionmakers' motivations during the time period at issue here. The plaintiffs' request for records from organizations like the NBCFAE and the FAA Civil Rights and Human Resources offices is similarly reasonable (RFPs 5, 8, 9, 12). The plaintiffs allege that these actors were involved in decisions regarding the ATC hiring process, *see, e.g.*, Compl. ¶¶ 54–65, 111–13, and it is possible that they can discover evidence of their motivations beyond the one-year hiring change at issue. *See Pintro v. Rosenworcel*, 554 F. Supp. 3d 14, 21 (D.D.C. 2021) (admitting evidence of an employer's acts over a five-year period that could show a pattern of discrimination).

Further, the plaintiffs can obtain discovery into changes recommended for the ATC hiring process after 2014 (RFP 7) despite the defendant's claim that this would yield evidence of inadmissible "subsequent remedial measures." Def.'s Opp'n at 6 (citing Fed. R. Evid. 407). Discovery is not limited to admissible evidence, and remedial measures may be admissible to prove their feasibility. Fed. R. Evid. 407. Finally, the plaintiffs seek records including the success or failure of the CTI program and the qualifications and performance of those hired in 2014 (RFPs 10–14). It is possible that this data might shed light on the truth or falsity of the FAA's reasons for the 2014 hiring change, including that it lacked race-based intent. Thus, it can "bear on [the plaintiffs'] claim or [the defendant's] defense." *Lamaute*, 339 F.R.D. at 34 (quotation omitted).

Having established relevance, the Court turns to proportionality. The defendant does not carry its burden. It fails to address the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, and the parties' resources. *Oxbow*, 322 F.R.D. at 7; Def.'s Opp'n at 9–10. And it does not provide any information regarding the extra cost or time that would be required to review the documents. *In re Motion to*

4

*Compel Compliance with Subpoena Directed to Cooke Legal Grp., PLLC*, 333 F.R.D. 291, 295 (D.D.C. 2019) ("The Court entertains an unduly burdensome objection when the responding party demonstrates how the document is overly broad, burdensome, or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." (internal quotation marks omitted)).

Nevertheless, the Court is mindful that 70,000 extra documents to review, *see* Def.'s Opp'n at 10, will require a lot of resources. Thus, the plaintiffs are directed to, as much as possible, narrow their proposed search terms for these categories of documents for the additional years requested.

Accordingly, it is

**ORDERED** that the plaintiffs' Motion to Compel Responsive Documents Created in 2015-2016, Dkt. 157, is **GRANTED**. It is further

**ORDERED** that the defendant shall comply with the plaintiffs' Requests for Production 1–5, 7–14.

**SO ORDERED.**

_____
DABNEY L. FRIEDRICH
United States District Judge

September 6, 2022