# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW J. BRIGIDA, *et al.*,          ) | |
| ) | |
| *Plaintiff Class*,     ) | |
| )  No. 16-cv-2227 (DLF) | |
| v.               ) | |
| ) | |
| PETER P.M. BUTTIGIEG, Secretary, U.S.  ) | |
| Department of Transportation,        ) | |
| ) | |
| *Defendant*.           | |

### PLAINTIFFS' MOTION FOR PAYMENT OF EXPENSES UNDER
### FED. R. CIV. P. 37(a)(5)(A) AND MEMORANDUM IN SUPPORT THEREOF

The parties recently presented to the Court the issue of whether documents from 2015 and 2016 were relevant to this case. The FAA's position was that relevance suddenly cut off on December 31, 2014. Plaintiffs disagreed, and the Court held that such documents were relevant, and that "in Title VII cases, plaintiffs have been allowed a very broad scope of discovery." ECF No. 161, at 3 (internal quotation marks omitted). Moreover, the Court found that the FAA failed to fully address, let alone meet, its burden regarding proportionality. ECF No. 161, at 4 ("Having established relevance, the Court turns to proportionality. The defendant does not carry its burden. It fails to address the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, and the parties' resources…. And it does not provide any information regarding the extra cost or time that would be required to review the documents.").

Plaintiffs, therefore, move the Court under Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure for an order directing the FAA to pay the reasonable expenses incurred by Plaintiffs in

establishing the proper temporal scope of discovery, including fees for submitting this motion and any necessary reply brief.

## BACKGROUND

On March 4, 2022, the Plaintiffs served Defendant with their first Requests for Production of Documents ("RFP") on the merits. Because air traffic controller hiring remained in flux and because many of the persons involved in the 2014 process remained involved in 2015–2016, Plaintiffs requested, *inter alia*, FAA documents from 2015 and 2016 regarding changes or recommended changes to air traffic controller hiring. On April 18, 2022, the FAA objected to the RFP, claiming that the 2015–2016 documents Plaintiffs requested were "not relevant to any party's claim or defense" and that producing such documents would be "unduly burdensome and not proportional to the needs of the case…because few such documents are likely to be relevant." On April 22, 2022, Plaintiffs sent a letter questioning the Defendant's objections to the RFPs, including the refusal to provide documents from 2015–2016. On May 25, 2022, the FAA responded to the Plaintiffs' letter, asserting that the FAA's deliberations in 2015–2016 "cannot reveal anything meaningful about the FAA's intent in early 2014" and that it was therefore "unduly burdensome and out of proportion to produce" the information Plaintiffs requested from 2015–2016.

On June 24, 2022, after further conferral, the Plaintiffs and Defendant submitted a Joint Status Report ("JSR") raising the discovery issue. ECF No. 156. On June 27, 2022, this Court ordered the parties to jointly provide a clear, concise description of the issues in dispute. On July 6, 2022, the parties emailed this Court with their submission of the concise statement of issues. On July 7, 2022, this Court ordered the parties to file full briefs in support of their discovery request. On July 21, 2022, Plaintiffs filed their motion to compel responsive documents created in the years

2

2015 and 2016. ECF No. 157. On August 5, 2022, the FAA filed an opposition brief. ECF No. 158. Plaintiffs filed their reply brief on August 11, 2022. ECF No. 159.

The government argued that documents from 2015 and 2016 post-dated the challenged hiring decision and were therefore irrelevant and "disproportionate to the needs of the case." ECF No. 158, at 2. On September 6, 2022, the Court ruled in Plaintiffs' favor, applying well-established case law in the area of civil procedure and Title VII to grant Plaintiffs' Motion in its entirety. ECF No. 161, at 1–3 ("In applying [Fed. R. Civ. P. 26(b)(1)], relevance is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.") (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The Court held that Plaintiffs' requests were "relevant to their allegations of discriminatory intent" and that the FAA failed to address most of the factors considered in a proportionality analysis. *Id.* at 3–4.

**STANDARD**

Rule 37 of the Federal Rules of Civil Procedure provides a mechanism for forcing a party to cooperate with a discovery request. The party requesting the discovery may file a motion with the court to compel the uncooperative party to produce the requested document or information. Rule 37 also states that should a motion to compel discovery be successful, the losing party can be required to pay the reasonable expenses and attorney's fees expended by the prevailing party in preparing and supporting their motion. Fed. R. Civ. P. 37(a)(5)(A).

"The great operative principle of Rule 37(a)(5) is that the loser pays." 8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2288 (3d ed. 2022). Under the Rule, a court *must* require the losing party to compensate the prevailing

3

party for the reasonable expenses incurred making the motion, except under the following circumstances:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5). *See Cobel v. Norton*, 226 F.R.D. 67, 90 (D.D.C. 2005) ("District courts are afforded broad discretion to determine when Rule 37 sanctions are warranted. However, the language of the Rule itself is mandatory, dictating that the Court must award expenses upon granting a motion to compel disclosure unless one of the specified bases for refusing to make such an award is found to exist.") (internal citations omitted).

## ARGUMENT

**I.   THERE IS NO EXCEPTION TO FED. R. CIV. P. 37(A)(5)(A) THAT APPLIES IN THIS CONTEXT.**

**A.   The parties fully conferred in good faith.**

The parties conferred, in writing, specifically on the issue of the proper temporal scope of discovery, prior to the Plaintiffs filing their Motion to Compel on July 21, 2022. The dispute first arose when the FAA refused to produce any documents from 2015–2016 in response to Plaintiffs' first requests for production of merits-related documents sent on March 4, 2022. *See* ECF No. 157-18. Plaintiffs further addressed the issue with Defendant via email on June 17, before the Parties informed the Court of the dispute in their June 24 Joint Status Report. Plaintiffs conferred with Defendant in good faith before the filing of their motion and Defendant has not asserted that Plaintiffs have in any way acted in bad faith.

### B. Defendant's nondisclosure was not substantially justified.

A party is "substantially justified" in opposing discovery "if there is a 'genuine dispute,'" such that "reasonable people could differ" as to whether opposing the request was justified. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). And while "the standard is a forgiving one," *Boca Investerings Partnership v. U.S.*, 1998 WL 647214, at *1 (D.D.C. Sept. 1, 1998), the Supreme Court has cautioned that "[t]o be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." *Pierce*, 487 U.S. at 566. Courts have held discovery positions to not be substantially justified when parties take positions without precedential support, *see Boca*, 1998 WL 647214, at *2, or when they fail to address important issues central to the dispute, *see Oxbow Carbon & Mins. LLC v. Union Pac. R.R. Co.*, 332 F.R.D. 1, 7 (D.D.C. 2017). Here, the government took a position that contradicted Title VII case law on the issue of relevance and failed to address multiple factors concerning proportionality.

The fact of the matter is that Plaintiffs' Motion to Compel was not a particularly close question. This Court granted the relief Plaintiffs sought in its entirety, without the need for a hearing, in a short, 5-page order. ECF No. 161. *Cf. Peterson v. Hantman*, 227 F.R.D. 13, 17–18 (D.D.C. 2005) (party's non-prevailing position was substantially justified, evidenced by the lively and close debate held at the motion hearing, including outside testimony indicating the requested discovery was "extremely difficult to obtain," with the judge ultimately lamenting that "there is no clear-cut answer"). Unlike *Peterson*, no ambiguity existed here. As this Court noted in its September 6 Order, given the very broad scope of discovery in a normal Title VII case, post-discrimination documents are regularly sought and produced as relevant evidence. ECF No. 161, at 3 ("[C]ourts often allow discovery in discrimination cases to extend for a reasonable time

beyond the employment action at issue, because limiting it to 'a time frame which merely brackets the contested employment action would foreclose plaintiff from elucidating past practices or identifying a pattern.'") (quoting *Nuskey v. Lambright*, 251 F.R.D. 3, 10 (D.D.C. 2008)). The documents Plaintiffs sought were likely to include relevant evidence, as is often held by courts in this Circuit. Apart from two citations supporting the general rule that subsequent remedial measures cannot generally be used as evidence of admission of fault, ECF No. 158, at 7, the government failed to support its argument that the documents were irrelevant with *any* precedent whatsoever, instead offering citations only in its "Legal Standard" section.

Moreover, the government refused to provide support for its arguments on proportionality, despite relying on that argument during the conferral and in the earlier summary sent to Chambers. *See* Exhibit 1 (July 2022 e-mail to court), at 3 ("A bright line at the end of 2014 would protect Defendant from unwarranted burden …."). This Court thus appropriately found that "[t]he defendant [did] not carry its burden. It fail[ed] to address the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, and the parties' resources." ECF No. 161, at 4 (citing *Oxbow*, 332 F.R.D. at 7); *see also Boca*, 1998 WL 647214, at *2 ("I cannot fairly conclude that a legal position is substantially justified when it ignores controlling precedent."). Although expenses were not ultimately awarded in *Boca*, the court rejected that a position was substantially justified because it overlooked dispositive cases on the relevant issues. *Id.*[1] *See also Equal Employment Opportunity Commission v. Klockner, H & K Machines, Inc.*, 168 F.R.D. 233, 235–36 (E.D. Wis. 1996) (awarding fees where defendant

---

[1] The court chose not to award expenses, despite the litigant's position on 95% of the documents in question being unjustified, because it felt that doing so would reward the other party for engaging in an escalating tit-for-tat escalation of disobedience, a context not present here. *See Boca*, 1998 WL 647214, at *2–3.

objected on relevance grounds despite the fact that "[a] request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action."). This Court, in its September 6 Order, spoke unequivocally regarding the government's failure to address multiple important aspects of the proportionality analysis, remarking on the government's failure to "provide any information" regarding costs in a brief ostensibly concerned with the undue burden production of the documents sought would cause. ECF No. 161, at 4. The government cannot now claim it was substantially justified in taking a position that it abdicated its responsibility to defend.

        **C.**      **No other circumstances make an award of expenses unjust.**

There are no other circumstances that make an award of expenses unjust. The Court's judicial resources were expended on deciding an issue of discovery, and Plaintiffs prevailed based on settled Title VII case law. Unlike in *Boca*, Plaintiffs here have worked with the government and this Court in good faith to avoid any unnecessary discovery disputes, and there is no bad behavior from Plaintiffs the Court need consider about incentivizing with an award of expenses. *See Boca*, 119 WL 647214, at *2–3.

**II.**    **PLAINTIFFS ARE ENTITLED TO AN AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS**

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that the party whose conduct necessitated the motion "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Indeed, an award of attorneys' fees under this rule is mandatory. *Id.* ("If the motion is granted . . . the court *must* . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.") (emphasis added). Therefore, the Plaintiffs are entitled to an award of reasonable attorneys' fees and costs.

A declaration outlining the hours expended on the discovery motion is attached as Exhibit 2. The time for which Plaintiffs seek compensation is set forth in detail in Attachment A to Exhibit 2. Time entries were recorded contemporaneously with the work performed. Ex. 2 ¶ 5. Attachment A identifies the date work was performed, the amount of time expended, a description of the tasks performed, the professional performing the work, the percentage of time for which Plaintiffs seek reimbursement, and the rate of the particular timekeeper involved.

Counsel for Plaintiffs' rates are reasonable and, to the best of their knowledge, significantly lower than prevailing market rates in Washington, D.C.

### III. THE FEES PLAINTIFFS SEEK ARE CONSISTENT WITH THE LODESTAR METHOD AND LESS THAN PERMISSIBLE UNDER THE *LAFFEY* FEE MATRIX AND THUS REASONABLE

"The starting point for determining a reasonable fee is the 'lodestar method,' which 'is the number of hours expended on the litigation multiplied by a reasonable hourly rate.'" *Heller v. Dist. of Columbia*, 832 F. Supp. 2d 32, 37 (D.D.C. 2011) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Because the lodestar method "roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case," *Perdue v. Kenny*, 559 U.S. 542, 551–52 (2010), "[t]here is a strong presumption that the lodestar figure represents a reasonable attorney's fee." *Heller*, 832 F. Supp. 2d at 38. (internal citation omitted).

In this Circuit, the court makes three separate determinations: "[a] court must: (1) determine the number of hours reasonably expended in litigation; (2) set the reasonable hourly rate; and (3) use multipliers as warranted." *Salazar ex rel. Salazar v. District of Columbia*, 809 F.3d 58, 61 (D.C. Cir. 2015) The fee applicant, however, "bears the burden of establishing entitlement to an award, documenting the appropriate hours, and justifying the

8

reasonableness of the rates [.]" *Heller*, 832 F. Supp. 2d at 38 (citing *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995)). As will be discussed, the lodestar amount supports the award the Plaintiffs seek.

    **A.**    **Plaintiffs seek rates under the matrix approved in *Salazar v. District of Columbia*.**

The D.C. Circuit, sitting en banc, held that "the prevailing market rate method heretofore used in awarding fees to traditional for-profit firms and public interest legal services organizations shall apply as well to those attorneys who practice privately and for profit but at reduced rates reflecting non-economic goals." *Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516, 1524 (D.C. Cir. 1988). Further the D.C. District Court "conclude[d] that the updated *Laffey* matrix more accurately reflects the prevailing rates for legal services in the D.C. community." *Salazar v. District of Columbia*, 123 F. Supp. 2d 8, 15 (D.D.C. 2000).

Plaintiffs have submitted a detailed billing record reflecting work performed by the attorneys in this case who spent time on the motions at issue—Zhonette Brown, William Trachman, David McDonald, and Erin Erhardt. *See* Exhibit 2, Attachment A. According to the LSI Laffey Matrix, Ms. Brown's hourly rate (a 1998 law school graduate, *see* ECF No. 139-35) would be $997, Mr. Trachman's hourly rate (a 2005 law school graduate, *see* ECF No. 139-36) would be $829, and Ms. Erhardt's (a 2015 law graduate) and Mr. McDonald's (a 2016 law graduate) hourly rate would be $508. *See* Ex. 2 ¶¶ 3, 13; http://www.laffeymatrix.com/see.html. Paralegal work is billed at an hourly rate of $225 in accordance with the LSI Laffey Matrix.[2] (Ex. 3 at ¶ 3.) Plaintiffs would be entitled to attorneys' fees at these rates without any downward adjustment. Nonetheless and without waiving the ability to seek higher rates once they prevail on

---

[2] Work performed by paralegals is recoverable in statutory fee-shifting cases. See *Missouri v. Jenkins*, 491 U.S. 274, 288–89 (1989); http://www.laffeymatrix.com/see.html.

9

the merits, Plaintiffs seek reimbursement at the rate of $500/hour for the senior attorneys at MSLF, of $350 for the mid-level attorneys at MSLF, and of $150 for the paralegal. Further, Plaintiffs are not currently seeking costs, such as charges for electronic research and databases, in connection with this motion but reserve their right to do so at the conclusion of this case.

### B. The number of hours expended was appropriate and reasonable and should not be reduced.

Plaintiffs' counsel litigated the case as efficiently as reasonable and made appropriate voluntary reductions in the hours spent on the case. Specifically, Plaintiffs do not seek fees for any of the time spent on these issues by law student interns; do not seek fees for the full amount of time spent on the related research, editing, or internal correspondence; and do not seek fees for the full amount of paralegal time spent preparing the motions and filings. *See* Exhibit 2 ¶¶ 8–9.

Plaintiffs' attorneys are highly experienced and their knowledge, skill, and experience facilitated a successful and efficient outcome for Plaintiffs in this discovery dispute. Accordingly, there is no basis to further reduce Plaintiffs' attorneys' fees sought in this motion.

Undersigned counsel has audited and reviewed the billing statement generated in this matter and has cut any excessive or unnecessary work performed. Ex. 2 ¶¶ 8–9. Plaintiffs' attorneys, interns, and paralegals expended over 100 hours researching relevance and proportionality and drafting the Motion to Compel, and over 30 hours preparing the instant Motion and Memorandum. Ex. 2 ¶¶ 8–10. Of that, Plaintiffs are seeking only 88.975 hours in fees. Ex. 2 ¶ 11. The fees submitted by Plaintiffs' counsel are those that undersigned counsel, in the exercise of her professional billing judgment, and after making a good-faith evaluation of all recorded hours of work performed in relation to Plaintiff's motion, finds to be fair and reasonably necessary to the litigation. Ex. 2 ¶¶ 5-7.

## ADDITIONAL FEES

Should Defendant contest this Motion, Plaintiffs reserve the right to supplement and amplify this Motion for fees and costs at a later date should more work become necessary.

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that they be awarded $38,961.25 in attorneys' fees.

DATED this 12th day of December, 2022.

    Respectfully submitted,

    */s/ Zhonette M. Brown*
    Zhonette M. Brown, D.C. Bar # 463407
    William E. Trachman, D.C. Bar # 502500
    David C. McDonald, D.C. Bar # CO0079
    MOUNTAIN STATES LEGAL FOUNDATION
    2596 South Lewis Way
    Lakewood, Colorado 80227
    Telephone: (303) 292-2021
    Facsimile: (303) 292-1980
    Email: zhonette@mslegal.org

    *Counsel for Plaintiff Class*