UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW J. BRIGIDA, *et al.*,<br><br>*Plaintiff Class*,<br><br>vs.<br><br>PETER P.M. BUTTIGIEG, Secretary, U.S. Department of Transportation,<br><br>*Defendant*. | No. 16-cv-2227 (DLF) |

**DEFENDANT'S OPPOSTION TO PLAINTIFFS' MOTION FOR PAYMENT OF EXPENSES UNDER FED. R. CIV. P. 37(a)(5)(A)**

**INTRODUCTION**

This Court should not award Plaintiffs' expenses arising out of their motion to compel. Plaintiffs' motion sought to order the search, processing, and production of materials created in 2015 and 2016, in a case that solely challenges actions leading up to a February 2014 hiring announcement. Defendant opposed primarily on the ground of relevance, noting that Plaintiffs had failed to offer more than vague and conclusory assertions as to how the requested documents concerned their case. Defendant also explained that, even at the then-nascent stage of searching for responsive documents, the increased effort required to comply with Plaintiffs' requests would impose a significant burden, requiring at a minimum the processing of tens of thousands of additional documents. Although the Court granted Plaintiffs' motion, disagreeing with Defendant as to relevance, the Court found that Plaintiffs' discovery request would indeed require substantial resources from Defendant and so explicitly ordered Plaintiffs to narrow their proposed search terms as much as possible. Given the Court's acknowledgement of the reasonableness of Defendant's arguments, Plaintiffs cannot show an entitlement to fees in these circumstances. Finally, even if any fees could be appropriate here – and they are not – Plaintiffs claim excessive expenses and so any award should be substantially reduced.

**BACKGROUND**

Plaintiffs assert that the FAA intentionally discriminated against them on the basis of race in the context of the air traffic controller hiring announcement in February 2014. Specifically, Plaintiffs assert that the FAA struck Plaintiffs' AT-SAT scores in late 2013, and implemented the Biographical Assessment in early 2014, to specifically benefit African Americans at the expense of all other racial and ethnic groups. *See* Def.'s Opp'n to Pls.' Mot. to Compel ("Def.'s Opp'n"), at 4 & n. 1, ECF No. 158. The parties are currently engaged in discovery, which has

required an extensive effort by Defendant to collect, process, and produce documents responsive to Plaintiffs' discovery requests.

In negotiations over the broad scope of discovery sought by Plaintiffs, Defendant agreed to produce documents from 2010 through 2014 – including a full year after the announcement of the hiring change. Plaintiffs represented to Defendant that they sought documents in discovery from 2015 and 2016 in support of their argument that the 2014 hiring process was intentionally discriminatory. Defendant explained to Plaintiffs, among other things, that Federal Rule of Evidence 407 prohibits using subsequent remedial measures as evidence and, thus, there would be little value to the discovery compared to the cost to Defendant of collecting responsive documents and information.

Plaintiffs then filed a motion to compel and argued, *inter alia*, that they need information from 2015 and 2016 so that "a jury could reasonably find it more likely that the same decisionmakers discriminated on the same basis in 2014." ECF No. 159 at 2, 5. Defendant opposed, noting that he had already agreed to produce records from a broad date range, from 2010 to 2014. Def.'s Opp'n at 4. Defendant also argued that Plaintiffs had failed to demonstrate the relevance of their sought records, and Defendant averred that processing the sought records would impose a significant burden on the FAA. *Id.* at 4, 10 (arguing that Plaintiffs had failed to explain how "'reactions' by the FAA" in 2015-2016 "are admissible and relevant to proving discrimination in 2014"). Defendant emphasized that this period included numerous subsequent changes that Plaintiffs do not challenge, and which are not admissible evidence. *See id.* at 5-6. While this Court ruled in Plaintiffs' favor and held that the sought records were relevant, the Court also recognized that "70,000 extra documents to review," which was Defendant's initial estimate of the additional burden Plaintiffs' requests would impose just for one source of

documents (the one which was readily quantifiable), "will require a lot of resources." Order at 5, ECF No. 161. Accordingly, and contrary to their claim that "the Court granted the relief Plaintiffs sought in its entirety," ECF No. 164 at 5, the Court "directed [Plaintiffs] to, as much as possible, narrow their proposed search terms for these categories of documents for the additional years requested." *Id*.

On December 12, 2022, Plaintiffs filed a motion requesting that the FAA be ordered to pay "reasonable expenses incurred by Plaintiffs," from their original motion to compel, and from the instant motion practice. Pls.' Mot. for Payment of Expenses Under Fed. R. Civ. P. 37(a)(5)(A) & Mem. in Supp. ("Pls.' Mot."), at 1, ECF No. 164.

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(a)(5) sets forth the mechanism by which expenses may be provided following the resolution of certain discovery motions. The Rule states that if a motion to compel discovery is granted, then the opposing party must pay the movant's reasonable expenses, "[b]ut the court must not order this payment," if certain circumstances are present, such as where "the opposing party's nondisclosure, response, or objection was substantially justified," or where "other circumstances make an award of expenses unjust." Fed. R. Civ. Pro. 37(a)(5)(A)(ii)-(iii).

Accordingly, payment of expenses may not be ordered if a discovery objection is "substantially justified," such that the motion "raises a genuine issue among reasonable lawyers." *Boca Investerings P'ship v. United States*, No. CIV.A. 97-602PLF/JMF, 1998 WL 647214, at *1 (D.D.C. Sept. 1, 1998). This "standard is a forgiving one," *id*., and an unsuccessful objection need not even "be justified to a high degree[.]" *Zimmerman v. Al Jazeera Am., LLC*, 329 F.R.D. 1, 5 (D.D.C. 2018) (citation omitted). As the Advisory Committee's notes on this provision

3

explain, the fee-shifting provisions are intended to "deter a party from pressing to a court . . . frivolous requests for or objections to discovery," and otherwise deter abuses of the discovery process. *See* Fed. R. Civ. P. 37(a)(4), advisory committee's note to 1970 amendment.

## ARGUMENT

**I.   Defendants' Opposition was Reasonable and this Court Ordered Plaintiffs to Narrow their Proposed Search Terms, such that Plaintiffs are Not Entitled to Expenses**

An award of fees is not appropriate here because Defendant's opposition to Plaintiffs' discovery requests was appropriate and in accordance with governing legal principles. Reasonable lawyers can plainly differ about whether FAA materials that post-date alleged employment discrimination, by over two years in some instances, were relevant to Plaintiffs' claims and proportional to the needs of the case. That commonsense observation is enough to defeat Plaintiffs' motion.

Yet Plaintiffs argue that Defendant was not substantially justified in his opposition because Defendant "took a position that contradicted Title VII case law on the issue of relevance[.]" Pls.' Mot. at 5. Not so. Defendant reasonably opposed Plaintiffs' requests as overbroad, noting that "discovery should be reasonably related to the circumstances involved in the alleged discrimination and to a time frame involving the alleged discriminatory conduct and the individuals who are allegedly involved in that conduct." Def.'s Opp'n at 3-4 (quoting *Nuskey v. Lambright*, 251 F.R.D. 3, 9 (D.D.C. 2008)). Motions to compel production, like other discovery motions, are often highly fact-dependent and turn on the circumstances and claims of a particular case. There was of course no case law directly on point as to the relevance of the specific documents at issue here. Nor is Defendant aware of binding precedent requiring the

4

discovery of materials dated more than two years after the alleged discrimination occurred. *Cf.* Pls.' Reply in Supp. of Mot. to Compel Production ("Pls.' Reply"), at 4, ECF No. 159.[1]

Unable to show that Defendant contravened governing law, Plaintiffs assert that Defendant was not substantially justified in his opposition because Defendant did not cite enough cases and did not explicitly address all factors relating to proportionality. Pls.' Mot. at 5-6. But the strength and reasonableness of a brief is not measured by counting the number of case cites; indeed, Plaintiffs' own opening brief did not cite a case outside of their legal standard section and a footnote. *See* Pls.' Mot. to Compel, at 5-6, 10. Nor is reasonableness undermined where a litigant emphasizes certain arguments over others. Here, Defendant focused on the argument that Plaintiffs had failed to carry their burden to show the relevance of the sought documents because, in Defendant's view, Plaintiffs offered only conclusory assertions that the sought documents were relevant, without any cogent explanation of how production of these materials would advance the claims to be presented to the finder of fact. Where, as here, Defendant reasonably argued that the sought documents are of tenuous relevance, an objection on this ground is substantially justified. *See Pietrangelo v. Refresh Club, Inc.*, No. 18-CV-1943 (DLF/ZMF), 2021 WL 2156504, at *3 (D.D.C. May 26, 2021) (Friedrich, J.) (holding that where documents were "of marginal relevance," requiring the production of all such records is "simply not proportional to the needs of the case," and denying motion for costs) (citation omitted).

---

[1] Plaintiffs cited *Pintro v. Rosenworcel*, 554 F. Supp. 3d 14, 21 (D.D.C. 2021), but that case noted discovery in a five-year period that *preceded* the alleged discrimination. Similarly, *Lamaute v. Power*, 339 F.R.D. 29, 38 (D.D.C. 2021) permitted discovery only for a period preceding the discrimination through "one year after the promotion decision." And *Nuskey v. Lambright*, 251 F.R.D. 3, 10 (D.D.C. 2008), cited by Defendant, permitted discovery only "to six months after [plaintiff's] termination."

As just one example, Defendant argued that Plaintiffs failed to spell out exactly why "the FAA's 2015 decision to revise the hiring process . . . is probative to determining whether the 2014 hiring process intentionally discriminated on the basis of race." *See, e.g,* Def.'s Opp'n at 5. On reply, Plaintiffs did not claim that they had in fact articulated the relevance of this request, but rather asserted for the first time that "examining what the FAA changed for the 2015 hiring process . . . will reveal what sort of validation and other evaluation of the proposed hiring changes would have been standard or feasible" for the 2014 revision. Pls.' Reply at 6. Putting aside the accuracy of this assertion, where Plaintiffs felt compelled to revise the justifications for their discovery requests mid-briefing, Defendant's opposition cannot be deemed unreasonable or otherwise not in accordance with the law. At bottom, it was reasonable for the parties to disagree about whether documents from 2015 and 2016 would be relevant to demonstrating intentional discrimination in an employment process that was developed in 2013 and implemented in early 2014. *See also Klein v. Torrey Point Grp.*, LLC, 979 F. Supp. 2d 417, 442 (S.D.N.Y. 2013) ("A responding party's refusal to produce documents on the basis that they are irrelevant can provide substantial justification unless such a position 'involves an unreasonable, frivolous or completely unsupportable reading of the law.'") (citation omitted).

Moreover, Plaintiffs entirely ignore the fact that while this Court disagreed with Defendant on relevance, the Court also recognized that Plaintiffs' requests "will require a lot of resources." Order at 5. In light of this obvious burden, the Court explicitly directed Plaintiffs to "as much as possible, narrow their proposed search terms for these categories of documents for the additional years requested." *Id*. Where, as here, a court recognizes the significant burden posed by a discovery request, and narrows the request to ameliorate that burden, even an unsuccessful opposition to that request is substantially justified. *See, e.g., A.T. v. Everett Sch.*

6

*Dist.*, No. C16-1536JLR, 2017 WL 4811361, at *8 (W.D. Wash. Oct. 25, 2017) ("Because the court narrowed the scope of Interrogatory No. 2, the court finds that the District's objection to Interrogatory No. 2 as unduly burdensome and disproportionate to the needs of the case was substantially justified"); *First Niagara Risk Mgmt., Inc. v. Folino*, 317 F.R.D. 23, 29 (E.D. Pa. 2016) (holding that "nondisclosure and objections, while ultimately futile, were substantially justified given the breadth of First Niagara's request").

## II.     Other Circumstances do not Warrant an Award of Fees, Given the Significant Burden Imposed by Plaintiffs' Requests

In addition to Defendant's substantially justified opposition, an award of expenses here would also be inappropriate due to "other circumstances" as well. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). Compliance with this Court's Order on discovery will require a substantial outlay of resources, over and above what Defendant originally estimated. Notably, in August 2022, Defendant estimated that it would need to process at least 70,000 additional documents from 2015-2016, from 13 custodians. However, the number of documents to review from that period will in fact be significantly higher, given that in December 2022 Defendant agreed to search for and process documents from at least 33 custodians for 2015 and 2016. *See* Joint Status Report at 8, ECF No. 165. Plaintiffs' limited revisions to their search terms are unlikely to substantially decrease that volume. Moreover, that initial estimate did not include approximately 18,000 additional documents from FAA contractor APT Metrics for 2015 and 2016 that are also being processed for potential production. *See id.* And the expanded period for discovery will have implications for additional document sources such as hard drives and network folders.

As this Court recognized, adding two additional years of document discovery will require a large amount of resources, in excess of what Defendant has already devoted to this

7

matter. Accordingly, justice is not served by penalizing Defendant in this circumstance by compelling the payment of Plaintiffs' expenses. *See Symons Int'l Grp., Inc. v. Cont'l Cas. Co.*, No. 1:01-CV-00799-RLY, 2015 WL 4392933, at *10 (S.D. Ind. July 15, 2015) (declining to award fees where "[a]lthough many of Symons' objections were unsound, compliance with the Court's order will already require a significant expenditure of time and effort on Symons' part").

### III. Plaintiffs' Requested Fees are Excessive and Unsupported

Even if this Court were to disagree and find that an award of fees is required by Rule 37, Plaintiffs have failed to justify their requested expenses. That is, Plaintiffs have failed to support their requested number of hours as "reasonable." *See Cobell v. Jewell*, 234 F. Supp. 3d 126, 171 (D.D.C. 2017) ("[The movant's] burden is to demonstrate that the hours for which he now seeks compensation are, in fact, reasonable."). And Plaintiffs have similarly failed to demonstrate the reasonable hourly rate for at least some of their attorneys. For these reasons, Plaintiffs' sought award of expenses should be substantially reduced.

First, as to the reasonableness of Plaintiffs' claimed hours of legal work, Plaintiffs claim that they "expended over 100 hours researching relevance and proportionality and drafting the motion to Compel, and over 30 hours preparing the instant Motion and Memorandum." Pls.' Mot. at 10. Of that, Plaintiffs claim "only 88.975 hours in fees[,]" after discounting some of their claimed entries. *Id.* The vast majority of this claimed time is sought for preparing the motion to compel, 71.175 hours. ECF No. 164-3 at 7. On its face, this is an excessive amount of time for a relatively straightforward motion to compel; indeed, this is more than three times what courts in this district have found appropriate for similar motions. *See Nasreen v. Capitol Petroleum Grp., LLC*, No. 20-CV-1867 (TJK/GMH), 2022 WL 2119672, at *11 (D.D.C. Apr. 11, 2022) (explaining that 17 hours "falls comfortably within the range courts have found is a

8

reasonable amount of time to devote to a simple motion to compel" and citing other cases referencing claims of 16 to 20 hours).[2]  This Court should accordingly reduce Plaintiffs' sought time as unreasonable.  *Steven R. Perles, P.C. v. Kagy*, No. CV 01-0105 (AK), 2007 WL 9813124, at *9 (D.D.C. Nov. 14, 2007) ("A court may exclude billing entries that are excessive, redundant, unnecessary, or otherwise unreasonable.").

In fact, Plaintiffs seek payment for nearly 20 hours of research alone in preparation for the motion to compel.  ECF No. 164-3 at 1-4.  This does not include the additional research and case review that Plaintiffs claim was required for their reply.  *See id.* at 6.  But as noted above, the motion to compel cited only a small number of cases in the legal background section and in a footnote.  Defendant should not be made to pay for research that was not used by Plaintiffs, let alone necessary for disposition of their motion.  *Accord Danik, Inc. v. Hartmarx Corp.*, 120 F.R.D. 439, 444 (D.D.C. 1988) (declining to award fees for research time when "the results of much of that research were not reasonably necessary to achieve dismissal of the case.  Such a response was unreasonably disproportionate.").

Similarly, Plaintiffs' request payment for approximately six hours of time to "revise" or "convert" their draft motion to fit the applicable 10-page limit.  *See* ECF No. 164-3 at 4.  Defendant should not be made to pay for both Plaintiffs' choice to draft an over-long brief and then for the time required to cut it down to an appropriate size.

In addition, Plaintiffs have failed to demonstrate the appropriate hourly rate for at least two of the attorneys cited.  Plaintiffs do not argue for the adoption of hourly rates set forth in the LSI Laffey Matrix, but rather seek rates that are lower.  But even then, Plaintiffs are obligated to

---

[2] To the extent Plaintiffs argue that their motion was more complex and fact-dependent, such assertions undermine their preceding justification for seeking fees: that there was no substantial dispute at issue.

9

demonstrate that their claimed hourly rate for their attorneys is reasonable. *See Covington v. District of Columbia,* 57 F.3d 1101, 1107 (D.C. Cir. 1995) ("[A] fee applicant's burden in establishing a reasonable hourly rate entails a showing of at least three elements: the attorneys' billing practices; the attorneys' skill, experience, and reputation; and the prevailing market rates in the relevant community."). For attorneys Ms. Erhardt and Mr. McDonald, Plaintiffs aver only that "they graduated from law school" in 2015 and 2016, respectfully. *See* ECF No. 164-2 ¶ 13. That is not sufficient to show their requisite years of experience, since Plaintiffs must set forth the number of years where the attorneys were actually engaged in the practice of law, namely after they passed the bar and became employed as attorneys. *See Thomas v. Moreland*, No. 18-CV-0800 (TJK/RMM), 2022 WL 2671272, at *5 (D.D.C. Mar. 4, 2022) (excluding two years of clerking from attorney's years of experience for fee calculations); *Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 982 F. Supp. 2d 56, 61 (D.D.C. 2013) ("Even though Laffey rates are based on years after graduation . . . this Court . . . holds that th[e] calculation does not kick in until the graduate is admitted to a bar"). Plaintiffs have not provided any evidence of the time that these attorneys have actually been engaged in the practice of law, nor have they provided any evidence of the billing rates normally charged by these attorneys, or indeed any of their attorneys.

For all of these reasons, if this Court concludes that any award of fees is appropriate, such fees should be reduced. Rather than engage in a line-by-line accounting of Plaintiffs' excessive or unsupported entries, this Court should reduce Plaintiffs' sought fees by two-thirds, such that Plaintiffs would, at most, receive fees for approximately 30 hours of attorney time, or $12,985.78. As noted above, this request would be more commensurate with requests for fees in comparable situations, and appropriately reduce Plaintiffs' excessive and unsupported fee

requests. *Accord Snead v. Harris*, No. 77-2191, 1981 WL 122, at *3 (D.D.C. Jan. 30, 1981) (reducing fees by two thirds due to "excessive" time requests); *see also Am. Oversight v. U.S. Dep't of Just.*, 375 F. Supp. 3d 50, 72 (D.D.C. 2019) (reducing fees for both merits briefing and fee-on-fee litigation by one-third).

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for attorney fees and costs under Rule 37(a)(5)(A). Alternatively, if the Court decides to make an award, the asserted fees should be reduced by two thirds.

DATED: January 24, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Director
Civil Division, Federal Programs Branch

/s/ Michael Drezner
Michael Drezner (VA Bar No. 83836)
Hilarie E. Snyder (D.C. Bar No. 464837)
Trial Attorneys
Galen N. Thorp (VA Bar No. 75517)
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Telephone: (202) 514-4505
Facsimile: (202) 616-8470
Email: Michael.L.Drezner@usdoj.gov

*Counsel for Defendant*