**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANDREW J. BRIGIDA, *et al.,* | ) | |
| | ) | |
| *Plaintiff Class*, | ) | |
| | ) | No. 16-cv-2227 (DLF) |
| v. | ) | |
| | ) | |
| PETER P.M. BUTTIGIEG, Secretary, U.S. | ) | |
| Department of Transportation, | ) | |
| | ) | |
| *Defendant.* | | |

---

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PAYMENT OF EXPENSES
UNDER FED. R. CIV. P. 37(a)(5)(A)**

---

Plaintiffs prevailed on a fairly typical Title VII theory that evidence of discrimination ought to be broadly discoverable. *See* Order, ECF 161, at 3 ("In Title VII cases, plaintiffs have been allowed a very broad scope of discovery.") (internal quotation marks omitted). So the FAA's argument that it was substantially justified or even "justified to a high degree" in its refusal to disclose relevant documents from 2015 and 2016 is unpersuasive, and the FAA cannot avoid its responsibility to pay Plaintiffs' resulting attorney fees. Indeed, as the Court recognized, the FAA failed to even make complete arguments regarding proportionality. *See* Order, ECF 161, at 4 ("The defendant … fails to address the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, and the parties' resources."). And with regard to relevance, the FAA never even acknowledged, let alone addressed, how courts in this Circuit evaluate relevance for purposes of discovery.  Further, at every turn the FAA muddled relevance and proportionality, failing to come to grips with the fact that it was the FAA, not Plaintiffs, that bears the burden on proportionality. Having failed to define and analyze relevance according to

this Circuit and having abdicated its responsibility to support its assertions that the burden of discovery was disproportionate to its probative value, the FAA cannot now claim that it was substantially justified in its opposition to Plaintiffs' discovery requests and Motion to Compel.

Moreover, the FAA's argument that it should somehow be saved from the inadequacies of its position and briefing because the Court was appropriately "mindful that 70,00 extra documents *to review*…will require a lot of resources," is hardly compelling. Indeed, the Court's very reasonable admonition was based on the FAA's now inapplicable representations that it "would be required to *manually review* tens of thousands of additional emails…." ECF No. 158 at 11 (emphasis added). Those representations have not been borne out. Instead, the FAA has chosen its own initial search terms, changed its document review method, and announced that it will no longer do a manual first review of e-mails, but will instead rely on predictive coding to further narrow its searches after the application of its terms. Thus, the FAA's opposition to the fees motion carefully addresses "processing," rather than review. Of course, the Court is in the best position to know how much weight to place on the gravity of the last paragraph of its Order. But Plaintiffs do not view the Court's closing statement as an implicit holding that the FAA is immune from this motion.

Finally, the time that Plaintiffs spent on this discovery dispute and Plaintiffs' rates are both reasonable.

I.    **THE FAA'S RELEVANCE ARGUMENTS WERE NOT SUBSTANTIALLY JUSTIFIED.**

The FAA's claim that it opposed Plaintiffs' discovery requests "in accordance with the governing legal principles," Def's Opp'n to Mot. for Attorney Fees ("Fees Opp'n"), ECF No. 167 at 5, is false. The FAA opposed Plaintiffs' discovery requests on the basis of relevancy, yet never deigned to acknowledge what constitutes relevance. Not once did the FAA recite the standard for

relevance in its briefing, and instead universally intertwined relevance and its assertions about proportionate limits on discovery. The cases cited in the FAA's opposition to the Motion to Compel, ECF No. 158 at 4–5, for example, provide a sharp contrast for the standard that was missing from the FAA's brief and analysis. *See Jewish War Veterans of the United States of America, Inc. v. Gates*, 506 F. Supp. 2d 30, 41–42 (D.D.C. 2007) ("[R]elevance has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case'") (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)); *id*. at 42 (evidence is relevant if the "information will have some probable effect on the organization and presentation of the moving party's case"); *id*. at 46 (finding evidence relevant where it "has the potential to shed light" on a claim or defense); *United States v. Newman*, 531 F. Supp. 3d 181, 191 (D.D.C. 2021) (evidence that may bear on a defense is relevant); *Food Lion, Inc. v. United Food & Com. Workers Int'l Union, AFL-CIO-CLC*, 103 F.3d 1007, 1012-13 (D.C. Cir. 1997) (relevance is broadly construed and the information need not be admissible); *Pietrangelo v. Refresh Club, Inc*., No. 18-cv-1943-DLF-ZMF, 2021 WL 1209300, at *2 (D.D.C. Mar. 31, 2021) ("Relevance 'encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense.'") (citation omitted).

Disregarding the caselaw and the context provided by the prior pleadings and briefs in this case and the exhibits attached to Plaintiffs' Motion to Compel, the FAA erroneously argued that Plaintiffs were not entitled to discovery unless they "spell out exactly why" each category of evidence was probative. ECF No. 158 at 6, 8. Even now, having lost the discovery dispute, the FAA still claims that Plaintiffs had to provide a specific "cogent explanation of how production of the[] materials would advance the claims to be presented to the finder of fact." Fees Opp'n, ECF

No. 167 at 6. Not only is that not the appliable legal standard, but it also puts the cart before the horse; Plaintiffs prevailed because the discovery is relevant to the claims in the case, not because Plaintiffs already know what is in the documents. More simply, at the outset of discovery, a party is not required to explain its order of proof at trial or share its work product in order to obtain the discovery.

Further, many of the cases cited in the FAA's opposition to the Motion to Compel to suggest that Plaintiffs failed to carry their burden with regard to the relevance of the requested discovery generally bore no similarity to this Title VII class action case. *See Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1210 (D.C. Cir. 2020) (addressing discovery to identify unknown infringing defendants, distinguishing cases lacking jurisdiction over alleged Doe defendants); *Food Lion, Inc. v. United Food & Com. Workers Int'l Union, AFL-CIO-CLC*, 103 F.3d 1007, 1012–13 (D.C. Cir. 1997) (labor relations case addressing fourth party discovery unrelated to either party); *Cherokee Nation v. Dep't of Interior*, No. 1:19-cv-02154, 2021 WL 3931870, at *3 (D.D.C. Sept. 2, 2021) (addressing discovery in the context of an Administrative Procedure Act claim, where discovery is generally not permitted); *Pietrangelo v. Refresh Club, Inc.*, No. 18-cv-1943-DLF-ZMF, 2021 WL 1209300, at *5 (D.D.C. Mar. 31, 2021) (addressing an individual public accommodation claim). Indeed, even in *Oxbow Carbon & Minerals LLC v. Union Pacific Railroad Co.*, 332 F.R.D. 1, 5–6 (D.D.C. 2017), a case that articulates the burden shifting after relevance is established and is leading precedent for the proportionality factors, the court did not have to analyze relevance because relevance was not contested, only the burden. In short, the FAA disclaimed relevance without acknowledging its meaning or analyzing how courts have applied it in similar cases.

To this day, the FAA fails to appreciate the distinction between relevance, on the one hand, and the burden of discovery, on the other hand. The FAA cites *Nuskey v. Lambright*, 251 F.R.D. 3, 9 (D.D.C. 2008), for the statement that "discovery should be reasonably related to…a time frame involving the alleged discriminatory conduct…." Fees Opp'n, ECF No. 167 at 5. In *Nuskey*, however, Magistrate Judge Facciola made clear that limiting time frames is an issue of burden, not of relevance. Indeed, in that case, the opinion conceded that "communications made years after an employee's termination" could be relevant, even if they would still be outside the scope of discovery due to burden. *Nuskey*, 251 F.R.D. at 9.

The FAA then asserts, despite Plaintiffs' and this Court's explanations to the contrary, that relevancy was a close call in this case, and that the "highly fact-dependent" nature of discovery motions excuses its failure to adequately support its position with precedent. Fees Opp'n, ECF No. 167 at 5. The FAA further claims that there was no "binding" precedent against it, seemingly in an attempt to avoid discussing the substantial number of district court cases, both here and across the country, where discovery significantly post-dating the events in question was found to be discoverable in Title VII cases. *Id.* at 4–5.

Yet "courts commonly extend the scope of discovery to a reasonable number of years both prior to and following [the liability period in a Title VII lawsuit]." *Owens v. Sprint/United Management Co.*, 221 F.R.D. 649, 655 (D. Kan. 2004). In this Circuit, courts have found discovery dating to at least two years after an alleged violation of Title VII to be relevant. *See Zelaya v. UNICCO Serv. Co.*, 682 F. Supp. 2d 28, 36 (D.D.C. 2010) (Discovery of the claims in the year before and two years after plaintiff's employment with UNICCO appears to fall within the acceptable scope of discovery). And in other circuits, it is not uncommon for courts to allow discovery of information from a year or more after the complained of action took place. *See, e.g.,*

*In re Microcrystalline Cellulose Antitrust Litigation*, 221 F.R.D. 428, 430 (E.D. Pa. 2004) (three years); *Board of Edu. of Evanston Township High Sch. Dist. No. 202 v. Admiral Heating & Ventilating, Inc.*, 104 F.R.D. 23, 29 (N.D. Ill. 1984) (seven years); *EEOC v. Kansas City S. Ry.*, 195 F.R.D. 678, 679–80 (D. Kan. 2000) (one year); *Raddatz v. Standard Register Co.*, 177 F.R.D. 446, 448 (D. Minn. 1997) (two years); *Hicks v. Arthur*, 159 F.R.D. 468, 471 (E.D. Pa. 1995) (two years).

The FAA's attempts to marshal support for its "substantially justified" opposition to payment of fees fare no better. For example, the FAA cites this Court's recent decision in *Pietrangelo v. Refresh Club, Inc.*, No. 18-cv-1943, 2021 WL 2156504, at *3 (D.D.C. May 26, 2021), for the proposition that when documents are "of marginal relevance," requiring production is "simply not proportional to the needs of the case." *Pietrangelo*, however, is distinguishable. In that case, discovery was partially denied by the court for lack of relevance, while here, Plaintiffs' motion to compel was granted in full, without the need for oral argument or a lengthy opinion. Further, in contrast to Plaintiffs in this case, Pietrangelo "failed to offer any substantive argument in relation," to part of its discovery requests, and the Court included some of the defendant's requested restrictions on the scope of the granted discovery in its order. The FAA over-reads the case in self-serving fashion. Put simply, the FAA has neither shown the documents that Plaintiffs seek to be only marginally relevant, nor (as will be explained in the following section) has the FAA even attempted to grapple with whether discovery burdens may or may not be proportionate to the needs of this class action case.

## II.    THE FAA'S PROPORTIONALITY ARGUMENTS WERE NOT SUBSTANTIALLY JUSTIFIED.

The FAA has remarkably little to say about its earlier arguments on proportionality. As this Court recognized when granting Plaintiffs' Motion to Compel, the FAA "fail[ed] to address the

importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, and the parties' resources." ECF No. 161 at 4. (citing *Oxbow*, 322 F.R.D. at 7; Def.'s Opp'n at 9–10). The FAA has never even attempted to address these important considerations. In fact, in its Opposition, the FAA acknowledges that it chose to ignore proportionality to focus on its relevancy arguments, which it saw as stronger. *See* ECF No. 167 at 6 ("Nor is reasonableness undermined where a litigant emphasizes certain arguments over others. Here, Defendant focused on the argument that Plaintiffs had failed to carry their burden to show the relevance of the sought documents . . . .").

Instead, the FAA points to the Court's common-sense admonition that reviewing 70,000 documents would require a lot of resources. Again, the Court is in the best position to know the weight of its statement. But Plaintiffs submit that because the FAA never addressed the proportionality factors, the Court's statement reflects an inherent understanding of the absolute time required to review 70,000 documents, not an analysis of whether that burden was proportional to this case. Second, the Court should reject giving the FAA the benefit of its prior faulty representations and arguments, as the FAA is neither using the search terms underlying its prior argument, nor using a discovery process that will involve a "manual" first review of e-mails for responsiveness, but has instead turned to technology assisted review. *See* Joint Status Report, ECF No. 165 at 5 (referring to the FAA's "newly developed TAR process"). It would be an odd result for the FAA to avoid paying fees because it previously resisted discovery based on a hypothetical burdensome discovery process that was never undertaken.

The FAA's reliance on the simple math that it would take a person a lot of time to manually review 70,000 documents also ignores the context of this Court's statement, which came at the end of a pointed order (only five pages long) unequivocally granting Plaintiffs' requested relief in full,

issued without the need for argument, and admonishing the FAA for its refusal to support its claim that the discovery Plaintiffs sought was not proportional to the needs of the case. The cases the FAA cites (both out-of-circuit district court cases, one of which is unreported), in contrast, concern situations where the court either explicitly denied a portion of the party's motion to compel, or otherwise found the opposing party's arguments regarding the burden of production persuasive. *See A.T. v. Everett School District*, No. C16-1536JLR, 2017 WL 4811361, at *7 (W.D. Wash. Oct. 25, 2017) (finding discovery request "as written unduly burdensome and not proportional to the needs of the case," and narrowing the temporal scope of requested discovery from 27 years to 10 years); *First Niagra Risk Management, Inc. v. Folino*, 317 F.R.D. 23, 28–29 (E.D. Penn. 2016) (finding that the defendant's opposition to discovery substantially justified only after conducting a factor-by-factor analysis of evidence provided in support of the proportionality factors). The FAA cannot—and has hardly even tried—to show that the burden of producing the ordered discovery is somehow excessive or disproportionate to the needs of this case.

In any event, the FAA's conclusory assertion that the burden associated with producing documents from 2015 and 2016 is so high as to render its objections to them substantially justified is insufficient to support the FAA's position. As the court in *Pleasants v. Allbaugh*, 208 F.R.D. 7 (D.D.C. 2002), explained: "I will not consider 'boilerplate' objections like this. Instead, the party opposing discovery must make a specific showing, supported by declaration, as to why the production sought would be unreasonably burdensome." 208 F.R.D. at 11 (citing *Pro–Football, Inc. v. Harjo*, 191 F. Supp. 2d 77, 80 (D.D.C. 2002); *Natural Resources Defense Council v. Curtis*, 189 F.R.D. 4, 13 (D.D.C. 1999); *Athridge v. Aetna Cas. & Sur. Co.,* 184 F.R.D. 181, 191 (D.D.C. 1998)). Simply describing how large and expensive a particular production is likely to be, without more, is not enough for the FAA to carry its burden. *See Zelaya*, 682 F. Supp. 2d at 36, 36 n.3

(rejecting conclusory claims of undue burden based merely on the size of the defendant's business and the volume of discovery).

The FAA's blanket refusal to produce documents from 2015–2016 was thus not substantially justified in light of Plaintiffs' allegations and the FAA's defenses, the evidence that has been made part of the record already in this case, the legal standard for relevance, and the FAA's refusal to address elements of proportionality.

## III.    PLAINTIFFS' FEES AND HOURS ARE REASONABLE

### A.    The requested hours are reasonable

The number of hours that Plaintiffs' counsel has spent preparing and filing their Motion to Compel, Reply, and Motion for Fees were reasonable, given the amount at issue in this case, the time-consuming nature of discovery disputes, and the complexity of this case. *See Beck v. Test Masters Educational Services, Inc.*, 289 F.R.D. 374, 386 n.10 (D.D.C. 2013) ("Indeed, the time-consuming nature of such motions is a significant reason cost-shifting is appropriate when a party resists discovery without substantial justification. Discovery disputes are costly, and parties are encouraged strongly—both by the Court and by the Federal Rules of Civil Procedure—to cooperate in discovery rather than waging expensive battles tangential to the merits of the claims.").

While the FAA points to cases granting fee awards for 16–20 hours worth of attorney time on motions to compel discovery, ECF No. 167 at 9–10, fee awards for motions to compel and associated fees motions that were significantly more time consuming than that are relatively common in this Circuit. *See, e.g.*, *Beck v. Test Masters Educational Services, Inc.*, 289 F.R.D. 374, 384–87 (D.D.C. 2013) (approving approximately 161 hours of attorney time for first motion to compel discovery and 76 hours for second motion, resulting in a total award of $59,909.19 in fees

and expenses)[1]; *Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd.*, 248 F.R.D. 64, 68–70 (D.D.C. 2008) (approving 88.86 hours of attorney time for motion to compel and subsequent Rule 37 motion for fees); *Fabi Constr. Co. v. Sec'y of Labor*, 541 F.3d 407, 414 (D.C. Cir. 2008) (approving 118.4 hours of attorney time for fee application); *American Wrecking Corp. v. Sec'y of Labor*, 364 F.3d 321, 331 (D.C.Cir.2004) (approving 59 hours of attorney time for fee application). In the context of a complex class action lawsuit such as this one, spending 88.975 hours on a motion to compel and associated filings is well within the range of what courts in this Circuit have found acceptable. Plaintiffs took the time to thoroughly evaluate the law in this Circuit regarding relevance, proportionality, discovery in Title VII cases, discovery in class action cases, and other subfactors of their arguments. Plaintiffs also took the time to identify evidence and supply numerous exhibits to their motion to prove that they were not on a fishing expedition, and that their expectation of obtaining relevant documents was not mere speculation. This, combined with the fact that Plaintiffs have already substantially discounted many of their time entries and that Plaintiffs' counsel is seeking fees well below the prevailing market rates in this District, demonstrates that the fees Plaintiffs seek are reasonable and justified.

### B. The rates for Ms. Erhardt and Mr. McDonald are reasonable.

The FAA's objections to the billing rates for Plaintiffs' attorneys David McDonald and Erin Erhardt are similarly unpersuasive. Ms. Erhardt's and Mr. McDonald's years of experience are listed in Ms. Brown's declaration and described based on the years they graduated from law

---

[1] Plaintiffs calculated approximate number of hours approved by the court in *Beck* by cross-referencing the court's reduction of the total award of fees and expenses with the hours log submitted by Beck's counsel, multiplying the total hours by the ratios between the requested awards and the granted awards. *See* Exhibit C to Plaintiffs' Delineated Documentation of Attorney's Fees and Expenses, ECF No. 123-4, *Beck v. Test Masters Educational Services, Inc.*, 289 F.R.D. 374, 384–87 (D.D.C. 2013).

school, because the Laffey Matrix, which has long been used in this Circuit to calculate the prevailing market rate for complex litigation in the District of Columbia, *see Salazar v. District of Columbia*, 123 F. Supp. 2d 8, 15 (D.D.C. 2000), describes years of experience in that fashion. *See Heller v. District of Columbia*, 832 F. Supp. 32, 41 n.4 (D.D.C. 2011) ("'Years of experience' refers to the years following the attorney's graduation from law school.") (citing *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 371 (D.D.C. 1983)). And even the FAA's own cited case states that is the years of experience, not necessarily the length of time specifically spent practicing law, that matters for our purposes here. *See Thomas v. Moreland*, No. 18-CV-0800 (TJK/RMM), 2022 WL 2671272, at *5 (D.D.C. Mar. 4, 2022)"("Although one could interpret the notes to the matrix as suggesting that the years-out-of-law-school category is meant to capture years spent 'in practice,' the undersigned has found no precedent interpreting the notes to require that courts exclude years in which a law school graduate is not actively practicing law.").

Regardless, this is a moot point. Mr. McDonald was first admitted to the New York State Bar on July 17, 2017,[2] and Ms. Erhardt was first admitted to the Colorado State Bar on February 22, 2016.[3] Whether the Court uses years since law school graduation or years since admitted to the bar is largely irrelevant, because both attorneys remain in the same Laffey Matrix experience band either way. No matter which date is chosen, Ms. Erhardt and Mr. McDonald should still be compensated at the 4–7 years of experience band for their work preparing Plaintiffs' Motion to Compel.

---

[2] New York State Unified Court System Attorney Search Results for David Christopher McDonald, https://iapps.courts.state.ny.us/attorneyservices/wicket/page/DetailsPage?3 (last visited Jan. 30, 2023).

[3] Colorado Supreme Court Office of Regulation Counsel Attorney Search Results for Erin Marie Erhardt, https://www.coloradosupremecourt.com/Search/Attinfo.asp?Regnum=49360 (last visited Jan. 30, 2023).

The FAA's concern is rendered even more academic by the fact that the rates that Plaintiffs are seeking are substantially lower than *any* prevailing market rate suggested by the Laffey Matrix. The Laffey Matrix estimates a prevailing market rate of $508 per hour for attorneys with between four and seven years of experience, and $413 per hour for attorneys with one-to-three years of experience. Plaintiffs' Motion for Fees seeks reimbursement for Ms. Erhardt and Mr. McDonald at a rate of only $350 per hour. Even if Ms. Erhardt and Mr. McDonald were assumed to be first-year associates, rather than attorneys with more than a decade of litigation experience between them, Plaintiffs' counsel's rates would *still* be substantially lower than the rate suggested by the Laffey Matrix. This pattern of course holds true for each of Plaintiffs' counsel: the $500 per hour rates for Ms. Brown and Mr. Trachman are hundreds of dollars less per hour than what the Laffey Matrix and this Circuit have found to be reasonable in prior cases. Overall, "the rates requested fall below the prevailing market rates and are well within the range of reasonableness accepted by the D.C. Circuit." *Beck v. Test Masters Educational Services, Inc.*, 289 F.R.D. 374, 384 (D.D.C. 2013).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that they be awarded $38,961.25, plus the additional fees they have incurred in preparing this reply, which, prior to the time of filing included $8,275.00, consisting of 14.5 hours spent by Mr. McDonald and 6.4 hours spent by Ms. Brown (Plaintiffs have not included associated paralegal time in filing this brief or proofreading time spent by other attorneys).

DATED this 31st of January 2023.

Respectfully submitted,

*/s/ Zhonette M. Brown*
Zhonette M. Brown, D.C. Bar # 463407
William E. Trachman, D.C. Bar # 502500
David C. McDonald, D.C. Bar # CO0079
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
Telephone: (303) 292-2021
Facsimile: (303) 292-1980
Email: zhonette@mslegal.org

*Counsel for Plaintiff Class*