UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW J. BRIGIDA, *et al*.<br><br>*Plaintiff Class,*<br><br>vs.<br><br>PETER BUTTIGIEG, Secretary, U.S. Department of Transportation,<br><br>*Defendant*. | Case No. 16-cv-2227 (DLF) |

**JOINT STATUS REPORT**

Pursuant to the Scheduling Order dated February 23, 2022, ECF No. 151, and the Court's April 27, 2023, Minute Order, counsel for Plaintiffs Andrew J. Brigida, Matthew L. Douglas-Cook, and the certified Class (together, "Plaintiffs") and for Defendant Peter P.M. Buttigieg, in his official capacity as Secretary of Transportation ("Defendant" or "the FAA"), have conferred via e-mail to discuss outstanding discovery issues and case deadlines. This Status Report addresses the status of ongoing discovery and proposed modification of the fact discovery deadlines in the Scheduling Order, ECF No. 151, and is separate from the June 27, 2023 Status Report regarding APTMetrics internal e-mails, ECF No. 180.

### Merits Discovery Update

Since the last status report the parties have done the following:

- On May 2, Plaintiffs' counsel Zhonette Brown withdrew from the case; D. Sean Nation entered his appearance for Plaintiffs on June 8.

- On May 5, Defendant produced spreadsheets identifying weekly Lotus Notes disaster recovery backup tapes, to supplement the lists of monthly backup tapes produced in May 2022.

1

- On June 8, Plaintiffs sent a conferral letter to Defendant providing authority for their argument that Defendant must produce APTMetrics (APT) internal email and proposing dates for extending the discovery schedule.

- On June 9, Defendant sent a conferral letter reminding Plaintiffs about outstanding items on which Defendant was awaiting Plaintiffs' input regarding custodians and search terms, and stating that Defendant would accept Plaintiffs' terms for production of FOIA documents responsive to Defendant's Rule 34 requests to Plaintiffs.

- On June 15, Defendant sent a conferral letter to Plaintiffs providing authority for its argument that FAA is not obliged to produce APT internal email.

- On June 15, Plaintiffs sent a deposition notice for retired FAA industrial psychologist Dana Broach and a Rule 30(b)(6) deposition notice for testimony regarding FAA's document storage, preservation, and production relevant to this case.

- Between June 19 and June 26, Plaintiffs conferred by email with APT outside counsel regarding APT's views regarding the production of APT internal email.

- On June 26, the parties submitted their Joint Status Report regarding production of APT internal email, *see* ECF No. 180.

- On June 30, Defendant sent a conferral letter to Plaintiffs providing a detailed update on the status of discovery, starting the conferral process for the subjects of the 30(b)(6) deposition, and proposing dates for extending the discovery schedule.

Two issues are presented for the Court's attention. First, the parties agree that it is appropriate to set a deadline for Defendant to certify it has substantially completed document production for Plaintiffs' March 2022 Rule 34 requests. But the parties disagree about how much time is needed. For reasons stated below, Plaintiffs propose a deadline of August 31, 2023, while Defendant proposes a deadline of January 12, 2024. Second, the parties agree that the Scheduling Order's November 24, 2023 deadline for the close of fact discovery should be extended. The parties agree that this deadline should be set to seven months after the document production deadline to provide sufficient time for depositions and other fact discovery.

**Plaintiffs' Position**

Plaintiffs have repeatedly raised concerns regarding the pace and completeness of the FAA's production efforts. *See, e.g.*, ECF # 170 (Feb. 1, 2023). Plaintiffs remain concerned that the FAA is (1) failing to conduct an adequate document search and (2) seemingly unconcerned about the pace of its production in this case. To preserve a schedule that is even approximately close to the one entered by the Court, Plaintiffs believe that firm deadlines must be ordered by the Court, with the threat of court intervention if substantial compliance with respect to deadlines is not met.

More than seven years after this case was filed, we still do not have reasonable dates that the FAA can agree to meet. At the eleventh hour before this Joint Status Report was due, Defendant has finally given us the date of January 12, 2024. While at least that is a date certain, every delay compounds, resulting now in a case that will likely take nearly a decade to resolve.[1] And delay uniquely prejudices the Plaintiffs' class, while benefiting the FAA. Plaintiffs, of course, bear the burden of proof, meaning that their case can only suffer as memories and other evidence are lost.

While the FAA has made encouraging promises—causing the Plaintiffs class to express optimism in the April 21, 2023, Joint Status Report—the government has not made any significant document production since March 31, 2023, nor has it indicated that it has substantially completed its document production. To move the case forward, Plaintiffs suggest the following final schedule, to be enforced by the Court's intervention, including sanctions, if need be:

---

[1] Defendant attempts to put blame on the Plaintiffs' class for insisting on 7 months of post-production discovery, as if such an amount of time were unusual or inappropriate. Obviously, it is not in a case of this magnitude.

| Event | Deadline |
|---|---|
| FAA to certify that it has substantially completed its document production | August 31, 2023 |
| Close of Fact Discovery | March 31, 2024 |
| Plaintiffs Serve Expert Reports | May 15, 2024 |
| Defendant Serve Expert Reports | July 1, 2024 |
| Plaintiff Shall Serve any Rebuttal Expert Reports | August 15, 2024 |
| Expert Discovery Closes | September 30, 2024 |
| Summary Judgment Motions Due | December 6, 2024 |
| Summary Judgment Oppositions Due | January 20, 2025 |
| Summary Judgment Replies Due | February 20, 2025 |
| Trial | Summer 2025, pending Court availability |

This schedule is ultimately longer than what FAA originally sought – 24 months to produce documents. It is time to get moving. The DOJ acknowledges that it could meet these deadlines, but doing so would require FAA to "divert" resources from other, presumably higher priority, projects. That is not unreasonable nor unduly burdensome. Litigants often need to secure additional resources to comply with the demands of litigation.

Additionally, while Defendant asserts in its section that it has made progress regarding the review of documents and its conversations with custodians, Plaintiffs class has no visibility into those activities, and certainly does not consider Defendant's representation in this Joint Status Report to indicate any agreement whatsoever on the part of Plaintiffs that those measures—or the number of documents classified by Defendant as "relevant"—to be binding.

Moreover, as a note to the Court, Plaintiffs' class believes that Court involvement may be requested more frequently from here on out. That is because the FAA failed to preserve certain

4

documents from material custodians when it began anticipating litigation in 2012, and after receiving several document preservation letters from Plaintiffs in 2014, and may not have sent preservation notices to relevant custodians until many years later.

**Defendant's Position**

Merits discovery commenced in this case early last year, *see* Scheduling Order, ECF No. 151 (Feb. 23, 2022), and Plaintiffs' Rule 34 requests were served in March 2022. The Court set a 21-month period for fact discovery. *See id.* Defendant now proposes to certify the substantial completion of document production by January 12, 2024 and that fact discovery conclude on August 12, 2024. This 8.5 month extension is necessary under the circumstances of this case, and a shorter period would not be practical.

Defendant has made significant progress in document discovery in this case. However, given the volume of remaining documents to be collected and produced, significant additional time is needed. Several things have changed since Defendant originally anticipated that 24 months would be needed for fact discovery. *See* Joint Status Report at 3-5, ECF No. 150. First, the Court ruled that documents from 2015 and 2016 are discoverable, including further changes to the hiring processes considered during those years, which substantially expands the volume of documents at issue. *See* Order, ECF No. 161 (Sept. 6, 2022). Second, negotiation between the parties regarding email custodians and search terms took far longer than expected, and a plan for Lotus Notes and Proofpoint email was not arrived upon until December 2022, and a plan for other documents in March 2023, with some adjustments to both plans in April 2023 in light of Plaintiffs' feedback. *See, e.g.*, Joint Status Report at 5-7, ECF No. 165 (Dec. 22, 2022); Joint Status Report at 2, 8-9, ECF No. 175 (Apr. 21, 2023). Third, there have been numerous other technical challenges and delays. *See, e.g.*, Joint Status Report at 7-13, ECF No. 168 (Jan. 31, 2023). And finally, Plaintiffs

now seek seven months for fact discovery after the substantial completion of document production (which was not specified last year).  *See, e.g.*, Joint Status Report at 5, ECF No. 175.

To summarize the progress to date:

1. Defendant has produced more than 25,000 documents, including thousands of emails exchanged with the APT Metrics contractors who were integrally involved in the development of the 2014 interim hiring process. (There has been a lull in document production since March because Defendant prioritized completion of the first round of the Technology Assisted Review (TAR) process, as discussed below.)

2. Defendant has completed the restoration of mail files from Lotus Notes disaster recovery backup tapes. For the bulk of the restored mail files, the FAA has run search terms and is in the process of exporting approximately 143,000 documents from the FAA processing system to Defendant's e-discovery vendor. Additional restored files for seven custodians are still being processed.

3. Defendant has completed the first round of the TAR process in Relativity. Out of approximately 175,000 documents loaded into this process, about 36,000 were identified as relevant.[2] Together with family members, this means approximately 44,000 responsive documents will need final review for privilege and other protections before they can be produced.

4. Defendant has loaded to Relativity several thousand additional documents that will be reviewed outside the TAR process. This includes approximately 1,000 documents from DOT/FAA's executive document management system (EDMS), approximately 1,000 documents scanned from hard copy folders from Human Resources and Civil Rights, and approximately 6,000 APT Metrics documents (including those implicating nondisclosure agreements with other third parties).

5. Defendant has made progress in processing user files for departed FAA employees. For three key custodians identified by Plaintiffs, the FAA ran Plaintiffs' requested search terms and exported the 7,743 resulting documents for upload to Relativity. The FAA is preparing to run search terms on the preserved user files for 18 additional departed employees. Because Plaintiffs offered no objection to the proposed search terms, Defendant believes the parties have reached agreement on them.

6. Defendant has conferred with custodians from at least 10 lines of business at FAA and identified shared document folders, individual custodians' drives and folders, and hard

---

[2] Defendant's team manually reviewed more than 47,000 documents to enable the TAR process to sort relevant from irrelevant material. The project was successfully completed, with an estimated recall rate above 97% and an estimated elusion rate below 1%. *See, e.g.*, The Sedona Conference Glossary: eDiscovery & Digital Information Management, Fifth Edition, 21 Sedona Conf. J. 263, 304, 360 (2020) (defining elusion and recall).

copy documents that need to be collected for processing. Defendant anticipates having the bulk of these documents in the hands of our e-discovery contractor by the end of July.

Nevertheless, much remains to be done. More than 52,000 documents already loaded in Relativity need to be reviewed for privilege and other protections before production (the approximately 44,000 documents from #3 and 8,000 documents from #4 above). A second round of the TAR process will be populated with incoming documents, including the more than 143,000 from the Lotus Notes restoration. Thousands to tens of thousands of additional documents are still in collection process. A third round of the TAR process may be necessary to address the last-collected documents. It would be unreasonable and unduly burdensome for Defendant to attempt to divert the agency resources necessary to complete document production by the end of August, as Plaintiffs demand. Instead, Defendant estimates that approximately six months will be required to complete the collection, review, and production of the responsive documents. Defendant will make rolling productions so that Plaintiffs can review the documents as they become available. And Defendant requests that the certification deadline be set for January 12, 2024 so that the end of this period does not fall during the end-of-year holidays when many relevant personnel are unavailable.

We also note that Plaintiffs' own proposals, if permitted by the Court, would substantially slow the completion of Defendant's document productions. For example, they now seek a Rule 30(b)(6) deposition regarding FAA's document storage, preservation, and production relevant to this case. While the parties have just begun conferral, we note that if such a deposition were permitted, preparing a witness or witnesses to testify regarding the widely disparate information about how ten or more lines of business at FAA maintained and retrieved documents relevant to this case would inevitably distract from and delay the very completion of document discovery that

Plaintiffs are seeking. Moreover, Plaintiffs' demand for APT Metrics' internal documents, even if the undue burden to the third party were somehow resolved, would ultimately require Defendant to redirect its document review team to screen tens of thousands of APT documents for privilege. And contrary to Plaintiffs' protestations that such a step would not be necessary, Defendant has already logged hundreds of APT emails to and from FAA that are subject to the attorney client privilege and/or attorney work product doctrine.

For all these reasons, Defendant respectfully requests that the deadline for Defendant to certify it has substantially completed document production for Plaintiffs' March 2022 Rule 34 requests be January 12, 2024 and that the deadline for the end of fact discovery be August 12, 2024. The other deadlines in the operative scheduling order should remain unchanged. This would result in the following schedule:

| Event | Deadline |
| --- | --- |
| FAA to certify that it has substantially completed its document production | January 12, 2024 |
| Close of fact discovery | August 12, 2024 |
| Plaintiffs serve expert reports | September 26, 2024 |
| Defendant serves expert reports | November 12, 2024 |
| Plaintiffs serve any rebuttal expert reports | December 27, 2024 |
| Expert discovery closes | February 10, 2025 |
| Summary judgment motions due | April 11, 2025 |
| Summary judgment oppositions due | May 27, 2025 |
| Summary judgment replies due | June 26, 2025 |

\*   \*   \*   \*

DATED: July 5, 2023

/s/D. Sean Nation

D. Sean Nation, GA Bar ID 313022*
 *Admitted *Pro Hac Vice*
William E. Trachman, D.C. Bar ID 502500,
D.D.C. Bar ID CO0097
David C. McDonald, D.D.C. Bar ID CO0079
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
Telephone: (303) 292-2021
Facsimile:  (877) 349-7074
Email: snation@mslegal.org

*Counsel for Plaintiff Class*

/s/ Michael W. Pearson (with permission)

Michael W. Pearson, D.D.C. Bar ID 997169
CURRY, PEARSON, & WOOTEN, PLC
814 West Roosevelt
Phoenix, Arizona 85007
Telephone: (602) 258-1000
Facsimile:  (602) 523-9000
Email: mpearson@azlaw.com

*Counsel for Plaintiff Class*

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Director
Civil Division, Federal Programs Branch

/s/ Galen N. Thorp (with permission)

Galen N. Thorp (VA Bar No. 75517)
Senior Trial Counsel
Michael Drezner (VA Bar No. 83836)
Hilarie E. Snyder (D.C. Bar No. 464837)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Telephone: (202) 514-4781
Facsimile:  (202) 616-8470
Email: galen.thorp@usdoj.gov

*Counsel for Defendant*