## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANDREW J. BRIGIDA, et al., | ) | |
| | ) | |
| Plaintiff Class, | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-2227 (DLF) |
| | ) | |
| PETER P.M. BUTTIGIEG, Secretary, U.S. | ) | |
| Department of Transportation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

### CONSENT MOTION FOR EXTENSION OF TIME TO CERTIFY COMPLETION OF DOCUMENT PRODUCTIONS

Defendant Peter P.M. Buttigieg, Secretary of the U.S. Department of Transportation moves the Court for a three-week extension of time—through February 2, 2024—to certify that the FAA has "substantially completed its document production." *See* Minute Order, July 11, 2023. Undersigned counsel conferred with Plaintiffs' counsel, who stated that Plaintiffs consent to this motion if Defendant "represent[s] to the Court that no further extensions will be sought in connection with the production of documents or the privilege log, which will be provided on [February 23, 2024.]."

There is good cause to grant this motion. On July 11, 2023, the Court set the current schedule after a status conference with the parties. In light of Defendant's explanation about the substantial volume of documents remaining to review, the Court specified that Defendant must "certify that it has substantially completed its document production on or before January 12, 2024." Minute Order, July 11, 2023. At the hearing, the Court observed "given what remains . . . it seems

like a pretty fast clip for [Defendant] to cover that by January 12th.  I'm not inclined to extend it any further, but I'm also not inclined . . . to move it up as [Plaintiffs] suggest."  Hr'g Tr. at 16:8-12; *see also id.* at 17:6-9 ("So if it requires increasing your team, FAA, they need to do that now, not wait and ask for another extension.  So I will adopt the defendant's schedule, but I'm not going to move the January 12th deadline any further.").

Defendant has proceeded expeditiously since the July 11 status conference to complete document collection, processing, review, and production in this case.  Both the FAA and the Department of Justice brought on additional contract document reviewers to accelerate review in this case, amassing a total review team of more than 20 people.  Since July 2023, Defendant collected and loaded about 316,000 additional documents into the Relativity database.  A second round of Technology Assisted Review (TAR) was used to rapidly winnow more than 180,000 of those documents down to about 52,000 documents in responsive families to be prepared for production.  Tens of thousands of documents were also reviewed outside the TAR process. Defendant has completed production of 52,734 additional documents (approximately twice as many documents as produced in this case before July 2023).  Defendant also made three productions to claw back privileged documents, release additional material, or address technical issues with prior productions.  Additional productions comprising more than 45,000 documents are expected to be completed by January 5, 2024.

Nevertheless, Defendant unfortunately is not confident that it will be able to complete production of substantially all responsive documents by January 12, 2024.  Unexpected delays occurred at various stages of the document review and production process, including the transfer of documents from FAA to the Department of Justice for review and processing and the onboarding of contract reviewers, which requires obtaining access to secure government systems.

In addition, Plaintiffs elected to schedule the deposition of Dr. Dana Broach, a retired FAA industrial psychologist, prior to the completion of document production.  Accordingly, Defendant had to divert attorney resources to prepare for and defend Dr. Broach's December 5, 2023 deposition and Plaintiffs' accompanying subpoena duces tecum.  This included the expedited processing, review, and production of more than 400 electronic and paper FAA documents in Dr. Broach's possession.

In total, Defendant has produced more than 77,000 documents to date in this litigation and expects to produce approximately 45,000 more by January 12, 2024.  The remaining work primarily involves second-level review of unproduced email threads that reviewers have already identified as containing information protected by the attorney-client privilege, attorney work-product privilege, deliberative-process privilege, or law enforcement privilege.  Defendant currently has a team of reviewers working to reconcile redactions and withholdings across these documents in order to ensure that privileged material is properly and consistently protected from disclosure, as well as preparing privilege descriptions, both of which are complex and time-intensive processes.  Defendant expects to process and produce more than 10,000 of those documents by January 12, 2024.  However, based on current projections, that would leave approximately 10,000 of these potentially privileged documents to review and produce after January 12, 2024.

Given the large volume of documents already produced and expected to be produced prior to January 12, 2024, Defendant believes that it will have "substantially completed its document production" by the deadline set by the Court, even if approximately 10,000 documents remain to be produced (or withheld) after the January 12 deadline.  *Cf., e.g.*, *Texas v. Am. Tobacco Co.*, 2019 WL 13219618, at *3 (E.D. Tex. June 28, 2019) (requiring separate notices for when production

was "substantially completed" and "entirely completed").  Nonetheless, to be transparent with both Plaintiffs and the Court, out of an abundance of caution Defendant is raising this issue two weeks in advance of the deadline.  In light of the upcoming January 12 deadline,  Defendant requests that the Court grant a brief, three-week extension of the certification deadline—through February 2, 2024—to complete this work.

Plaintiffs have conditioned their consent to this motion on Defendant's provision of a privilege log for produced or withheld documents by February 23, 2024, and Defendant's representations that it will not seek additional time to complete the privilege log or seek from the Court another extension of the substantial-completion deadline. Defendant has already provided Plaintiffs with privilege logs for many prior productions and expects to be in a position to complete all logs, including for the documents produced by February 2, on February 23, 2024.  Additionally, Defendant does not now anticipate seeking any additional extensions of time to certify that it has substantially completed document production.  Defendant believes these representations meet both the spirt and substance of Plaintiffs' conditions.

This extension will not prejudice the parties because completing production of the relatively small volume of remaining documents will not prevent the parties from proceeding  with the rest of fact discovery.  Indeed, there is no need to extend any of the other deadlines set in the Court's July 11, 2023 minute order.  Defendant has offered to confer with Plaintiffs in January 2024 regarding a schedule for depositions.

For all these reasons, Defendant requests that the deadline for Defendant's certification that it has substantially completed document production be extended until February 2, 2024.  A proposed order is attached to this Motion.

DATED: December 28, 2023                    Respectfully submitted,

                                            BRIAN M. BOYNTON
                                            Principal Deputy Assistant Attorney General

                                            CARLOTTA P. WELLS
                                            Assistant Director
                                            Civil Division, Federal Programs Branch

                                            */s/ Galen N. Thorp*
                                            Galen N. Thorp (VA Bar No. 75517)
                                            Senior Trial Counsel
                                            Hilarie E. Snyder (D.C. Bar No. 464837)
                                            James C. McGlinchy (D.C. Bar No. 241321)
                                            Trial Attorneys
                                            U.S. Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L Street NW
                                            Washington, DC 20530
                                            Telephone: (202) 514-4781
                                            Facsimile: (202) 616-8470
                                            Email: galen.thorp@usdoj.gov

                                            *Counsel for Defendant*