## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW J. BRIGIDA, *et al*., | |
| *Plaintiff Class*, | |
| vs. | No. 16-cv-2227 (DLF) |
| PETER P.M. BUTTIGIEG, Secretary, U.S. Department of Transportation, | |
| *Defendant*. | |

## JOINT MOTION FOR ADOPTION OF REVISED DISCOVERY AND SUMMARY JUDGMENT BRIEFING SCHEDULE

Plaintiffs Andrew J. Brigida, Matthew L. Douglas-Cook, and the certified Class (together, "Plaintiffs") and Defendant Peter P.M. Buttigieg, in his official capacity as Secretary of Transportation ("Defendant" or the "FAA") respectfully submit this joint motion for entry of an order adopting a modified schedule for the completion of fact and expert discovery and the briefing of cross-motions for summary judgment.

In a Minute Order entered following the hearing held in this matter on July 11, 2023, the Court adopted a schedule governing the completion of merits discovery and the briefing of summary judgment motions.  That schedule provided, among other things, that (1) the FAA was to certify that it had "substantially completed" its document productions in response to outstanding requests for production by January 12, 2024; (2) fact discovery was to close on or before August 12, 2024; and (3) expert discovery was to close on or before February 10, 2025.  The Minute Order also set a schedule for the simultaneous briefing of any motions for summary judgment; any such motions were to be filed on or before April 11, 2025, oppositions were to be filed on or before May 27, 2025, and replies were to be filed on or before June 26, 2025.

1

Over the year that has elapsed since the entry of the July 11, 2023 Minute Order, the parties have worked to complete fact discovery by August 2024.  The parties' efforts in this regard have included, but are by no means limited to, the following:

- In late January of this year, Defendant certified that it had substantially completed its production of documents responsive to Plaintiffs' requests for production.

- In late February of this year, the FAA produced privilege logs relating to its document productions.

- The parties negotiated a compromise permitting each party to take up to 20 fact witness depositions without seeking further Court approval.  Thus far, the parties have taken fifteen fact witness depositions, and have scheduled six additional depositions.

- More recently, the parties also negotiated a compromise regarding the scope of a deposition of the FAA pursuant to Fed. R. Civ. P. 30(b)(6).

- The parties have continued to engage in written discovery, with both sides propounding additional interrogatories and requests for production; Plaintiffs also propounded, and Defendant responded to, requests for admission.

Consistent with the Court's admonition to the parties that its preference is for them to negotiate between themselves, Plaintiffs proposed, and the parties conferred and reached agreement on, a modest extension of the discovery schedule in order to ensure that fact and expert discovery is completed in the most efficient and effective manner possible.  A number of factors have led Plaintiffs to seek such an extension.  First, due to various scheduling conflicts affecting both witnesses and counsel, it will not be possible for the parties to complete all fact witness depositions before August 12.  Second, in Plaintiffs' view, information revealed during discovery, including during a number of the depositions that have been taken over the last two months, has suggested the possible existence of additional relevant documents and other materials that may not have been previously produced.  Plaintiffs have served additional written discovery requests to follow up on these disclosures, and to ensure that relevant information is produced.   Third, Plaintiffs seek some additional time to address Defendants' numerous invocations of privilege.  The privilege logs that Defendant completed producing in late February contain thousands of entries for documents withheld in their entirety or in part on the basis

2

of privilege; since that time, Defendant has issued multiple "clawback" demands asserting privilege over scores of additional documents.  The parties are working to see if they can resolve their differences over Defendants' privilege invocations—or, failing that, to see if they can narrow any privilege dispute before submitting it to the Court for its consideration.

In light of these and other factors, the parties have met and conferred about an extension to the discovery schedule.  While Defendant does not entirely share Plaintiffs' view of the need for this discovery extension, the parties have reached agreement on a modest extension of discovery deadlines, which primarily involves a 45-day extension of the deadline to complete fact discovery.  In connection with that effort, the parties have also discussed and have mutually agreed to propose to the Court a modest revision of the schedule for briefing summary judgment motions, and a revision to the format of that schedule (*i.e.*, moving from a format requiring the simultaneous filing of cross-motions for summary judgment to a format requiring Plaintiffs to file their motion first).

The parties therefore respectfully request that the Court enter a new scheduling order with the following deadlines and other provisions:

1. The parties must identify any fact witnesses that they wish to depose on or before **August 12, 2024**.

2. The parties must complete written fact discovery on or before **September 11, 2024**. This deadline shall not apply to the resolution of any disputes between the parties concerning privilege assertions or clawback demands.

3. The parties must complete fact witness depositions on or before **September 26, 2024**. (Under the current schedule, fact discovery is to close by August 12, 2024).

4. The schedule for expert discovery shall be as follows:

   a. Plaintiffs' expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) are due on or before **December 20, 2024**.  (The deadline under the current schedule is September 26, 2024).

   b. Defendant's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) are due on or before **February 10, 2025**.  (The deadline under the current schedule is (November 12, 2024).

    c.   Plaintiffs shall serve any rebuttal expert reports on or before **March 21, 2025**. (The deadline under the current schedule is December 27, 2024).

    d.   All experts who provide disclosures pursuant to the above schedule are to be made available for deposition, and all such depositions must be completed on or before **May 12, 2025**.  (Under the current schedule, expert discovery is to close by February 10, 2025).

5.   The schedule for the filing of summary judgment motions shall be as follows:

    a.   Plaintiffs shall file any motion for summary judgment on or before **June 10, 2025**.  (Under the current schedule, the deadline for either side to file summary judgment motions is April 11, 2025).

    b.   Defendant shall file any consolidated opposition to Plaintiffs' summary judgment motion and cross-motion for summary judgment on or before **July 28, 2025**.  (Under the current schedule, the deadline for either side to file an opposition is May 27, 2025).

    c.   Plaintiffs shall file any consolidated opposition to Defendant's summary judgment motion and reply in support of their summary judgment motion on or before **August 25, 2025**.  (Under the current schedule, the deadline for either side to file a reply is June 26, 2025).

    d.   Defendant shall file any reply in support of its summary judgment motion on or before **September 22, 2025**.

A proposed order incorporating the above schedule is attached to this Motion.

DATED: August 2, 2024.

*/s/ David H. Thompson*

David H. Thompson, DC Bar No. 450503
Vincent J. Colatriano, DC Bar No. 429562
Adam P. Laxalt, DC Bar No. 1670779
Samuel Adkisson, DC Bar No. 90023952
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C., 20036
Telephone: (202) 220-9600
Facsimile: (202) 220-9601
Email: vcolatriano@cooperkirk.com

Michael W. Pearson, DC Bar No. 997169
CURRY, PEARSON, & WOOTEN, PLC
814 West Roosevelt
Phoenix, AZ 85007
Telephone: (602) 258-1000
Facsimile: (602) 523-9000
Email: mpearson@azlaw.com

Sean Nation, *pro hac vice*
William E. Trachman, DC Bar No. 502500
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, CO 80227
Telephone: (303) 292-2021
Facsimile: (877) 349-7074
Email: snation@mslegal.org

*Counsel for Plaintiff Class*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

EMILY B. NESTLER
Assistant Director
Civil Division, Federal Programs Branch

*/s/ Galen N. Thorp (by permission)*

GALEN N. THORP (VA Bar No. 75517)
Senior Trial Counsel
JAMES C. McGLINCHY (D.C. BAR 241321)
ALEXANDRA R. SASLAW (D.C. Bar 1618175)
CAMERON D. SILVERBERG (D.C. Bar No. 1780628)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Telephone: (202) 514-4781
Facsimile: (202) 616-8470
Email: galen.thorp@usdoj.gov

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served by e-mail on counsel for Defendant on August 2, 2024.

<u>/s/ *Vincent J. Colatriano*</u>
Vincent J. Colatriano