IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA BROWN, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>TRANSPORTATION SECURITY ADMINISTRATION, *et al.*,<br><br>    *Defendants*. | Civil Action No. 2:20-cv-64-MJH-KT |

**JOINT MOTION TO MODIFY SCHEDULING ORDER AND TO GRANT LEAVE FOR PROVISIONAL FILING UNDER SEAL**

The Parties hereby jointly propose minor modifications to the schedule for summary judgment briefing regarding the claims against the Transportation Security Administration (TSA) in order to improve efficiency and address the complexity caused by the presence of Sensitive Security Information (SSI) in the record.

Pursuant to the Court's November 4, 2024 Scheduling Order, simultaneous summary judgment motions are due on May 27, 2025, with oppositions due on June 27 and replies due on July 14. *See* ECF No. 135. Pursuant to the Protective Order Governing Access To, Handling Of, and Disposition of Sensitive Security Information, parties may not file documents containing SSI on the public docket and must seek leave of court "to file the Restrict Use Document and any pleadings, motions or other papers containing Sensitive Security Information under seal." *See* SSI Protective Order ¶ 8.1, ECF No. 99 (Feb. 10, 2022).

The Parties request several modifications to the summary judgment briefing process, as follows:

1

First, the Parties request an enlargement of the pages permitted for summary judgment motions. While the local rules provide 25 pages, the Parties agree that 40 pages would be appropriate for the memorandum in support of a summary judgment motion in this case. The Parties will be better equipped to address the factual and legal complexities of this case with the additional pages.

Second, because both sides expect to file summary judgment motions, the Parties request a staggered summary judgment briefing schedule (as opposed to the current simultaneous schedule) that reduces the total number of briefs from six to four as follows:

- May 30, 2025 – Defendants file their motion for summary judgment (40 pages)

- July 2, 2025 – Plaintiffs file their cross-motion for summary judgment consolidated with their opposition to Defendants' motion for summary judgment (40 pages)

- August 6, 2025 – Defendants file their reply in support of their motion for summary judgment consolidated with their opposition to Plaintiffs' cross-motion for summary judgment (30 pages)

- August 29, 2025 – Plaintiffs file their reply in support of their cross-motion for summary judgment (20 pages)

This staggered briefing schedule has several benefits: (1) it reduces the volume of material presented to the Court as compared to simultaneous 40 page briefs and oppositions (130 total pages rather than 170 total pages); (2) it avoids redundancy because the Parties will not need to repeat material in separate motions and can efficiently engage with each other's arguments; (3) it simplifies the record because the Parties will not need to attach duplicate copies of the same documents to their opening submissions; instead, Plaintiffs can cite to Defendants' attachments where they rely on the same documents; and (4) it creates a mutually agreeable schedule that accounts for counsel's obligations in other matters.

Third, the Parties request leave to provisionally file under seal the following documents that may contain Sensitive Security Information (SSI) subject to the SSI Protective Order (ECF No. 99) and 49 U.S.C. § 114(r):

(1) the Parties' briefs in support and opposition to their summary judgment motions,

(2) the Parties' statements of material facts, and

(3) the Parties' appendices and accompanying exhibits (including TSA's administrative record[1]) supporting their motions.

The SSI Protective Order (ECF No. 99) requires the Parties to seek leave to file material containing or derived from SSI under seal. In the interests of efficiency and to comply with the procedures for addressing the rights of public access to judicial records and the statutory protections for SSI, the Parties propose that the documents described above should initially be filed provisionally under seal, as is commonly permitted in this District. *See, e.g.*, *Arconic Inc. v. Novelis Inc.*, 2018 WL 11317067, at *2 (W.D. Pa. Mar. 14, 2018), *report and recommendation adopted* (Apr. 3, 2018) ("The Western District of Pennsylvania . . . often provisionally permits the filing under seal to be done until it has had the time to review whether or not the filing meets [the Third Circuit's] standard [for sealing]. This practice is fair and logical."). The Parties next propose that by September 19, 2025 (within three weeks of the end of summary judgment briefing), the Parties will file a provisionally sealed joint status report setting forth (a) the TSA's designations of which precise portions of the summary judgment materials constitute SSI and the grounds on which TSA contends those portions should not be disclosed, (b) any disagreement among the Parties regarding what should remain sealed, and (c) proposing how to account for sealed information at oral argument. This will give the Court the opportunity to "review whether or not the filing[s] meet[] [the Third Circuit's] standard [for sealing]" and issue an order setting forth what will and will not remain sealed. *Arconic Inc.*, 2018 WL 11317067, at *2; *see In re Avandia Marketing, Sales Practices and Products Liability Litig.*, 924 F.3d 662, 673 (3rd Cir. 2019) (addressing the common law right of access to judicial records, including summary judgment proceedings, and the burden of the party requesting sealing to show "that the material is the kind of information that courts

---

[1] The Parties may disagree as to what constitutes the administrative record and the scope of the Court's review in this case.

3

will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure").

Fourth, the Parties jointly request oral argument on the cross-motions for summary judgment, to be scheduled at the Court's earliest convenience after the Court decides which precise portions of the summary judgment materials should remain under seal and how to account for any such sealing at oral argument. The Parties believe that this case would benefit from oral argument due to the complexity of the legal and factual issues.

For the foregoing reasons, the Parties jointly request that the Court enter an order that (1) enlarges the page limits for summary judgment briefing, (2) provides for consolidated briefing, (3) permits the Parties to provisionally file under seal any material that may contain SSI, (4) streamlines the process for determining what should remain under seal, and (5) schedules oral argument. A proposed order is attached for the Court's convenience.

Dated: April 25, 2025

/s/ Dan Alban (by permission)
Dan Alban*
VA Bar No. 72688

Jaba Tsitsuashvili*
DC Bar No. 1601246

Brian Morris*
OH Bar No. 0093530

INSTITUTE FOR JUSTICE
901 North Glebe Road., Suite 900
Arlington, VA 22203
(703) 682-9320
(703) 682-9321 (fax)
dalban@ij.org
jtsitsuashvili@ij.org
bmorris@ij.org

*Attorneys for Plaintiffs*
\* Admitted *Pro Hac Vice*

Respectfully submitted,

YAAKOV ROTH
Acting Assistant Attorney General

ANDREW WARDEN
Assistant Branch Director

/s/ Galen N. Thorp
GALEN N. THORP (VA Bar #75517)
Senior Trial Counsel
ALEXANDER RESAR (NY Bar #5636337)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20530
Tel: (202) 514-4781 / Fax: (202) 616-8460
galen.thorp@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2025, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

/s/ Galen N. Thorp
Galen N. Thorp

*Attorney for Defendants*
